# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON PAGE TWO.)

## I.(a) PLAINTIFFS
BARBARA MILLER, as guardian of Molly Miller; and ANNE MILLER

## DEFENDANTS
GREENSPRINGS BAPTIST CHRISTIAN FELLOWSHIP TRUST; CHRISTINE DILLON; DONALD BOHN; GRACE CHRISTIAN PARISH CHURCH; and DOES 1-50, inclusive

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF
(EXCEPT IN U.S. PLAINTIFF CASES)

Kapalua, Maui County, Hawaii

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
Mark A. Schmuck, Temmerman & Cilley, 2502 Stevens Creek Blvd., San Jose, CA 95128-1654, Telephone: (408) 998-9500

ATTORNEYS (IF KNOWN)
Carleton L. Briggs, 3510 Unocal Place, Suite 209
Santa Rosa, CA 95403-0918, Telephone: (707) 523-2251

## II. BASIS OF JURISDICTION (PLACE AN 'X' IN ONE BOX ONLY)

- [ ] 1 U.S. Government Plaintiff
- [ ] 2 U.S. Government Defendant
- [ ] 3 Federal Question (U.S. Government Not a Party)
- [x] 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN 'X' IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)
(For diversity cases only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ]1 | [ ]1 | Incorporated or Principal Place of Business In This State | [ ]4 | [ ]4 |
| Citizen of Another State | [x]2 | [ ]2 | Incorporated and Principal Place of Business In Another State | [x]5 | [ ]5 |
| Citizen or Subject of a Foreign Country | [ ]3 | [ ]3 | Foreign Nation | [ ]6 | [ ]6 |

## IV. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)

- [ ] 1 Original Proceeding
- [x] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another district (specify)
- [ ] 6 Multidistrict Litigation
- [ ] 7 Appeal to District Judge from Magistrate Judgment

## V. NATURE OF SUIT (PLACE AN "X" IN ONE BOX ONLY)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| [ ]110 Insurance | PERSONAL INJURY | PERSONAL INJURY | [ ]610 Agriculture | [ ]422 Appeal 28 USC 158 | [ ]400 State Reapportionment |
| [ ]120 Marine | [ ]310 Airplane | [ ]362 Personal Injury Med Malpractice | [ ]620 Other Food & Drug | [ ]423 Withdrawal 28 USC 157 | [ ]410 Antitrust |
| [ ]130 Miller Act | [ ]315 Airplane Product Liability | [ ]365 Personal Injury Product Liability | [ ]625 Drug Related Seizure of Property 21 USC 881 | | [ ]430 Banks and Banking |
| [ ]140 Negotiable Instrument | [ ]320 Assault Libel & Slander | [ ]368 Asbestos Personal Injury Product Liability | [ ]630 Liquor Laws | PROPERTY RIGHTS | [ ]450 Commerce/ICC Rates/etc. |
| [ ]150 Recovery of Overpayment & Enforcement of Judgment | [ ]330 Federal Employers Liability | | [ ]640 RR & Truck | [ ]820 Copyrights | [ ]460 Deportation |
| [ ]151 Medicare Act | [ ]340 Marine | PERSONAL PROPERTY | [ ]650 Airline Regs | [ ]830 Patent | [ ]470 Racketeer Influenced and Corrupt Organizations |
| [ ]152 Recovery of Defaulted Student Loans (Excl Veterans) | [ ]345 Marine Product Liability | [ ]370 Other Fraud | [ ]660 Occupational Safety/Health | [ ]840 Trademark | [ ]480 Consumer Credit |
| [ ]153 Recovery of Overpayment of Veteran's Benefits | [ ]350 Motor Vehicle | [ ]371 Truth In Lending | [ ]690 Other | | [ ]490 Cable/Satellite TV |
| [ ]160 Stockholders Suits | [ ]355 Motor Vehicle Product Liabiltiy | [ ]380 Other Personal Property Damage | LABOR | SOCIAL SECURITY | [ ]810 Selective Service |
| [x]190 Other Contract | [ ]360 Other Personal Injury | [ ]385 Property Damage Product Liability | [ ]710 Fair Labor Standards Act | [ ]861 HIA (1395ff) | [ ]850 Securities/Commodities/ Exchange |
| [ ]195 Contract Product Liability | | | [ ]720 Labor/Mgmt Relations | [ ]862 Black Lung (923) | [ ]875 Customer Challenge 12 USC 3410 |
| [ ]196 Franchise | | | [ ]730 Labor/Mgmt Reporting & Disclosure Act | [ ]863 DIWC/DIWW (405(g)) | [ ]891 Agricultural Acts |
| REAL PROPERTY | CIVIL RIGHTS | PRISONER PETITIONS | [ ]740 Railway Labor Act | [ ]864 SSID Title XVI | [ ]892 Economic Stabilization Act |
| [ ]210 Land Condemnation | [ ]441 Voting | [ ]510 Motion to Vacate Sentence Habeas Corpus: | [ ]790 Other Labor Litigation | [ ]865 RSI (405(g)) | [ ]893 Environmental Matters |
| [ ]220 Foreclosure | [ ]442 Employment | [ ]530 General | [ ]791 Empl.Ret. Inc. Security Act | FEDERAL TAX SUITS | [ ]894 Energy Allocation Act |
| [ ]230 Rent Lease & Ejectment | [ ]443 Housing | [ ]535 Death Penalty | | [ ]870 Taxes (US Plaintiff or Defendant) | [ ]895 Freedom of Information Act |
| [ ]240 Torts to Land | [ ]444 Welfare | [ ]540 Mandamus & Other | | [ ]871 IRS - Third Party 26 USC 7609 | [ ]900 Appeal of Fee Determination Under Equal Access to Justice |
| [ ]245 Tort Product Liability | [ ]440 Other Civil Rights | [ ]550 Civil Rights | | | [ ]950 Constitutionality of State Statutes |
| [ ]290 All Other Real Property | [ ]445 Amer w/ disab - Empl | [ ]555 Prison Condition | | | [ ]890 Other Statutory Actions |
| | [ ]446 Amer w/ disab - Other | | | | |

## VI. CAUSE OF ACTION (CITE THE US CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY)

Breach of contract - promissory estoppel, etc. re: promise of testamentary gift by third party. Diversity jurisdiction under 28 U.S.C. § 1332.

## VII. REQUESTED IN COMPLAINT:
[ ] CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23    DEMAND $ 500,000  CHECK YES only if demanded in complaint:
JURY DEMAND: [ ] YES  [ ] NO

## VIII. RELATED CASE(S) IF ANY
PLEASE REFER TO CIVIL L.R. 3-12 CONCERNING REQUIREMENT TO FILE "NOTICE OF RELATED CASE".

## IX. DIVISIONAL ASSIGNMENT (CIVIL L.R. 3-2)
(PLACE AND "X" IN ONE BOX ONLY)    [x] SAN FRANCISCO/OAKLAND    [ ] SAN JOSE

DATE  9/17/07    SIGNATURE OF ATTORNEY OF RECORD  [signature]

JS 44 Page 2
(Rev. 11/04)

INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS-44
Authority For Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

I.  (a) Plaintiffs - Defendants. Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

(b) County of Residence. For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

(c) Attorneys. Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

II.  Jurisdiction. The basis of jurisdiction is set forth under Rule 8(a), F.R.C.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.

United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.

United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.

Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.

Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; federal question actions take precedence over diversity cases.)

III.  Residence (citizenship) of Principal Parties. This section of the JS-44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

IV.  Origin. Place an "X" in one of the seven boxes.

Original Proceedings. (1) Cases which originate in the United States district courts.

Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.

Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.

Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.

Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.

Multidistrict Litigation. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407. When this box is checked, do not check (5) above.

Appeal to District Judge from Magistrate Judgment. (7) Check this box for an appeal from a magistrate judge's decision.

V.  Nature of Suit. Place an "X" in the appropriate box. If the nature of suit cannot be determined, be sure the cause of action, in Section IV above, is sufficient to enable the deputy clerk or the statistical clerks in the Administrative Office to determine the nature of suit. If the cause fits more than one nature of suit, select the most definitive.

VI.  Cause of Action. Report the civil statute directly related to the cause of action and give a brief description of the cause.

VII.  Requested in Complaint. Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.

Demand. In this space enter the dollar amount (in thousands of dollars) being demanded or indicate other demand such as a preliminary injunction.

Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

VIII.  Related Cases. This section of the JS-44 is used to reference related pending cases if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases. Date and Attorney Signature.

Date and Attorney Signature. Date and sign the civil cover sheet.

1 | CARLETON L. BRIGGS, SBN 117361
Law Offices of Carleton L. Briggs
2 | 3510 Unocal Place, Suite 209
Santa Rosa, CA 95403-0918
3 | Telephone: (707) 523-2251
Facsimile: (707) 523-2253
4 | E-mail: clbriggs@sonic.net

5 | Attorneys for Defendant GREENSPRINGS
BAPTIST CHRISTIAN FELLOWSHIP TRUST
6

7

8 | UNITED STATES DISTRICT COURT

9 | NORTHERN DISTRICT OF CALIFORNIA

10

11 | BARBARA MILLER, as guardian of          Case No. C 07 4776
Molly Miller, an individual; and ANNE
12 | MILLER, an individual,                  **NOTICE OF REMOVAL**    JL

13 |     Plaintiffs,

14 | vs.

15 | GREENSPRINGS BAPTIST
CHRISTIAN FELLOWSHIP TRUST, et
16 | al.,

17 |     Defendants.
                                          /
18

19 | TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE

20 | NORTHERN DISTRICT OF CALIFORNIA:

21 | PLEASE TAKE NOTICE that pursuant to 28 U.S.C. sections 1332, 1441 and

22 | 1446, GREENSPRINGS BAPTIST CHRISTIAN FELLOWSHIP TRUST

23 | ("Greensprings") hereby removes to this Court the action described herein. Greensprings

24 | respectfully submits the following statement of grounds for removal:

25 | 1.   On or about August 28, 2007, a complaint was filed in the Superior Court

26 | of the State of California, County of San Mateo, entitled Barbara Miller, et al. v.

27 | Greensprings Baptist Christian Fellowship Trust, et al., (the "Complaint"). A copy of the

28 |

1 | Summons and Complaint are attached hereto as Exhibit A.

2. On September 6, 2007, counsel for Plaintiffs mailed the Summons and Complaint and related documents to counsel for Greensprings, together with a Notice of Acknowledgment and Receipt. Greensprings is informed and believes that no Defendant named in the Complaint has been served at this time.

3. The Complaint alleges causes of action for breach of contract - promissory estoppel; conversion; fraud; declaratory relief; and imposition of constructive trust.

4. This Court has diversity jurisdiction over this entire action under 28 U.S.C. § 1332. First, there is complete diversity among the parties. Greensprings is informed and believes that Plaintiffs each were, at the time of filing of this action, and now are, citizens of the State of Hawaii, consistent with allegations in the Complaint (Ex. A ¶¶ 1, 2). Greensprings was, at the time of filing of this action, and now is, a charitable religious trust organized and existing under the laws of the State of Oregon with its principal office in Lane County, Oregon. Greensprings is informed and believes that Defendant Christine Dillon was, at the time of filing of this action, and now is, a citizen of the State of California or of another state other than the State of Hawaii. Greensprings is informed and believes that Defendant Donald Bohn was, at the time of filing of this action, and now is, a citizen of the State of California. The Complaint alleges that Defendant Grace Parish Church never existed (Ex. A ¶ 12). On September 13, 2007, Plaintiffs dismissed defendant Carleton L. Briggs (Ex. B).

5. Second, this action satisfies the amount in controversy requirement of more than $75,000. The Complaint alleges, "Plaintiffs have been damaged in the sum of $500,000." (Ex. A ¶ 26.) Accordingly, the amount in controversy here exceeds $75,000, exclusive of interests and costs.

6. For the reasons stated above, this case is one that may be removed to this Court by Defendant Greensprings pursuant to 28 U.S.C. § 1441 and 28 U.S.C. § 1446. This removal is effected within thirty days after the mailing of the Summons and

1 | Complaint in the state court action to counsel for Defendant Greensprings, and before
2 | service on any Defendant, in accordance with 28 U.S.C. § 1446(b).
3 |     7.    This action arose in San Mateo County, in which a substantial part of the
4 | events or omissions which give rise to the claim occurred and in which a substantial part
5 | of the property that is the subject of the action is situated. Therefore, pursuant to Civil
6 | L.R. 3-2(c) and 3-2(d), intradistrict assignment should be to the San Francisco Division or
7 | to the Oakland Division of this Court.
8 |     WHEREFORE, GREENSPRINGS BAPTIST CHRISTIAN FELLOWSHIP
9 | TRUST hereby gives notice that this action has been removed, in its entirety, from the
10 | Superior Court of the State of California, County of San Mateo, to the United States
11 | District Court for the Northern District of California, for further proceedings as though it
12 | originally had been instituted herein.

DATED: September 17, 2007

LAW OFFICES OF CARLETON L. BRIGGS

By _____
CARLETON L. BRIGGS
Attorneys for Defendant
GREENSPRINGS BAPTIST CHRISTIAN FELLOWSHIP TRUST

3
NOTICE OF REMOVAL

# EXHIBIT A

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
GREENSPRINGS BAPTIST CHRISTIAN FELLOWSHIP TRUST, a business entity of unknown form; CARLETON L. BRIGGS, an individual; CHRISTINE DILLON, an individual; DONALD BOHN, an individual; GRACE PARISH CHRISTIAN CHURCH, a business entity of unknown form

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
BARBARA MILLER, as guardian of Molly Miller, an individual; and ANNE MILLER, an individual

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

**ENDORSED FILED**
SAN MATEO COUNTY

AUG 2 8 2007

Clerk of the Superior Court
By _____G. Jackson_____
DEPUTY CLERK

---

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.
  There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*
  *Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol/) o poniéndose en contacto con la corte o el colegio de abogados locales.*

---

The name and address of the court is:
*(El nombre y dirección de la corte es):*
SAN MATEO COUNTY SUPERIOR COURT
400 COUNTY CENTER, REDWOOD CITY, CA, CA 94063

CASE NUMBER:
*(Número del Caso):* CIV 465375

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
JAMES P. CILLEY, ESQ. (Bar # 168118); MARK A. SCHMUCK, ESQ. (Bar #205164)
Temmerman & Cilley, LLP
2502 Stevens Creek Blvd., San Jose, California 95128-1654

Phone No. (408) 998-9500
Fax No.   (408) 998-9700

DATE: AUG 2 8 2007    JOHN C. FITTON    Clerk, by _____GEORGE JACKSON_____, Deputy
*(Fecha)*                                *(Secretario)*                                *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*

   under: ☐ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*

4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. January 1, 2004]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
LexisNexis® Automated California Judicial Council Forms

James P. Cilley, Esq. (SB#168118)
Mark A. Schmuck, Esq. (SB#205164)
TEMMERMAN & CILLEY, LLP
2502 Stevens Creek Blvd.
San Jose, California 95128-1654
Tel: (408) 998-9500
Fax: (408) 998-9700

Attorney for Plaintiffs

ENDORSED FILED
SAN MATEO COUNTY

AUG 17 2007

Clerk of the Superior Court
By _____G. Jackson_____
DEPUTY CLERK

SUPERIOR COURT OF CALIFORNIA

COUNTY OF SAN MATEO

BARBARA MILLER, as guardian of Molly Miller, an individual; and ANNE MILLER, an individual,

Plaintiffs,

v.

GREENSPRINGS BAPTIST CHRISTIAN FELLOWSHIP TRUST, a business entity of unknown form; CARLETON L. BRIGGS, an individual; CHRISTINE DILLON, an individual; DONALD BOHN, an individual; GRACE PARISH CHRISTIAN CHURCH, a business entity of unknown form; and DOES 1 through 50, inclusive,

Defendants.

Case Number: **CIV465375**

COMPLAINT FOR BREACH OF CONTRACT - PROMISSORY ESTOPPEL; CONVERSION; FRAUD; DECLARATORY RELIEF AND IMPOSITION OF CONSTRUCTIVE TRUST

BY FAX

I.

INTRODUCTORY FACTS

Capacity and Venue Allegations

1. Plaintiff BARBARA MILLER is the guardian for her daughter, Molly Miller, a minor, who is a resident of Kapalua, Maui, Hawaii.

2. Plaintiff ANNE MILLER, is an individual whose residence is in Kapalua, Maui, Hawaii.

3. Plaintiffs are informed and believe that GREENSPRINGS BAPTIST FELLOWSHIP TRUST ("Greensprings") is a business organization, form unknown. Plaintiffs are informed and believe and thereupon allege that Greensprings has its principal place of business at 407 South B Street, San Mateo, California. Plaintiffs are informed and believe that, although defendants have represented Greensprings to be a 501(c)(3) charitable organization, the foregoing representation is false. Greensprings is not registered with the California Attorney General's Registry of Charitable Trusts. Plaintiffs are also informed and believe that Greensprings is the alter ego of defendants Dillon, Bohn and Briggs, or all of them, and in fact engages in no charitable activities whatsoever.

4. Plaintiffs are informed and believe and thereupon allege that at all times stated herein, Defendant CARLTON L. BRIGGS ("Briggs") had his principal place of business at 3510 Unocal Place, Suite 209, Santa Rosa, California.

5. Plaintiffs are informed and believe and thereupon allege that at all times stated herein, Defendant CHRISTINE DILLON was at all times relevant a resident of San Mateo County, California. Plaintiffs are informed and believe, and on that basis allege, that defendant Dillon has also falsely held herself out to be "Beth Anderson," the granddaughter of Elsie Turchen.

6. Plaintiffs are informed and believe and thereupon allege that at all times stated herein, Defendant DONALD BOHN at all times relevant did business in San Mateo County, California.

7. Plaintiffs are informed and believe that GRACE PARISH CHRISTIAN CHURCH ("Grace") is a business organization, form unknown. Plaintiffs are also informed and believe that, although defendants have represented Grace to be a 501(c)(3) charitable organization, the foregoing representation is false. Grace is not registered with the California Attorney General's Registry of Charitable Trusts. Plaintiffs are also informed and believe that Grace is the alter ego of defendants Dillon, Bohn and Briggs, or all of them, and in fact engages in no charitable activities whatsoever.

8. Plaintiffs are ignorant of the true names and capacities of defendants sued herein as DOES 1 THROUGH 50, and therefore sues these defendants by such fictitious names. Plaintiffs will amend this complaint to allege their true names and capacities when ascertained.

9. Plaintiffs are informed and believe that all defendants, including those defendants

sued as fictitious defendants, were at all times relevant herein, agents, servants, employees, joint venturers, and/or representatives of one another and acting within the course and scope of that agency, employment, and/or joint venture, with the full knowledge, consent, permission, authorization and ratification, either express or implied, of each of the other defendants in performing the acts alleged in this Complaint.

10. Elsie Turchen, now deceased, was Molly Miller's natural great grandmother. Molly is Robert and Barbara Miller's adopted daughter. Robert and Barbara also have a natural daughter, Anne. Even though Molly was Elsie's blood relative, Elsie always treated both Molly and Anne equally as her own great grandchildren.

11. Prior to her death, Elsie expressed in writing her intent to give a substantial gift to Anne and Molly. Elsie's November 23, 2000 letter, written to Barbara and Robert Miller, stated, in pertinent part:

> "I would like to do something for your girls. I do not shop; and I don't want to send things that have to be exchanged or are not useful, so I have failed to do anything on either Annie's or Molly's birthdays.
>
> Would you consider the gift of the house for them? Enclosed is the picture. . . .
>
> It will go vacant approximately 2/1/2001.
>
> As you know, I am very ill. . . ."

Elsie's clear intent was to give Anne and Molly the house located at 325 Malcolm Avenue, Belmont, California. Elsie died on December 10, 2000.

12. Following Elsie's death, Defendant Dillon represented to Barbara Miller that she was the personal representative of the Estate of Elsie Turchen. Defendant Dillon knew about Elsie's gift to Anne and Molly at the time Dillon made the representation to Barbara Miller because Dillon had a copy of Elsie's letter. Knowing about Elsie's gift to Anne and Molly, Defendant Dillon represented that Grace Parish Christian Church (which Plaintiffs are informed and believe never existed) would pay $500,000.00 (in place of a gift of the Malcolm Avenue property) to a charity or charities of Robert's and Barbara's choice on behalf of Anne and Molly. Plaintiffs are informed and believe that Defendant Dillon proposed to make this charitable payment so that Anne and Molly would not make any claim against the Turchen estate.

13. On August 11, 2002, two checks totaling $500,000 were issued to "First Hawaiian Title Company." The checks were issued to a title company because the Millers' chosen charity, the Maui Preparatory Academy, was in the process of purchasing real property for use as a school and the $500,000 was paid towards that purchase. The two checks were drawn on an account owned by "Real Estate Trust," which Plaintiffs are informed and believe is a "dba" for defendant Greensprings. These checks were signed by defendant Bohn. These checks were intended to be performance on the agreement by defendant Dillon to fulfill Elsie Turchin's promise to make a gift to Anne and Molly as indicated in Elsie's November 23, 2000 letter. Robert and Barbara Miller later learned that the checks were made out to First Hawaiian Title Company and that such an entity did not exist. On October 9, 2002, Mr. and Mrs. Miller sent a letter to defendants Bohn and Dillon and asked them to reissue the checks to the proper company name, "First Hawaii Title Corporation."

14. After not having heard from defendants Bohn or Dillon for some time, on January 10, 2005, Mr. and Mrs. Miller demanded that they re-issue a check to "Maui Preparatory Academy." The purpose of making the check to Maui Preparatory Academy was to make a gift to the Academy on behalf of Anne and Molly. Thereafter, on January 10, 2005, a cashier's check was delivered by defendant Greensprings to Mr. And Mrs. Miller in the amount of $500,000 made out to Maui Preparatory Academy.

15. Following receipt of the $500,000 cashier's check, Mr. and Mrs. Miller requested on July 22, 2005 that defendants Bohn and Dillon re-issue the check into three separate checks totaling $500,000 to three new charities: Stanford University, Seabury Hall and West Maui Carden Academy. On August 10, 2005, Mrs. Miller had a telephone conversation with Defendant Bohn concerning the checks. During that conversation, defendant Bohn represented that the checks would be re-issued the following day.

16. At the same time, Mrs. Miller wrote a letter to defendant Briggs, who Plaintiffs are informed and believe is a member of the board of defendant Greensprings. The purpose of this letter was to explain to defendant Briggs the situation and why three checks needed to be issued instead of one. The following day, on August 11, 2005, defendant Briggs wrote back to Mrs.

Page 4
Complaint for Breach of Contract - Promissory Estoppel; Conversion; etc.

Miller asking that the January 10, 2005 cashier's check be returned to Greensprings because of litigation against defendants Greensprings, Bohn and Dillon by Penny Anderson, who is Elsie Turchen's granddaughter and Molly Miller's birth mother. This letter from defendant Briggs states that in order to have the checks re-issued, a motion in the <u>Anderson v. Greensprings</u> litigation must be filed, which, according to defendant Briggs, would be made "with all possible haste." Defendant Briggs also represented that the funds to cover the $500,000 would be maintained in a separate, interest-bearing account earmarked for the charities named by Mr. and Mrs. Miller. Barbara Miller returned the cashier's check to defendant Briggs on August 16, 2005, in reliance on these representations. Plaintiffs are informed and believe that defendant Greensprings never filed any motion in the <u>Anderson v. Greensprings</u> litigation to issue the checks, nor did Greensprings ever deposit the funds in any separate interest-bearing account earmarked for the charities. On multiple occasions, after inducing Barbara Miller to return the cashier's check, defendants have represented to the plaintiffs that they intended to reissue checks pursuant to the agreement set forth herein.

## II.

## FIRST CAUSE OF ACTION

### (Breach of Contract - Promissory Estoppel)

17. Plaintiffs reallege and incorporate by reference Paragraphs 1 through 16 as though fully set forth herein.

18. In or about 2001, defendant Dillon represented to Plaintiffs that she was the personal representative of the estate of Elsie Turchen and that defendant Grace Parish Christian Church would pay the $500,000.00 as Elsie desired.

19. In so doing, defendant Dillon knew or should have known that Plaintiffs would be reasonably induced to rely on defendant Dillon's representation by not making any claim against the estate of Elsie Turchen for payment of the $500,000.00.

20. Plaintiffs reasonably relied on defendant Dillon's representation and were induced to forego making any claim whatsoever in the probate estate of Elsie Turchen.

21. Defendant Dillon has not performed any part of her representation.

22. In addition, defendant Greensprings, through its agent defendant Briggs, represented

to Plaintiffs that if Plaintiffs returned the $500,000.00 certified check to Greensprings, then Greensprings would file a motion in the Anderson v. Greensprings litigation for release of the funds to Plaintiffs, and, in the meantime, Greensprings would "earmark" the $500,000.00 in a separate, interest-bearing account for the Plaintiffs' chosen charities.

23. In so doing, defendant Greensprings knew or should have known that Plaintiffs would forego making any further claim to the $500,000.00.

24. Plaintiffs reasonably relied on defendant Greensprings' representation and was induced into foregoing the filing of any further claim against the estate of Elsie Turchen or any other defendant in this matter. Plaintiffs were also induced into returning the $500,000 cashier's check to defendant Greensprings.

25. Defendant Greensprings has not performed any part of its representation.

26. As a proximate result of Defendants' failure to perform according to the representations that they made to Plaintiffs, Plaintiffs have been damaged in the sum of $500,000.00.

27. Injustice can be avoided only by enforcing the Defendants' representations completely.

## III.

## SECOND CAUSE OF ACTION

### (Conversion)

28. Plaintiffs reallege and incorporate by reference Paragraphs 1 through 27 as though fully set forth herein.

29. At all times herein mentioned, Molly Miller (by Molly's guardian, Robert Miller) and Anne Miller were and still are entitled to possession of $500,000.00.

30. On or about August 16, 2005, defendant Greensprings, through its agent, defendant Briggs, took possession of the $500,000.00 cashier's check from Plaintiffs' possession and converted the same to its own use.

31. Defendant Greensprings' actions alleged above were willful, wanton, malicious, and oppressive, were undertaken with the intent to defraud, and justify awarding of exemplary and

punitive damages.

## IV.

### THIRD CAUSE OF ACTION

### (Fraud)

32. Plaintiffs reallege and incorporate by reference Paragraphs 1 through 31 as though fully set forth herein.

33. In or about 2001, defendant Dillon represented to Plaintiffs that she was the personal representative of the estate of Elsie Turchen and that defendant Grace Parish Christian Church would pay the $500,000.00 as Elsie desired.

34. At the time the defendant Dillon made the promise to the Plaintiffs, neither she nor defendant Grace had any intention of performing it.

35. The promise was made by defendant Dillon with the intent to induce the Plaintiffs to forego making any claim whatsoever in the probate estate of Elsie Turchen.

36. The Plaintiffs, at the time this promise was made and at the time the Plaintiffs took the actions herein alleged, were ignorant of defendant Dillon's and defendant Grace's secret intention not to perform and Plaintiffs could not, in the exercise of reasonable diligence, have discovered defendant Dillon's and defendant Grace's secret intention. In reliance on the promise of defendant Dillon and defendant Grace, Plaintiffs made no claim against the estate of Elsie Turchen. If Plaintiffs had known of the actual intention of defendant Dillon and defendant Grace, Plaintiffs would not have taken such action.

37. In addition, on or about August 11, 2005, defendant Greensprings, through its agent, defendant Briggs, promised Plaintiffs that if Plaintiffs returned the $500,000.00 certified check to Greensprings, then Greensprings would file a motion in the Anderson v. Greensprings litigation for release of the funds to Plaintiffs, and, in the meantime, Greensprings would "earmark" the $500,000.00 in a separate, interest-bearing account for the Plaintiffs' chosen charities.

38. At the time the defendants made the promise to the Plaintiffs, the defendants had no intention of performing it.

39. The promise was made by the defendants with the intent to induce the plaintiffs to

forego making any further claim to the $500,000.00 and with the intent to induce the plaintiffs to return the $500,000.00 cashier's check to defendant Greensprings.

40. The Plaintiffs, at the time this promise was made and at the time the Plaintiffs took the actions herein alleged, were ignorant of defendants' secret intention not to perform and Plaintiffs could not, in the exercise of reasonable diligence, have discovered defendants' secret intention. In reliance on the promise of defendants, Plaintiffs made no further claim for payment of the $500,000.00 and returned the cashier's check to defendant Greensprings. If Plaintiffs had known of the actual intention of defendants, Plaintiffs would not have taken such action.

41. As a result of defendants' actions, Plaintiffs have been damaged in the amount of $500,000.00.

42. Defendants' actions alleged above were willful, wanton, malicious, and oppressive, were undertaken with the intent to defraud, and justify awarding of exemplary and punitive damages.

## V.

## THIRD CAUSE OF ACTION

### (Declaratory Relief)

43. Plaintiffs reallege and incorporate by reference Paragraphs 1 through 42 as though fully set forth herein.

44. A genuine controversy exists between Molly Miller (by Molly's guardian, Barbara Miller) and Anne Miller concerning their respective rights and duties in that Plaintiffs contend that the $500,000.00 belongs to them, whereas Plaintiffs are informed and believe that defendant Greensprings disputes these contentions and contends that the money belongs to them.

45. Plaintiffs desire a judicial determination of their rights and duties, and a declaration as to whether the $500,000.00 belongs to Plaintiffs.

46. A judicial declaration is necessary and appropriate at this time under the circumstances in order that Plaintiffs may ascertain their rights and duties with respect to the $500,000.00 payment from Greensprings. The unsettled state of affairs causes a burden to the Plaintiffs because they are uncertain as to whether they can fulfill commitments to the charities to

1  whom the $500,000 is to be paid.

## VI.

### FOURTH CAUSE OF ACTION

### (Imposition of Constructive Trust)

47. Plaintiffs reallege and incorporate by reference Paragraphs 1 through 46 as though fully set forth herein.

48. By reason of the manner by which defendant Greensprings has maintained the $500,000.00 intended for Molly and Anne, and the receipts and profits thereon, defendant Greensrpings is an involuntary trustee holding such property, and the receipts and profits thereon, in a constructive trust for Plaintiffs with the duty to reconvey the same to Plaintiffs forthwith.

49. Plaintiffs have no adequate remedy at law and imposition of a constructive trust is required to avoid the perpetration of a fraud and unjust enrichment of defendant Greensprings.

## VII.

### PRAYER

WHEREFORE, Plaintiffs pray as follows:

1. For judgment against the Defendants and in favor of the Plaintiffs in the amount of $500,000;

2. For a declaration that $500,000.00 belongs to Plaintiffs;

3. For interest at the legal rate on the foregoing sum pursuant to Section 3336 of the Code of Civil Procedure from and after August 16, 2005;

4. For an order declaring that Defendant Greensprings holds $500,000.00 in trust for Plaintiffs, and compelling Defendant Greensprings to convey and transfer the money to Plaintiffs;

5. For punitive and exemplary damages;

6. For costs of suit herein; and

///
///
///
///

7. For such other and further relief as the Court may deem just and proper.

Date: August 16, 2007                TEMMERMAN & CILLEY, LLP

By: _____
MARK SCHMUCK, ESQ.
Attorneys for Plaintiffs

EXHIBIT B

CIV-110

ATTORNEY FOR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address):
JAMES P. CILLEY, ESQ.    (State Bar # 168118)
TEMMERMAN & CILLEY, LLP
2502 STEVENS CREEK BLVD.
SAN JOSE, CA 95128-1654

TELEPHONE NO.: (408) 998-9500
FAX NO.: (408) 998-9700

ENDORSED FILED
SAN MATEO COUNTY
SEP [illegible] 2007
Clerk of the Superior Court
By ___DANIEL SHEA___
        DEPUTY CLERK

ATTORNEY FOR (Name): Barbara Miller and Anne Miller, Plaintiffs

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN MATEO

PLAINTIFF/PETITIONER: Barbara Miller, Guardian ad litem of Molly Miller, et al.
DEFENDANT/RESPONDENT: Greensprings Baptist Christian Fellowship Trust, et al.

REQUEST FOR DISMISSAL
[ ] Personal Injury, Property Damage, or Wrongful Death
    [ ] Motor Vehicle    [ ] Other
[ ] Family Law
[ ] Eminent Domain
[X] Other (specify): Breach of Contract, Etc.

CASE NUMBER: CIV 465375

- A conformed copy will not be returned by the clerk unless a method of return is provided with the document. -

1. TO THE CLERK: Please dismiss this action as follows:
   a. (1) [ ] With prejudice    (2) [X] Without prejudice
   b. (1) [X] Complaint    (2) [ ] Petition
      (3) [ ] Cross-complaint filed by (name):                                    on (date):
      (4) [ ] Cross-complaint filed by (name):                                    on (date):
      (5) [ ] Entire action of all parties and all causes of action
      (6) [X] Other (specify): Dismiss only as to Defendant Carleton L. Briggs

Date: 9/13/07

Mark Schmuck, Esq.
TYPE OR PRINT NAME OF [X] ATTORNEY [ ] PARTY WITHOUT ATTORNEY

(SIGNATURE)

*If dismissal requested is of specified parties only of specified causes of action only, or of specified cross-complaints only, so state and identify the parties, causes of action, or cross-complaints to be dismissed.

Attorney or party without attorney for:
[X] Plaintiff/Petitioner    [ ] Defendant/Respondent
[ ] Cross-complainant

2. TO THE CLERK: Consent to the above dismissal is hereby given.**
Date:

TYPE OR PRINT NAME OF [ ] ATTORNEY [ ] PARTY WITHOUT ATTORNEY

(SIGNATURE)

** If a cross-complaint or Response (Family Law) seeking affirmative relief is on file, the attorney for cross-complainant (respondent) must sign this consent if required by Code of Civil Procedure section 581 (i) or (j).

Attorney or party without attorney for:
[ ] Plaintiff/Petitioner    [ ] Defendant/Respondent
[ ] Cross-complainant

(To be completed by clerk)

3. [ ] Dismissal entered as requested on (date): SEP 13 2007
4. [X] Dismissal entered on (date):                       as to only (name): [illegible]
5. [ ] Dismissal not entered as requested for the following reasons (specify):
6. [ ] a. Attorney or party without attorney notified on (date):
       b. Attorney or party without attorney not notified. Filing party failed to provide
          [ ] a copy to conformed    [ ] means to return conformed copy

DANIEL SHEA

Date: SEP 13 2007    Clerk, by JOHN C. FITTON, Deputy

REQUEST FOR DISMISSAL

Page 1 of 1

CARLETON L. BRIGGS, SBN 117361
Law Offices of Carleton L. Briggs
3510 Unocal Place, Suite 209
Santa Rosa, CA 95403-0918
Telephone: (707) 523-2251
Facsimile: (707) 523-2253
E-mail: clbriggs@sonic.net

Attorneys for Defendant GREENSPRINGS
BAPTIST CHRISTIAN FELLOWSHIP TRUST

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

BARBARA MILLER, as guardian of Molly Miller, an individual; and ANNE MILLER, an individual,

　　　　Plaintiffs,

vs.

GREENSPRINGS BAPTIST CHRISTIAN FELLOWSHIP TRUST, et al.,

　　　　Defendants.

Case No. C 07 4776

**CERTIFICATION OF INTERESTED ENTITIES OR PERSONS**

Pursuant to Civil L.R. 3-16, the undersigned certifies that as of this date, other than the named parties, there is no such interest to report.

DATED: September 17, 2007　　　　LAW OFFICES OF CARLETON L. BRIGGS

　　　　　　　　　　　　　　　　　　　　CARLETON L. BRIGGS
　　　　　　　　　　　　　　　　　　　　Attorneys for Defendant
　　　　　　　　　　　　　　　　　　　　GREENSPRINGS BAPTIST CHRISTIAN
　　　　　　　　　　　　　　　　　　　　FELLOWSHIP TRUST