1  CARLETON L. BRIGGS, SBN 117361
   Law Offices of Carleton L. Briggs
2  3510 Unocal Place, Suite 209
   Santa Rosa, CA 95403-0918
3  Telephone: (707) 523-2251
   Facsimile: (707) 523-2253
4  E-mail: clbriggs@sonic.net

5  Attorneys for Defendant GREENSPRINGS
   BAPTIST CHRISTIAN FELLOWSHIP TRUST
6

7

8              UNITED STATES DISTRICT COURT

9             NORTHERN DISTRICT OF CALIFORNIA

10

11  BARBARA MILLER, as guardian of          Case No. C 07 4776 JL
    Molly Miller, an individual; and ANNE
12  MILLER, an individual,                  **CERTIFICATE OF SERVICE BY
                                            FIRST CLASS MAIL**
13         Plaintiffs,

14  vs.

15  GREENSPRINGS BAPTIST
    CHRISTIAN FELLOWSHIP TRUST, et
16  al.,

17         Defendants.

18  _____/

19       I, the undersigned, state that I am employed in the City of Santa Rosa, County of

20  Sonoma, State of California, in the office of a member of the bar of this Court, at whose

21  direction the service was made; that I am over the age of eighteen years and not a party to

22  the within action; that my business address is 3510 Unocal Place, Suite 209, Santa Rosa,

23  California 95403-0918; that on the date set out below, I served a copy of the attached:

24              NOTICE OF REMOVAL TO FEDERAL COURT

25  on each party listed below by placing such a copy, enclosed in a sealed envelope with first

26  class postage thereon affixed, in a United States Postal Service mailbox at Santa Rosa,

27  California, addressed to each party listed below.

28

                                    1

1    I declare under penalty of perjury that the foregoing is true and correct.

2    Executed on September 18, 2007, at Santa Rosa, California.

3

4                                    _____
                                     CARLETON L. BRIGGS
5

6

7    James P. Cilley, Esq.
     Mark A. Schmuck, Esq.
8    TEMMERMAN & CILLEY, LLP
     2502 Stevens Creek Boulevard
9    San Jose, California 95128-1654
     Telephone: (408) 998-9500
10   Facsimile: (408) 998-9700
     E-mail: mschmuck@tc-lawfirm.com
11
     (Counsel for Plaintiffs BARBARA MILLER, as guardian of Molly Miller, and ANNE
12   MILLER)

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28
                                       2
     CERTIFICATE OF SERVICE BY FIRST CLASS MAIL

1  CARLETON L. BRIGGS, SBN 117361
   Law Offices of Carleton L. Briggs
2  3510 Unocal Place, Suite 209
   Santa Rosa, CA 95403-0918
3  Telephone: (707) 523-2251
   Facsimile: (707) 523-2253
4  E-mail: clbriggs@sonic.net

5  Attorneys for Defendant GREENSPRINGS
   BAPTIST CHRISTIAN FELLOWSHIP TRUST
6

7

8                   SUPERIOR COURT OF CALIFORNIA

9                       COUNTY OF SAN MATEO

10

11  BARBARA MILLER, as guardian of        Case No. CIV 465375
    Molly Miller, an individual; and ANNE
12  MILLER, an individual,                **NOTICE OF REMOVAL TO**
                                          **FEDERAL COURT**
13        Plaintiffs,

14  vs.

15  GREENSPRINGS BAPTIST
    CHRISTIAN FELLOWSHIP TRUST, et
16  al.,

17        Defendants.

18  _____/

19

20        TO THE COURT AND PLAINTIFFS AND THEIR ATTORNEYS OF RECORD:

21        NOTICE IS HEREBY GIVEN that, pursuant to 28 U.S.C. sections 1332, 1441,

22  and 1446, this action has been removed to the United States District Court for the

23  Northern District of California, where it has been docketed as Case No. C 07 4776 JL.  A

24  copy of the Notice of Removal filed in the District Court is attached hereto as Exhibit A.

25        All further proceedings with respect to this action shall take place before the

26  United States District Court for the Northern District of California.

27

28                                        1

1  DATED: September *18*, 2007          LAW OFFICES OF CARLETON L. BRIGGS

2

3                                       By _____

4                                          CARLETON L. BRIGGS
                                           Attorneys for Defendant
5                                          GREENSPRINGS BAPTIST CHRISTIAN
                                           FELLOWSHIP TRUST

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

NOTICE OF REMOVAL TO FEDERAL COURT

**EXHIBIT A**

1  CARLETON L. BRIGGS, SBN 117361
Law Offices of Carleton L. Briggs
2  3510 Unocal Place, Suite 209
Santa Rosa, CA 95403-0918
3  Telephone: (707) 523-2251
Facsimile: (707) 523-2253
4  E-mail: clbriggs@sonic.net

5  Attorneys for Defendant GREENSPRINGS
BAPTIST CHRISTIAN FELLOWSHIP TRUST
6

7

8              UNITED STATES DISTRICT COURT

9            NORTHERN DISTRICT OF CALIFORNIA

10

11 BARBARA MILLER, as guardian of        Case No.
Molly Miller, an individual; and ANNE
12 MILLER, an individual,                 **NOTICE OF REMOVAL**

13        Plaintiffs,

14 vs.

15 GREENSPRINGS BAPTIST
CHRISTIAN FELLOWSHIP TRUST, et
16 al.,

17        Defendants.
                                    /
18

19       TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE

20 NORTHERN DISTRICT OF CALIFORNIA:

21       PLEASE TAKE NOTICE that pursuant to 28 U.S.C. sections 1332, 1441 and

22 1446, GREENSPRINGS BAPTIST CHRISTIAN FELLOWSHIP TRUST

23 ("Greensprings") hereby removes to this Court the action described herein.  Greensprings

24 respectfully submits the following statement of grounds for removal:

25       1.    On or about August 28, 2007, a complaint was filed in the Superior Court

26 of the State of California, County of San Mateo, entitled Barbara Miller, et al. v.

27 Greensprings Baptist Christian Fellowship Trust, et al., (the "Complaint").  A copy of the

28
                                    1

1    Summons and Complaint are attached hereto as Exhibit A.

2        2.    On September 6, 2007, counsel for Plaintiffs mailed the Summons and

3    Complaint and related documents to counsel for Greensprings, together with a Notice of

4    Acknowledgment and Receipt. Greensprings is informed and believes that no Defendant

5    named in the Complaint has been served at this time.

6        3.    The Complaint alleges causes of action for breach of contract - promissory

7    estoppel; conversion; fraud; declaratory relief; and imposition of constructive trust.

8        4.    This Court has diversity jurisdiction over this entire action under 28 U.S.C.

9    § 1332. First, there is complete diversity among the parties. Greensprings is informed

10   and believes that Plaintiffs each were, at the time of filing of this action, and now are,

11   citizens of the State of Hawaii, consistent with allegations in the Complaint (Ex. A ¶¶ 1,

12   2). Greensprings was, at the time of filing of this action, and now is, a charitable

13   religious trust organized and existing under the laws of the State of Oregon with its

14   principal office in Lane County, Oregon. Greensprings is informed and believes that

15   Defendant Christine Dillon was, at the time of filing of this action, and now is, a citizen

16   of the State of California or of another state other than the State of Hawaii. Greensprings

17   is informed and believes that Defendant Donald Bohn was, at the time of filing of this

18   action, and now is, a citizen of the State of California. The Complaint alleges that

19   Defendant Grace Parish Church never existed (Ex. A ¶ 12). On September 13, 2007,

20   Plaintiffs dismissed defendant Carleton L. Briggs (Ex. B).

21       5.    Second, this action satisfies the amount in controversy requirement of more

22   than $75,000. The Complaint alleges, "Plaintiffs have been damaged in the sum of

23   $500,000." (Ex. A ¶ 26.) Accordingly, the amount in controversy here exceeds $75,000,

24   exclusive of interests and costs.

25       6.    For the reasons stated above, this case is one that may be removed to this

26   Court by Defendant Greensprings pursuant to 28 U.S.C. § 1441 and 28 U.S.C. § 1446.

27   This removal is effected within thirty days after the mailing of the Summons and

28

2

1 | Complaint in the state court action to counsel for Defendant Greensprings, and before

2 | service on any Defendant, in accordance with 28 U.S.C. § 1446(b).

3 |      7.      This action arose in San Mateo County, in which a substantial part of the

4 | events or omissions which give rise to the claim occurred and in which a substantial part

5 | of the property that is the subject of the action is situated. Therefore, pursuant to Civil

6 | L.R. 3-2(c) and 3-2(d), intradistrict assignment should be to the San Francisco Division or

7 | to the Oakland Division of this Court.

8 |      WHEREFORE, GREENSPRINGS BAPTIST CHRISTIAN FELLOWSHIP

9 | TRUST hereby gives notice that this action has been removed, in its entirety, from the

10 | Superior Court of the State of California, County of San Mateo, to the United States

11 | District Court for the Northern District of California, for further proceedings as though it

12 | originally had been instituted herein.

13 |

14 | DATED: September 17, 2007          LAW OFFICES OF CARLETON L. BRIGGS

15 |

16 |                          By _____

17 |                             CARLETON L. BRIGGS
                                Attorneys for Defendant

18 |                             GREENSPRINGS BAPTIST CHRISTIAN
                                FELLOWSHIP TRUST

19 |

20 |

21 |

22 |

23 |

24 |

25 |

26 |

27 |

28 |                                        3
                               NOTICE OF REMOVAL

**EXHIBIT A**

SUM-100

# SUMMONS
## *(CITACION JUDICIAL)*

**FOR COURT USE ONLY**
*(SOLO PARA USO DE LA CORTE)*

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
GREENSPRINGS BAPTIST CHRISTIAN FELLOWSHIP TRUST, a business entity of unknown form; CARLETON L. BRIGGS, an individual; CHRISTINE DILLON, an individual; DONALD BOHN, an individual; GRACE PARISH CHRISTIAN CHURCH, a business entity of unknown form

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
BARBARA MILLER, as guardian of Molly Miller, an individual; and ANNE MILLER, an individual

**ENDORSED FILED**
SAN MATEO COUNTY

AUG 2 8 2007

Clerk of the Superior Court
By ___ G. Jackson ___
DEPUTY CLERK

---

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol/) o poniéndose en contacto con la corte o el colegio de abogados locales.*

---

| The name and address of the court is: *(El nombre y dirección de la corte es):* | CASE NUMBER: *(Número del Caso):* CIV 465375 |
|---|---|

SAN MATEO COUNTY SUPERIOR COURT
400 COUNTY CENTER, REDWOOD CITY, CA, CA 94063

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

JAMES P. CILLEY, ESQ. (Bar # 168118); MARK A. SCHMUCK, ESQ. (Bar #205164) — Phone No. (408) 998-9500
Temmerman & Cilley, LLP — Fax No. (408) 998-9700
2502 Stevens Creek Blvd., San Jose, California 95128-1654

DATE: *(Fecha)* AUG 2 8 2007  JOHN C. FITTON  Clerk, by ___ GEORGE JACKSON ___, Deputy *(Secretario)* *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED: You are served**

[SEAL]

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify)*:

3. ☐ on behalf of *(specify)*:

   under: ☐ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)

   ☐ other *(specify)*:
4. ☐ by personal delivery on *(date)*:

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. January 1, 2004]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
*LexisNexis® Automated California Judicial Council Forms*

James P. Cilley, Esq. (SB# 168118)
Mark A. Schmuck, Esq. (SB# 205164)
TEMMERMAN & CILLEY, LLP
2502 Stevens Creek Blvd.
San Jose, California 95128-1654
Tel: (408) 998-9500
Fax: (408) 998-9700

Attorney for Plaintiffs

**ENDORSED FILED**
SAN MATEO COUNTY

AUG 1 7 2007

Clerk of the Superior Court
By _____ G. Jackson
           DEPUTY CLERK

## SUPERIOR COURT OF CALIFORNIA

### COUNTY OF SAN MATEO

BARBARA MILLER, as guardian of
Molly Miller, an individual; and ANNE
MILLER, an individual,

　　　　　　　　Plaintiffs,

v.

GREENSPRINGS BAPTIST
CHRISTIAN FELLOWSHIP TRUST, a
business entity of unknown form;
CARLETON L. BRIGGS, an
individual; CHRISTINE DILLON, an
individual; DONALD BOHN, an
individual; GRACE PARISH
CHRISTIAN CHURCH, a business
entity of unknown form; and DOES 1
through 50, inclusive,

　　　　　　　　Defendants.

Case Number:
## CIV4 6 5 3 7 5

COMPLAINT FOR BREACH OF
CONTRACT - PROMISSORY ESTOPPEL;
CONVERSION; FRAUD; DECLARATORY
RELIEF AND IMPOSITION OF
CONSTRUCTIVE TRUST

**BY FAX**

I.

## INTRODUCTORY FACTS

Capacity and Venue Allegations

1.　　　Plaintiff BARBARA MILLER is the guardian for her daughter, Molly Miller, a minor, who is a resident of Kapalua, Maui, Hawaii.

2.　　　Plaintiff ANNE MILLER, is an individual whose residence is in Kapalua, Maui, Hawaii.

1    3.    Plaintiffs are informed and believe that GREENSPRINGS BAPTIST FELLOWSHIP

2 TRUST ("Greensprings") is a business organization, form unknown. Plaintiffs are informed and

3 believe and thereupon allege that Greensprings has its principal place of business at 407 South B

4 Street, San Mateo, California. Plaintiffs are informed and believe that, although defendants have

5 represented Greensprings to be a 501(c)(3) charitable organization, the foregoing representation

6 is false. Greensprings is not registered with the California Attorney General's Registry of

7 Charitable Trusts. Plaintiffs are also informed and believe that Greensprings is the alter ego of

8 defendants Dillon, Bohn and Briggs, or all of them, and in fact engages in no charitable activities

9 whatsoever.

10    4.    Plaintiffs are informed and believe and thereupon allege that at all times stated herein,

11 Defendant CARLTON L. BRIGGS ("Briggs") had his principal place of business at 3510 Unocal

12 Place, Suite 209, Santa Rosa, California.

13    5.    Plaintiffs are informed and believe and thereupon allege that at all times stated herein,

14 Defendant CHRISTINE DILLON was at all times relevant a resident of San Mateo County,

15 California. Plaintiffs are informed and believe, and on that basis allege, that defendant Dillon has

16 also falsely held herself out to be "Beth Anderson," the granddaughter of Elsie Turchen.

17    6.    Plaintiffs are informed and believe and thereupon allege that at all times stated herein,

18 Defendant DONALD BOHN at all times relevant did business in San Mateo County, California.

19    7.    Plaintiffs are informed and believe that GRACE PARISH CHRISTIAN CHURCH

20 ("Grace") is a business organization, form unknown. Plaintiffs are also informed and believe that,

21 although defendants have represented Grace to be a 501(c)(3) charitable organization, the foregoing

22 representation is false. Grace is not registered with the California Attorney General's Registry of

23 Charitable Trusts. Plaintiffs are also informed and believe that Grace is the alter ego of defendants

24 Dillon, Bohn and Briggs, or all of them, and in fact engages in no charitable activities whatsoever.

25    8.    Plaintiffs are ignorant of the true names and capacities of defendants sued herein as

26 DOES 1 THROUGH 50, and therefore sues these defendants by such fictitious names. Plaintiffs

27 will amend this complaint to allege their true names and capacities when ascertained.

28    9.    Plaintiffs are informed and believe that all defendants, including those defendants

1   sued as fictitious defendants, were at all times relevant herein, agents, servants, employees, joint

2   venturers, and/or representatives of one another and acting within the course and scope of that

3   agency, employment, and/or joint venture, with the full knowledge, consent, permission,

4   authorization and ratification, either express or implied, of each of the other defendants in

5   performing the acts alleged in this Complaint.

6        10.    Elsie Turchen, now deceased, was Molly Miller's natural great grandmother. Molly

7   is Robert and Barbara Miller's adopted daughter. Robert and Barbara also have a natural daughter,

8   Anne. Even though Molly was Elsie's blood relative, Elsie always treated both Molly and Anne

9   equally as her own great grandchildren.

10       11.    Prior to her death, Elsie expressed in writing her intent to give a substantial gift to

11   Anne and Molly. Elsie's November 23, 2000 letter, written to Barbara and Robert Miller, stated,

12   in pertinent part:

13          "I would like to do something for your girls. I do not shop; and I don't
           want to send things that have to be exchanged or are not useful, so I
14          have failed to do anything on either Annie's or Molly's birthdays.

15          Would you consider the gift of the house for them? Enclosed is the
           picture. . . .
16

17          It will go vacant approximately 2/1/2001.

18          As you know, I am very ill. . . ."

19      Elsie's clear intent was to give Anne and Molly the house located at 325 Malcolm Avenue,

20   Belmont, California. Elsie died on December 10, 2000.

21       12.    Following Elsie's death, Defendant Dillon represented to Barbara Miller that she was

22   the personal representative of the Estate of Elsie Turchen. Defendant Dillon knew about Elsie's

23   gift to Anne and Molly at the time Dillon made the representation to Barbara Miller because Dillon

24   had a copy of Elsie's letter. Knowing about Elsie's gift to Anne and Molly, Defendant Dillon

25   represented that Grace Parish Christian Church (which Plaintiffs are informed and believe never

26   existed) would pay $500,000.00 (in place of a gift of the Malcolm Avenue property) to a charity

27   or charities of Robert's and Barbara's choice on behalf of Anne and Molly. Plaintiffs are informed

28   and believe that Defendant Dillon proposed to make this charitable payment so that Anne and

Molly would not make any claim against the Turchen estate.

13.    On August 11, 2002, two checks totaling $500,000 were issued to "First Hawaiian Title Company." The checks were issued to a title company because the Millers' chosen charity, the Maui Preparatory Academy, was in the process of purchasing real property for use as a school and the $500,000 was paid towards that purchase. The two checks were drawn on an account owned by "Real Estate Trust," which Plaintiffs are informed and believe is a "dba" for defendant Greensprings. These checks were signed by defendant Bohn. These checks were intended to be performance on the agreement by defendant Dillon to fulfill Elsie Turchin's promise to make a gift to Anne and Molly as indicated in Elsie's November 23, 2000 letter. Robert and Barbara Miller later learned that the checks were made out to First Hawaiian Title Company and that such an entity did not exist. On October 9, 2002, Mr. and Mrs. Miller sent a letter to defendants Bohn and Dillon and asked them to reissue the checks to the proper company name, "First Hawaii Title Corporation."

14.    After not having heard from defendants Bohn or Dillon for some time, on January 10, 2005, Mr. and Mrs. Miller demanded that they re-issue a check to "Maui Preparatory Academy." The purpose of making the check to Maui Preparatory Academy was to make a gift to the Academy on behalf of Anne and Molly. Thereafter, on January 10, 2005, a cashier's check was delivered by defendant Greensprings to Mr. And Mrs. Miller in the amount of $500,000 made out to Maui Preparatory Academy.

15.    Following receipt of the $500,000 cashier's check, Mr. and Mrs. Miller requested on July 22, 2005 that defendants Bohn and Dillon re-issue the check into three separate checks totaling $500,000 to three new charities: Stanford University, Seabury Hall and West Maui Carden Academy. On August 10, 2005, Mrs. Miller had a telephone conversation with Defendant Bohn concerning the checks. During that conversation, defendant Bohn represented that the checks would be re-issued the following day.

16.    At the same time, Mrs. Miller wrote a letter to defendant Briggs, who Plaintiffs are informed and believe is a member of the board of defendant Greensprings. The purpose of this letter was to explain to defendant Briggs the situation and why three checks needed to be issued instead of one. The following day, on August 11, 2005, defendant Briggs wrote back to Mrs.

1   Miller asking that the January 10, 2005 cashier's check be returned to Greensprings because of

2   litigation against defendants Greensprings, Bohn and Dillon by Penny Anderson, who is Elsie

3   Turchen's granddaughter and Molly Miller's birth mother. This letter from defendant Briggs states

4   that in order to have the checks re-issued, a motion in the <u>Anderson v. Greensprings</u> litigation must

5   be filed, which, according to defendant Briggs, would be made "with all possible haste." Defendant

6   Briggs also represented that the funds to cover the $500,000 would be maintained in a separate,

7   interest-bearing account earmarked for the charities named by Mr. and Mrs. Miller. Barbara Miller

8   returned the cashier's check to defendant Briggs on August 16, 2005, in reliance on these

9   representations. Plaintiffs are informed and believe that defendant Greensprings never filed any

10   motion in the <u>Anderson v. Greensprings</u> litigation to issue the checks, nor did Greensprings ever

11   deposit the funds in any separate interest-bearing account earmarked for the charities. On multiple

12   occasions, after inducing Barbara Miller to return the cashier's check, defendants have represented

13   to the plaintiffs that they intended to reissue checks pursuant to the agreement set forth herein.

14   **II.**

15   **FIRST CAUSE OF ACTION**

16   **(Breach of Contract - Promissory Estoppel)**

17       17.    Plaintiffs reallege and incorporate by reference Paragraphs 1 through 16 as though

18   fully set forth herein.

19       18.    In or about 2001, defendant Dillon represented to Plaintiffs that she was the personal

20   representative of the estate of Elsie Turchen and that defendant Grace Parish Christian Church

21   would pay the $500,000.00 as Elsie desired.

22       19.    In so doing, defendant Dillon knew or should have known that Plaintiffs would be

23   reasonably induced to rely on defendant Dillon's representation by not making any claim against

24   the estate of Elsie Turchen for payment of the $500,000.00.

25       20.    Plaintiffs reasonably relied on defendant Dillon's representation and were induced

26   to forego making any claim whatsoever in the probate estate of Elsie Turchen.

27       21.    Defendant Dillon has not performed any part of her representation.

28       22.    In addition, defendant Greensprings, through its agent defendant Briggs, represented

1  to Plaintiffs that if Plaintiffs returned the $500,000.00 certified check to Greensprings, then

2  Greensprings would file a motion in the <u>Anderson v. Greensprings</u> litigation for release of the funds

3  to Plaintiffs, and, in the meantime, Greensprings would "earmark" the $500,000.00 in a separate,

4  interest-bearing account for the Plaintiffs' chosen charities.

5      23.    In so doing, defendant Greensprings knew or should have known that Plaintiffs would

6  forego making any further claim to the $500,000.00.

7      24.    Plaintiffs reasonably relied on defendant Greensprings' representation and was

8  induced into foregoing the filing of any further claim against the estate of Elsie Turchen or any

9  other defendant in this matter. Plaintiffs were also induced into returning the $500,000 cashier's

10  check to defendant Greensprings.

11      25.    Defendant Greensprings has not performed any part of its representation.

12      26.    As a proximate result of Defendants' failure to perform according to the

13  representations that they made to Plaintiffs, Plaintiffs have been damaged in the sum of

14  $500,000.00.

15      27.    Injustice can be avoided only by enforcing the Defendants' representations

16  completely.

17                              **III.**

18                   **SECOND CAUSE OF ACTION**

19                        **(Conversion)**

20      28.    Plaintiffs reallege and incorporate by reference Paragraphs 1 through 27 as though

21  fully set forth herein.

22      29.    At all times herein mentioned, Molly Miller (by Molly's guardian, Robert Miller) and

23  Anne Miller were and still are entitled to possession of $500,000.00.

24      30.    On or about August 16, 2005, defendant Greensprings, through its agent, defendant

25  Briggs, took possession of the $500,000.00 cashier's check from Plaintiffs' possession and

26  converted the same to its own use.

27      31.    Defendant Greensprings' actions alleged above were willful, wanton, malicious, and

28  oppressive, were undertaken with the intent to defraud, and justify awarding of exemplary and

1  punitive damages.

2                                          IV.

3                            **THIRD CAUSE OF ACTION**

4                                      **(Fraud)**

5       32.     Plaintiffs reallege and incorporate by reference Paragraphs 1 through 31 as though

6  fully set forth herein.

7       33.     In or about 2001, defendant Dillon represented to Plaintiffs that she was the personal

8  representative of the estate of Elsie Turchen and that defendant Grace Parish Christian Church

9  would pay the $500,000.00 as Elsie desired.

10      34.     At the time the defendant Dillon made the promise to the Plaintiffs, neither she nor

11  defendant Grace had any intention of performing it.

12      35.     The promise was made by defendant Dillon with the intent to induce the Plaintiffs to

13  forego making any claim whatsoever in the probate estate of Elsie Turchen.

14      36.     The Plaintiffs, at the time this promise was made and at the time the Plaintiffs took

15  the actions herein alleged, were ignorant of defendant Dillon's and defendant Grace's secret

16  intention not to perform and Plaintiffs could not, in the exercise of reasonable diligence, have

17  discovered defendant Dillon's and defendant Grace's secret intention.  In reliance on the promise

18  of defendant Dillon and defendant Grace, Plaintiffs made no claim against the estate of Elsie

19  Turchen. If Plaintiffs had known of the actual intention of defendant Dillon and defendant Grace,

20  Plaintiffs would not have taken such action.

21      37.     In addition, on or about August 11, 2005, defendant Greensprings, through its agent,

22  defendant Briggs, promised Plaintiffs that if Plaintiffs returned the $500,000.00 certified check to

23  Greensprings, then Greensprings would file a motion in the Anderson v. Greensprings litigation

24  for release of the funds to Plaintiffs, and, in the meantime, Greensprings would "earmark" the

25  $500,000.00 in a separate, interest-bearing account for the Plaintiffs' chosen charities.

26      38.     At the time the defendants made the promise to the Plaintiffs, the defendants had no

27  intention of performing it.

28      39.     The promise was made by the defendants with the intent to induce the plaintiffs to

1  forego making any further claim to the $500,000.00 and with the intent to induce the plaintiffs to

2  return the $500,000.00 cashier's check to defendant Greensprings.

3      40.    The Plaintiffs, at the time this promise was made and at the time the Plaintiffs took

4  the actions herein alleged, were ignorant of defendants' secret intention not to perform and

5  Plaintiffs could not, in the exercise of reasonable diligence, have discovered defendants' secret

6  intention. In reliance on the promise of defendants, Plaintiffs made no further claim for payment

7  of the $500,000.00 and returned the cashier's check to defendant Greensprings. If Plaintiffs had

8  known of the actual intention of defendants, Plaintiffs would not have taken such action.

9      41.    As a result of defendants' actions, Plaintiffs have been damaged in the amount of

10  $500,000.00.

11      42.    Defendants' actions alleged above were willful, wanton, malicious, and oppressive,

12  were undertaken with the intent to defraud, and justify awarding of exemplary and punitive

13  damages.

14                                   **V.**

15                           **THIRD CAUSE OF ACTION**

16                              **(Declaratory Relief)**

17      43.    Plaintiffs reallege and incorporate by reference Paragraphs 1 through 42 as though

18  fully set forth herein.

19      44.    A genuine controversy exists between Molly Miller (by Molly's guardian, Barbara

20  Miller) and Anne Miller concerning their respective rights and duties in that Plaintiffs contend that

21  the $500,000.00 belongs to them, whereas Plaintiffs are informed and believe that defendant

22  Greensprings disputes these contentions and contends that the money belongs to them.

23      45.    Plaintiffs desire a judicial determination of their rights and duties, and a declaration

24  as to whether the $500,000.00 belongs to Plaintiffs.

25      46.    A judicial declaration is necessary and appropriate at this time under the

26  circumstances in order that Plaintiffs may ascertain their rights and duties with respect to the

27  $500,000.00 payment from Greensprings. The unsettled state of affairs causes a burden to the

28  Plaintiffs because they are uncertain as to whether they can fulfill commitments to the charities to

1  whom the $500,000 is to be paid.

2  ### VI.

3  ## FOURTH CAUSE OF ACTION

4  ### (Imposition of Constructive Trust)

5  47.    Plaintiffs reallege and incorporate by reference Paragraphs 1 through 46 as though

6  fully set forth herein.

7  48.    By reason of the manner by which defendant Greensprings has maintained the

8  $500,000.00 intended for Molly and Anne, and the receipts and profits thereon, defendant

9  Greensrpings is an involuntary trustee holding such property, and the receipts and profits thereon,

10 in a constructive trust for Plaintiffs with the duty to reconvey the same to Plaintiffs forthwith.

11 49.    Plaintiffs have no adequate remedy at law and imposition of a constructive trust is

12 required to avoid the perpetration of a fraud and unjust enrichment of defendant Greensprings.

13 ### VII.

14 ## PRAYER

15 WHEREFORE, Plaintiffs pray as follows:

16 1.    For judgment against the Defendants and in favor of the Plaintiffs in the amount of

17 $500,000;

18 2.    For a declaration that $500,000.00 belongs to Plaintiffs;

19 3.    For interest at the legal rate on the foregoing sum pursuant to Section 3336 of the

20 Code of Civil Procedure from and after August 16, 2005;

21 4.    For an order declaring that Defendant Greensprings holds $500,000.00 in trust for

22 Plaintiffs, and compelling Defendant Greensprings to convey and transfer the money to Plaintiffs;

23 5.    For punitive and exemplary damages;

24 6.    For costs of suit herein; and

25 / / /

26 / / /

27 / / /

28 / / /

1        7.    For such other and further relief as the Court may deem just and proper.

2    Date: August 16, 2007                TEMMERMAN & CILLEY, LLP

3

4                                    By:

5                                        MARK SCHMUCK, ESQ.
                                    Attorneys for Plaintiffs

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Complaint for Breach of Contract - Promissory Estoppel; Conversion; etc.

**EXHIBIT B**

CIV-110

ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address):
JAMES P. CILLEY, ESQ.    (State Bar # 168118)
TEMMERMAN & CILLEY, LLP
2502 STEVENS CREEK BLVD.
SAN JOSE, CA 95128-1654

TELEPHONE NO.: (408) 998-9500
FAX NO.: (408) 998-9700

ATTORNEY FOR (Name): Barbara Miller and Anne Miller, Plaintiffs

ENDORSED FILED
SAN MATEO COUNTY

SEP ... 2007

Clerk of the Superior Court
By    DANIEL SHEA
DEPUTY CLERK

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN MATEO

PLAINTIFF/PETITIONER    Barbara Miller, Guardian ad litem of Molly Miller, et al.

DEFENDANT/RESPONDENT    Greensprings Baptist Christian Fellowship Trust, et al.

| REQUEST FOR DISMISSAL | CASE NUMBER |
|---|---|
| [ ] Personal Injury, Property Damage, or Wrongful Death<br>　　[ ] Motor Vehicle　　[ ] Other<br>[ ] Family Law<br>[ ] Eminent Domain<br>[X] Other (specify): Breach of Contract, Etc. | CIV 465375 |

A conformed copy will not be returned by the clerk unless a method of return is provided with the document.

1. TO THE CLERK: Please dismiss this action as follows:
   a. (1) [ ] With prejudice    (2) [X] Without prejudice
   b. (1) [X] Complaint    (2) [ ] Petition
      (3) [ ] Cross-complaint filed by (name):    on (date):
      (4) [ ] Cross-complaint filed by (name):    on (date):
      (5) [ ] Entire action of all parties and all causes of action
      (6) [X] Other (specify): * Dismiss only as to Defendant Carleton L. Briggs .

Date    9/13/07

Mark Schmuck, Esq.

TYPE OR PRINT NAME OF [X] ATTORNEY [ ] PARTY WITHOUT ATTORNEY)

*If dismissal requested is of specified parties only of specified causes of action only, or of specified cross-complaints only, so state and identify the parties, causes of action or cross-complaints to be dismissed.

(SIGNATURE)

Attorney or party without attorney for:
[X] Plaintiff/Petitioner    [ ] Defendant/Respondent
[ ] Cross - complainant

2. TO THE CLERK: Consent to the above dismissal is hereby given. **

Date

TYPE OR PRINT NAME OF [ ] ATTORNEY [ ] PARTY WITHOUT ATTORNEY)

** If a cross-complaint or Response (Family Law) seeking affirmative relief is on file, the attorney for cross-complainant (respondent) must sign this consent if required by Code of Civil Procedure section 581 (i) or (j).

(SIGNATURE)

Attorney or party without attorney for:
[ ] Plaintiff/Petitioner    [ ] Defendant/Respondent
[ ] Cross - complainant

(To be completed by clerk)
3. [ ] Dismissal entered as requested on (date): SEP 13 2007
4. [✓] Dismissal entered on (date): _____ as to only (name): _____
5. [ ] Dismissal not entered as requested for the following reasons (specify):

6. [ ] a. Attorney or party without attorney notified on (date):
      b. Attorney or party without attorney not notified. Filing party failed to provide
         [ ] a copy to conformed    [ ] means to return conformed copy

DANIEL SHEA

Date    SEP 13 2007    Clerk, by    _____, Deputy
JOHN C. FITTON

REQUEST FOR DISMISSAL

Page 1 of 1

## PROOF OF SERVICE BY MAIL

### BUSINESS PRACTICE TO ENTRUST DEPOSIT TO OTHERS

CARLETON L. BRIGGS certifies and declares as follows:

I am over eighteen years of age and am not a party to the above-captioned action. My business address is 3510 Unocal Place, Suite 209, Santa Rosa, California 95403-0918, which is located in the county where the placement for mailing described below took place.

I am readily familiar with the business practice at my place of business for collection and processing of correspondence for mailing with the United States Postal Service. Correspondence so collected and processed has fully prepaid postage placed thereon and then is picked up by, or deposited with, the United States Postal Service that same day, in the ordinary course of business.

On September 18, 2007, at my place of business in Santa Rosa, California, copies of the attached **NOTICE OF REMOVAL TO FEDERAL COURT** was placed in a sealed envelope, addressed as follows below, and that envelope was placed for collection, placement of postage thereon and mailing on that date, following ordinary business practices.

I certify under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on September 18, 2007.

CARLETON L. BRIGGS

James P. Cilley, Esq.
Mark A. Schmuck, Esq.
TEMMERMAN & CILLEY, LLP
2502 Stevens Creek Boulevard
San Jose, California 95128-1654
Telephone: (408) 998-9500
Facsimile: (408) 998-9700
E-mail: mschmuck@tc-lawfirm.com

(Counsel for Plaintiffs BARBARA MILLER, as guardian of Molly Miller, and ANNE MILLER)