1  CARLETON L. BRIGGS, SBN 117361
   Law Offices of Carleton L. Briggs
2  3510 Unocal Place, Suite 209
   Santa Rosa, CA 95403-0918
3  Telephone: (707) 523-2251
   Facsimile: (707) 523-2253
4  E-mail: clbriggs@sonic.net

5  Attorneys for Defendant
   GREENSPRINGS BAPTIST
6  CHRISTIAN FELLOWSHIP TRUST

7

8              UNITED STATES DISTRICT COURT

9           NORTHERN DISTRICT OF CALIFORNIA

10  BARBARA MILLER, as guardian of        Case No. C 07-04776 JL
    Molly Miller, an individual; and ANNE
11  MILLER, an individual,                NOTICE OF MOTION AND MOTION
                                          TO DISMISS FOR FAILURE TO
12                  Plaintiffs,           STATE A CLAIM UPON WHICH
                                          RELIEF CAN BE GRANTED
13      vs.                               [FRCP 12(b)(6)]

14  GREENSPRINGS BAPTIST                  Date:  December 5, 2007
    CHRISTIAN FELLOWSHIP TRUST, et        Time:  9:30 a.m.
15  al.,                                  Courtroom: F, 15th Floor
                    Defendants.           Magistrate Judge:  Hon. James Larson
16                                        Complaint filed: August 17, 2007
    _____/    Trial date: None
17

18  To all parties and their attorneys of record:

19      PLEASE TAKE NOTICE that on December 5, 2007, at 9:30 a.m., or as soon

20  thereafter as the matter may be heard, in the above-entitled court, located at 450 Golden

21  Gate Avenue, San Francisco, California, defendant Greensprings Baptist Christian

22  Fellowship Trust will move the court to dismiss the complaint against it under FRCP

23  12(b)(6) on the following grounds:

24      1.  The purported cause of action for "breach of contract - promissory estoppel"

25  fails to state a claim upon which relief can be granted because the promises alleged in the

26  complaint cannot give rise to any damage claim for breach of contract by plaintiffs;

27

28
                                         1

2.  The purported cause of action for conversion fails to state a claim upon which relief can be granted because the facts alleged show that plaintiffs never owned or had any right to possess the $500,000 alleged to have been converted;

3.  The purported cause of action for fraud fails to state a claim upon which relief can be granted because the facts alleged show that plaintiffs have not been damaged;

4.  The purported cause of action for declaratory relief fails to state a claim upon which relief can be granted because the facts alleged show that the $500,000 does not and never did belong to plaintiffs;

5.  The purported cause of action for a constructive trust fails to state a claim upon which relief can be granted because imposition of a constructive trust is a remedy, not a claim, and the complaint fails to state any underlying claim that warrants such a remedy.

The motion will be based on this notice of motion and motion, the memorandum of points and authorities filed herewith, the accompanying request for judicial notice, and the pleadings and papers filed herein.

Dated: October 31, 2007                          LAW OFFICES OF
                                                 CARLETON L. BRIGGS


                                                 /s/ Carleton L. Briggs
                                                 CARLETON L. BRIGGS
                                                 Attorneys for Defendant
                                                 GREENSPRINGS BAPTIST
                                                 CHRISTIAN FELLOWSHIP TRUST

NOTICE OF MOTION AND MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED

CARLETON L. BRIGGS, SBN 117361
Law Offices of Carleton L. Briggs
3510 Unocal Place, Suite 209
Santa Rosa, CA 95403-0918
Telephone: (707) 523-2251
Facsimile: (707) 523-2253
E-mail: clbriggs@sonic.net

Attorneys for Defendant
GREENSPRINGS BAPTIST
CHRISTIAN FELLOWSHIP TRUST

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BARBARA MILLER, as guardian of Molly Miller, an individual; and ANNE MILLER, an individual,<br><br>    Plaintiffs,<br><br>  vs.<br><br>GREENSPRINGS BAPTIST CHRISTIAN FELLOWSHIP TRUST, et al.,<br>    Defendants.<br>_____/ | Case No. C 07-04776 JL<br><br>MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT GREENSPRINGS' MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED<br><br>Date:  December 5, 2007<br>Time: 9:30 a.m.<br>Courtroom: F, 15th Floor<br>Magistrate Judge:  Hon. James Larson<br>Complaint filed: August 17, 2007<br>Trial date: None |

1

## TABLE OF CONTENTS

2

3  THE COMPLAINT'S ALLEGATIONS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

4  ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

5  1.    Dismissal is proper where the plaintiffs cannot prove any set of facts that
       would entitle them to relief. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3
6
   2.    Plaintiffs cannot recover damages for breach of contract. . . . . . . . . . . . . . . . . . 4
7
   3.    Greensprings' payment of $500,000 to plaintiffs would disqualify
8        Greensprings as a tax exempt organization, would be an act beyond the
         powers of Greensprings' trustee, and would constitute an illegal contract. . . . . . 7
9
   3.    Greensprings' payment of $500,000 to plaintiffs would disqualify
10       Greensprings as a tax exempt organization, would be an act beyond the
         powers of Greensprings' trustee, and would constitute an illegal contract. . . . . . 7
11
         A.    Tax exempt status . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8
12
         B.    Act in excess of trustee's power . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9
13
         C.    Illegal contract . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9
14
   4.    Plaintiffs cannot recover damages for conversion. . . . . . . . . . . . . . . . . . . . . . . . 10
15
   5.    Plaintiffs cannot recover damages for fraud. . . . . . . . . . . . . . . . . . . . . . . . . . . 11
16
   6.    Plaintiffs cannot establish their right to the requested declaratory relief. . . . . . . 12
17
   7.    Imposition of a constructive trust is a remedy, not a substantive claim. . . . . . . 12
18
   CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

19

20

21

22

23

24

25

26

27

28

1

TABLE OF AUTHORITIES

2 CASES

3 *Brillhart v. Excess Ins. Co.,* 316 U.S. 491 (1942) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

4 *Burkle v. Burkle,* 141 Cal.App.4th 1029 (2006) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

5 *Church of Spiritual Technology v. United States,* 26 Cl.Ct. 713 (1992) . . . . . . . . . . . . . 7

6 *Conley v. Gibson,* 355 U.S. 41 (1957) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

7 *Dateline Builders, Inc. v. City of Santa Rosa,* 146 Cal.App.3d 520 (1983) . . . . . . . . . . 6

8 *Davies v. Krasna,* 14 Cal.3d 502 (1975) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

9 *Glue-Fold, Inc. v. Slautterback Corp.,* 82 Cal.App.4th 1018 (2000) . . . . . . . . . . . . . . . 12

10 *Gonsalves v. Hodgson,* 38 Cal.2d 91 (1951) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

11 *Hagan v. Fairfield,* 238 Cal.App.2d 197 (1965) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

12 *Haigler v. Donnelly,* 18 Cal.2d 674 (1941) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

13 *Hartman Ranch Co. v. Associated Oil Co.,* 10 Cal.2d 232 (1937) . . . . . . . . . . . . . . . . . 6

14 *In re Marriage of Smith & Maescher,* 21 Cal.App.4th 100 (1993) . . . . . . . . . . . . . . . . . 6

15 *Kashani v. Tsann Kuen China Enterprise Co.,* 118 Cal.App.4th 531 (2004) . . . . . . . . . 9

16 *McDermott v. Bear Film Co.,* 219 Cal.App.2d 607 (1963) . . . . . . . . . . . . . . . . . . . . . . . 8

17 *Service by Medallion, Inc. v. Clorox Co.,* 44 Cal.App.4th 1807 (1996) . . . . . . . . . . . . 10

18 *Smith v. City and County of San Francisco,* 225 Cal.App.3d 38 (1990) . . . . . . . . . . . . . 4

19 *State of California v. Oroville-Wyandotte Irrigation Dist.,* 409 F.2d 532 (9th Cir. 1969)
. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

20

21 *Uhlmann v. Kin Daw,* 97 Or. 681 (1920) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

22 *US Ecology, Inc. v. State of California,* 129 Cal.App.4th 887 (2005) . . . . . . . . . . . . . . . 4

23 *Vu v. California Commerce Club, Inc.,* 58 Cal.App.4th 229 (1997) . . . . . . . . . . . . . . . . . 9

24 *Wendy L. Parker Rehabilitation Foundation, Inc. v. Commissioner,* 52 TCM 51 (1986)
. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

25

26

27

28

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT GREENSPRINGS'
MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED

1

STATUTES

2

26 U.S.C. § 501(c)(3) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

3

28 U.S.C. § 2201 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

4

Cal. Civil Code § 1559 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

5

Cal. Civil Code § 1667 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

6

Cal. Probate Code § 16000 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

7

Cal. Probate Code § 16200 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

8

Cal. Probate Code § 21700 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

9

California Code of Civil Procedure § 1060 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

10

Oregon Rev. Stats. § 130.650 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

11

Oregon Rev. Stats. § 130.665 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

12

13

RULES & REGULATIONS

14

26 C.F.R. § 1.501(c)(3)-1(a)(1) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

15

26 C.F.R. § 1.501(c)(3)-1(b)(1) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

16

26 C.F.R. § 1.501(c)(3)-1(c)(1)-(2) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

17

FRCP 12(b)(6) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1, 3

18

FRCP 8(a)(2) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

19

20

OTHER AUTHORITY

21

1 Witkin, SUMMARY OF CALIFORNIA LAW (10th ed. 2005) "Contracts," § 244 . . . . . . . . . 4

22

2 Schwarzer, et al., CAL. PRACTICE GUIDE: FEDERAL CIVIL PROCEDURE BEFORE TRIAL
(rev. ed. 2007) § 9:187 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

23

5 Witkin, CALIFORNIA PROCEDURE (4th ed. 1997) "Pleading," § 660 . . . . . . . . . . . . . . . 9

24

5 Witkin, SUMMARY OF CALIFORNIA LAW (10th ed. 2005) "Torts," § 781 . . . . . . . . . . . 10

25

5 Witkin, SUMMARY OF CALIFORNIA LAW (10th ed. 2005) "Torts," § 772 . . . . . . . . . . . 10

26

27

28

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT GREENSPRINGS'
MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED

1    Plaintiffs Barbara Miller, as guardian ad litem for her adopted daughter Molly

2    Miller, and Anne Miller, the natural daughter of Barbara and Robert Miller, have sued to

3    recover, or obtain a declaration that they are entitled to, the sum of $500,000.  The

4    complaint alleges causes of action for "breach of contract - promissory estoppel,

5    conversion, fraud, declaratory relief, and a constructive trust."  Yet, as demonstrated

6    below, the facts alleged in the complaint affirmatively show that plaintiffs do not now and

7    never have owned or had any right to possess the $500,000, and they have suffered no

8    damage as a result of defendants' purportedly wrongful conduct.  Because these defects

9    appear on the face of the complaint, the Court may properly dismiss under FRCP 12(b)(6)

10   for failure to state a claim upon which relief can be granted.

11

12   **THE COMPLAINT'S ALLEGATIONS**

13   Before her death, Elsie Turchen, Molly Miller's natural great grandmother,

14   expressed in writing her intent to give a substantial gift to Anne and Molly.   In a letter to

15   Barbara and Robert Miller dated November 23, 2000, she asked the Millers if they would

16   "consider" a gift to Anne and Molly of a house located at 325 Malcolm Avenue, Belmont,

17   California.  The complaint alleges that it was Elsie's clear intent to give the Malcolm

18   Avenue house to Anne and Molly, but Elsie died 17 days later, on December 10, 2000.

19   There is no allegation that the gift was completed.  Complaint, ¶ 11.

20   After Elsie's death, defendant Christine Dillon, who told Barbara Miller that she

21   was the personal representative of Elsie's estate, said that Grace Parish Christian Church

22   would pay $500,000 to a charity or charities of Barbara and Robert Miller's choice on

23   behalf of Anne and Molly.  The complaint alleges that defendant Dillon knew of Elsie's

24   intended gift to Anne and Molly, and proposed the charitable payment so that Anne and

25   Molly would not make a claim against Elsie's estate.  Complaint, ¶ 12.

26   //

27

28

1   On August 11, 2002, two checks totaling $500,000 were issued to First Hawaiian
2   Title Company.  The checks were issued to a title company because the Millers' chosen
3   charity, Maui Preparatory Academy, was in the process of buying real property for use as
4   a school and the $500,000 was to be used for that purchase.  The two checks were drawn
5   on an account owned by Real Estate Trust, which plaintiffs are informed and believe is a
6   "dba" for defendant Greensprings.  The checks were signed by defendant Bohn, and
7   "were intended to be performance on the agreement by defendant Dillon to fulfill Elsie
8   Turchin's [sic] promise to make a gift to Anne and Molly as indicated in Elsie's
9   November 23, 2000 letter."  Complaint, ¶ 13.

10   Barbara and Robert Miller later learned that there was no entity named First
11   Hawaiian Title Company, and in an October 9, 2002 letter to defendants Bohn and Dillon,
12   they asked that the checks be reissued in the name of First Hawaii Title Corporation.
13   After not hearing from Bohn and Dillon for some time, the Millers demanded, in January
14   2005, that they reissue a check to Maui Preparatory Academy.  On January 10, 2005,
15   defendant Bohn delivered to the Millers a cashier's check for $500,000 made out to Maui
16   Preparatory Academy.  The complaint alleges that the purpose of making the check
17   payable to Maui Preparatory Academy "was to make a gift to the Academy on behalf of
18   Anne and Molly."  Complaint, ¶ ¶ 13-14.

19   Many months after receiving the cashier's check payable to Maui Preparatory
20   Academy, the Millers again asked defendants Bohn and Dillon to reissue the check, this
21   time as three checks totaling $500,000 payable to Stanford University, Seabury Hall, and
22   West Maui Carden Academy.  In a telephone conversation on August 10, 2005, defendant
23   Bohn told Barbara Miller that it would be done the next day.  Complaint, ¶ 15.

24   At the same time, Barbara Miller wrote a letter to Carleton L. Briggs, who
25   plaintiffs are informed and believe to be a member of defendant Greensprings' board of
26   directors, to explain why the three checks were needed instead of one.  The next day,

27

28

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT GREENSPRINGS'
MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED

1    Briggs wrote back to Barbara Miller asking that the $500,000 cashier's check payable to

2    Maui Preparatory Academy be returned because of litigation against Greensprings, Bohn,

3    and Dillon by Penny Anderson, who is Elsie Turchen's granddaughter and Molly Miller's

4    birth mother.  Briggs' letter said that a motion would have to be made in the "Anderson v.

5    Greensprings" litigation to have the checks reissued; that such a motion would be made

6    with all possible haste; and that the $500,000 would be maintained in a separate, interest-

7    bearing account earmarked for the three charities named by the Millers.  Barbara Miller

8    returned the cashier's check on August 16, 2005, but no motion was made to reissue the

9    three checks and it is alleged the $500,000 was never put in a separate, interest-bearing

10   account earmarked for the charities.  Complaint, ¶ 16.

11

12   **ARGUMENT**

13   **1.    Dismissal is proper where the plaintiffs cannot prove any set of facts**

14   **that would entitle them to relief.**

15        A complaint must contain "a short and plain statement of the claim showing that

16   the pleader is entitled to relief."  FRCP 8(a)(2).  A court may dismiss a complaint for

17   "failure to state a claim upon which relief can be granted."  FRCP 12(b)(6).  In ruling on

18   a Rule 12(b)(6) motion to dismiss, the court must construe the complaint in the light most

19   favorable to the plaintiff, accept all well-pleaded factual allegations as true, and determine

20   whether the plaintiff can prove facts to support a claim that would merit relief.  2

21   Schwarzer, et al., CAL. PRACTICE GUIDE: FEDERAL CIVIL PROCEDURE BEFORE TRIAL (rev.

22   ed. 2007) § 9:187, at 9-53.  "A complaint should not be dismissed for failure to state a

23   claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support

24   of his claim which would entitle him to relief."  *Conley v. Gibson,* 355 U.S. 41, 45-46

25   (1957).

26   //

27

28

1    Even under these liberal rules, plaintiffs' complaint against defendant

2    Greensprings must be dismissed because the facts alleged affirmatively show that

3    plaintiffs are not entitled to relief.

4

5    **2.    Plaintiffs cannot recover damages for breach of contract.**

6    The complaint's first claim is for "breach of contract - promissory estoppel."

7    Under the doctrine of promissory estoppel, a promisor is bound by the promise if he or

8    she should reasonably expect a substantial change of position in reliance on the promise,

9    and injustice can be avoided only by its enforcement. *Smith v. City and County of San*

10   *Francisco*, 225 Cal.App.3d 38, 48 (1990).  The promisor may be bound to perform the

11   promise despite lack of consideration because "the estoppel is a substitute for

12   consideration."  1 Witkin, SUMMARY OF CALIFORNIA LAW (10th ed. 2005) "Contracts,"

13   § 244, at 275.

14   In *US Ecology, Inc. v. State of California*, 129 Cal.App.4th 887 (2005) the court

15   noted that promissory estoppel claims are essentially contract actions without the

16   consideration element, and that therefore any damages recoverable, as in contract cases,

17   are limited to those the breaching party caused.

18   [W]hile conceptually, promissory estoppel is distinct from contract in that the

19   promisee's justifiable and detrimental reliance on the promise is regarded as

20   a substitute for consideration required as an element of an enforceable

21   contract, there appears to be no rational basis for distinguishing the two

22   situations in terms of the damages that may be recovered.

23   *Id.* at 903 (internal quotation marks, brackets and ellipses omitted).

24   In the present case, plaintiffs cannot prove that they have been damaged.  First, the

25   facts alleged show that Elsie Turchen never made a gift to plaintiffs.  The elements of a

26   gift are: (1) a donor competent to contract; (2) a voluntary intent on the donor's part to

27

28

4

1    make a gift; (3) delivery of the gift, either actual or symbolic; (4) the donee's acceptance,

2    either actual or imputed; (5) complete divestment of all control by the donor; and (6) lack

3    of consideration. *Burkle v. Burkle,* 141 Cal.App.4th 1029, 1036 fn. 5 (2006).  The

4    complaint alleges that Elsie Turchen intended to give the Belmont house to plaintiffs, or

5    that she promised to make such a gift, but it is apparent that the gift was not completed.

6    Indeed, plaintiffs acknowledge that the gift from Elsie was not completed: they allege that

7    the $500,000 check payable to Maui Preparatory Academy was "intended to be

8    performance on the agreement by defendant Dillon *to fulfill Elsie Turchin's* [sic] *promise*

9    *to make a gift* to Anne and Molly as indicated in Elsie's November 23, 2000 letter."

10   Complaint, ¶ 13 (emphasis added).  The allegation that defendant Dillon agreed "to fulfill

11   [Elsie's] promise to make a gift" effectively alleges that Elsie *did not* fulfill the promise.[1]

12       Thus, the promise that plaintiffs seek to enforce is not Elsie Turchen's alleged

13   promise to make a gift of the Belmont house to plaintiffs, but *defendants'* alleged promise

14   to make a $500,000 payment to the charity or charities of Barbara and Robert Miller's

15   choice on behalf of Anne and Molly.  Complaint, ¶ 12.  If that promise is enforceable as a

16   contract, whether based on consideration or promissory estoppel, it would be a third-

17   party-beneficiary contract, *i.e.*, one made expressly for the benefit of a third person (the

18   _____

19       [1]Plaintiffs repeatedly allege that Elsie Turchen "promised" to make a gift, but in
     the November 23, 2000 letter (quoted in ¶ 11 of the complaint), which purportedly
20   contains the promise, Elsie posed a *question* to the Millers, *i.e.*, would they consider the
     gift of a house for the plaintiffs?  This question has somehow been transformed into a
21   promise.
         Moreover, even if Elsie had "promised" to make such a gift it would not have been
22   enforceable.  A prospective donee has no right to compel a gift not yet made.  And while
23   a contract to make a will or devise is enforceable, it must be just that, *i.e.*, a contract
     supported by consideration.  Cal. Probate Code § 21700.  Plaintiffs' complaint repeatedly
24   alleges that they were induced not to make a claim against Elsie Turchen's estate, but the
     complaint's other allegations demonstrate that plaintiffs *had no claim* against Elsie's
25   estate.  At most, Elsie promised to make a gift to plaintiffs (*i.e.*, there was no enforceable
26   agreement supported by consideration), and then failed to complete the gift before her
     death.
27

28

1  charity or charities). The third-party beneficiary can enforce such a contract (Cal. Civil

2  Code § 1559), but the extent of the promisee's enforcement rights depends on whether the

3  third party is a creditor beneficiary or a donee beneficiary.

4      A third party is a "donee beneficiary" if the promisee's contractual intent is to

5  make a gift to the third party. *Dateline Builders, Inc. v. City of Santa Rosa,* 146

6  Cal.App.3d 520, 526 (1983). A third party is a "creditor beneficiary" if "no intention to

7  make a gift appears from the terms of the promise, and performance of the promise will

8  satisfy a duty of the promisee to the beneficiary." *Hartman Ranch Co. v. Associated Oil*

9  *Co.,* 10 Cal.2d 232, 244 (1937). Here, the complaint expressly alleges that the purpose of

10 making the $500,000 check payable to Maui Preparatory Academy "was to make a gift to

11 the Academy on behalf of Anne and Molly." Complaint, ¶ 14. Thus, if the charities in

12 question are third-party beneficiaries, they are donee beneficiaries.

13     If a promisor does not pay the promisee's debt to a creditor beneficiary, the

14 promisee remains liable to the creditor beneficiary and may recover damages from the

15 promisor for breach of contract. But if a promisor does not perform its obligation to a

16 donee beneficiary, the promisee is not liable to the beneficiary for such performance and

17 suffers no actual damage. *In re Marriage of Smith & Maescher*, 21 Cal.App.4th 100,

18 106-107 (1993). Accordingly, if a promisor does not perform its obligation to a donee

19 beneficiary, the promisee "has no cause of action for breach of contract damages." *Id.*, at

20 107. Thus, even if plaintiffs can prove the facts alleged in their complaint, those facts

21 would establish that plaintiffs have not been damaged. In short, plaintiffs cannot prove

22 any set of facts that would entitle them to recover damages for breach of contract.

23

24

25

26

27

28

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT GREENSPRINGS'
MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED

1    **3.    Greensprings' payment of $500,000 to plaintiffs would disqualify**
2    **Greensprings as a tax exempt organization, would be an act beyond the**
3    **powers of Greensprings' trustee, and would constitute an illegal**
4    **contract.**

5    The promise the complaint alleges is a promise to pay $500,000 to a charity or
6    charities, not a promise to pay that sum (or any other) to plaintiffs.  Greensprings would
7    not and could not promise to pay the money to plaintiffs because doing so would
8    disqualify it as a tax exempt organization, would be an act beyond the powers of its
9    trustee, and it would constitute an illegal contract.

10

11   **A.    Tax exempt status**

12   To qualify as a tax exempt organization described in 26 U.S.C. § 501(c)(3), the
13   organization must be organized and operated for one or more exempt purposes.  26 C.F.R.
14   § 1.501(c)(3)-1(a)(1).  The organizational test is met if the organization's articles limit its
15   purposes to one or more exempt purposes and do not expressly empower the organization
16   to engage, other than as an insubstantial part of its activities, in activities that do not
17   further exempt purposes.  *Id.*, § 1.501(c)(3)-1(b)(1).  The operational test is met if the
18   organization operates exclusively for exempt purposes, has no substantial nonexempt
19   purpose, and if no benefits inure from it to private individuals.  *Id.*, § 1.501(c)(3)-1(c)(1)-
20   (2); *Church of Spiritual Technology v. United States,* 26 Cl.Ct. 713, 730 (1992).

21   In *Wendy L. Parker Rehabilitation Foundation, Inc. v. Commissioner,* 52 TCM 51
22   (1986), a foundation created to aid coma victims sought a declaratory judgment that it
23   was an exempt organization under § 501(c)(3).  Approximately 30% of its income was
24   expected to be expended for the benefit of Wendy L. Parker, a recovering coma patient
25   whose father, mother, and brother were the foundation's officers (president, secretary-
26   treasurer, and vice president respectively).  The Tax Court held that the foundation was

27

28

1  not an exempt organization:

> 2  The Parker family's control over petitioner is not in itself fatal to petitioner's
>
> 3  cause.  However, petitioner's selection of Wendy Parker as a substantial
>
> 4  beneficiary of its disbursements is the determining factor in this case.
>
> 5  Inurement of benefit to "private individuals," whether monetary or not, as a
>
> 6  result of contributions made to a purportedly exempt organization is
>
> 7  proscribed.
>
> 8  *Id.*, at 54.

9  In the same way, Greensprings' payment of $500,000 to plaintiffs would be fatal

10  to its status as an exempt organization.  Greensprings could not and did not engage in any

11  such transaction.

12

**B.    Act in excess of trustee's power**

14  Trustees have a duty to administer the trust "according to the trust instrument."

15  Cal. Probate Code § 16000; Oregon[2] Rev. Stats. § 130.650 ("the trustee shall administer

16  the trust in good faith, in accordance with its terms and purposes . . . .").  They have the

17  powers conferred by the trust instrument, the powers conferred by statute except as

18  limited by the trust instrument, and the power to perform "any act that a trustee would

19  perform *for the purposes of the trust* under the standard of care provided in Section 16040

20  or 16047."  Cal. Prob. Code § 16200 (emphasis added); Oregon Rev. Stats. § 130.665 ("A

21  trustee shall administer the trust as a prudent person would, by *considering the purposes*,

22  terms, distributional requirements and other circumstances . . . ." (emphasis added)).

23  Paying plaintiffs $500,000 would be an act contrary to Greensprings' exempt purpose and

24  in excess of its trustee's powers.  It would be analogous to an *ultra vires* act by a

25  corporation.  *McDermott v. Bear Film Co.,* 219 Cal.App.2d 607, 610 (1963) (an *ultra*

26  _____

27  [2]Greensprings is an Oregon trust.  See Notice of Removal, page 2, lines 12-14.

28

1  *vires* act is one "beyond the purpose or power of the corporation").

2

3  **C.    Illegal contract**

4  An illegal contract is void. *Kashani v. Tsann Kuen China Enterprise Co.*, 118

5  Cal.App.4th 531, 541 (2004); *Uhlmann v. Kin Daw*, 97 Or. 681 (1920) ("an agreement

6  may not be enforced if it is illegal."). A contract is illegal if it is: (1) contrary to an

7  express provision of law; (2) contrary to the policy of express law, though not expressly

8  prohibited; or (3) otherwise contrary to good morals. Cal. Civil Code § 1667. A

9  violation of federal law constitutes a violation of law for purposes of determining whether

10  a contract is unenforceable as contrary to California's public policy. *Kashani*, *supra*, at

11  543.

12  Here, any contract to pay plaintiffs $500,000 would violate both state and federal

13  law. It would violate state law because it would be an act contrary to Greensprings'

14  purpose and in excess of its trustee's powers. And it would violate federal law

15  prohibiting the transfer of an exempt organization's assets for the benefit of private

16  individuals, which would cause Greensprings to lose its exempt status.

17

18  **4.    Plaintiffs cannot recover damages for conversion.**

19  The elements of a claim for conversion are: (1) plaintiff's ownership or right to

20  possession of tangible property at the time of the conversion; (2) defendant's conversion

21  (wrongful taking or disposition); and (3) damages. 5 Witkin, CALIFORNIA PROCEDURE

22  (4th ed. 1997) "Pleading," § 660, at 116. Money can be the subject of conversion only if a

23  specific, identifiable sum is involved. *Haigler v. Donnelly*, 18 Cal.2d 674, 681 (1941);

24  *Vu v. California Commerce Club, Inc.,* 58 Cal.App.4th 229, 235 (1997).

25  Whether or not the $500,000 here in question is a sufficiently specific, identifiable

26  sum so as to be subject to conversion, plaintiffs can prove no set of facts that would

27

28

1    establish their claim for conversion because they never owned or had any right to possess

2    that sum.  Elsie Turchen made no gift to them, in that amount or any other, and

3    defendants' alleged promise was to pay that sum to third parties.  The complaint alleges

4    that the funds were in an account owned by defendant Greensprings (Complaint, ¶ 13),

5    and absent the alleged conversion the funds would have been delivered to a charity or

6    charities, not to plaintiffs.  The latter fact also establishes that plaintiffs have not been

7    damaged.  If the alleged "conversion" had not occurred, plaintiffs would be in exactly the

8    same position they are now.  As with their claim for breach of contract, plaintiffs simply

9    cannot prove any set of facts that would establish a claim for conversion.

10

11    **5.    Plaintiffs cannot recover damages for fraud.**

12          The elements of fraud are: "(a) misrepresentation (false representation,

13    concealment, or nondisclosure); (b) knowledge of falsity (or 'scienter'); (c) intent to

14    defraud, i.e., to induce reliance; (d) justifiable reliance; and (e) resulting damage."  5

15    Witkin, SUMMARY OF CALIFORNIA LAW (10th ed. 2005) "Torts," § 772, at 1121.

16    Plaintiffs' fraud claim alleges false promise fraud, *i.e.*, a promise made without any intent

17    of performing it, which is deemed a factual misrepresentation of the promisor's state of

18    mind.  *Id.*, § 781, at 1131.  Each of the above elements must be proved in order to recover

19    for fraud, including damages.  *Gonsalves v. Hodgson,* 38 Cal.2d 91, 101 (1951) ("The

20    absence of any one of these elements will preclude recovery.").  As one court succinctly

21    put it: "Deception without resulting loss is not actionable fraud."  *Service by Medallion,*

22    *Inc. v. Clorox Co.,* 44 Cal.App.4th 1807, 1818 (1996).

23          Plaintiffs' fraud claim includes a conclusory allegation that they have been

24    damaged in the sum of $500,000 (Complaint, ¶ 41), but that simply cannot be true in light

25    of the complaint's other allegations.  The essence of plaintiffs' claims is that defendants

26    promised to pay $500,000 to a charity or charities and failed to do so.  Plaintiffs would

27

28

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT GREENSPRINGS'
MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED

1    not have received the $500,000 under the alleged circumstances, and they are not liable to

2    the charities for that sum.  Thus, plaintiffs' position is exactly the same as it would be

3    absent the alleged fraud.  Since damage is a necessary element of a fraud claim, plaintiffs

4    can prove no set of facts that will establish their claim because the facts alleged in the

5    complaint show that they were not damaged.

6

7    **6.      Plaintiffs cannot establish their right to the requested declaratory relief.**

8              Plaintiffs initially brought their declaratory relief claim in a California court under

9    California Code of Civil Procedure § 1060, which provides that any interested person

10   may sue for a declaration of his or her rights and duties with respect to another, or in

11   respect to property, "in cases of actual controversy relating to the legal rights and duties

12   of the respective parties."

13              Where facts appear from the face of the complaint which would justify a trial

14              court in concluding that its determination is not necessary or proper . . . the

15              court may sustain a general demurrer to the complaint for declaratory relief.

16              *Hagan v. Fairfield*, 238 Cal.App.2d 197, 202 (1965) (internal quotation

17              marks omitted).

18   Federal law is similar.  The Federal Declaratory Judgments Act, 28 U.S.C. § 2201,

19   provides that any court of the United States "may declare the rights and other legal

20   relations of any interested party seeking such a declaration" in a case of "actual

21   controversy within its jurisdiction."  Whether to entertain the action for declaratory relief

22   or grant a motion to dismiss is a matter within the court's discretion.  *Brillhart v. Excess

23   Ins. Co.,* 316 U.S. 491, 494 (1942); *State of California v. Oroville-Wyandotte Irrigation

24   Dist.,* 409 F.2d 532, 535 (9th Cir. 1969).

25              [T]he question in each case is whether the facts alleged, under all the

26              circumstances, show that there is a substantial controversy, between parties

27

28

1    having adverse legal interests, of sufficient immediacy and reality to warrant

2    the issuance of a declaratory judgment.

3        *Id.*, 409 F.2d at 535.

4        The complaint alleges a dispute as to whom the $500,000 "belongs to," and seeks a

5    declaration that it belongs to plaintiffs.  Complaint, ¶¶ 44-45.  But the specific facts

6    alleged in the complaint show that there is no "actual controversy" of any substance, and

7    that the $500,000 does not "belong to" plaintiffs.  The complaint alleges that Elsie

8    Turchen "intended" or "promised" to give the Belmont house to plaintiffs as a gift, but it

9    also alleges facts showing that Elsie never completed that gift, much less a monetary gift

10    in the sum of $500,000.  It then alleges defendants' subsequent promise to pay $500,000

11    to a charity or charities of Barbara and Robert Miller's choice, not to plaintiffs.  These

12    allegations, if proved, would establish that the $500,000 does not, and never did, "belong

13    to" plaintiffs.  Under these circumstances, dismissal of plaintiffs' claim for declaratory

14    relief is mandated.

15

16    **7.    Imposition of a constructive trust is a remedy, not a substantive claim.**

17        The complaint includes what purports to be a separate claim for imposition of a

18    constructive trust (Complaint, ¶ ¶ 47-48), but imposition of a constructive trust is not a

19    substantive claim.  A constructive trust "is not a substantive device but merely a remedy."

20    *Davies v. Krasna*, 14 Cal.3d 502, 515 (1975).  It "is not an independent cause of action

21    but merely a type of remedy for some categories of underlying wrong."  *Glue-Fold, Inc.*

22    *v. Slautterback Corp.,* 82 Cal.App.4th 1018, 1023 fn. 3 (2000).  Here, as discussed above,

23    there is no "underlying wrong."  The complaint does not state any claim upon which

24    relief can be granted, including imposition of a constructive trust.

25

26

27

28

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT GREENSPRINGS'
MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED

# CONCLUSION

Plaintiffs' complaint alleges a variety of claims, all attempting to establish their entitlement to the sum of $500,000.  But the facts alleged show that plaintiffs are *not* entitled to the claimed $500,000.  They never received it as a gift, and if the promises alleged in the complaint had been performed, the $500,000 would belong to a charity or charities, not to plaintiffs.  Because plaintiffs cannot prove any set of facts that would entitle them to relief, defendant Greensprings' motion to dismiss should be granted.

Dated: October 31, 2007                    Respectfully submitted,

                                           LAW OFFICES OF
                                           CARLETON L. BRIGGS


                                           /s/ Carleton L. Briggs
                                           CARLETON L. BRIGGS
                                           Attorneys for Defendant
                                           GREENSPRINGS BAPTIST
                                           CHRISTIAN FELLOWSHIP TRUST