CARLETON L. BRIGGS, SBN 117361
Law Offices of Carleton L. Briggs
3510 Unocal Place, Suite 209
Santa Rosa, CA 95403-0918
Telephone: (707) 523-2251
Facsimile: (707) 523-2253
E-mail: clbriggs@sonic.net

Attorneys for Defendant
GREENSPRINGS BAPTIST
CHRISTIAN FELLOWSHIP TRUST

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BARBARA MILLER, as guardian of Molly Miller, an individual; and ANNE MILLER, an individual,<br><br>                    Plaintiffs,<br><br>          vs.<br><br>GREENSPRINGS BAPTIST CHRISTIAN FELLOWSHIP TRUST, et al.,<br>                    Defendants.<br>_____/ | Case No. C 07-04776 JL<br><br>NOTICE OF MOTION AND MOTION TO DISMISS FOR FAILURE TO JOIN AN INDISPENSABLE PARTY; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF CARLETON L. BRIGGS<br>[FRCP 12(b)(7)]<br><br>Date:  December 5, 2007<br>Time: 9:30 a.m.<br>Courtroom: F, 15th Floor<br>Magistrate Judge:  Hon. James Larson<br>Complaint filed: August 17, 2007<br>Trial date: None |

To all parties and their attorneys of record:

PLEASE TAKE NOTICE that on December 5, 2007, at 9:30 a.m., or as soon thereafter as the matter may be heard, in the above-entitled court, located at 450 Golden Gate Avenue, San Francisco, California, defendant Greensprings Baptist Christian Fellowship Trust will move the court to dismiss the above-entitled action on the ground that the Estate of Elsie Turchen is a party the joinder of which is indispensable to the just adjudication of this action, and that the Estate has not been made a party to this action.

//

1      The motion will be based on this notice of motion and motion, the declaration of

2  Carleton L. Briggs, the memorandum of points and authorities filed herewith, and the

3  pleadings and papers filed herein.

4

5  Dated: October 31, 2007              LAW OFFICES OF
                                                   CARLETON L. BRIGGS

6

7                                                     /s/ Carleton L. Briggs

8                                                     CARLETON L. BRIGGS
                                                   Attorneys for Defendant

9                                                     GREENSPRINGS BAPTIST
                                                   CHRISTIAN FELLOWSHIP TRUST

10

11

12                 **MEMORANDUM OF POINTS AND AUTHORITIES**

13      Plaintiffs Barbara Miller, as guardian ad litem for her adopted daughter Molly

14  Miller, and Anne Miller, the natural daughter of Barbara and Robert Miller, have sued to

15  recover, or obtain a declaration that they are entitled to, the sum of $500,000.  The

16  complaint alleges causes of action for breach of contract-promissory estoppel, conversion,

17  fraud, declaratory relief, and a constructive trust.  Plaintiffs' purported right to the

18  $500,000 in question initially arose from an alleged promise by the late Elsie Turchen

19  (Molly Miller's natural great grandmother) to make a gift to plaintiffs, and the $500,000

20  has been returned to the Estate of Elsie Turchen.  Accordingly, the Estate is an

21  indispensable party.

22

23  **THE COMPLAINT'S ALLEGATIONS**

24      Before her death, Elsie Turchen, Molly Miller's natural great grandmother,

25  expressed in writing her intent to give a substantial gift to Anne and Molly.  In a letter to

26  Barbara and Robert Miller dated November 23, 2000, she asked the Millers if they would

27

28

NOTICE OF MOTION AND MOTION TO DISMISS FOR FAILURE TO JOIN AN INDISPENSABLE
PARTY; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF CARLETON L. BRIGGS

1    "consider" a gift to Anne and Molly of a house located at 325 Malcolm Avenue, Belmont,

2    California. The complaint alleges that it was Elsie's clear intent to give the Malcolm

3    Avenue house to Anne and Molly, but Elsie died 17 days later, on December 10, 2000.

4    There is no allegation that the gift was completed. Complaint, ¶ 11.

5         After Elsie's death, defendant Christine Dillon, who told Barbara Miller that she

6    was the personal representative of Elsie's estate, said that Grace Parish Christian Church

7    would pay $500,000 to a charity or charities of Barbara and Robert Miller's choice, on

8    behalf of Anne and Molly. The complaint alleges that defendant Dillon knew of Elsie's

9    intended gift to Anne and Molly and proposed the charitable payment so that Anne and

10   Molly would not make a claim against Elsie's estate. Complaint, ¶ 12.

11        On August 11, 2002, two checks totaling $500,000 were issued to First Hawaiian

12   Title Company. The checks were issued to a title company because the Millers' chosen

13   charity, Maui Preparatory Academy, was in the process of buying real property for use as

14   a school and the $500,000 was to be used for that purchase. The two checks were drawn

15   on an account owned by Real Estate Trust, which plaintiffs are informed and believe is a

16   "dba" for defendant Greensprings. The checks were signed by defendant Bohn, and

17   "were intended to be performance on the agreement by defendant Dillon to fulfill Elsie

18   Turchin's [sic] promise to make a gift to Anne and Molly as indicated in Elsie's

19   November 23, 2000 letter." Complaint, ¶ 13.

20        Barbara and Robert Miller later learned that there was no entity named First

21   Hawaiian Title Company, and in an October 9, 2002 letter to defendants Bohn and Dillon,

22   they asked that the checks be reissued in the name of First Hawaii Title Corporation.

23   After not hearing from Bohn and Dillon for some time, the Millers demanded, in January

24   2005, that they reissue a check to Maui Preparatory Academy. On January 10, 2005,

25   defendant Bohn delivered to the Millers a cashier's check for $500,000 made out to Maui

26   Preparatory Academy. The complaint alleges that the purpose of making the check

27

28

1   payable to Maui Preparatory Academy "was to make a gift to the Academy on behalf of

2   Anne and Molly."  Complaint, ¶ ¶ 13-14.

3         Many months after receiving the cashier's check payable to Maui Preparatory

4   Academy, the Millers again asked defendants Bohn and Dillon to reissue the check, this

5   time as three checks totaling $500,000 payable to Stanford University, Seabury Hall, and

6   West Maui Carden Academy.  In a telephone conversation on August 10, 2005, defendant

7   Bohn told Barbara Miller that it would be done the next day.  Complaint, ¶ 15.

8         At the same time, Barbara Miller wrote a letter to Carleton L. Briggs, who

9   plaintiffs are informed and believe to be a member of defendant Greensprings' board of

10  directors, to explain why the three checks were needed instead of one.  The next day,

11  Briggs wrote back to Barbara Miller asking that the $500,000 cashier's check payable to

12  Maui Preparatory Academy be returned because of litigation against Greensprings, Bohn,

13  and Dillon by Penny Anderson, who is Elsie Turchen's granddaughter and Molly Miller's

14  birth mother.  Briggs' letter said that a motion would have to be made in the "Anderson v.

15  Greensprings" litigation to have the checks reissued; that such a motion would be made

16  with all possible haste; and that the $500,000 would be maintained in a separate, interest-

17  bearing account earmarked for the three charities named by the Millers.  Barbara Miller

18  returned the cashier's check on August 16, 2005, but no motion was made to reissue the

19  three checks and it is alleged the $500,000 was never put in a separate, interest-bearing

20  account earmarked for the charities.  Complaint, ¶ 16.

21

22  **DISPOSITION OF THE $500,000**

23        In August 2005, when Barbara Miller returned the $500,000 cashier's check

24  payable to Maui Preparatory Academy to defendant Greensprings' attorney, Carleton L.

25  Briggs, he placed the funds in a separate, interest-bearing account.  Declaration of

26  Carleton L. Briggs, ¶ 2.  Attorney Briggs subsequently determined that the $500,000

27

28

1    rightfully belonged to the Estate of Elsie Turchen, and the funds were paid to the Estate.

2    Briggs Decl., ¶ 3.

3

4    **ARGUMENT**

5    **1.    If the Estate of Elsie Turchen cannot be made a party to this action, the**

6    **action should be dismissed.**

7    FRCP 12(b)(7) permits a defendant to challenge by preanswer motion the

8    complaint's failure to join persons whose presence is needed for a just adjudication of the

9    action.  See *HS Resources, Inc. v. Wingate* (5th Cir. 2003) 327 F.3d 432, 438.

10    Specifically, Rule 12(b)(7) states that a defendant may move to dismiss for "failure to join

11    a party under Rule 19."

12    Rule 19(a) provides that a person who is subject to service of process and whose

13    joinder will not deprive the court of subject matter jurisdiction

14        shall be joined as a party in the action if (1) in the person's absence complete

15        relief cannot be accorded among those already parties, or (2) the person

16        claims an interest relating to the subject of the action and is so situated that

17        the disposition of the action in the person's absence may (i) as a practical

18        matter impair or impede the person's ability to protect that interest or (ii)

19        leave any of the persons already parties subject to a substantial risk of

20        incurring double, multiple, or otherwise inconsistent obligations by reason of

21        the claimed interest.

22    If such a person has not been joined, the court must order that the person be made a party.

23    *Ibid.*

24    Rule 19(b) provides that, if a person described in subdivision (a)(1)-(2) cannot be

25    made a party (*e.g.*, because not subject to service or because joinder would destroy the

26    court's jurisdiction), the court must "determine whether in equity and good conscience

27

28

NOTICE OF MOTION AND MOTION TO DISMISS FOR FAILURE TO JOIN AN INDISPENSABLE
PARTY; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF CARLETON L. BRIGGS

1   the action should proceed among the parties before it, or should be dismissed, the absent

2   person being thus regarded as indispensable."  It goes on to set forth a nonexclusive list of

3   four factors for the court to consider: (1) to what extent a judgment rendered in the

4   person's absence might be prejudicial to those already parties; (2) the extent to which the

5   prejudice can be lessened or avoided by shaping relief, protective provisions in the

6   judgment, or other measures; (3) whether a judgment rendered in the person's absence

7   will be adequate; and (4) whether the plaintiff will have an adequate remedy if the action

8   is dismissed.

9       Here, the Estate of Elsie Turchen is certainly a person described in Rule 19(a)(1)-

10  (2) that should be joined, if possible.  Plaintiffs are seeking to recover a specific,

11  identifiable fund capable of being converted,[1] and they claim that defendant Greensprings

12  holds that fund for their benefit as a constructive trustee.  But the fund has in fact been

13  returned to the Estate of Elsie Turchen.  Briggs Decl., ¶ 3.  Complete relief among the

14  parties cannot be accorded in the Estate's absence, and Greensprings would be subject to

15  a substantial risk of double, inconsistent obligations, *i.e.*, paying $500,000 both to the

16  Estate and to plaintiffs.

17      Greensprings does not know if there are reasons why the Estate of Elsie Turchen

18  cannot be made a party, but if that is the case this action should in equity and good

19  conscience be dismissed rather than proceed in the Estate's absence.

20

21

22

23

24

25

26      [1]Money generally is not subject to conversion except in cases of a specific, identifiable sum.  *Haigler v. Donnelly*, 18 Cal.2d 674, 681 (1941); *Vu v. California Commerce Club, Inc.,* 58 Cal.App.4th 229, 235 (1997).

27

28

1 **CONCLUSION**

2       For all the reasons stated above, defendant Greensprings requests that the Court

3 grant its motion to dismiss this action for failure to join an indispensable party.

4

5 Dated: October 31, 2007                    Respectfully submitted,

6                                            LAW OFFICES OF
                                             CARLETON L. BRIGGS
7

8
                                             /s/ Carleton L. Briggs
9                                            CARLETON L. BRIGGS
                                             Attorneys for Defendant
10                                           GREENSPRINGS BAPTIST
                                             CHRISTIAN FELLOWSHIP TRUST
11

12              **DECLARATION OF CARLETON L. BRIGGS**

13       I, Carleton L. Briggs, declare:

14       1.  I am an attorney at law licensed to practice in the State of California, and I am

15 the attorney of record for defendant Greensprings Baptist Christian Fellowship Trust in

16 this action.  The facts stated in this declaration are true of my own knowledge, and I could

17 and would competently testify to them if called as a witness.

18       2.  On or about August 11, 2005, I wrote a letter to Barbara Miller asking that a

19 $500,000 cashier's check payable to Maui Preparatory Academy, which had been issued

20 on January 10, 2005, but which had never been cashed, be returned because of litigation

21 against Greensprings, Donald Bohn, and Christine Dillon by Penny Anderson, who is the

22 late Elsie Turchen's granddaughter and plaintiff Molly Miller's birth mother (the

23 "Anderson v. Dillon, et al. litigation").  On or about August 16, 2005, Barbara Miller

24 returned the cashier's check, and I placed the funds in a separate, interest-bearing

25 account.

26 //

27

28
NOTICE OF MOTION AND MOTION TO DISMISS FOR FAILURE TO JOIN AN INDISPENSABLE
PARTY; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF CARLETON L. BRIGGS

1       3.  After Barbara Miller returned the cashier's check and the funds were placed in

2    a separate, interest-bearing account, it was determined in arbitration that the $500,000,

3    together with certain other properties, rightfully belonged to the Estate of Elsie Turchen.

4    I immediately informed the Millers of this and advised that they should seek legal counsel

5    and that they might want to intervene in the Anderson v. Dillon, et al. litigation and/or

6    make a claim in the Estate of Elsie Turchen.  Months later, pursuant to a court-ordered

7    settlement, on November 22, 2006, Greensprings paid the $500,000 to the Estate by

8    means of a check payable to "Ramona Martinez, as Administrator of Estate of Elsie

9    Turchen."  A true and correct copy of the check is attached hereto as Exhibit A.

10       I declare under penalty of perjury that the foregoing is true and correct.

11       Executed October 31, 2007, at Santa Rosa, California.

12

13           /s/ Carleton L. Briggs
            CARLETON L. BRIGGS

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

NOTICE OF MOTION AND MOTION TO DISMISS FOR FAILURE TO JOIN AN INDISPENSABLE
PARTY; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF CARLETON L. BRIGGS