James P. Cilley, Esq. (SB#168118)
Mark A. Schmuck, Esq. (SB#205164)
**TEMMERMAN & CILLEY, LLP**
2502 Stevens Creek Blvd.
San Jose, California 95128-1654
Tel: (408) 998-9500
Fax: (408) 998-9700

Attorney for Plaintiffs

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BARBARA MILLER, as guardian of Molly Miller, an individual; and ANNE MILLER, an individual,<br><br>　　　　Plaintiffs,<br><br>v.<br><br>GREENSPRINGS BAPTIST CHRISTIAN FELLOWSHIP TRUST, a business entity of unknown form; CARLETON L. BRIGGS, an individual; CHRISTINE DILLON, an individual; DONALD BOHN, an individual; GRACE PARISH CHRISTIAN CHURCH, a business entity of unknown form; and DOES 1 through 50, inclusive,<br><br>　　　　Defendants. | Case No.: C 07-04776 JL<br><br>**PLAINTIFFS' OPPOSITION TO MOTION TO DISMISS FOR FAILURE TO JOIN AN INDISPENSABLE PARTY**<br><br>Date:　　　　December 5, 2007<br>Time:　　　　9:30 a.m.<br>Courtroom:　F, 15th Floor<br>Magistrate:　Hon. James Larson<br><br>Complaint Filed:　August 17, 2007<br>Trial Date:　　　None |

**I.**

**INTRODUCTION**

　　Greensprings' instant Motion seeks an order dismissing this action on the ground that the Plaintiffs have failed to join the Personal Representative of the Estate of Elsie Turchen, who is alleged to be an indispensable party for purposes of Federal Rules 12(b)(7) and 19. In its motion, Greensprings attempts to shift the focus of this case to the validity of a gift from Elsie Turchen to the Plaintiffs instead of maintaining focus on its own unfulfilled promises and fraudulent acts.

Keeping that focus, Plaintiffs' allegations as stated in the Complaint do not require the Personal Representative of the Estate of Elsie Turchen to be a party in order to fully and fairly adjudicate this case. Therefore, for the foregoing reasons, the Court should deny Greensprings' motion in its entirety.

## II.
## STATEMENT OF FACTS

The facts at issue here are the same as those recited in Plaintiffs' "Opposition to Motion to Dismiss for Failure to State a Claim Upon Which Relief Can Be Granted," which is set for hearing concurrently with this Motion and filed herewith. So as to minimize the amount of paper that is presented to the Court, Plaintiffs incorporate the facts set forth in that Opposition as though fully set forth herein and respectfully refer the Court to that pleading for factual background.

## III.
## LEGAL DISCUSSION

Federal Rule of Civil Procedure 12(b)(7) authorizes a defendant to challenge the Plaintiffs' failure to join "persons whose presence is needed for a just adjudication" under Federal Rule of Civil Procedure 19.[1] A motion to dismiss for failure to join a party will only be granted if the Court determines that (1) joinder of the party is not possible, and (2) the party is, in fact, "indispensable."[2] Therefore, if the party is merely "necessary," a motion to dismiss will be denied except in the most exceptional cases even if the necessary party cannot be joined.[3] In addition, the motion will be denied where the absent party is subject to service of summons and his or her joinder will not

---

[1] See HS Resources, Inc. V. Wingate, 327 F.3d 432, 438 (5th Cir. 2003). See also Schwarzer, et al., California Practice Guide: Federal Civil Procedure Before Trial ¶¶ 9:158 et seq.

[2] Shermoen v. United States, 982 F.2d 1312, 1317 (9th Cir. 1992). See also California Practice Guide: Federal Civil Procedure Before Trial, id. at ¶ 9:159.

[3] Shelton v. Exxon Corp., 843 F.2d 212, 216 (5th Cir. 1988). See also California Practice Guide: Federal Civil Procedure Before Trial, id. at ¶ 9:160.

deprive the court of subject matter jurisdiction.[4]

A "necessary" party is one who should be joined if feasible. An "indispensable" party is one whose participation is so important to resolution of the case that, if not joined, the suit must be dismissed.[5] A "necessary" party is also one who, (1) if absent from the action, complete relief cannot be accorded among those already parties;[6] or (2) if that absent person claims an interest "relating to the subject of the action and is so situated that the disposition of the action in the person's absence" may impede protection of that person's interest or leave those who are already parties subject to the risk of incurring multiple or otherwise inconsistent obligations by reason of the claimed interest.[7]

In this case, Greensprings proposes that this matter be dismissed because Plaintiffs failed to join the Personal Representative of the Estate of Elsie Turchen as an "indispensable" party. The Court should deny the motion to dismiss because, first, the Personal Representative of Elsie Turchen was duly appointed by the San Mateo County Superior Court and, therefore, is subject to service of summons in the State of California. If the Personal Representative were to be served, her joinder would not destroy this Court's diversity jurisdiction by virtue of the Plaintiffs' Hawaii residence. Therefore, on that ground alone this Motion must be denied.

Furthermore, the Personal Representative of the Turchen Estate cannot even be categorized as a "necessary" party to this action. Greensprings has made every attempt to divert attention away from what this case is about by arguing that the underlying gift from Elsie Turchen to Anne and Molly Miller was not, in fact, a gift. This case is *not* about enforcement of a gift from the Turchen Estate to Plaintiffs. Rather, this case is about enforcing a promise made by Greensprings *that it actually performed three times*. The issue about whether the underlying gift is valid or not is irrelevant to the issues raised in the Plaintiffs' Complaint. The fact remains that, by making three

---

[4] Cunningham v. Municipality of Metropolitan Seattle, 751 F.Supp. 885, 896-897 (W.D. WA 1990). See also California Practice Guide: Federal Civil Procedure Before Trial, id. at ¶ 9:161.

[5] Disabled Rights Action Committee v. Las Vegas Events, Inc., 375 F.3d 861, 867, n.5 (9th Cir. 2004).

[6] F.R.C.P. 19(a)(1).

[7] F.R.C.P. 19(a)(2).

separate attempts to satisfy Elsie Turchin's intended gift to Anne and Molly Miller, and by demanding that Barbara Miller return the January 10, 2005 cashier's check to Greensprings, Greensprings acknowledged that it was acting on behalf of the Estate of Elsie Turchen, *without court authority and at its own risk*. Plaintiffs are entitled to rely upon the representations and actions of Greensprings.

There is no danger of double recovery or inconsistent judgments coming from this action because the requested relief, apart from the equitable remedy of a constructive trust, is damages attributable to Greensprings' (and the other defendants') failure to fulfill its promise. Assuming Plaintiffs are successful in this lawsuit, complete relief can be awarded by this Court by an award of damages or by the imposition of a constructive trust. The facts alleged in the Complaint do not require the Personal Representative to be a party in order to fully adjudicate the matter.

Finally, substantively, there is particularly no risk of there being double recovery in this case because any claims that the Plaintiffs had against the Estate of Elsie Turchen were barred by the applicable statutes of limitations long ago. Under California Code of Civil Procedure section 366.2, all claims against a decedent must be brought within one year of the Decedent's death. Under the California Creditor's Claim statutes (Probate Code sections 9100 *et seq.*), Plaintiffs had 4 months from the date of the issuance of Letters to the Personal Representative to file a claim. Therefore, as a result of the representations and actions of all of the Defendants to this lawsuit, Plaintiffs have forever lost their right to bring any claim against the Estate, thus making the Estate not only an unnecessary party, but also making its inclusion into this matter a waste of the Court's and the parties' time.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

## IV.

## **CONCLUSION**

For the foregoing reasons, Greensprings' Motion to Dismiss pursuant to Rule 12(b)(7) should be denied.

Date: November 14, 2007

TEMMERMAN & CILLEY, LLP

By: _____
JAMES P. CILLEY, ESQ.
MARK SCHMUCK, ESQ.
Attorneys for Plaintiffs

Plaintiffs' Opposition to Motion to Dismiss for Failure to Join and Indispensable Party