1  James P. Cilley, Esq. (SB#168118)
   Mark A. Schmuck, Esq. (SB#205164)
2  **TEMMERMAN & CILLEY, LLP**
   2502 Stevens Creek Blvd.
3  San Jose, California 95128-1654
   Tel: (408) 998-9500
4  Fax: (408) 998-9700

5  Attorney for Plaintiffs

6

7

8                    UNITED STATES DISTRICT COURT

9                    NORTHERN DISTRICT OF CALIFORNIA

10

11 BARBARA MILLER, as guardian of      )   Case No.: C 07-04776 JL
   Molly Miller, an individual; and ANNE )
12 MILLER, an individual,              )
                                       )
13              Plaintiffs,            )   APPLICATION FOR LEAVE TO FILE
                                       )   OPPOSITION PAPERS LATE;
14 v.                                  )   MEMORANDUM OF POINTS AND
                                       )   AUTHORITIES IN SUPPORT;
15 GREENSPRINGS BAPTIST               )   DECLARATION OF MARK SCHMUCK IN
   CHRISTIAN FELLOWSHIP TRUST, a      )   SUPPORT
16 business entity of unknown form;    )
   CARLETON L. BRIGGS, an             )   Date: December 5, 2007
17 individual; CHRISTINE DILLON, an   )   Time: 9:30 a.m.
   individual; DONALD BOHN, an        )   Dept.: F, 15th Floor
18 individual; GRACE PARISH           )   Judge: Hon. James Larson
   CHRISTIAN CHURCH, a business       )
19 entity of unknown form; and DOES 1 )   Complaint Filed:   August 17, 2007
   through 50, inclusive,             )   Trial Date:        None
20                                     )
                                       )
21              Defendants.            )

22              **NOTICE OF APPLICATION AND APPLICATION**

23       NOTICE IS HEREBY GIVEN that on December 5, 2007, at 9:00 a.m. in Courtroom F of

24 the above-captioned Court, located at 450 Golden Gate Avenue, San Francisco, California,

25 Plaintiffs will and hereby do apply for an order authorizing them to file a late brief in opposition

26 to Defendant Greensprings Baptist Christian Fellowship Church's Motion to Dismiss for Failure

27 to Join an Indispensable Party (FRCP 12(b)(7)). The ground for this motion is that the failure of

28 Plaintiffs to timely file their brief in opposition was due to a clerical error by counsel and Plaintiffs

should not, out of fairness, be penalized by their attorney's error. This Motion is supported by this Notice, the attached Memorandum of Points and Authorities and Declaration of Mark Schmuck in Support, the file herein and the oral argument of counsel at the hearing on this Motion.

Dated: November 19, 2007                               TEMMERMAN & CILLEY, LLP

                                                By: _____
                                                     MARK SCHMUCK, ESQ.
                                                     Attorneys for Plaintiffs

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.

### INTRODUCTION

This Motion is brought by Plaintiffs Barbara Miller and Anne Miller for an order relieving them from failing to timely file oppositions to two motions filed by Greensprings Baptist Christian Fellowship Church. The failure was exclusively due to a clerical error on the part of Plaintiffs' counsel in getting those oppositions filed. Therefore, for the foregoing reasons, Plaintiffs request an order relieving them from their failure to timely file their oppositions.

### II.

### STATEMENT OF FACTS

On August 31, 2007, Defendant Greensprings Baptist Christian Fellowship Church ("Defendant") filed two motions: (1) a Motion to Dismiss for Plaintiffs' alleged failure to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6); and (2) a Motion to Dismiss for failure of Plaintiffs to join an allegedly indispensable party pursuant to Federal Rule of Civil Procedure 12(b)(7). Both motions were received by Plaintiffs through the Electronic Case Filing system. Plaintiffs acknowledge that oppositions to both motions were due on Wednesday, November 14, 2007 pursuant to Civil Local Rule 7-3(a).

As stated in the Declaration of Mark Schmuck, Plaintiffs' counsel had oppositions to both motions prepared and finalized on November 14, 2007. Unfortunately, when Mr. Schmuck gave

the finalized motions to his assistant to finalize and properly format, he failed to inform his assistant that there were two oppositions to be filed instead of one. Not knowing that there were two oppositions, his assistant formatted the opposition to Defendant's 12(b)(6) motion, but not the opposition to the 12(b)(7) motion. Furthermore, his assistant never saw the final draft of the 12(b)(7) opposition because it was paperclipped to the opposition to the 12(b)(6) opposition.

It was not until the morning of November 15, 2007, that Mr. Schmuck discovered that he had not received an automatically-generated e-mail from the ECF system indicating that both oppositions had been filed. Upon discovering this, Mr. Schmuck asked his assistant whether both oppositions had been filed. Not knowing that two oppositions had been prepared, Mr. Schmuck's assistant stated that only one had been filed. In a panic, Mr. Schmuck instructed his assistant to simply file the opposition as soon as possible, which was done that morning.

On November 16, 2007, Mr. Schmuck received an e-mail from counsel for Defendant, Carleton L. Briggs, Esq., stating that the 12(b)(7) motion was filed late and that Mr. Schmuck should file a motion for leave to file a late brief otherwise he will request that the Court strike the Opposition. In response, Mr. Schmuck wrote back to Mr. Briggs explaining the clerical error in filing the 12(b)(7) opposition. Mr. Schmuck also proposed a stipulation to Mr. Briggs whereby Plaintiffs would be allowed to file their opposition late and, in exchange, Defendant would be allowed to file their opposition one court day late (November 26, 2007, after the Thanksgiving holiday). In response, Mr. Briggs refused to so stipulate and required Plaintiffs to file the instant Motion, which Mr. Briggs stated that he would not oppose.

### III.

### MEMORANDUM OF POINTS AND AUTHORITIES

It is clear that Civil Local Rule 7-3(a) requires oppositions to motions to be filed at least 21 days prior to the initial hearing date. Plaintiffs do not dispute that their opposition to the 12(b)(7) motion was filed late. However, the reason why the opposition was filed late was due solely to an inadvertent clerical error on the part of Plaintiffs' counsel, not to the Plaintiffs themselves.

There is ample authority for the Court to excuse a violation of the Court's local rules. A

district judge has inherent authority to excuse a party's failure to comply with local rules, despite their effect as law.[1] "It is up to the district court to determine whether fairness demands departure from local rules."[2] Furthermore, courts are authorized to excuse noncompliance of the local rules so as to avoid the forfeiture of important rights.[3]

In this case, the failure to file the 12(b)(7) motion timely was inadvertent. To punish Plaintiffs for their attorney's failure would cause a forfeiture of their right to oppose the 12(b)(7) motion, a result that would be unfair given the reasons for the failure to timely file. There was no intent to violate the rules – there was only a clerical mistake. The Court should grant Plaintiffs the relief for their failure to file their Opposition in a timely manner.

### IV.
### CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request leave to file their opposition to Defendant's Motion to Dismiss for Failure to Join an Indispensable Party one day late.

Dated: November 19, 2007                         TEMMERMAN & CILLEY, LLP


By: _____
    MARK SCHMUCK, ESQ.
    Attorneys for Plaintiffs


### DECLARATION OF MARK SCHMUCK

I, MARK SCHMUCK, declare as follows:

1.  I am an attorney at law duly licensed to practice law in the State of California and in

---

[1] Somlyo v. J. Lu-Rob Enterprises, Inc., 932 F.2d 1043, 1049 (2nd Cir. 1991). See also Schwarzer, et al. California Practice Guide: Federal Civil Procedure Before Trial (rev. 2007) ¶ 12:8.5.

[2] Schwarzer, et al. California Practice Guide: Federal Civil Procedure Before Trial (rev. 2007) ¶ 12:8.6. Citing Somlyo, id. at 1049.

[3] Schwarzer, et al. California Practice Guide: Federal Civil Procedure Before Trial (rev. 2007) ¶ 12:8.7. Citing Feldman v. Allstate Ins. Co., 322 F.3d 660, 665-666 (9th Cir. 2003).

1 this Court and am an attorney of record herein for Plaintiffs Barbara and Anne Miller. I have
2 personal knowledge of the facts set forth herein and if called on to testify, I could and would do so
3 competently.

4     2.    On October 31, 2007, Defendant Greensprings Baptist Christian Fellowship Church
5 ("Defendant") filed two motions: (1) a Motion to Dismiss for Plaintiffs' alleged failure to state a
6 claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6); and
7 (2) a Motion to Dismiss for failure of Plaintiffs to join an allegedly indispensable party pursuant
8 to Federal Rule of Civil Procedure 12(b)(7). I received both motions through the Electronic Case
9 Filing system.

10     3.    I acknowledge that oppositions to both motions were due on Wednesday, November
11 14, 2007 pursuant to Civil Local Rule 7-3(a).

12     4.    I assisted in preparing oppositions to both motions, which were finalized on
13 November 14, 2007. My usual practice is to finalize the content of the oppositions and give them
14 to my assistant, Catherine Prouty, to finalize formatting. Unfortunately, when I gave the finalized
15 motions to Ms. Prouty to finalize and properly format, I failed to inform her that there were two
16 oppositions to be filed instead of one. Not knowing that there were two oppositions, Ms. Prouty
17 evidently formatted the opposition to Defendant's 12(b)(6) motion, but not the opposition to the
18 12(b)(7) motion. Furthermore, she never saw the final draft of the 12(b)(7) opposition because it
19 was paperclipped to the opposition to the 12(b)(6) opposition.

20     5.    It was not until the morning of November 15, 2007, that I discovered that I had not
21 received an automatically-generated e-mail from the ECF system indicating that both oppositions
22 had been filed. Upon discovering this, I asked Ms. Pouty whether both oppositions had been filed.
23 Not knowing that two oppositions had been prepared, Ms. Prouty stated that only one had been
24 filed. In a panic, I instructed Ms. Prouty to simply file the opposition as soon as possible, which
25 was done that morning.

26     6.    On November 16, 2007, I received an e-mail from counsel for Defendant, Carleton
27 L. Briggs, Esq., stating that the 12(b)(7) motion was filed late and that I should file a motion for
28 leave to file a late brief otherwise he will request that the Court strike the Opposition. A true and

1  correct copy of Mr. Briggs' e-mail is attached hereto as **Exhibit A**.  In response, I wrote back to Mr.
2  Briggs explaining the clerical error in filing the 12(b)(7) opposition.  A true and correct copy of my
3  responsive e-mail is attached hereto as **Exhibit B**.  In my e-mail, I also proposed a stipulation to
4  Mr. Briggs whereby Plaintiffs would be allowed to file their opposition late and, in exchange,
5  Defendant would be allowed to file their opposition one court day late (November 26, 2007, after
6  the Thanksgiving holiday).  In response, Mr. Briggs refused to so stipulate and required Plaintiffs
7  to file the instant Motion, which Mr. Briggs stated that he would not oppose..  A true and correct
8  copy of Mr. Briggs responsive e-mail to me is attached hereto as **Exhibit C**.
9        I declare under penalty of perjury under the laws of the State of California that the foregoing
10 is true and correct.  Executed this 19th day of November, 2007 at San Jose, California.

                                    Mark Schmuck