1    JAMES H. HARTNETT, SBN 84587
2    Hartnett, Smith & Associates
     777 Marshall Street
3    Redwood City, CA 94063
     Telephone: 650-568-2820
4    Telefax:  650-568-2823

5

     Attorneys for Defendant
6    DONALD BOHN

7

8                    UNITED STATES DISTRICT COURT

9                  NORTHERN DISTRICT OF CALIFORNIA

10
     BARBARA MILLER, as guardian of          Case No. C 07-04776 JL
11   Molly Miller, an individual; and ANNE
     MILLER, an individual,                  MEMORANDUM OF POINTS AND
12                                           AUTHORITIES IN SUPPORT OF
13              Plaintiffs,                   DEFENDANT BOHN'S MOTION TO
                                             DISMISS FOR FAILURE TO STATE A
14        vs.                                CLAIM UPON WHICH RELIEF CAN
                                             BE GRANTED
15
     GREENSPRINGS BAPTIST CHRISTIAN          [FRCP 12(b)(6)]
16   FELLOWSHIP TRUST, et al.,
                   Defendants.               Date:  Feb. 27, 2008
17                                           Time: 9:30 a.m.
18                                           Courtroom:  F
                                             Complaint filed: August 17, 2007
19                                           Trial date: None

20   _____

21

22

23

24

25

26

1

# TABLE OF CONTENTS

2  THE COMPLAINT'S ALLEGATIONS ................................................................2

3  ARGUMENT .....................................................................................................4

4      1.    Dismissal is proper where the plaintiffs cannot prove any set of facts that would

5            entitle them to relief. ............................................................................4

6      2.    Plaintiffs have not alleged that defendant Bohn committed any wrongful action or

7            alleged any other basis for liability on his part. ......................................5

8      3.    Plaintiffs cannot recover damages for breach of contract............................6

9          A.   Plaintiffs must establish damages under a promissory estoppel theory.........6

10         B.   Plaintiffs cannot establish that they have suffered damages........................7

11         C.   Plaintiffs cannot establish requisite elements of promissory estoppel against

12              defendant Bohn. .....................................................................................9

13     4.    Plaintiffs cannot recover damages for conversion. ...................................10

14     5.    Plaintiffs cannot recover damages for fraud. ...........................................11

15     6.    Plaintiffs cannot establish their right to the requested declaratory relief. ......12

16     7.    Imposition of a constructive trust is a remedy, not a substantive claim. .........14

17  CONCLUSION ................................................................................................15

18

19

20

21

22

23

24

25

26

DEFENDANT DONALD BOHN'S NOTICE OF MOTION AND MOTION TO DISMISS FOR FAILURE TO
STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED

# TABLE OF AUTHORITIES

## Cases

*Brillhart v. Excess Ins. Co.*, 316 U.S. 491 .................................................................13

*Conley v. Gibson*, 355 U.S. 41 ..................................................................................5

*Davies v. Krasna*, 14 Cal.3d 502 ...............................................................................14

*Glue-Fold, Inc. v. Slautterback Corp.*, 82 Cal.App.4th 1018 ...............................14

*Gonsalves v. Hodgson*, 38 Cal.2d 91, 101 ...............................................................11

*Hagan v. Fairfield*, 238 Cal.App.2d 197 ................................................................13

*Haigler v. Donnelly*, 18 Cal.2d 674, 681 ................................................................10

*In re Marriage of Smith & Maescher*, 21 Cal.App.4th 100 .....................................9

*Laks v. Coast Fed. Sav. & Loan Assn.* (1976) 60 Cal.App.3d 885 ..........................9

*Service by Medallion, Inc. v. Clorox Co.*, 44 Cal.App.4th 1807 ...........................11

*Smith v. City and County of San Francisco*, 225 Cal.App.3d 38............................6

*State of California v. Oroville-Wyandotte Irrigation Dist.*, 409 F.2d 532............13

*US Ecology, Inc. v. State of California*, 129 Cal.App.4th 887 (2005)....................7

*Vu v. California Commerce Club, Inc.*, 58 Cal.App.4th 229 .................................10

## Statutes

Cal. Civil Code § 1559.................................................................................................8

Cal. Probate Code § 21700 .........................................................................................8

Civil Code §§ 2317, 2318 ...........................................................................................6

## Rules

FRCP 12(b)(6)..........................................................................................................2, 5

FRCP 8(a)(2) ...............................................................................................................5

## Other Authorities

1 Witkin, SUMMARY OF CALIFORNIA LAW (10th ed. 2005) "Contracts," § 244 ...................7

(ii)

13 Witkin, SUMMARY OF CALIFORNIA LAW (10th ed. 2005) "Trusts," § 319 ...................... 14

2 Schwarzer, et al., CAL. PRACTICE GUIDE: FEDERAL CIVIL PROCEDURE BEFORE TRIAL
    (rev. ed. 2007) § 9:187 .......................................................................................... 5

5 Witkin, CALIFORNIA PROCEDURE (4th ed. 1997) "Pleading," § 660 ............................. 10

5 Witkin, SUMMARY OF CALIFORNIA LAW (10th ed. 2005) "Torts," § 772 ..................... 11

(iii)

DEFENDANT DONALD BOHN'S NOTICE OF MOTION AND MOTION TO DISMISS FOR FAILURE TO
STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED

Plaintiffs Barbara Miller, as guardian ad litem for her adopted daughter Molly

Miller, and Anne Miller, the natural daughter of Barbara and Robert Miller, have sued to

recover, or obtain a declaration that they are entitled to, the sum of $500,000. The

complaint alleges causes of action for breach of contract - promissory estoppel,

conversion, fraud, declaratory relief, and a constructive trust. Yet, the facts alleged in the

complaint affirmatively show that plaintiffs do not now and never have owned or had any

right to possess the $500,000, and have suffered no damage as a result of defendants'

purportedly wrongful conduct. Moreover, the complaint fails to allege facts sufficient to

state any cause of action against defendant Donald Bohn. Because these defects appear on

the face of the complaint, the Court may properly dismiss under FRCP 12(b)(6) for failure

to state a claim upon which relief can be granted.

## THE COMPLAINT'S ALLEGATIONS

Plaintiffs' complaint alleges the following facts: Before her death, Elsie Turchen,

Molly Miller's natural great grandmother, expressed in writing her intent to give a

substantial gift to Anne and Molly.    In a letter to Barbara and Robert Miller dated

November 23, 2000, she asked the Millers if they would "consider" a gift to Anne and

Molly of a house located at 325 Malcolm Avenue, Belmont, California. The complaint

alleges that it was Elsie's clear intent to give the Malcolm Avenue house to Anne and

Molly, but Elsie died 17 days later, on December 10, 2000. There is no allegation that the

gift was completed. Complaint, ¶ 11.

After Elsie's death, defendant Christine Dillon, who told Barbara Miller that she

was the personal representative of Elsie's estate, said that Grace Parish Christian Church

2

would pay $500,000 to a charity or charities of Barbara and Robert Miller's choice on behalf of Anne and Molly. The complaint alleges that defendant Dillon knew of Elsie's intended gift to Anne and Molly, and proposed the charitable payment so that Anne and Molly would not make a claim against Elsie's estate. Complaint, ¶ 12.

On August 11, 2002, two checks totaling $500,000 were issued to First Hawaiian Title Company. The checks were issued to a title company because the Millers' chosen charity, Maui Preparatory Academy, was in the process of buying real property for use as a school and the $500,000 was to be used for that purchase. The two checks were drawn on an account owned by Real Estate Trust, which plaintiffs allege is a "dba" for defendant Greensprings. The checks were signed by defendant Bohn, and "were intended to be performance on the agreement by defendant Dillon to fulfill Elsie Turchin's [sic] promise to make a gift to Anne and Molly as indicated in Elsie's November 23, 2000 letter." Complaint, ¶ 13.

Barbara and Robert Miller later learned that there was no entity named First Hawaiian Title Company, and in an October 9, 2002 letter to defendants Bohn and Dillon, they asked that the checks be reissued in the name of First Hawaii Title Corporation. After not hearing from Bohn and Dillon for some time, the Millers demanded, in January 2005, that they reissue a check to Maui Preparatory Academy. On January 10, 2005, a cashier's check was delivered to the Millers for $500,000 made out to Maui Preparatory Academy. The complaint alleges that the purpose of making the check payable to Maui Preparatory Academy "was to make a gift to the Academy on behalf of Anne and Molly." Complaint, ¶ ¶ 13-14.

DEFENDANT DONALD BOHN'S NOTICE OF MOTION AND MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED

1    Many months after receiving the cashier's check payable to Maui Preparatory

2  Academy, the Millers again asked defendants Bohn and Dillon to reissue the check, this

3
   time as three checks totaling $500,000 payable to Stanford University, Seabury Hall, and
4
5  West Maui Garden Academy.  In a telephone conversation on August 10, 2005, plaintiffs

6  allege that defendant Bohn told Barbara Miller that it would be done the next day.

7  Complaint, ¶ 15.
8
     At the same time, Barbara Miller wrote a letter to Carleton L. Briggs, who plaintiffs
9
10 are informed and believe to be a member of defendant Greensprings' board of directors, to

11 explain why the three checks were needed instead of one.  The next day, Briggs wrote back

12
   to Barbara Miller asking that the $500,000 cashier's check payable to Maui Preparatory
13
14 Academy be returned because of litigation against Greensprings, Bohn, and Dillon by

15 Penny Anderson, who is Elsie Turchen's granddaughter and Molly Miller's birth mother.

16 Briggs' letter said that a motion would have to be made in the "Anderson v. Greensprings"

17
   litigation to have the checks reissued; that such a motion would be made with all possible
18
19 haste; and that the $500,000 would be maintained in a separate, interest-bearing account

20 earmarked for the three charities named by the Millers.  Barbara Miller returned the

21 cashier's check on August 16, 2005, and no other checks were subsequently issued.

22 Complaint, ¶ 16.
23
24                              **ARGUMENT**
25
   **1.    Dismissal is proper where the plaintiffs cannot prove any set of facts that**
26        **would entitle them to relief.**

     A complaint must contain "a short and plain statement of the claim showing that the

DEFENDANT DONALD BOHN'S NOTICE OF MOTION AND MOTION TO DISMISS FOR FAILURE TO
STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED

pleader is entitled to relief." FRCP 8(a)(2). A court may dismiss a complaint for "failure to state a claim upon which relief can be granted." FRCP 12(b)(6). In ruling on a Rule 12(b)(6) motion to dismiss, the court must construe the complaint in the light most favorable to the plaintiff, accept all well-pleaded factual allegations as true, and determine whether the plaintiff can prove facts to support a claim that would merit relief. 2 Schwarzer, et al., CAL. PRACTICE GUIDE: FEDERAL CIVIL PROCEDURE BEFORE TRIAL (rev. ed. 2007) § 9:187, at 9-53. "A complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson,* 355 U.S. 41, 45-46 (1957).

Even under these liberal rules, plaintiffs' complaint against defendant Bohn must be dismissed because the facts alleged affirmatively show that plaintiffs are not entitled to relief.

## 2.    Plaintiffs have not alleged that defendant Bohn committed any wrongful action or alleged any other basis for liability on his part.

The only allegations contained in the complaint that relate to defendant Donald Bohn are that he did business in San Mateo County, California (Complaint, ¶ 6); that the initial checks issued to plaintiffs were drawn on an account in the name of "Real Estate Trust" and were signed by Bohn (Complaint, ¶ 13); and that plaintiff Barbara Miller had a telephone conversation with Donald Bohn on August 10, 2005, concerning her request to reissue the $500,000 cashier's check as three separate checks totaling $500,000 to three different charities, and that Bohn allegedly represented that the checks would be re-issued

5

the next day (Complaint, ¶ 14).

Plaintiffs do not allege that defendant Bohn had any relationship with defendants Christine Dillon, Greensprings Baptist Christian Fellowship Trust, or any other defendant; had any authority to speak for any other defendant; or to make any promises on behalf of another defendant; or to bind any other defendant. Nor have they alleged that any other defendant had any authority to act on behalf of defendant Bohn. They allege no agency relationship, no employment relationship, no trustee or director relationship between defendant Bohn and any other defendant.

They do not allege that Bohn had any ostensible authority to act on behalf of Greensprings or any other defendant, or that any other defendant had any ostensible authority to make representations on Bohn's behalf. See e.g., Civil Code §§ 2317, 2318. Plaintiffs do not allege that the defendants were in any way acting in concert.

Bohn made no promise to pay plaintiffs any money, and any promise that defendant Dillon or Greensprings may have made was not made on Bohn's behalf.

**3.    Plaintiffs cannot recover damages for breach of contract.**

**A.    Plaintiffs must establish damages under a promissory estoppel theory.**

The complaint's first claim is for "breach of contract - promissory estoppel." Under the doctrine of promissory estoppel, a promisor is bound by the promise if he or she should reasonably expect a substantial change of position in reliance on the promise, and injustice can be avoided only by its enforcement. *Smith v. City and County of San Francisco*, 225 Cal.App.3d 38, 48 (1990). The promisor may be bound to perform the promise despite

DEFENDANT DONALD BOHN'S NOTICE OF MOTION AND MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED

lack of consideration because "the estoppel is a substitute for consideration." 1 Witkin, SUMMARY OF CALIFORNIA LAW (10th ed. 2005) "Contracts," § 244, at 275.

In *US Ecology, Inc. v. State of California*, 129 Cal.App.4th 887 (2005) the court noted that promissory estoppel claims are essentially contract actions without the consideration element, and that therefore any damages recoverable, as in contract cases, are limited to those the breaching party caused.

> [W]hile conceptually, promissory estoppel is distinct from contract in that the promisee's justifiable and detrimental reliance on the promise is regarded as a substitute for consideration required as an element of an enforceable contract, there appears to be no rational basis for distinguishing the two situations in terms of the damages that may be recovered.
> *Id.* at 903 (internal quotation marks, brackets, and ellipses omitted).

**B.    Plaintiffs cannot establish that they have suffered damages.**

In the present case, plaintiffs cannot prove that they have been damaged. First, the facts alleged show that Elsie Turchen never made a gift to plaintiffs. The complaint alleges that Elsie Turchen intended to give the Belmont house to plaintiffs, or that she promised to make such a gift, but it is apparent that the gift was not completed. Indeed, plaintiffs acknowledge that the gift from Elsie was not completed: they allege that the $500,000 check payable to Maui Preparatory Academy was "intended to be performance on the agreement by defendant Dillon *to fulfill Elsie Turchin's* [sic] *promise to make a gift* to Anne and Molly as indicated in Elsie's November 23, 2000 letter." Complaint, ¶ 13 (emphasis added).

Even if Elsie had "promised" to make such a gift it would not have been enforceable. A prospective donee has no right to compel a gift not yet made. And while a

7

contract to make a will or devise is enforceable, it must be just that, *i.e.*, a contract supported by consideration. Cal. Probate Code § 21700. Plaintiffs' complaint repeatedly alleges that they were induced not to make a claim against Elsie Turchen's estate, but the complaint's other allegations demonstrate that plaintiffs *had no claim* against Elsie's estate. At most, Elsie promised to make a gift to plaintiffs (*i.e.*, there was no enforceable agreement supported by consideration), and then failed to complete the gift before her death.

Thus, the promise that plaintiffs seek to enforce is not Elsie Turchen's alleged promise to make a gift of the Belmont house to plaintiffs, but *defendants'* alleged promise to make a $500,000 payment to the charity or charities of Barbara and Robert Miller's choice on behalf of Anne and Molly. Complaint, ¶ 12. If that promise is enforceable as a contract—whether based on consideration or promissory estoppel—it would be a third-party-beneficiary contract, *i.e.*, one made expressly for the benefit of a third person (the charity or charities). The third-party beneficiary can enforce such a contract (Cal. Civil Code § 1559), but the extent of the promisee's enforcement rights depends on whether the third party is a creditor beneficiary or a donee beneficiary. Here, the complaint expressly alleges that the purpose of making the $500,000 check payable to Maui Preparatory Academy "was to make a gift to the Academy on behalf of Anne and Molly." Complaint, ¶ 14. Thus, if the charities in question are third-party beneficiaries, they are donee beneficiaries.

If a promisor does not perform its obligation to a donee beneficiary, the promisee is not liable to the beneficiary for such performance and suffers no actual damage. *In re*

8

*Marriage of Smith & Maescher*, 21 Cal.App.4th 100, 106-107 (1993). Accordingly, if a promisor does not perform its obligation to a donee beneficiary, the promisee "has no cause of action for breach of contract damages." *Id.*, at 107. Thus, even if plaintiffs can prove the facts alleged in their complaint, those facts would establish that plaintiffs have not been damaged. In short, plaintiffs cannot prove any set of facts that would entitle them to recover damages for breach of contract.

### C.    Plaintiffs cannot establish requisite elements of promissory estoppel against defendant Bohn.

The required elements for promissory estoppel in California are a promise clear and unambiguous in its terms; reliance by the party to whom the promise is made, which is both reasonable and foreseeable; and injury to the party asserting the estoppel resulting from his reliance. *Laks v. Coast Fed. Sav. & Loan Assn.* (1976) 60 Cal.App.3d 885, 890.

In this case, plaintiffs allege that they relied on defendant Dillon's alleged representation that she was the personal representative of the estate of Elsie Turchen and that $500,000 would be paid to a charity or charities of plaintiffs' choice on behalf of Anne and Molly Miller in place of a gift of the Malcolm Avenue property. In return for defendant Dillon's alleged promise, plaintiffs claim they were induced not to make a claim against the estate of Elsie Turchen. Complaint, ¶¶ 18-20.

Plaintiffs also contend that they relied on defendant Greensprings' representation that, if they returned the $500,000 cashier's check to Greensprings, Greensprings would file a motion in the *Anderson v. Dillon* lawsuit for release of the funds to plaintiffs, and in the meantime, would put the $500,000 in a separate interest-bearing account for plaintiffs'

DEFENDANT DONALD BOHN'S NOTICE OF MOTION AND MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED

chosen charities. Plaintiffs contend that they relied upon this promise in forgoing to make any further claim to the $500,000. Complaint, ¶ 22-24.

But plaintiffs do not allege that defendant Bohn made any promise that they relied upon to their detriment. Thus, there is no basis for establishing a breach of contract claim against defendant Bohn under a promissory estoppel theory. Moreover, there is no allegation of any other consideration that could support an alleged contract between plaintiffs and defendant Bohn. As between plaintiffs and Donald Bohn, there were no mutual promises, no consideration, and no damages. Plaintiffs simply cannot establish the requisite elements of a claim for breach of contract against defendant Bohn.

## 4.    Plaintiffs cannot recover damages for conversion.

The elements of a claim for conversion are: (1) plaintiff's ownership or right to possession of tangible property at the time of the conversion; (2) defendant's conversion (wrongful taking or disposition); and (3) damages. 5 Witkin, CALIFORNIA PROCEDURE (4th ed. 1997) "Pleading," § 660, at 116. Money can be the subject of conversion only if a specific, identifiable sum is involved. *Haigler v. Donnelly*, 18 Cal.2d 674, 681 (1941); *Vu v. California Commerce Club, Inc.,* 58 Cal.App.4th 229, 235 (1997).

Whether or not the $500,000 here in question is a sufficiently specific, identifiable sum so as to be subject to conversion, plaintiffs can prove no set of facts that would establish their claim for conversion because they never owned or had any right to possess that sum. Elsie Turchen made no gift to them, in that amount or any other, and any alleged promise by defendants Dillon or Greensprings was to pay that sum to third parties. The complaint alleges that the funds were in an account owned by defendant Greensprings

DEFENDANT DONALD BOHN'S NOTICE OF MOTION AND MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED

(Complaint, ¶ 13), and absent the alleged conversion the funds would have been delivered to a charity or charities, not to plaintiffs. The latter fact also establishes that plaintiffs have not been damaged. If the alleged "conversion" had not occurred, plaintiffs would be in exactly the same position they are now. As with their claim for breach of contract, plaintiffs simply cannot prove any set of facts that would establish a claim for conversion.

Moreover, plaintiffs have not alleged—nor can they—that defendant Bohn committed any wrongful taking of the $500,000 that Plaintiffs claim "belongs" to them. They have alleged that the disputed $500,000 was in the possession of Greensprings, not Bohn. Plaintiffs simply cannot state a cause of action for conversion against defendant Bohn.

**5.      Plaintiffs cannot recover damages for fraud.**

The elements of fraud are: "(a) misrepresentation (false representation, concealment, or nondisclosure); (b) knowledge of falsity (or 'scienter'); (c) intent to defraud, i.e., to induce reliance; (d) justifiable reliance; and (e) resulting damage." 5 Witkin, SUMMARY OF CALIFORNIA LAW (10th ed. 2005) "Torts," § 772, at 1121. Plaintiffs' fraud claim alleges false-promise fraud, *i.e.*, a promise made without any intent of performing it, which is deemed a factual misrepresentation of the promisor's state of mind. *Id.*, § 781, at 1131. Each of the above elements must be proved in order to recover for fraud, including damages. *Gonsalves v. Hodgson,* 38 Cal.2d 91, 101 (1951) ("The absence of any one of these elements will preclude recovery."). As one court succinctly put it: "Deception without resulting loss is not actionable fraud." *Service by Medallion, Inc. v. Clorox Co.,* 44 Cal.App.4th 1807, 1818 (1996).

DEFENDANT DONALD BOHN'S NOTICE OF MOTION AND MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED

1
2      Plaintiffs' fraud claim includes a conclusory allegation that they have been
3
damaged in the sum of $500,000 (Complaint, ¶ 41), but that simply cannot be true in light
4
of the complaint's other allegations.  The essence of plaintiffs' claims is that defendants
5
promised to pay $500,000 to a charity or charities and failed to do so.  Plaintiffs would not
6
have received the $500,000 under the alleged circumstances, and they are not liable to
7
the charities for that sum.  Thus, plaintiffs' position is exactly the same as it would be
8
absent the alleged fraud.  Since damage is a necessary element of a fraud claim, plaintiffs
9
10     can prove no set of facts that will establish their claim because the facts alleged in the
11     complaint show that they were not damaged.
12         Moreover, plaintiffs have not alleged that defendant Bohn made any material
13
misrepresentations. They allege that the misrepresentations consist of defendant Dillon's
14
15     alleged promise to pay $500,000 to their chosen charity, and defendant Greensprings'
16     promise that, if plaintiffs returned the $500,000 cashier's check, Greensprings would file a
17     motion in the *Anderson v. Dillon* lawsuit for release of the funds to plaintiffs, and in the
18
meantime, would put the $500,000 in a separate interest-bearing account for plaintiffs'
19
20     chosen charities. There are *no* allegations against defendant Bohn that could be the basis
21     for actionable fraud.
22
23     **6.     Plaintiffs cannot establish their right to the requested declaratory relief.**
24         Plaintiffs initially brought their declaratory relief claim in a California court under
25     California Code of Civil Procedure § 1060, which provides that any interested person may
26     sue for a declaration of his or her rights and duties with respect to another, or in respect to
property, "in cases of actual controversy relating to the legal rights and duties of the

12

1   respective parties."

2        Where facts appear from the face of the complaint which would justify a trial court in
3        concluding that its determination is not necessary or proper . . . the court may sustain a
         general demurrer to the complaint for declaratory relief.
4        *Hagan v. Fairfield*, 238 Cal.App.2d 197, 202 (1965) (internal quotation marks omitted).

5        Federal law is similar.  The Federal Declaratory Judgments Act, 28 U.S.C. § 2201,

6   provides that any court of the United States "may declare the rights and other legal

7
    relations of any interested party seeking such a declaration" in a case of "actual
8

9   controversy within its jurisdiction."  Whether to entertain the action for declaratory relief

10  or grant a motion to dismiss is a matter within the court's discretion.  *Brillhart v. Excess*

11
    *Ins. Co.*, 316 U.S. 491, 494 (1942); *State of California v. Oroville-Wyandotte Irrigation*
12

13  *Dist.*, 409 F.2d 532, 535 (9th Cir. 1969).

14       [T]he question in each case is whether the facts alleged, under all the circumstances, show
         that there is a substantial controversy, between parties having adverse legal interests, of
15       sufficient immediacy and reality to warrant the issuance of a declaratory judgment.
         *Id.*, 409 F.2d at 535.
16

17       The complaint alleges a dispute as to whom the $500,000 "belongs to," and seeks a

18  declaration that it belongs to plaintiffs.  Complaint, ¶¶ 44-45.  But the specific facts alleged

19
    in the complaint show that there is no "actual controversy" of any substance, and that the
20

21  $500,000 does not "belong to" plaintiffs.  The complaint alleges that Elsie Turchen

22  "intended" or "promised" to give the Belmont house to plaintiffs as a gift, but it also

23  alleges facts showing that Elsie never completed that gift, much less a monetary gift in the

24
    sum of $500,000.  It then alleges defendant Dillon subsequently promised to pay $500,000
25

26  to a charity or charities of Barbara and Robert Miller's choice, not to plaintiffs.  These

    allegations, if proved, would establish that the $500,000 does not, and never did, "belong

---

DEFENDANT DONALD BOHN'S NOTICE OF MOTION AND MOTION TO DISMISS FOR FAILURE TO
STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED

to" plaintiffs. Under these circumstances, dismissal of plaintiffs' claim for declaratory relief is mandated.

Moreover, there is no allegation that defendant Bohn made any enforceable promise to plaintiffs, and thus there is no actionable dispute between those parties. In fact, there is no reason for Donald Bohn to be named as a defendant in this case and the action should be dismissed as to this defendant.

## 7.    Imposition of a constructive trust is a remedy, not a substantive claim.

The complaint includes what purports to be a separate claim for imposition of a constructive trust (Complaint, ¶¶ 47-48), but imposition of a constructive trust is not a substantive claim. A constructive trust "is not a substantive device but merely a remedy." *Davies v. Krasna*, 14 Cal.3d 502, 515 (1975). It "is not an independent cause of action but merely a type of remedy for some categories of underlying wrong." *Glue-Fold, Inc. v. Slautterback Corp.*, 82 Cal.App.4th 1018, 1023 fn. 3 (2000). A constructive trust is a remedy used by a court of equity to compel a person who has property to which he or she is not justly entitled to transfer it to the person entitled to it. 13 Witkin, SUMMARY OF CALIFORNIA LAW (10th ed. 2005) "Trusts," § 319, at 892.

Here, as discussed above, there is no "underlying wrong." The complaint does not state any claim upon which relief can be granted, including imposition of a constructive trust. Moreover, defendant Donald Bohn is not in possession of any property that plaintiffs claim an interest in. Thus, there is no basis for imposition of a constructive trust against defendant Bohn.

DEFENDANT DONALD BOHN'S NOTICE OF MOTION AND MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED

1

# CONCLUSION

2
3
4
5

Plaintiffs' complaint alleges a variety of claims, all attempting to establish their entitlement to the sum of $500,000.  But the facts alleged show that plaintiffs are *not* entitled to the claimed $500,000.  They never received it as a gift, and if the promises

6
7
8
9
10
11

alleged in the complaint had been performed, the $500,000 would belong to a charity or charities, not to plaintiffs.  Moreover, the complaint contains no allegations of wrongdoing against defendant Bohn, and he never should have been named as a defendant in this matter.  Because plaintiffs cannot prove any set of facts that would entitle them to relief, defendant Donald Bohn's motion to dismiss should be granted.

12
13
14

Dated: December 7, 2007

15
16
17
18
19

Respectfully submitted,

Hartnett, Smith & Associates

_____
JAMES HARTNETT
Attorney for Defendant
DONALD BOHN

20
21
22
23
24
25
26

DEFENDANT DONALD BOHN'S NOTICE OF MOTION AND MOTION TO DISMISS FOR FAILURE TO
STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

DEFENDANT DONALD BOHN'S NOTICE OF MOTION AND MOTION TO DISMISS FOR FAILURE TO
STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED