| | |
|---|---|
| 1 | CARLETON L. BRIGGS, SBN 117361 |
| | Law Offices of Carleton L. Briggs |
| 2 | 3510 Unocal Place, Suite 209 |
| | Santa Rosa, CA 95403-0918 |
| 3 | Telephone: (707) 523-2251 |
| | Facsimile: (707) 523-2253 |
| 4 | E-mail: clbriggs@sonic.net |

Attorneys for Defendant
GREENSPRINGS BAPTIST
CHRISTIAN FELLOWSHIP TRUST

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BARBARA MILLER, as guardian of Molly Miller, an individual; and ANNE MILLER, an individual, | Case No. C 07-04776 JL |
| Plaintiffs, | DEFENDANT GREENSPRINGS' REPLY TO PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION TO DISMISS FOR FAILURE TO JOIN AN INDISPENSABLE PARTY |
| vs. | |
| GREENSPRINGS BAPTIST CHRISTIAN FELLOWSHIP TRUST, et al., | Date: February 27, 2008 |
| Defendants. | Time: 9:30 a.m. |
| | Courtroom: F, 15th Floor |
| | Magistrate Judge: Hon. James Larson |
| | Complaint filed: August 17, 2007 |
| | Trial date: None |

**FACTS**

An objection to the failure to join a necessary party usually requires an evidentiary showing, such as affidavits, as to the reasons why the absent party's presence is necessary for a just adjudication. *Hess v. Gray*, 85 FRD 15, 21 (ND IL 1979); *Dou Yee Enterprises (S) PTE, Ltd. v. Advantek, Inc.*, 149 FRD 185, 187 (D MN 1993). Here, the Declaration of Carleton L. Briggs in support of the instant motion has detailed the reasons why the Estate of Elsie Turchen is a necessary party to a full and fair adjudication of the issues presented by plaintiffs' claims.

1  Plaintiffs contend that defendant Greensprings is in possession of $500,000 which
2  defendant Christine Dillon allegedly promised to cause to be donated to a charity of
3  plaintiffs' choice, as a substitute for a gift of real property that Elsie Turchen, plaintiff
4  Molly Miller's great-grandmother, allegedly had proposed making to plaintiffs Molly and
5  Anne Miller during Turchen's lifetime.  Plaintiffs also claim that defendant Greensprings
6  holds the $500,000 fund for their benefit, as a constructive trustee.

However, it is undisputed that Greensprings does not have possession of those funds.  The cashier's check payable to Maui Preparatory Academy, issued on January 10, 2005, but not cashed, was returned because of litigation by Penny Anderson, representative of the Estate of Elsie Turchen, against Greensprings, Bohn and Dillon in *Anderson v. Dillon, et al.*, San Mateo County Superior Court Case No. CIV 445617. When plaintiff Barbara Miller returned the check on or about August 16, 2005, those funds were placed in a separate, interest-bearing account, where they remained subject to the authority of that court.

Despite notice of the litigation and the ADR proceedings in which the rightful ownership of the $500,000 was to be determined, the Millers failed to intervene.  They concede that they also failed to make any timely probate claim against the Estate of Elsie Turchen.

Ultimately, it was determined in the *Anderson v. Dillon* litigation that the $500,000 rightfully belonged to the Estate.  On November 22, 2006, some 15 months after the August 2005 notice to the Millers, Greensprings paid the $500,000 to the Estate by check payable to "Ramona Martinez, as Administrator of the Estate of Elsie Turchen."

## ARGUMENT

**1. The Estate of Elsie Turchen is a necessary party to this action.**

A constructive trust is an involuntary equitable trust created by operation of law as

a remedy to compel the transfer of property from a person who is wrongfully holding it to its rightful owner. *Burlesci v. Petersen*, 68 Cal.App.4th 1062, 1067, 80 Cal.Rptr.2d 704 (1998); *Communist Party v. 522 Valencia, Inc.*, 35 Cal.App.4th 980, 990, 41 Cal.Rptr.2d 618 (1995). A plaintiff's claim for a constructive trust is, in effect, an action for possession of property. *Olson v. Toy*, 46 Cal.App.4th 818, 823, 54 Cal.Rptr.2d 29 (1996). A transferee of constructive trust property is chargeable as the trustee and may, like the trustee, be compelled by the beneficiary to reconvey the property. *Lucas v. Associacao Protectora Uniao MadeirenseDo Estado Da Cal.*, 61 Cal.App.2d 344, 351–352, 143 P.2d 53 (1943).

Plaintiffs here claim a right to a specific, identifiable fund capable of being converted. When there are multiple claimants to a common fund, each is an indispensable party to an action by another to obtain his share of the fund. *In re Republic of Philippines,* 309 F.3d 1143, 1153 (9th Cir. 2002). The Estate of Elsie Turchen is certainly a person described in Rule 19(a)(1)-(2) that should be joined, if possible, and plaintiffs have conceded in their Opposition that the Estate *can* be served.

The Estate holds the $500,000 that plaintiffs claim Greensprings has converted, while plaintiffs claim that Greensprings holds those funds as constructive trustee for plaintiffs. If the Estate is not joined, this Court must determine whether "in equity and good conscience" the action should proceed or should be dismissed. FRCP Rule 19(b).

**2.     Plaintiffs' action against the Estate of Elsie Turchen is not time-barred.**

Plaintiffs failed to intervene in *Anderson v. Dillon* despite ample notice and contend that it is too late for them to make a probate claim against the Estate of Elsie Turchen. However, Greensprings has demonstrated that plaintiffs never had a valid claim against the Estate based either on Elsie's allegedly intended, but uncompleted, gift during her lifetime of a house she didn't own or on Dillon's alleged promise on behalf of Elsie's estate of a

1  gift to a charity. (Thus, plaintiffs' forbearance from making such claim cannot serve as a
2  substitute for consideration to support their promissory estoppel cause of action).

3  Plaintiffs apparently assert that the only way to join the Estate of Elsie Turchen is
4  through a probate claim. Plaintiffs simply misapprehend the law. A "claim" subject to the
5  probate claim-filing rules only includes a demand for payment. Probate Code § 9000(a).
6  Therefore, *no* filing of a claim is required to enforce a demand for specific property, *e.g.*, a
7  partnership accounting claim traceable to specific property. See generally, *Steen v. Hendy*,
8  107 Cal. 49, 50-54, 40 P 21, 22 (1895); *Porter v. Van Denburgh*, 15 Cal.2d 173, 176-177,
9  99 P.2d 265, 267 (1940); *Pay Less Drug Stores v. Bechdolt*, 92 Cal.App.3d 496, 502, 155
10 Cal.Rptr. 58, 61 (1979) (creditor's claim not required for suit against estate to judicially
11 enforce rescission of contract). Ross, CAL. PRAC. GUIDE: PROBATE (The Rutter
12 Group, 2007) § 8:37, at 1076.

13 The specific, identifiable fund of $500,000 here is equally traceable and may be
14 demanded without the filing of a probate claim.

15 When the gist of an action is fraud, regardless of the form, the three-year period of
16 limitation prescribed by Code Civ. Proc. § 338(d) applies, and this limitation period
17 applies in an action, based on fraud, to establish a constructive trust. *Security First Nat'l*
18 *Bank v. Ross*, 214 Cal.App.2d 424, 429-430, 29 Cal.Rptr. 538 (1963). Similarly, an action
19 to impose a constructive trust that is based on mistake is governed by the three-year
20 limitation period in Code Civ. Proc. § 338(d). *Nevarez v. Nevarez*, 202 Cal.App.2d 596,
21 602, 21 Cal.Rptr. 70 (1962).

22 The imposition of a constructive trust in an action in which the limitation period is
23 not otherwise provided for by statute is governed by the four-year limitation period of
24 Code Civ. Proc. § 343. This limitation period applies in all suits in equity not strictly of
25 concurrent cognizance in law and equity. *Nelson v. Nevel*, 154 Cal.App.3d 132, 140, 201
26 Cal.Rptr. 93 (1984).

Plaintiffs allege that Barbara Miller was defrauded into returning the $500,000 check in August of 2005, so none of the above limitation periods has run.

**3.    Equity and good conscience demand dismissal here.**

Greensprings already has paid out the $500,000 at issue here to the Estate of Elsie Turchen, under a court-ordered settlement in *Anderson v. Dillon*. Therefore, Greensprings faces the risk of double liability and inconsistent obligations, i.e., paying the $500,000 to Molly Miller and her sister after already having paid it out to settle the suit by Molly's mother, Penny Anderson, the original representative of the Estate. Rather than allow mother and daughter to "take" a legitimate charity for twice the amount at issue, equity and good conscience demand that the Estate be joined. Since plaintiffs object, their action should be dismissed.

**CONCLUSION**

For all the reasons stated above, defendant Greensprings requests that the Court grant its motion to dismiss this action for failure to join an indispensable party.

Dated: December 13, 2007                         Respectfully submitted,

LAW OFFICES OF
CARLETON L. BRIGGS

/s/ Carleton L. Briggs
CARLETON L. BRIGGS
Attorneys for Defendant
GREENSPRINGS BAPTIST
CHRISTIAN FELLOWSHIP TRUST