United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Barbara Miller, et al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>Greensprings Baptist Christian Fellowship Trust,<br><br>    Defendants.<br>_____/ | No. C 07-4776 JL<br><br>ORDER GRANTING DEFENDANT GREENSPRINGS' AND DEFENDANT BOHN'S 12(b)(6) MOTIONS TO DISMISS WITH LEAVE TO AMEND, AND DENYING WITHOUT PREJUDICE 12((b)(7) MOTION TO DISMISS FOR FAILURE TO JOIN AN INDISPENSABLE PARTY<br><br>DOCKET # 7, 10 |

**Introduction**

Defendant Donald Bohn's and Greensprings Baptist Christian Fellowship Trust's motions to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(6) and 12(b)(7) came on for hearing. Carleton L. Briggs of Law Offices of Carleton L. Briggs and James Rice, associated in as Counsel, appearing on behalf of Defendant Greensprings Baptist Christian Fellowship Trust (Greensprings). James H. Hartnett of Hartnett, Smith & Associates appeared on behalf of defendant Donald Bohn. James P. Cilley, Esq. appeared on behalf of Plaintiff Barbara Miller.

IT IS HEREBY ORDERED that defendants' 12(b)(6) motion to dismiss for failure to state a claim be granted with leave to amend. Greenspring's 12(b)(7) motion is denied without prejudice.

**Procedural and Factual Background**

Elsie Turchen, now deceased, was Molly Miller's natural great grandmother. Molly is Robert and Barbara Miller's adopted daughter. Robert and Barbara also have a natural daughter, Anne. Prior to her death, Elsie expressed in a November 23, 2000 letter what Miller alleges to be Elsie's intent to give her house, located at 325 Malcomb Avenue Belmont California, to Anne and Molly. Elsie died December 10, 2000.

Following Elsie's death, defendant Christine Dillon represented to Miller that she was the personal representative of the Estate of Elsie Turchen. Miller alleges that Dillon knew about Elsie's intended gift and that Dillon represented that Grace Parish Christian Church would pay $500,000 to a charity or charities of Miller's choice on behalf of Anne and Molly.

In alleged reliance upon Dillon's representations, Miller did not make any claim against the Estate. Miller claims that the purpose of the payment was to prevent Miller from bringing a claim against the Estate for Elsie Turchen's home on Malcomb Avenue. Miller also claims that the purpose was to fulfill Elsie's intent to give a substantial gift to Molly and Anne. Miller does not explain or reconcile these different purposes. Greensprings claims that Elsie Turchen had already given to it the property at 325 Malcomb Ave. and has submitted with its pleadings a photocopy of a grant deed which shows that Elsie Turchen had given the property to Greensprings in January of 1999.

On August 11, 2002, defendant Donald Bohn issued two checks totaling $500,000 to "First Hawaiian Title Company." The checks were issued to a title company because Miller's chosen charity, the Maui Preparatory Academy, was in the process of purchasing real property for use as a school and the $500,000 was paid towards that purchase. The checks were drawn on an account owned by "Real Estate Trust," which Miller believes is a "dba" for defendant Greensprings.

Apparently, First Hawaiian Title Co. did not exist and Miller asked Defendants to reissue the check to First Hawaii Title Company. Miller did not hear back from Defendants

for some time and subsequently demanded that a check for the full amount of $500,000 be made out to Maui Preparatory Academy.  Miller received a $500,000 cashier's check on January 10, 2005, made out to Maui Preparatory Academy.

On July 22, 2005, Miller requested that defendants Bohn and Dillon re-issue the check as three separate checks totaling $500,000 to three new charities.  On August 10, 2005 Bohn allegedly told Miller the checks would be reissued the next day.  At the same time, Miller wrote a letter to Attorney Briggs, who Miller believes is a member of the Board of Greensprings.  The purpose was to explain why the three new checks were needed. The next day, Briggs wrote back and asked that the January 10, 2005 cashier's check be returned to Greensprings because of litigation against defendants Dillon, Bohn and Greensprings by Penny Anderson.  Penny Anderson is Elsie Turchen's granddaughter and Molly Miller's birth mother.  Briggs stated, by letter and later by phone, that in order to have the checks re-issued, a motion in the *Anderson v. Greensprings* litigation had to be filed. Miller returned the cashier's check to Briggs on August 16, 2005 in reliance on these representations.  No other check has been issued to Miller.

Greensprings claims that as a result of the *Anderson* litigation, the $500,000 was paid to the Estate.  Defendants provided a photocopied check made out to the administrator of the Estate, Ramona Martinez, as proof of this.  This is the last payment for $500,000 made by Greensprings.

Miller subsequently initiated this litigation, claiming Breach of Contract - Promissory Estoppel, Conversion, Fraud, and seeking Declaratory Relief and the imposition of a Constructive Trust as a result of defendants' actions and representations to Miller.  Miller now seeks the $500,000 personally (on behalf of Molly and Anne).

## Legal Analysis

**I. Standard for Granting 12(b)(6) Motion to Dismiss for Failure to State a Claim**

A motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) is viewed with disfavor and is rarely granted. *Gilligan v. Jamco. Develop. Corp.* 108 F.3d 246, 249 (9th Cir. 1997). In considering a motion to dismiss for failure to state a claim, the district court must treat all plaintiff's allegations of material fact as true, and must construe them in the light most favorable to the plaintiff. *Maduka v. Sunrise Hosp.*, 375 F.3d 909, 911 (9th Cir. 2004). However, the court is not required to accept legal conclusions cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged. *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). To survive a motion to dismiss, the complaint must only allege sufficient facts to support a "claim for relief that is plausible on its face." *Bell Atlantic Corp v. Twombly,* 127 S.Ct. 1955, 1974 (2007).

Dismissals for failure to state a claim under FRCP 12(b)(6) should be without prejudice to the plaintiff's ability to file an amended pleading. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 701 (9th Cir 1988). A district court should grant leave to amend if it appears at all possible that the plaintiff can correct the defect. *Id.* Indeed, the court should grant leave to amend even if the plaintiff makes no request to amend the pleading, unless the court determines that the pleading could not possibly be cured by the allegation of other facts. *Lira v. Herrera*, 427 F.3d 1164, 1169 (9th Cir. 2005). Amendment is futile only if no set of facts can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim. *Miller v. Rykoff-Sexton Inc.*, 845 F.2d 209, 214 (9th Cir. 1988).

An order dismissing a complaint for failure to state a claim and giving the plaintiff leave to amend is not a final appealable judgment. A plaintiff who chooses not to amend must file a written notice of intent not to file an amended complaint. After this notice is filed, the district court may enter an order dismissing the entire action, which order is then appealable. *Lira v. Herrera*, 427 F3d 1164, 1169 (9th Cir. 2005); *Yourish v. Cal. Amplifier*, 191 F.3d 983, 992 (9th Cir. 1999).

**II. Greensprings' and Bohn's 12(b)(6) Motions**

Each of Miller's causes of action requires a showing of damages. Miller's claim that she is entitled to the $500,000 is not supported by her complaint, which alleges an

agreement that the $500,000 be donated to a charity or charities of her choosing in the names of her children, Molly and Anne. If the money was to be given to charity under the terms of the agreement, then it was not her money and she has not suffered damages in the amount of $500,000. Miller has not satisfied the element of damages for the causes of action she brings in her complaint. Consequently, all of Miller's causes of actions are missing an essential element. Defendants' motions to dismiss for failure to state a claim upon which relief can be granted should therefore granted. Miller is granted leave to amend her complaint.

In so amending, Miller should address several points. First, Miller must explain how and why she was damaged in the amount of $500,000 if the alleged agreement with defendants was for a gift of that amount to a charity or charities. As pled, Miller has at most stated facts sufficient to show damages only if her breach of contract claim was based on a third-party donee beneficiary contract theory.

Second, Miller's breach of contract-promissory estoppel cause of action is deficient. Miller has not alleged what, if any, claims she would have had against Greensprings as a result of the decedent's gift of the house at Malcomb Ave to Greensprings. She has not alleged that the property was fraudulently obtained nor has she asserted any other basis for a claim on the Estate or against the defendants.

Also, as alleged, there does not appear to have been an enforceable agreement between the decedent and her great grandchildren for the gift of the house at 325 Malcomb Avenue, Belmont, California. Miller must explain how the decedent's apparent intent to give a gift to Anne and Molly provides Miller with grounds to bring a claim against either Greensprings or the Estate, or both.

Lastly, Miller may wish to further develop the factual record to explain: (1) why the $500,000 went to the Estate or, the issues in the *Anderson v. Greensprings* litigation and their relevance to this case; (2) how reliance on Defendants' representations was reasonable, specifically, that reliance on Atty. Brigg's representations (on behalf of Greensprings) was reasonable *even after* learning of the *Anderson v. Greensprings* litigation; (3) what obligations Miller has to any charities as a result of the agreement with

Defendants; (4) why the Estate is NOT an indispensable party **OR** why Defendants should not be dropped from the lawsuit altogether if it is the Estate, and not the Defendants, that is in possession of the $500,000; and (5) anything else Miller thinks is necessary to support or explain the causes of action in her amended complaint.

**III. Greensprings' 12(b)(7) motion**

Greensprings' 12(b)(7) motion to dismiss for failure to join an indispensable party (the Estate of Elsie Turchen) could also be granted on the grounds that Miller has not shown she was damaged. Miller must first establish a right to the $500,000 dollars. If Miller amends her complaint to show damages, then the 12(b)(7) motion could be addressed.

## Conclusion and Order

Defendants' motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6) is GRANTED WITH LEAVE TO AMEND. The Court does not therefore reach Greensprings' Rule 12(b)(7) motion, and denies it without prejudice.

IT IS SO ORDERED.

DATED: March 24, 2008

_____
James Larson
Chief Magistrate Judge

G:\JLALL\CHAMBERS\CASES\CIVIL\07-4776\12(b)(6),(7) order.wpd