CARLETON L. BRIGGS, SBN 117361
Law Offices of Carleton L. Briggs
3510 Unocal Place, Suite 209
Santa Rosa, CA 95403-0918
Telephone: (707) 523-2251
Facsimile: (707) 523-2253
E-mail: clbriggs@sonic.net

James E. Rice, SBN 213670
GINES & RICE
2319 Polk Street
Caldwell, Idaho 83605
Telephone: (208) 455-2302
Facsimile: (208) 377-8722
E-mail: jimrice@q.com

Attorneys for Defendant
GREENSPRINGS BAPTIST
CHRISTIAN FELLOWSHIP TRUST

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BARBARA MILLER, individually and as guardian ad litem of Molly Miller, an individual; ANNE MILLER, an individual; and ROBERT MILLER, an individual,<br><br>　　　　　Plaintiffs,<br><br>　vs.<br><br>GREENSPRINGS BAPTIST CHRISTIAN FELLOWSHIP TRUST, et al.,<br><br>　　　　　Defendants.<br>_____/ | Case No. C 07-04776 JL<br><br>DEFENDANT GREENSPRINGS' MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED [FRCP 12(b)(6)]<br><br>Date: June 4, 2008<br>Time: 9:30 a.m.<br>Courtroom: F, 15th Floor<br>Chief Magistrate Judge:<br>　　Hon. James Larson<br>Complaint filed: August 17, 2007<br>First Amended Complaint filed:<br>　　March 28, 2008<br>Trial date: None |

To all parties and their attorneys of record:

PLEASE TAKE NOTICE that on June 4, 2008, at 9:30 a.m., or as soon thereafter as the matter may be heard, in the above-entitled court, located at 450 Golden Gate Avenue, San Francisco, California, defendant Greensprings Baptist Christian

1

DEFENDANT GREENSPRINGS' MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED [FRCP 12(b)(6)]

Fellowship Trust will move the Court to dismiss the complaint against it under FRCP 12(b)(6) on the following grounds:

1. The purported claim for "breach of contract - promissory estoppel" fails to state a claim upon which relief can be granted because the promises alleged in the complaint cannot give rise to any damage claim for breach of contract by plaintiffs;

2. The purported claim for "breach of contract - promissory estoppel" fails to state a claim upon which relief can be granted because it is barred by the statute of limitations under Code of Civil Procedure § 339;

3. The purported claim for "breach of contract - promissory estoppel" fails to state a claim upon which relief can be granted because plaintiffs lack standing to bring the action as they have sustained no actual injury;

4. The purported claim for conversion fails to state a claim upon which relief can be granted because the facts alleged show that plaintiffs never owned or had any right to possess the $500,000 alleged to have been converted;

5. The purported claim for fraud fails to state a claim upon which relief can be granted because the facts alleged show that plaintiffs have not been damaged;

6. The purported claim for declaratory relief fails to state a claim upon which relief can be granted because the facts alleged show that the $500,000 does not and never did belong to plaintiffs;

7. The purported claim for a constructive trust fails to state a claim upon which relief can be granted because imposition of a constructive trust is a remedy, not a claim, the first amended complaint fails to state any underlying claim that warrants such a remedy, and it is undisputed that defendants do not possess the $500,000 upon which plaintiffs seek to impose a constructive trust;

8. The purported claim for specific performance fails to state a claim upon which relief can be granted because plaintiff seeks to recover money damages and thus

has an adequate remedy at law;

9. The purported claim for intentional interference with inheritance rights fails to state a claim upon which relief can be granted because plaintiffs cannot establish that they had any right to inherit from Elsie Turchen, and no such cause of action is recognized under the laws of California or Hawaii;

10. The purported claim for negligent interference with inheritance rights fails to state a claim upon which relief can be granted because plaintiffs cannot establish that they had any right to inherit from Elsie Turchen, and no such cause of action is recognized under the laws of California or Hawaii.

The motion will be based on this notice of motion and motion, the memorandum of points and authorities filed herewith, the accompanying request for judicial notice, and the pleadings and papers filed herein.

Dated: April 17, 2008

LAW OFFICES OF
CARLETON L. BRIGGS


/s/ Carleton L. Briggs
CARLETON L. BRIGGS
Attorneys for Defendant
GREENSPRINGS BAPTIST
CHRISTIAN FELLOWSHIP TRUST