1  CARLETON L. BRIGGS, SBN 117361
   Law Offices of Carleton L. Briggs
2  3510 Unocal Place, Suite 209
   Santa Rosa, CA 95403-0918
3  Telephone: (707) 523-2251
   Facsimile: (707) 523-2253
4  E-mail: clbriggs@sonic.net

5  James E. Rice, SBN 213670
   GINES & RICE
6  2319 Polk Street
   Caldwell, Idaho 83605
7  Telephone: (208) 455-2302
   Facsimile: (208) 377-8722
8  E-mail: jimrice@q.com

9  Attorneys for Defendant
   GREENSPRINGS BAPTIST
10 CHRISTIAN FELLOWSHIP TRUST

11            UNITED STATES DISTRICT COURT

12            NORTHERN DISTRICT OF CALIFORNIA

13 BARBARA MILLER, individually and    | Case No. C 07-04776 JL
   as guardian ad litem of Molly Miller, an
14 individual; ANNE MILLER, an         | NOTICE OF MOTION AND MOTION
   individual; and ROBERT MILLER, an   | TO DISMISS FOR FAILURE TO JOIN
15 individual,                         | AN INDISPENSABLE PARTY;
                                       | MEMORANDUM OF POINTS AND
16       Plaintiffs,                   | AUTHORITIES
                                       | [FRCP 12(b)(7)]
17    vs.

18 GREENSPRINGS BAPTIST              | Date: June 4, 2008
   CHRISTIAN FELLOWSHIP TRUST,       | Time: 9:30 a.m.
19 et al.,                           | Courtroom: F, 15th Floor
                                     | Chief Magistrate Judge:
20       Defendants.                 |          Hon. James Larson
                                     | Complaint filed: August 17, 2007
21                                   | First Amended Complaint filed:
                                     |          March 28, 2008
22 _____/      | Trial date: None

23       PLEASE TAKE NOTICE that on June 4, 2008, at 9:30 a.m., or as soon thereafter

24 as the matter may be heard, in the above-entitled court, located at 450 Golden Gate

25 Avenue, San Francisco, California, defendant Greensprings Baptist Christian Fellowship

26 Trust will move the court to dismiss the above-entitled action on the ground that the

27

28 _____
   1
   NOTICE OF MOTION AND MOTION TO DISMISS FOR FAILURE TO JOIN AN INDISPENSABLE
                 PARTY; MEMORANDUM OF POINTS AND AUTHORITIES

Estate of Elsie Turchen is a party the joinder of which is indispensable to this action's just adjudication, and that the Estate has not been made a party to it. The motion will be based on this notice of motion and motion, the memorandum of points and authorities, and the pleadings and papers filed herein.

Dated: April 17, 2008

LAW OFFICES OF
CARLETON L. BRIGGS

/s/ Carleton L. Briggs
CARLETON L. BRIGGS
Attorneys for Defendant
GREENSPRINGS BAPTIST
CHRISTIAN FELLOWSHIP TRUST

## MEMORANDUM OF POINTS AND AUTHORITIES

Plaintiffs Robert Miller; Barbara Miller, individually and as guardian ad litem for her adopted daughter Molly Miller; and Anne Miller, the natural daughter of Barbara and Robert Miller, have sued to recover, or obtain a declaration that they are entitled to, the sum of $500,000. The complaint alleges claims for breach of contract-promissory estoppel, conversion, fraud, declaratory relief, constructive trust, specific performance, intentional interference with right to inherit, and negligent interference with right to inherit. Plaintiffs' purported right to the $500,000 in question initially arose from an alleged promise by the late Elsie G. Turchen (Molly Miller's natural great-grandmother) to make a gift to plaintiffs. But since the $500,000 has been returned to the Estate of Elsie G. Turchen, the Estate is an indispensable party.

### THE ALLEGATIONS OF THE FIRST AMENDED COMPLAINT

Before her death, Elsie Turchen expressed in writing her intent to give a

1  substantial gift to Anne and Molly.  In a letter to Barbara and Robert Miller dated
2  November 23, 2000, she asked the Millers if they would "consider" a gift to Anne and
3  Molly of a house located at 325 Malcolm [sic] Avenue, Belmont, California.  The
4  complaint alleges that it was Elsie's clear intent to give the Malcolm [sic] Avenue house
5  to Anne and Molly, but Elsie died 17 days later, on December 10, 2000.  Plaintiffs do not
6  allege that the gift was completed.  First Amended Complaint ("FAC"), ¶ 37.

7  After Elsie's death, defendant Christine Dillon, who had told Barbara Miller that
8  she was the personal representative of Elsie's estate, said that Grace Parish Christian
9  Church would pay $500,000 to a charity or charities of Barbara and Robert Miller's
10 choice on Anne's and Molly's behalf.  The complaint alleges that defendant Dillon knew
11 of Elsie's intended gift to Anne and Molly and proposed the charitable payment so that
12 Anne and Molly would not make a claim against Elsie's estate.  FAC, ¶ 38.

13 On August 11, 2002, two checks totaling $500,000 were issued to First Hawaiian
14 Title Company.  The checks were issued to a title company because the Millers' chosen
15 charity, Maui Preparatory Academy, was in the process of buying real property for use as
16 a school, and the $500,000 was to be used for that purchase.  The two checks were drawn
17 on an account owned by Real Estate Trust, which plaintiffs believe is a "dba" for
18 defendant Greensprings.  The checks were signed by defendant Bohn, and "were intended
19 to be performance on the agreement by defendant Dillon (and now by Defendant
20 Greensprings) to fulfill Elsie Turchin's [sic] promise to make a gift to Anne and Molly as
21 indicated in Elsie's November 23, 2000 letter."  FAC, ¶ 39.

22 Barbara and Robert Miller later learned that there was no entity named First
23 Hawaiian Title Company, and in an October 9, 2002 letter to defendants Bohn and Dillon,
24 they asked that the checks be reissued in the name of First Hawaii Title Corporation.
25 After not hearing from Bohn and Dillon for some time, in January 2005 the Millers
26 demanded that they reissue a check to Maui Preparatory Academy.  On January 10, 2005,
27
28

defendant Bohn delivered to the Millers a cashier's check for $500,000 made out to Maui Preparatory Academy. The complaint alleges that the purpose of making the check payable to Maui Preparatory Academy "was to make a gift to the Academy on behalf of Anne and Molly." FAC, ¶¶ 39- 40.

Many months after receiving the cashier's check payable to Maui Preparatory Academy, the Millers again asked defendants Bohn and Dillon to reissue the check, this time as three checks totaling $500,000 payable to Stanford University, Seabury Hall, and West Maui Carden Academy. In a telephone conversation on August 10, 2005, defendant Bohn told Barbara Miller that it would be done the next day. FAC, ¶ 42.

At the same time, Barbara Miller wrote a letter to Carleton L. Briggs, who plaintiffs believe is a member of defendant Greensprings' board of directors, to explain why the three checks were needed instead of one. The next day, Briggs wrote back to Barbara Miller asking that the $500,000 cashier's check payable to Maui Preparatory Academy be returned because of litigation against Greensprings, Bohn, and Dillon by Penny D. Anderson, who is Elsie Turchen's granddaughter and Molly Miller's birth mother. Briggs's letter said that a motion would have to be made in the "Anderson v. Greensprings" litigation to have the checks reissued; that such a motion would be made with all possible haste; and that the $500,000 would be maintained in a separate, interest-bearing account earmarked for the three charities named by the Millers. Barbara Miller returned the cashier's check on August 16, 2005, but no motion was made to reissue the three checks and plaintiffs allege that the $500,000 was never put in a separate, interest-bearing account earmarked for the charities. FAC, ¶¶ 43-44.

**DISPOSITION OF THE $500,000**

In August 2005, Barbara Miller returned the $500,000 cashier's check payable to Maui Preparatory Academy to defendant Greensprings' attorney, Carleton L. Briggs.

4
NOTICE OF MOTION AND MOTION TO DISMISS FOR FAILURE TO JOIN AN INDISPENSABLE PARTY; MEMORANDUM OF POINTS AND AUTHORITIES

Attorney Briggs subsequently paid the $500,000 to the Estate of Elsie Turchen. FAC ¶ 44.

**COURT'S ORDER RE AMENDED COMPLAINT**

Defendants Greensprings and Donald Bohn previously moved for dismissal of the original complaint under FRCP 12(b)(6) and 12(b)(7). On March 24, 2008, the Court granted the 12(b)(6) motions and gave plaintiffs leave to amend their complaint. The Court noted that plaintiffs might wish to develop the record to explain "why the Estate is NOT and indispensable party OR why Defendants should not be dropped from the lawsuit altogether if it is the Estate, and not the Defendants, that is in possession of the $500,000." See order, 6:1-3. The Court also noted:

> Greensprings' 12(b)(7) motion to dismiss for failure to join an indispensable party (the Estate of Elsie Turchen) could also be granted on the grounds that Miller has not shown she was damaged. Miller must first establish a right to the $500,000 dollars. If Miller amends her complaint to show damages, then the 12(b)(7) motion could be addressed.

In the motion to dismiss under 12(b)(6) filed concurrently with this motion in response to plaintiffs' First Amended Complaint, defendant Greensprings demonstrates that plaintiffs have not established that they are entitled to the $500,000. Moreover, plaintiffs have failed to address the issue of why the Estate is not an indispensable party or why defendants should not be dismissed altogether, since it is now undisputed that it is the Estate that is in possession of the $500,000. Accordingly, defendants hereby renew their motion to dismiss under Rule 12(b)(7).

**ARGUMENT**

**1.     If the Estate of Elsie Turchen cannot be made a party to this action, the action should be dismissed.**

FRCP 12(b)(7) permits a defendant to challenge by pre-answer motion the complaint's failure to join persons whose presence is needed for a just adjudication of the action.  See *HS Resources, Inc. v. Wingate*, 327 F.3d 432, 438 (5th Cir. 2003). Specifically, Rule 12(b)(7) states that a defendant may move to dismiss for "failure to join a party under Rule 19." Rule 19(a) provides that a person who is subject to service of process and whose joinder will not deprive the court of subject matter jurisdiction

> shall be joined as a party in the action if (1) in the person's absence complete
> relief cannot be accorded among those already parties, or (2) the person
> claims an interest relating to the subject of the action and is so situated that
> the disposition of the action in the person's absence may (i) as a practical
> matter impair or impede the person's ability to protect that interest or (ii)
> leave any of the persons already parties subject to a substantial risk of
> incurring double, multiple, or otherwise inconsistent obligations by reason of
> the claimed interest.

If such a person has not been joined, the court must order that the person be made a party. *Ibid*.

Rule 19(b) provides that, if a person described in subdivision (a)(1)-(2) cannot be made a party (e.g., because not subject to service or because joinder would destroy the court's jurisdiction), the court must "determine whether in equity and good conscience the action should proceed among the parties before it, or should be dismissed, the absent person being thus regarded as indispensable."  It then provides a nonexclusive list of four factors for the court to consider: (1) to what extent a judgment rendered in the person's absence might be prejudicial to those already parties; (2) the extent to which the prejudice

1  can be lessened or avoided by shaping relief, protective provisions in the judgment, or
2  other measures; (3) whether a judgment rendered in the person's absence will be
3  adequate; and (4) whether the plaintiff will have an adequate remedy if the action is
4  dismissed.

5        Here, the Estate of Elsie Turchen is certainly a person described in Rule 19(a)(1)-
6  (2) that should be joined, if possible.  Plaintiffs are seeking to recover a specific,
7  identifiable fund capable of being converted,[1] and they claim that defendant Greensprings
8  holds that fund for their benefit as a constructive trustee.  But the fund has in fact been
9  returned to the Estate of Elsie Turchen.  In their amended complaint Plaintiffs
10 acknowledge that Greensprings has paid "the $500,000 that was represented by
11 Defendants to be paid to charities of the Plaintiffs' choice to the Estate of Elsie Turchen."
12 FAC ¶ 44.  Complete relief among the parties cannot be accorded in the Estate's absence,
13 and Greensprings would be subject to a substantial risk of double, inconsistent
14 obligations, i.e., paying $500,000 both to the Estate and to plaintiffs.

15       Greensprings knows of no reason why the Estate of Elsie Turchen cannot be made
16 a party, and plaintiffs Molly and Anne Miller previously have represented to this Court
17 that it can be.  See Plaintiffs' Opposition to Motion to Dismiss for Failure to Join an
18 Indispensable Party, Document 16, electronically filed on 11/15/07, page 3, lines 11-14.

19       If the plaintiffs refuse to make the Estate a party when it can be made a party, their
20 action should, in equity and good conscience, be dismissed rather than proceed in the
21 Estate's absence.

---

[1] Money generally is not subject to conversion except in cases of a specific, identifiable sum. *Haigler v. Donnelly*, 18 Cal.2d 674, 681 (1941); *Vu v. California Commerce Club, Inc.*, 58 Cal.App.4th 229, 235 (1997).

**CONCLUSION**

For all the reasons stated above, defendant Greensprings requests that the Court grant its motion to dismiss this action for failure to join an indispensable party.

Dated: April 17, 2008

Respectfully submitted,

LAW OFFICES OF
CARLETON L. BRIGGS


/s/ Carleton L. Briggs
CARLETON L. BRIGGS
Attorneys for Defendant
GREENSPRINGS BAPTIST
CHRISTIAN FELLOWSHIP TRUST