1  CARLETON L. BRIGGS, SBN 117361
   Law Offices of Carleton L. Briggs
2  3510 Unocal Place, Suite 209
   Santa Rosa, CA 95403-0918
3  Telephone: (707) 523-2251
   Facsimile: (707) 523-2253
4  E-mail: clbriggs@sonic.net

5  James E. Rice, SBN 213670
   GINES & RICE
6  2319 Polk Street
   Caldwell, Idaho 83605
7  Telephone: (208) 455-2302
   Facsimile: (208) 377-8722
8  E-mail: jimrice@q.com

9  Attorneys for Defendant
   GREENSPRINGS BAPTIST
10 CHRISTIAN FELLOWSHIP TRUST

11                UNITED STATES DISTRICT COURT

12                NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BARBARA MILLER, individually and as guardian ad litem of Molly Miller, an individual; ANNE MILLER, an individual; and ROBERT MILLER, an individual, | Case No. C 07-04776 JL |
| | DEFENDANT GREENSPRINGS' MOTION TO STRIKE ALLEGATIONS OF FIRST AMENDED COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES [FRCP 12(f)]; DECLARATION OF JAMES E. RICE |
| Plaintiffs, | |
| vs. | |
| GREENSPRINGS BAPTIST CHRISTIAN FELLOWSHIP TRUST, et al., | Date: June 4, 2008
Time: 9:30 a.m.
Courtroom: F, 15th Floor
Chief Magistrate Judge: Hon. James Larson
Complaint filed: August 17, 2007
First Amended Complaint filed: March 28, 2008 |
| Defendants. | |
| | Trial date: None |

To all parties and their attorneys of record:

   PLEASE TAKE NOTICE that on June 4, 2008, at 9:30 a.m. or as soon

thereafter as the matter may be heard, in the above-entitled court, located at 450 Golden

Gate Avenue, San Francisco, California, defendant Greensprings Baptist Christian

---
1
DEFENDANT GREENSPRINGS' MOTION TO STRIKE ALLEGATIONS OF FIRST AMENDED
COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES [FRCP 12(f)]; DECLARATION OF
JAMES E. RICE

Fellowship Trust will move the Court to strike allegations of the first amended complaint against it under FRCP 12(f) on the following grounds:

The first amended complaint adds new parties—Barbara Miller, in her individual capacity, and Robert Miller—with new claims that go far beyond the scope of the amendment permitted by the Court's order of March 24, 2008. The new plaintiffs have not sought leave of this Court to amend the complaint as provided in FRCP 15, nor have they sought leave of this Court to intervene in the case as required under FRCP 24.

The motion will be based on this notice of motion and motion, the memorandum of points and authorities filed herewith, the accompanying declaration of James E. Rice, and the pleadings and papers filed herein.

Dated: April 17, 2008                LAW OFFICES OF CARLETON L. BRIGGS

/s/ Carleton L. Briggs
CARLETON L. BRIGGS
Attorneys for Defendants
GREENSPRINGS BAPTIST
CHRISTIAN FELLOWSHIP TRUST

# MEMORANDUM OF POINTS AND AUTHORITIES

## FACTUAL BACKGROUND

Defendants Greensprings and Donald Bohn moved for dismissal of the original complaint in this matter under FRCP 12(b)(6) and 12(b)(7). On March 24, 2008, the Court granted the 12(b)(6) motions, denied the 12(b)(7) motions without prejudice, and gave plaintiffs Barbara Miller, as guardian ad litem of Molly Miller, and Anne Miller leave to amend their complaint. The Court specifically directed *these* plaintiffs to address a number of points in any amended complaint, and offered them an opportunity to "further develop the factual record" to explain other issues. See Exhibit A to Declaration of James E. Rice in support of this motion. But the Court's order did not contemplate nor address the addition of new parties plaintiff.

Plaintiffs' first amended complaint ("FAC") added Barbara Miller, in her individual capacity, and Robert Miller as new plaintiffs, together with new claims that they have suffered damages in their individual capacities. Yet Barbara Miller and Robert Miller have not consented to proceed before a magistrate on a case that has already begun and in which rulings have been made on motions. Moreover, the FAC includes additional claims by them for specific performance, intentional interference with the right to inherit, and negligent interference with the right to inherit. These amendments were done without leave of court and exceed the scope of the Court's order granting defendants' first FRCP 12(b)(6) motions with leave to amend.

## ARGUMENT

### 1. A motion to strike is proper where an amended complaint exceeds the scope of amendment permitted by the court.

FRCP 15(a) permits a party to amend its pleading once as a matter of course before being served with a responsive pleading, or within 20 days after serving the pleading if a

3

1  responsive pleading is not allowed. "In all other cases, a party may amend only with the
2  opposing party's written consent or the court's leave." FRCP 15(a)(2).
3  Rule 12(f) permits the court to order stricken from any pleading "any insufficient
4  defense or any redundant, immaterial, impertinent, or scandalous matter."
5  In *U.F.C.W. Local 56 Health & Welf. Fund v. J.D.'s Market* (D.N.J. 2007) 240
6  F.R.D. 149, a magistrate judge granted a food-workers union's motions to amend its
7  complaint to include the estate of the former principal of the retail grocers for purposes of
8  enforcing a settlement agreement. The union's amended complaint added a defendant in
9  her personal capacity, not solely in her capacity as executrix of the estate, and added two
10 completely new legal theories. Because these changes were beyond the limited scope of
11 amendment granted by the court, the amendment violated the rule on amending pleadings
12 in FRCP 15(a). *Id.* at 154. The court held that a motion to strike under FRCP 12(f) was
13 appropriate because to hold otherwise would be to essentially ignore FRCP 15(a) and the
14 rule that plaintiffs seek leave before amending a complaint. *Ibid.* Moreover, "Defendants
15 must have an opportunity to argue that Plaintiffs' proposed amendments (1) would
16 prejudice Defendants and (2) would be futile." *Ibid.* (citations omitted.) Accordingly,
17 the court ordered four counts stricken from the amended complaint. *Ibid.*
18 Similarly, plaintiffs here have clearly exceeded the scope of amendment
19 contemplated by the Court's March 24, 2008 order, and they have sought no other leave
20 of court to amend the complaint to add new parties or new legal theories. "Immaterial"
21 allegations include matters that have no bearing on the controversy before the court. See,
22 e.g., *Fantasy, Inc. v. Fogerty* (9th Cir. 1993) 984 F,2d 1524, 1527. The allegations
23 concerning new parties and new claims that have been improperly added here are
24 "immaterial" and thus should be stricken.
25 //
26 //
27

4
28 DEFENDANT GREENSPRINGS' MOTION TO STRIKE ALLEGATIONS OF FIRST AMENDED
COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES [FRCP 12(f)]; DECLARATION OF
JAMES E. RICE

1  **2.  Plaintiffs Barbara Miller, in her individual capacity, and Robert Miller have failed to seek intervention in the case as required by FRCP 24.**

FRCP 24(b)(1), which governs permissive intervention, states that "on timely motion, the court may permit anyone to intervene who has a claim or defense that shares with the main action a common question of law or fact." FRCP 24 requires plaintiffs to make a written motion to intervene that must be filed and served under FRCP Rule 5. The motion must state the grounds for intervention and be accompanied by the pleading that sets out the claim for which intervention is sought. Rule 24(c).

Plaintiffs Barbara Miller and Robert Miller have made no such motion to intervene in this case in their individual capacities. They have simply amended the complaint, without leave of this Court, to add new plaintiffs and assert damages in their individual capacities. Therefore, the Court should strike from the first amended complaint the following named plaintiffs: "Barbara Miller, individually," and "Robert Miller, an individual," together with all allegations that concern the claims of these improperly added parties.

Defendant Greensprings would respectfully ask the Court to note that the filing of a timely motion for intervention determines the commencement of the action for purposes of the statute of limitations. A complaint cannot be filed until the court approves intervention, but the court may look to the date of filing of the motion for intervention to determine whether a new claim is timely for statute of limitations purposes. See *e.g., United States v. Randall & Blake* (5th Cir. 1987) 817 F.2d 1188.

**CONCLUSION**

For the reasons set forth herein, the Court should strike from the first amended complaint the named plaintiffs "Barbara Miller, individually" and "Robert Miller, an individual," together with all allegations that concern the claims of these improperly

1 | added parties.

Dated: April 17, 2008                            LAW OFFICES OF CARLETON L. BRIGGS

/s/ Carleton L. Briggs
CARLETON L. BRIGGS
Attorneys for Defendant
GREENSPRINGS BAPTIST
CHRISTIAN FELLOWSHIP TRUST

**DECLARATION OF JAMES E. RICE**

I, James E. Rice, declare:

1. I am an attorney at law licensed to practice in the State of California and admitted to practice before this Court, and I am one of the attorneys of record for defendant Greensprings Baptist Christian Fellowship Trust in this action. The facts stated in this declaration are true of my own knowledge, and I could and would competently testify to them if called as a witness.

2. Attached to this declaration as Exhibit "A" is a true and correct copy of an order the Court issued on March 24, 2008, granting defendants' 12(b)(6) motions, denying defendants' 12(b)(7) motions without prejudice, and giving plaintiffs Barbara Miller, as guardian ad litem of Molly Miller, and Anne Miller leave to amend their complaint and directing said plaintiffs to address certain specific issues in an amended complaint.

3. I was present during the arguing of the motions. While plaintiffs' counsel represented there were new facts which he had discovered and wished to allege, there was no argument, discussion, nor request by plaintiffs of record to amend the complaint *to add new plaintiffs or new claims by new plaintiffs*, nor did the Court give its permission for

1 such amendments.

2 I declare under penalty of perjury under California law that the foregoing is true
3 and correct.

5 Dated: April 17, 2008

6 /s/ James E. Rice
JAMES E. RICE