1  JAMES H. HARTNETT, SBN 84587
   Hartnett, Smith & Associates
2  777 Marshall Street
   Redwood City, CA 94063
3  Telephone: 650-568-2820
4  Telefax:   650-568-2823

5  Attorneys for Defendant
   DONALD BOHN
6

7

8              UNITED STATES DISTRICT COURT

9              NORTHERN DISTRICT OF CALIFORNIA

10 | BARBARA MILLER, as guardian of Molly | Case No. C 07-04776 JL
11 | Miller, an individual; and ANNE MILLER, an |
   | individual,                                | DEFENDANT DONALD BOHN'S NOTICE
12 |                                            | OF MOTION AND MOTION TO DISMISS
   |              Plaintiffs,                   | FOR FAILURE TO STATE A CLAIM
13 |                                            | UPON WHICH RELIEF CAN BE
14 |       vs.                                  | GRANTED AND JOINDER IN
   |                                            | DEFENDANT GREENSPRINGS'
15 | GREENSPRINGS BAPTIST CHRISTIAN              | MOTIONS TO DISMISS AND MOTION TO
   | FELLOWSHIP TRUST, et al.,                  | STRIKE [FRCP 12(b)(6)]
16 |              Defendants.                   |
   |                                            | Date: June 5, 2008
17 |                                            | Time: 9:30 a.m.
   |                                            | Courtroom: F, 15th Floor
18 |                                            | Chief Magistrate Judge:
   |                                            |         Hon. James Larson
19 |                                            | Complaint filed: August 17, 2007
   |                                            | First Amended Complaint filed:
20 |                                            |         March 28, 2008
   |                                            | Trial date: None
21

22 To all parties and their attorneys of record:

23     PLEASE TAKE NOTICE that on June 5, 2008, at 9:30 a.m. or as soon

24 thereafter as the matter may be heard, in the above-entitled court, located at 450 Golden

25 Gate Avenue, San Francisco, California, defendant Donald Bohn shall move the Court to dismiss

26 the complaint against him under FRCP 12(b)(6) on the following grounds:

   1. The purported claim for "breach of contract - promissory estoppel"

fails to state a claim upon which relief can be granted because the promises alleged in the complaint cannot give rise to any damage claim for breach of contract by plaintiffs;

2. The purported claim for "breach of contract - promissory estoppel" fails to state a claim upon which relief can be granted because it is barred by the statute of limitations under Code of Civil Procedure § 339;

3. The purported claim for "breach of contract - promissory estoppel" fails to state a claim upon which relief can be granted because plaintiffs lack standing to bring the action as they have sustained no actual injury;

4. The purported claim for conversion fails to state a claim upon which relief can be granted because the facts alleged show that plaintiffs never owned or had any right to possess the $500,000 alleged to have been converted;

5. The purported claim for fraud fails to state a claim upon which relief can be granted because the facts alleged show that plaintiffs have not been damaged;

6. The purported claim for declaratory relief fails to state a claim upon which relief can be granted because the facts alleged show that the $500,000 does not and never did belong to plaintiffs;

7. The purported claim for a constructive trust fails to state a claim upon which relief can be granted because imposition of a constructive trust is a remedy, not a claim, the first amended complaint fails to state any underlying claim that warrants such a remedy, and it is undisputed that defendants do not possess the $500,000 upon which plaintiffs seek to impose a constructive trust;

8. The purported claim for specific performance fails to state a claim upon which relief can be granted because plaintiff seeks to recover money damages and thus has an adequate remedy at law;

9. The purported claim for intentional interference with inheritance rights fails to state a claim upon which relief can be granted because plaintiffs cannot establish that they had any right to inherit from Elsie Turchen, and no such cause of action is recognized under the laws of

1 | California or Hawaii;

2 | 10. The purported claim for negligent interference with inheritance rights fails to state a claim upon which relief can be granted because plaintiffs cannot establish that they had any right to inherit from Elsie Turchen, and no such cause of action is recognized under the laws of California or Hawaii.

6 | 11. All claims in the complaint fail as plaintiffs' lack standing.

7 | 12. All claims fail in the complaint against Donald Bohn as no facts are stated in the complaint which as a matter of law, state a claim.

The motion will be based on this Notice of Motion and Motion, the Memorandum of Points and Authorities filed herewith, and the pleadings and papers filed herein, including but not limited to defendant Greensprings' Motion to Dismiss For Failure to State a Claim Upon Which Relief Can be Granted and Memorandum of Points and Authorities in Support thereof [FRCP 12(B)(6)], Defendant Greensprings' Motion to Strike Allegations of the First Amended Complaint and Memorandum of Points and Authorities in support thereof [FRCP 12 (f)]; Notice of Motion and Motion to Dismiss for Failure to Join an Indispensable Party; Memorandum Of Points and Authorities in support thereof [FRCP 12(B)(7)] and Request for Judicial Notice in Support of Defendant Greensprings' Motion to Dismiss for Failure to State a Claim Upon Which Relief Can be Granted [FRCP 12(B)(6)].

Defendant respectfully joins in defendant Greensprings' Motion To Dismiss For Failure To State A Claim Upon Which Relief Can Be Granted [FRCP 12(B)(6)], Motion to Dismiss for Failure to Join an Indispensable Party [FRCP 12(B)(7)] and Motion to Strike [FRCP 12(f)].

April 16, 2007                                      Hartnett, Smith & Associates

_____
JAMES HARTNETT
Attorney for Defendant
DONALD BOHN

DEFENDANT DONALD BOHN'S NOTICE OF MOTION AND MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED AND JOINDER