1  CARLETON L. BRIGGS, SBN 117361
   Law Offices of Carleton L. Briggs
2  3510 Unocal Place, Suite 209
   Santa Rosa, CA 95403-0918
3  Telephone: (707) 523-2251
   Facsimile: (707) 523-2253
4  E-mail: clbriggs@sonic.net

5  James E. Rice, SBN 213670
   GINES & RICE
6  2319 Polk Street
   Caldwell, Idaho 83605
7  Telephone: (208) 455-2302
   Facsimile: (208) 377-8722
8  E-mail: jimrice@q.com

9  Attorneys for Defendant
   GREENSPRINGS BAPTIST
10 CHRISTIAN FELLOWSHIP TRUST

11              UNITED STATES DISTRICT COURT

12            NORTHERN DISTRICT OF CALIFORNIA

13 BARBARA MILLER, individually and        Case No. C 07-04776 JL
   as guardian ad litem of Molly Miller, an
14 individual; ANNE MILLER, an             REQUEST FOR JUDICIAL NOTICE IN
   individual; and ROBERT MILLER, an       SUPPORT OF DEFENDANT
15 individual,                             GREENSPRINGS' MOTION TO
                                           DISMISS FOR FAILURE TO STATE A
16              Plaintiffs,                 CLAIM UPON WHICH RELIEF CAN
                                           BE GRANTED [FRCP 12(B)(6)]
17      vs.                                _____

18 GREENSPRINGS BAPTIST                     Date:  June 4, 2008
   CHRISTIAN FELLOWSHIP TRUST,             Time:  9:30 a.m.
19 et al.,                                 Courtroom: F, 15th Floor
                                           Chief Magistrate Judge:
20              Defendants.                        Hon. James Larson
                                           Complaint filed: August 17, 2007
21                                         First Amended Complaint filed:
                                                  March 28, 2008
22 _____/        Trial date: None

23      Defendant Greensprings Baptist Christian Fellowship Trust ("Greensprings")

24 hereby requests that the Court take judicial notice, under Rule 201 of the Federal Rules of

25 Evidence, of the matters herein discussed.  A matter that is properly the subject of judicial

26 notice may be considered along with the complaint when deciding a motion to dismiss for

27

28

1  failure to state a claim under Rule 12(b)(6).  *MGIC Indem. Corp. v. Weisman,* 803 F.2d

2  500, 504 (9th Cir. 1986).  The court may take judicial notice of official records and reports

3  without converting a Rule 12(b)(6) motion into a Rule 56 motion for summary judgment.

4  *In re Colonial Mortg. Bankers Corp.,* 324 F.3d 12, 16, 19 (1st Cir. 2003).

5

6      Defendant Greensprings asks the Court to take judicial notice of the following:

7      1. The Complaint, First Amended Complaint, Second Amended Complaint, and

8  Third Amended Complaint filed in the *Anderson v. Dillon* litigation, copies of which are

9  attached as Exhibits A, B, C and D, respectively.

10

11      2. The fact that the *Anderson v. Dillon* litigation was settled and dismissed *with*

12  *prejudice.*  A copy of the dismissal is attached as Exhibit E.

13      Courts commonly take judicial notice of the contents of case files in another court.

14  See, e.g., *Taylor v. Charter Med. Corp.,* 162 F.3d 827, 828 (5th Cir. 1998).

15

16      3. The fact that a grant deed was executed on January 12, 1999, by Elsie G.

17  Turchen, as Trustee of the Penny Trust, transferring the property located at 325 Malcomb

18  Avenue, Belmont, California to Greensprings Fellowship Trust, a § 501(c)(3)

19  organization.  The document was notarized on September 19, 1999, and the deed

20  subsequently was recorded in 2005 in the office of the San Mateo County Recorder.

21  Attached hereto as Exhibit F are true and correct recorded copies of that deed and of the

22  deeds of other properties transferred by Elsie G. Turchen to Greensprings.

23      Federal Rule of Evidence 201(b) permits judicial notice of facts that are capable of

24  accurate and ready determination by resort to sources whose accuracy cannot reasonably

25  be questioned.  Judicial notice may properly be taken of grant deeds transferring property,

26  which are official records of easily verifiable accuracy.  See *Hotel Employees and Rest.,*

27

28

REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF DEFENDANT GREENSPRINGS' MOTION TO
DISMISS FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED

1    *Local 2 v. Vista Inn,* 393 F. Supp.2d 972, 978 (N.D. Cal. 2005).  Federal Rule of

2    Evidence 201(d) makes judicial notice mandatory when so requested by a party and

3    supplied with the necessary information.  *Haye v. United States,* 461 F.Supp. 1168, 1174

4    (C.D. Cal. 1978).

5         The first amended complaint alleges that the promise to pay $500,000 to a charity

6    of plaintiffs' choice was a substitute for the alleged gift Elsie Turchen offered to Molly

7    and Anne Miller by letter dated November 23, 2000, of the property located at 325

8    Malcomb Avenue, Belmont, California.  But the deed attached as part of Exhibit F

9    demonstrates that Elsie Turchen already had deeded that property to Greensprings almost

10   a year before she ever made the alleged offer to plaintiffs.

11

12        4. The fact that the notices of *lis pendens* filed on real properties in conjunction

13   with the *Anderson v. Dillon* litigation by the Estate of Ward D. Anderson III and the

14   Estate of Elsie G. Turchen (including the Malcomb Avenue property that Elsie Turchen

15   considered giving to Anne and Molly Miller) have been withdrawn.  Copies of the

16   recorded withdrawals of *lis pendens* from the properties are attached hereto as Exhibit G.

17        As discussed above, notices of *lis pendens* and their withdrawals were filed in the

18   office of the San Mateo County Recorder and are official records of easily verifiable

19   accuracy that are subject to judicial notice.

20        Plaintiffs have referred at length in their first amended complaint to matters that

21   were once at issue in the *Anderson v. Dillon* litigation.  But that litigation has been

22   settled; the claims by both estates against all defendants were dismissed with prejudice;

23   and notices of *lis pendens* filed in conjunction with that litigation were withdrawn.

24   Accordingly, the claims at issue in that case have been resolved and must be given *res*

25   *judicata* effect in this action.

26

27

28

REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF DEFENDANT GREENSPRINGS' MOTION TO
DISMISS FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED

1       5. The fact that Greensprings is a tax exempt organization.

2       Attached hereto as Exhibit H is a true and correct copy of a Letter 947 from the

3   Internal Revenue Service to Greensprings, dated September 20, 1994, stating in part: "we

4   have determined you are exempt from federal income tax under section 501(a) of the

5   Internal Revenue Code as an organization described in section 501(c)(3)."  Moreover, the

6   IRS lists Greensprings as a tax exempt organization in Publication 78, *Cumulative List of*

7   *Organizations described in Section 170(c) of the Internal Revenue Code of 1986*

8   (organizations eligible to receive charitable contributions), which is easily accessed on the

9   IRS's website.

10      Judicial notice of action by a government agency may properly be taken where the

11  action is officially published and thus ascertainable and verifiable.  *Kitty Hawk Aircargo,*

12  *Inc. v. Chao,* 418 F.3d 453, 457 & fn. 9 (5th Cir. 2005) (judicial notice properly taken of

13  union's status as certified collective bargaining representative where administrative action

14  approving certification published in official administrative agency reporter); *Island*

15  *Software & Computer Service, Inc. v. Microsoft Corp.,* 413 F.3d 257, 261 (2nd Cir. 2005)

16  (judicial notice properly taken of federal copyright registrations published in Copyright

17  Office's registry).

18      Paragraph 9 of the first amended complaint in the instant action alleges on

19  information and belief that Greensprings is a § 501(c)(3) organization but states that it is

20  not registered with the California Attorney General's Registry of Charitable Trusts,

21  apparently implying something sinister in this lack of registration.  The Attorney General

22  maintains the Registry under the Supervision of Trustees and Fundraisers for Charitable

23  Purposes Act, California Government Code § 12580 et seq.  See § 12584.  Greensprings

24  does not appear in the Registry because the Act does not apply "to any religious

25  corporation sole or other religious corporation or organization that holds property for

26  religious purposes, or to any officer, director, or trustee thereof who holds property for

27

28

REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF DEFENDANT GREENSPRINGS' MOTION TO
DISMISS FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED

1    like purposes." *Id.*, § 12583.

2        By stipulation dated April 17, 2008, served and filed herewith, the parties through

3    their counsel have agreed that the Court may take judicial notice of the documents listed

4    above in Exhibits A, B, C, D, E, F, G and H.

5

6        Defendant Greensprings also requests that the Court take judicial notice of the

7    following:

8        6. A letter, produced in initial disclosures by plaintiffs, dated November 14, 2004

9    from plaintiffs "Bob & Barbara Miller On [sic] Behalf of Molly Miller" to Christine

10    Dillon and Don Bohn, directing them "to issue a check in the amount of $500,000

11    payable to Maui Preparatory Academy c/o Molly Miller."  A copy is attached as Exhibit

12    I.

13        Paragraph 40 of plaintiffs' first amended complaint states that "Mr. and Mrs.

14    Miller wrote to Bohn and Dillon still believing that they had the authority to issue checks

15    for this purpose.  Thereafter, on January 10, 2005, a cashier's check was delivered by

16    Defendant Greensprings to Mr. and Mrs. Miller in the amount of $500,000 made out to

17    Maui Preparatory academy, exactly as directed by the Millers."

18        This reference to the fact that plaintiffs wrote to Bohn and Dillon and "directed"

19    them as to the issuance of a check for $500,000 is a reference to the November 14, 2004

20    letter.  Since it was written by and to persons who are parties to this action, its

21    authenticity is easily verifiable.  A matter that is properly the subject of judicial notice

22    may be considered along with the complaint when deciding a motion to dismiss for

23    failure to state a claim under Rule 12(b)(6). *MGIC Indem. Corp. v. Weisman*, 803 F.2d

24    500, 504 (9th Cir. 1986).

25

26    //

27

28

1    7. Letter of March 20, 2007 from Seabury Hall to Robert and Barbara Miller,

2    produced by plaintiffs as supplemental initial disclosure.  A copy is attached as Exhibit J.

3    Plaintiffs Barbara and Robert Miller have added allegations that they have sustained

4    damages of $200,000, because, in reliance upon their expectation of receiving $500,000

5    from Greensprings, Barbara and Robert Miller pledged a gift of $200,000 to Seabury

6    Hall, and that Seabury Hall is now pursuing collection of the Millers' pledge from them

7    personally.  FAC, ¶ 45.  They further allege that "on March 20, 2007, Seabury Hall began

8    pursuit of the payment of the pledge by Barbara Miller and Robert Miller."  FAC ¶ 57.

9    These are references to the letter from Seabury Hall, which seems to indicate that the

10   pledge in fact was made not by Barbara and Robert Miller but by the Miller Family

11   Foundation.

12

13   8. Last Will and Testament of Elsie Turchen.  Plaintiffs allege on information and

14   belief that Elsie Turchen "left no last will and testament."  FAC ¶ 18.  However, plaintiffs

15   were provided by defendant Greensprings with a copy of the Last Will and Testament of

16   Elsie G. Turchen in initial disclosures.  A copy is attached hereto as Exhibit K.

17

18   Dated: April 17, 2008                              Respectfully submitted,

19                                                      LAW OFFICES OF
                                                        CARLETON L. BRIGGS
20

21                                                      /s/ Carleton L. Briggs
22                                                      CARLETON L. BRIGGS
                                                        Attorneys for Defendant
23                                                      GREENSPRINGS BAPTIST
                                                        CHRISTIAN FELLOWSHIP TRUST
24

25

26

27

28

6

REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF DEFENDANT GREENSPRINGS' MOTION TO
DISMISS FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED