P. TERRY ANDERLINI, ESQ. (State Bar No. 044783)
MERRILL G. EMERICK, ESQ. (State Bar No. 117248)
ANDERLINI, FINKELSTEIN, EMERICK & SMOOT
400 South El Camino Real, Suite 700
San Mateo, California 94402
Telephone: (650) 348-0102
Facsimile: (650) 348-0962

Attorneys for Plaintiff
PENNY D. ANDERSON

FILED
SAN MATEO COUNTY
MAR 18 2005
Clerk of the Superior Court
By _____
DEPUTY CLERK

**SUMMONS ISSUED**

SUPERIOR COURT OF THE STATE OF CALIFONRIA

IN THE COUNTY OF SAN MATEO - UNLIMITED JURISDICTION

| | |
|---|---|
| PENNY D. ANDERSON,<br><br>Plaintiff,<br><br>vs.<br><br>CHRISTINE DILLON, also known as BETH ANDERSON, DON BOHN and DOES ONE to FIFTY,<br><br>Defendants. | Case No. **CIV 445617**<br><br>COMPLAINT FOR FRAUD, CONSTRUCTIVE TRUST, INJUNCTIVE RELIEF, UNFAIR BUSINESS PRACTICES, FINANCIAL ELDER ABUSE, DECLARATORY RELIEF; AND FOR AN ACCOUNTING |

Plaintiff alleges:

### FIRST CAUSE OF ACTION
(Fraud)

1.    Plaintiff is one of two surviving children of Ward D. Anderson, III and one of two surviving grandchildren of Elsie Turchen.

2.    Defendant Christine Dillon, also known as Beth Anderson, is a resident of San Mateo County, California.

3.    Defendant Don Bohn is a resident of San Francisco, California, who does business in San Mateo County, California.

1

COMPLAINT

4.  Plaintiff is ignorant of the true names and capacities of the defendants sued herein as Does One through Fifty inclusive, and therefore sues them under their fictitious names. Plaintiff is informed and believes and thereon alleges that each of the defendants so designated was the agent or employee of each of the other defendants and was acting in the course and scope of their agency or employment. Plaintiff is further informed and believes and thereon alleges that each of the defendants is responsible in some manner for the loss or damage sustained by plaintiff as alleged herein.

5.  On or prior to the death of Ward D. Anderson, III, on or about January 12, 1998, Ward D. Anderson, III, individually or with this mother, Elsie Turchen, owned certain real property and improvements in San Mateo County, California, including but not limited to real property located 12170 Skyline Boulevard, Woodside, California; 773 El Cerrito Avenue, Hillsborough, California; 789 El Camino Real, Burlingame, California; 1509 Willow Avenue, Burlingame, California; 501 N. El Camino Real, San Mateo, California; 20-24 S. El Dorado, San Mateo, California; 1449 Dakota Avenue, San Mateo, California; 1441 Dakota Avenue, San Mateo, California; 401 First Avenue, San Mateo, California; 47 Railroad Avenue, San Mateo, California; 620 First Avenue, San Mateo, California; 400 South "B" Street, San Mateo, California; 407 South "B" Street, San Mateo, California; 307 South Claremont, San Mateo, California; 315 South Claremont, San Mateo, California; 612-614 Tenth Avenue, San Mateo, California; 1217-1303 South Railroad Avenue, San Mateo, California; 143 South Boulevard, San Mateo, California; 149-151 South Boulevard, San Mateo, California; 69-75 21st Avenue, San Mateo, California; 4025 Beresford, San Mateo, California; 2636 Broadway, Redwood City, California; 115 Sixteenth Avenue, San Mateo, California; 1225 South "B" Street, San Mateo, California; and 1129 South "B" Street, San Mateo, California.

6. Ward D. Anderson, III also individually or with his mother, Elsie Turchen, owned or had interests in certain trust, including but not limited to The "B" Street Trust, The Beresford Trust, The Dannelle Trust, The Danny Boy Trust, The Pastner Trust, The Penny Trust, The Skyline Trust, The Ward Anderson Trust, The Willow Trust, and The El Cerrito Trust, which in turn owned various real property and improvements and other assets.

7. Plaintiff is informed and believes and thereon alleges that some or all of Ward D. Anderson, III's interest in the property and assets described in paragraphs 5 and 6 passed to or were otherwise transferred to Elsie Turchen on, before or upon the death of Ward D. Anderson, III.

8. Plaintiff is informed and believes and thereon alleges that following the death of Ward D. Anderson, III on or about January 12, 1998 up through the death of Elsie Turchen on or about December 10, 2000, defendants, and each of them, fraudulently caused Elsie Turchen to sell, transfer, convey or otherwise deliver or dispose of some or all of the property and assets described herein to themselves or third parties over whom said defendants exercised dominion or control or through the use of alter egos. In addition to purportedly befriending, while unduly influencing and deceiving Elsie Turchen, defendant Christine Dillon wrongfully held herself out as Beth Anderson, and as both Christine Dillon and Beth Anderson wrongfully held herself out as a granddaughter of Elsie Turchen when in truth and fact no such person exists and in truth and fact the only two granddaughters of Elsie Turchen are the plaintiff and her sister, Candace Anderson. Elsie Turchen had only two grandchildren, plaintiff and her sister Candace Anderson. There is not nor was there ever another granddaughter of Elsie Turchen named either Christine Dillon or Beth Anderson.

9. On or before the death of Elsie Turchen, defendant Don Bohn, acting as a notary public, notarized the signature of Elsie Turchen on many, if not all, deeds and other documents

COMPLAINT

3

that purportedly divested Elsie Turchen and ultimately plaintiff, as one of Elsie Turchen's two heirs, of and from any and all interest in the real property and other assets described herein.

10. Beginning on or about December 10, 2000, upon the death of Elsie Turchen, when defendant Christine Dillon falsely represented to the County of San Mateo that she was a granddaughter of Elsie Turchen with her business address as 407 South "B" Street, which had been the business address of Ward D. Anderson and of Elsie Turchen, to the present, defendants and each of them have owned, possessed, controlled, sold, transferred, conveyed, enjoyed, used and otherwise disposed of real and personal property and received rents and profits, all of which belonged to Ward D. Anderson, III and Elsie Turchen and each of them, and ultimately to the plaintiff as one of their two heirs, and have been or are collecting rents and receiving management fees for properties and assets they obtained falsely and fraudulently, from Ward D. Anderson, III and Elsie Turchen and each of them.

11. Plaintiff discovered the fraud and deceit of defendants and each of them within 3 years of filing this complaint.

12. As a direct and legal result of the fraud and deceit by defendants and each of them as alleged herein, plaintiff has been damaged in an amount presently unknown, but which she is informed and believes and thereon alleges is not less than $20 million representing the fair market value of the properties and assets, and the rents and profits thereon, plus pre-judgment interest thereon.

13. The acts of defendants and each of them are fraudulent and deceitful as alleged herein, entitling plaintiff to an award of punitive damages in an amount sufficient to punish defendants and each of them and make them an example.

///

COMPLAINT

4

## SECOND CAUSE OF ACTION
### (Constructive Trust)

14. Plaintiff realleges and incorporates by this reference paragraphs 1 through 13, inclusive, as though set forth in full herein.

15. By reason of the acts and omissions of defendants and each of them as alleged herein, a constructive trust should be imposed on any and all property owned, held, controlled by or in which defendants and each of them have or claim any interest and upon all such properties that have been transferred or conveyed by them for an amount equal to the fair market value of said property, and all the rents and profits received by defendants and each of them, which should have been paid to plaintiff or for plaintiff's benefit.

16. Plaintiff has no adequate remedy at law.

## THIRD CAUSE OF ACTION
### (Injunctive Relief)

17. Plaintiff realleges and incorporates by this reference paragraphs 1 through 16, inclusive, as though set forth in full herein.

18. Plaintiff is entitled to a preliminary and permanent injunction enjoining defendants and each of them from selling, transferring, conveying, disposing, secreting, hiding, destroying, encumbering or otherwise depriving plaintiff of her property rights and interest in the property, trust, and rents and profits on any and all properties described herein in which Ward D. Anderson, III and Elsie Turchen, or either of them, had or held an interest of any kind.

19. Plaintiff has no adequate remedy at law.

## FOURTH CAUSE OF ACTION
### (Unfair Business Practices)

20. Plaintiff realleges and incorporates by this reference paragraphs 1 through 19, inclusive, as though set forth in full herein.

21. By reason of the foregoing, defendants and each of them have engaged in unfair business practices in violation of Business and Professions Code Section 17200 *et seq.*, of which plaintiff is a direct victim. Plaintiff is informed and believes that defendants are on threaten to engage in unfair business practices with other individuals.

22. By reason of the foregoing, plaintiff is entitled to an order of injunctive relief, enjoining the unfair business practices as alleged herein, and for restitution for all sums received by defendants and each of them as a result of their wrongful acts concerning properties and/or trusts in which Ward D. Anderson, III and/or Elsie Turchen ever had an interest, and any and all other persons in connection with their real estate and property management practices. Plaintiff is entitled to her reasonable attorney's fees.

## FIFTH CAUSE OF ACTION
### (Financial Elder Abuse)

23. Plaintiff realleges and incorporates by this reference paragraphs 1 through 22, inclusive, as though set forth in full herein.

24. Defendants and each of them abused their fiduciary duty owed to Elsie Turchen and their position of trust reposed in them and each of them by Elsie Turchen, an elderly person who resided in San Mateo County, California, all to plaintiff's damages as alleged herein.

25. As a direct and legal result of the financial elder abuse by defendants and each of them, plaintiff has been damaged in a sum of not less than $20 million representing the fair market value of the property wrongfully transferred, secreted, conveyed, encumbered, transferred or otherwise disposed of and the rents and profits collected thereon, including management fees.

26. Plaintiff is entitled to her reasonable attorney's fees, under Welfare and Institutions Code.

27. Plaintiff is entitled to punitive damages against defendants and each of them in an amount sufficient to punish defendants and each of them and make them an example.

### SIXTH CAUSE OF ACTION
### (Appointment of a Receiver)

28. Plaintiff realleges and incorporates by this reference paragraphs 1 through 27, inclusive, as though set forth in full herein.

29. By reason of the foregoing, plaintiff is entitled to appointment of a receiver to collect all rents and profits and to marshal and receive and take possession of all properties for the benefit of the plaintiff.

### SEVENTH CAUSE OF ACTION
### (Declaratory Relief)

30. Plaintiff realleges and incorporates by this reference paragraphs 1 through 29, inclusive, as though set forth in full herein.

31. Plaintiff is entitled to a judicial declaration as to her rights and interests in any properties, trusts or other assets in which her father, Ward D. Anderson, III and/or her grandmother, Elsie Turchen, had or claimed any interest, and in particular, a declaration that the plaintiff and her sister, Candace Anderson, are the owners of any and all such properties and trusts in which Ward D. Anderson, III and Elsie Turchen had or claimed any interest.

32. Plaintiff contends that she is entitled to at least one-half of any and all property, assets and improvements in which her father and grandmother had or claimed any interest and which were wrongfully taken from her father or grandmother or both of them as alleged herein. Plaintiff is informed and believes and thereon alleges that each of the defendants denies these contentions.

33. A judicial declaration is necessary in order to determine the rights of the parties in connection with these various properties and to avoid a multiplicity of lawsuits.

## EIGHTH CAUSE OF ACTION
(Action for an Accounting)

34. Plaintiff realleges and incorporates by this reference paragraphs 1 through 33, inclusive, as though set forth in full herein.

35. The amount of money due from defendants to plaintiff is unknown to plaintiff and cannot be ascertained without a full and complete accounting of the income, expenses, profits and losses of and for all of the real properties, trusts, personal property, equity shares in which Ward D. Anderson and Elsie Turchen or either of them had an interest.

36. Plaintiff has requested an opportunity to inspect the books and records to determine what has happened to her late father's and late grandmother's interest in the properties, trust and other assets and the income derived therefrom, but defendants have failed and refused to render the accounting and pay plaintiff.

WHEREFORE, plaintiff prays for judgment as follows:

1. For actual damages of not less than $1 million;

2. For punitive damages in an amount sufficient to punish the defendants and make them an example;

3. For reasonable attorney's fees;

4. For an order imposing a constructive trust on any and all properties in which Ward D. Anderson, III or Elsie Turchen had any interest;

5. For a preliminary and permanent injunction enjoining defendants and each of them from selling, transferring, conveying, disposing, encumbering or otherwise depriving plaintiff of her property rights and interests in the properties and from the collection of rents and management fees thereon;

COMPLAINT

6. For an order of restitution requiring defendants and each of them to restore to plaintiff any and all profits, income, and other value that they have received from any and all properties in which Ward D. Anderson, III or Elsie Turchen or either of them held an interest and from any and all other similarly situated persons;

7. For a court order appointing a receiver to take possession of any and all properties and assets in which Ward D. Anderson, III or Elsie Turchen had an interest, including to receive all rents and profits thereon for the benefit of the plaintiff and to marshal all assets in which Ward D. Anderson, III or Elsie Turchen or either of them had an interest;

8. For a declaration declaring that plaintiff is entitled to at least a one-half interest in all real properties, trusts and other assets in which her father Ward D. Anderson, III and her grandmother Elsie Turchen, or either of them, held an interest and which were transferred, conveyed, held by, encumbered, secreted, or sold by defendants and each of them; and

9. For an accounting between plaintiff and defendants and for payment to plaintiff of the amount due her from defendants as a result of the accounting plus interest on that sum.

10. For such other and further relief as the court shall deem just and equitable in the premises.

Dated: March 18, 2005        ANDERLINI, FINKELSTEIN, EMERICK & SMOOT

By _____
P. TERRY ANDERLINI, ESQ.
Attorneys for Plaintiff
PENNY D. ANDERSON

COMPLAINT