1  P. Terry Anderlini (State Bar No. 044783)
   Merrill G. Emerick (State Bar No. 117248)
2  **ANDERLINI, FINKELSTEIN, EMERICK & SMOOT**
   400 South El Camino Real, Suite 700
3  San Mateo, California 94402
   Telephone: (650) 348-0102
4  Facsimile: (650) 348-0962

5  Frank M. Pitre (State Bar No. 100077)
   Barbara L. Lyons (State Bar No. 173548)
6  Ara B. Jabagchourian (State Bar No. 205777)
   **COTCHETT, PITRE, SIMON & McCARTHY**
7  840 Malcolm Road, Suite 200
   Burlingame, CA 94010
8  Telephone: (650) 697-6000

**FILED**
SAN MATEO COUNTY
DEC 2 3 2005
By _____
Clerk of the Superior Court
DEPUTY CLERK

9  Attorneys for Plaintiff
   PENNY D. ANDERSON, individually and
10 as Personal Representative of the Estate of
   Ward D. Anderson III, deceased, and of the
11 Estate of Elsie Turchen, deceased

12          **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

13       **IN THE COUNTY OF SAN MATEO - UNLIMITED JURISDICTION**

14  PENNY D. ANDERSON, individually, as      )   Case No. CIV 445617
    Personal Representative of the ESTATE OF )
15  WARD D. ANDERSON III, deceased, and      )   FIRST AMENDED COMPLAINT FOR
    as Personal Representative of the ESTATE )   FRAUD, CONVERSION, UNJUST
16  OF ELSIE TURCHEN, deceased,              )   ENRICHMENT, CONSTRUCTIVE TRUST,
                                             )   INJUNCTIVE RELIEF, FINANCIAL ELDER
17              Plaintiff,                   )   ABUSE, UNFAIR BUSINESS PRACTICES,
                                             )   APPOINTMENT OF A RECEIVER,
18          vs.                              )   DECLARATORY RELIEF, ACCOUNTING,
                                             )   AND QUIET TITLE
19  CHRISTINE MASERDOTTI DILLON, also )
    known as BETH ANDERSON, an               )
20  individual; DON BOHN, an individual;     )
    ERIC HEATH PENNINGTON, also known )
21  as ERIC HEATH, an individual;            )
    MARGARET EBERLE, an individual;          )
22  JOHN WYSE, an individual; BER            )
    MANAGEMENT, a business entity, form      )
23  unknown; GREENSPRINGS                    )   
    FELLOWSHIP TRUST, a business entity,     )
24  form unknown; THE GREENSPRINGS           )
    CHRISTIAN FELLOWSHIP CHURCH,             )
25  INC., a California corporation;  and DOES )
    SIX to FIFTY,                            )
26                                           )
                                             )
27              Defendants.                  )
    _____)

28

LAW OFFICES
COTCHETT,
PITRE, SIMON &
McCARTHY

## TABLE OF CONTENTS

I.    INTRODUCTION ................................................ 1

II.   PARTIES ..................................................... 2

      A.   PLAINTIFF ............................................. 2

      B.   DEFENDANTS ........................................... 2

      C.   AGENCY, CONSPIRACY, AND AIDING AND ABETTING ......... 4

      D.   UNNAMED PARTICIPANTS ................................ 5

III.  THE DECEDENTS .............................................. 5

IV.   THE ANDERSON AND TURCHEN "TRUSTS" ......................... 6

V.    THE ANDERSON AND TURCHEN ESTATE PROPERTIES ................ 8

      A.   Property #1: 773 El Cerrito Avenue, Hillsborough ....... 8

      B.   Property #2: 12170 Skyline Boulevard, Woodside ........ 8

      C.   Property #3: 789 El Camino Real, Burlingame ........... 9

      D.   Property #4: 1507 Willow Avenue, Burlingame ........... 9

      E.   Property #5: 501 N. El Camino Real, San Mateo ........ 10

      F.   Property #6: 611 S. El Dorado, San Mateo ............. 11

      G.   Property #7: 1449 Dakota Avenue, San Mateo ........... 11

      H.   Property #8: 1441 Dakota Avenue, San Mateo ........... 11

      I.   Property #9: 401 First Avenue, San Mateo ............. 12

      J.   Property #10: 49 S. Railroad Avenue, San Mateo ....... 12

      K.   Property #11: 620 First Avenue, San Mateo ............ 13

      L.   Property #12: 400 South "B" Street, San Mateo ........ 13

      M.   Property #13: 407 South "B" Street, San Mateo ........ 14

      N.   Property #14: 311 South Claremont, San Mateo ......... 14

      O.   Property #15: 315 South Claremont, San Mateo ......... 15

      P.   Property #16: 612-614 Tenth Avenue, San Mateo ........ 15

      Q.   Property #17: 1217 South Railroad Avenue, San Mateo .. 15

      R.   Property #18: 1301-1303 South Railroad Avenue, San Mateo ... 16

FIRST AMENDED COMPLAINT FOR FRAUD, CONVERSION, UNJUST ENRICHMENT, CONSTRUCTIVE TRUST, INJUNCTIVE RELIEF, FINANCIAL ELDER ABUSE, UNFAIR BUSINESS PRACTICES, APPOINTMENT OF A RECEIVER, DECLARATORY RELIEF, ACCOUNTING, AND QUIET TITLE

S.    Property # 19: 62 East 39th Avenue, San Mateo . . . . . . . . . . . . . . . . . . . . . . . 17

T.    Property #20: 143 - 147 South Boulevard, San Mateo . . . . . . . . . . . . . . . . . . . 17

U.    Property #21: 149-151 South Boulevard, San Mateo . . . . . . . . . . . . . . . . 18

V.    Property #22: 69-75 21st Avenue, San Mateo . . . . . . . . . . . . . . . . . . . . . . . . 18

W.    Property #23: 410 South B Street, San Mateo . . . . . . . . . . . . . . . . . . . . . . . 19

X.    Property #24: 4029 Beresford, San Mateo . . . . . . . . . . . . . . . . . . . . . . . . 19

Y.    Property #25: 2636 Broadway, Redwood City . . . . . . . . . . . . . . . . . . . . . . . 20

Z.    Property #26: 307 South Claremont Street, San Mateo . . . . . . . . . . . . . . . . . . 20

AA.   Property #27: 1225 South "B" Street, San Mateo . . . . . . . . . . . . . . . . . . . 21

BB.   Property #28: 325 Malcolm Avenue, Belmont . . . . . . . . . . . . . . . . . . . . . . . 21

CC.   Property #29: 811-813 South B Street, San Mateo . . . . . . . . . . . . . . . . . . . 22

DD.   Property #30: 22 South Humboldt Street, San Mateo . . . . . . . . . . . . . . . . . . 22

EE.   Property #31: 1229 South B Street, San Mateo . . . . . . . . . . . . . . . . . . . . . 23

FF.   Property #32: Assessor's Parcel No. 067-250-040, Unincorporated San Mateo County . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 23

GG.   Property #33: 2025 Stratford Way, San Mateo . . . . . . . . . . . . . . . . . . . . . . 24

HH.   Property #34: 101 Elm Street, San Carlos (APN 045-314-130) . . . . . . . . . . . 25

II.   Property #35: 57 McLellan Avenue, San Mateo . . . . . . . . . . . . . . . . . . . . . . 25

JJ.   Property #36: 1804 Maxine Avenue, San Mateo . . . . . . . . . . . . . . . . . . . . . 25

KK.   Property #37: 20 South Eldorado Street, San Mateo . . . . . . . . . . . . . . . . . . . 26

LL.   Other Properties . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 26

VI.   DEFENDANTS' SCHEME TO DEFRAUD ELSIE TURCHEN AND PLAINTIFF . . . 26

VII.  PLAINTIFF'S DELAYED DISCOVERY OF DEFENDANTS' FRAUDULENT SCHEME . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 39

VIII. DAMAGES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 40

IX.   FIRST CAUSE OF ACTION
      (Fraud) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 41

XI.   SECOND CAUSE OF ACTION
      (Conversion) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 42

LAW OFFICES
COTCHETT,
PITRE, SIMON &
MCCARTHY

FIRST AMENDED COMPLAINT FOR FRAUD, CONVERSION, UNJUST ENRICHMENT, CONSTRUCTIVE TRUST, INJUNCTIVE RELIEF, FINANCIAL ELDER ABUSE, UNFAIR BUSINESS PRACTICES, APPOINTMENT OF A RECEIVER, DECLARATORY RELIEF, ACCOUNTING, AND QUIET TITLE

XII.   THIRD CAUSE OF ACTION
       (Unjust Enrichment) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 43

XIII.  FOURTH CAUSE OF ACTION
       (Constructive Trust) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 43

XIV.   FIFTH CAUSE OF ACTION
       (Injunctive Relief) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 44

XV.    SIXTH CAUSE OF ACTION
       (Financial Elder Abuse) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 44

XVI.   SEVENTH CAUSE OF ACTION
       (Unfair Business Practices) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 45

XVII.  EIGHTH CAUSE OF ACTION
       (Appointment of a Receiver) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 46

XVIII. NINTH CAUSE OF ACTION
       (Declaratory Relief) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 47

XIX.   TENTH CAUSE OF ACTION
       (Accounting) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 48

XX.    ELEVENTH CAUSE OF ACTION
       (Quiet Title) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 48

XIX.   PRAYER . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 49

LAW OFFICES
COTCHETT,
PITRE, SIMON &
McCARTHY

FIRST AMENDED COMPLAINT FOR FRAUD, CONVERSION, UNJUST ENRICHMENT, CONSTRUCTIVE TRUST,
INJUNCTIVE RELIEF, FINANCIAL ELDER ABUSE, UNFAIR BUSINESS PRACTICES, APPOINTMENT OF A
RECEIVER, DECLARATORY RELIEF, ACCOUNTING, AND QUIET TITLE                                    iii

# I.

## INTRODUCTION

1.    This complaint arises out of a conspiracy to defraud Elsie Turchen, an octogenarian widow who had recently lost her only son, Ward Anderson, of over $20 million in real and personal property. Defendants ingratiated themselves with Mrs. Turchen and became intimately familiar with her business and personal affairs.  One of the Defendants, auto mechanic Eric Pennington, told Mrs. Turchen he was a "pastor."  Touting the non-existent charitable and missionary works of a fictional religious organization, he and his codefendants convinced Elsie Turchen to execute deeds purporting to convey her property, as well as property belonging to her son's estate, to the "Greensprings Fellowship Trust."

2.    Another Defendant, Christine Dillon, assumed the name "Beth Anderson," and held herself out to the world as Elsie Turchen's granddaughter.   After Elsie Turchen died, Christine Dillon concealed Defendants' fraudulent scheme from Elsie Turchen's real granddaughters – Elsie Turchen's only heirs – by falsely telling them that she was administering the estate, and by making periodic "discretionary" distributions to them.

3.    Until Plaintiff discovered the fraud in November 2004, Defendants surreptitiously collected and retained for themselves all rents on and profits from the Anderson and Turchen properties; they sold at least two of those properties, then used the funds to purchase property in other states for personal, rather than charitable uses. Not satisfied with the unlawful profits realized by their devious scheme, Defendants arranged to pay themselves management fees that total over $600,000 for overseeing the swindled properties. They have persisted to deplete estate assets despite an order from this Court to refrain from doing so.

4.    Plaintiff respectfully asks this Court to quiet title to the Anderson and Turchen properties, to require Defendants to account to her for the sums they have taken from the Anderson and Turchen estates, and to make restitution. The egregious character of the fraud committed cries out for the imposition of punitive and exemplary damages, as well.

/ / /

/ / /

LAW OFFICES
COTCHETT,
PITRE, SIMON &
MCCARTHY

FIRST AMENDED COMPLAINT FOR FRAUD, CONVERSION, UNJUST ENRICHMENT, CONSTRUCTIVE TRUST, INJUNCTIVE RELIEF, FINANCIAL ELDER ABUSE, UNFAIR BUSINESS PRACTICES, APPOINTMENT OF A RECEIVER, DECLARATORY RELIEF, ACCOUNTING, AND QUIET TITLE

1

## II.

## PARTIES

### A.    PLAINTIFF

5.    Plaintiff PENNY ANDERSON is an individual who resides in San Mateo County, California. Penny Anderson is one of two surviving children of WARD D. ANDERSON, III ("Ward Anderson") and one of two surviving grandchildren of Ward Anderson's mother ELSIE G. TURCHEN ("Elsie Turchen").

6.    This Court granted a Petition to administer the ESTATE OF WARD D. ANDERSON III on April 27, 2005. On the same day, this Court issued Letters Testamentary to Penny Anderson, authorizing her to act as Personal Representative of the estate.

7.    This Court granted a Petition to administer the ESTATE OF ELSIE TURCHEN on April 27, 2005. On the same day, this Court issued Letters Testamentary to Penny Anderson, authorizing her to act as Personal Representative of the estate.

### B.    DEFENDANTS

8.    Defendant CHRISTINE MASERDOTTI DILLON ("Dillon"), was at all relevant times a resident of San Mateo County, California. Plaintiff is informed and believes, and on that basis alleges, that Defendant Dillon holds no real estate license from the State of California. Plaintiff is informed and believes, and on that basis alleges, that during the relevant period Defendant Dillon has falsely held herself out to be "Beth Anderson," the granddaughter of Elsie Turchen.

9.    Defendant DONALD BOHN ("Bohn") is a resident of San Francisco, California. At all relevant times, Bohn has done business in San Mateo County, California. Plaintiff is informed and believes, and on that basis alleges, that Defendant Bohn holds no real estate license from the State of California.

10.    Defendant ERIC HEATH PENNINGTON, also known as ERIC HEATH ("Pennington"), is an individual who resides in San Mateo County. Defendant Pennington has participated in the fraudulent scheme that is the subject of this action by falsely holding himself out to be "Eric Heath," pastor of Defendant Greensprings Church. In fact, Pennington is the proprietor of Eric Pennington's Auto Body & Paint, located at 49 South Railroad Avenue, San Mateo,

LAW OFFICES
COTCHETT,
PITRE, SIMON &
MCCARTHY

1  California. 49 South Railroad Avenue is one of the properties that is the subject of this litigation.

2  Plaintiff is informed and believes, and on that basis alleges, that Defendant Pennington has received

3  a financial benefit from his participation in the fraudulent scheme that is the subject of this

4  Complaint.

5          11.    Plaintiff is informed and believes, and thereon alleges, that Defendant MARGARET

6  EBERLE is an individual who does business at 407 South "B" Street, San Mateo, California. In the

7  alternative, Plaintiff is informed and believes, and on that basis alleges, that there is no Margaret

8  Eberle who has or ever has had a business address of 407 South "B" Street, San Mateo, California,

9  and that Margaret Eberle is the invention of Defendants Dillon, Bohn and/or Pennington.

10          12.    Plaintiff is informed and believes, and thereon alleges, that Defendant JOHN WYSE

11  is an individual who does business at 407 South "B" Street, San Mateo, California.  In the

12  alternative, Plaintiff is informed and believes, and on that basis alleges, that there is no John Wyse

13  who has or ever has had a business address of 407 South "B" Street, San Mateo, California, and that

14  John Wyse is the invention of Defendants Dillon, Bohn and/or Pennington.

15          13.    Defendant BER Management, Inc. ("BER"), is a California corporation formed

16  November 21, 2001 and having its principal place of business at 204 East Second Avenue, Suite 303,

17  San Mateo, California 94401.  Plaintiff is informed and believes, and on that basis alleges, that

18  Defendant BER is the alter ego of Defendant BOHN. Plaintiff is informed and believes, and on that

19  basis alleges, that Defendant BER holds no real estate license from the State of California.

20          14.    Defendant GREENSPRINGS FELLOWSHIP TRUST ("Greensprings Trust") is a

21  business organization, form unknown, having its principal place of business at 407 South B Street,

22  San Mateo, California 94401.  Plaintiff is informed and believes, and on that basis alleges, that

23  Defendant Greensprings Trust claims an ownership interest in certain of the real property that is the

24  subject of this action.  Plaintiff is informed and believes, and thereon alleges, that Defendants have

25  used Greensprings Trust as a means to control the Estate Properties, to collect and misappropriate

26  the rents thereon, and to transfer Estate Properties to Greensprings Church and/or third parties.

27  Although Defendants have represented Greensprings Trust to be a 501(c)(3) charitable organization,

28  plaintiff is informed and believes, and thereupon alleges, that the foregoing representation is false.

LAW OFFICES
COTCHETT,
PITRE, SIMON &
MCCARTHY

FIRST AMENDED COMPLAINT FOR FRAUD, CONVERSION, UNJUST ENRICHMENT, CONSTRUCTIVE TRUST,
INJUNCTIVE RELIEF, FINANCIAL ELDER ABUSE, UNFAIR BUSINESS PRACTICES, APPOINTMENT OF A
RECEIVER, DECLARATORY RELIEF, ACCOUNTING, AND QUIET TITLE

3

1  Greensprings Trust is not registered with the California Attorney General's Registry of Charitable

2  Trusts, and no corporation by that name is incorporated in or qualified to do business in the State of

3  California. Plaintiff is further informed and believes, and on that basis alleges, that Defendant

4  Greensprings Trust is the alter ego of Defendant Dillon, Defendant Bohn, or both of them, and in

5  fact engages in no charitable activities whatsoever.

6      15.    Defendant THE GREENSPRINGS CHRISTIAN FELLOWSHIP CHURCH, INC.

7  ("Greensprings Church") is a California corporation formed December 7, 2001 and having its

8  principal place of business at 407 South B Street, San Mateo, California 94401. Plaintiff is further

9  informed and believes, and on that basis alleges, that Defendant Greensprings Church is the alter ego

10  of Defendant Dillon, Defendant Bohn, or both of them. Although Defendants have represented

11  Greensprings Church to be a 501(c)(3) charitable organization, based on a search of the Internal

12  Revenue Service's registry organizations eligible to receive charitable contributions, Plaintiff is

13  informed and believes that the foregoing representation is false. In addition, Plaintiff is informed

14  and believes, and thereon alleges, that Greensprings Church performs no religious or charitable work

15  whatsoever, and is merely an instrumentality of the individual Defendants' fraudulent scheme as

16  alleged herein.

17      16.    Plaintiff is ignorant of the true names and capacities of the Defendants sued herein

18  as Does Six through Fifty inclusive, and therefore sues them under their fictitious names. Plaintiff

19  is further informed and believes and thereon alleges that each of those fictitiously named Defendants

20  is responsible in some manner for the acts alleged of Defendants herein.

21  **C.    AGENCY, CONSPIRACY, AND AIDING AND ABETTING**

22      17.    At all times relevant to this Complaint, Defendants, and each of them, were acting

23  as the agents, servants, employees, joint venturers, and/or representatives of each other, and were

24  acting within the course and scope of their agency, employment and/or joint venture, with the full

25  knowledge, consent, permission, authorization and ratification, either express or implied, of each of

26  the other Defendants in performing the acts alleged in this Complaint.

27      18.    Defendants, and each of them, participated as members of a conspiracy and/or aided

28  and abetted one another in furtherance of the schemes hereinabove alleged, or to assist one another

LAW OFFICES
COTCHETT,
PITRE, SIMON &
MCCARTHY

FIRST AMENDED COMPLAINT FOR FRAUD, CONVERSION, UNJUST ENRICHMENT, CONSTRUCTIVE TRUST, INJUNCTIVE RELIEF, FINANCIAL ELDER ABUSE, UNFAIR BUSINESS PRACTICES, APPOINTMENT OF A RECEIVER, DECLARATORY RELIEF, ACCOUNTING, AND QUIET TITLE    4

1  in carrying out its purpose as alleged in this Complaint, and have performed acts and made

2  statements in furtherance of the conspiracy and in violation of California law. Each of the

3  Defendants acted both individually and in concert with the other Defendants with full knowledge

4  of their respective wrongful conduct. As such, the Defendants conspired together, building upon

5  each other's wrongdoing, in order to accomplish the acts alleged in this Complaint.

6       19.    Defendants are individually sued as principals, participants, and aiders and abettors

7  in the wrongful conduct complained of, and the liability of each arises from the fact that each has

8  engaged in the all or part of the improper acts, plans, schemes, conspiracies, or transactions

9  complained of herein.

10  **D.    UNNAMED PARTICIPANTS**

11      20.    Numerous individuals and separate business entities, participated actively during the

12  course of and in furtherance of the wrongdoings alleged, and many acts were done in the course of,

13  and in furtherance of, the conspiracy with intent to defraud. The individuals and entities acted

14  pursuant to agreement and in concert with each other. They also acted as agents for principals, in

15  order to advance the objectives of the conspiracy.

16                                      **III.**

17                               **THE DECEDENTS**

18      21.    This action concerns property of the estates of Ward Anderson and his mother Elsie

19  Turchen. Ward Anderson was Elsie Turchen's son, and was her only child. Plaintiff and her sister

20  Candace Anderson Jenkins, who lives at 43 Canal Street, Graniteville, South Carolina 29829, are

21  the only living children of Ward D. Anderson, and there are no deceased children of Ward D.

22  Anderson.

23      22.    Ward Anderson died on July 12, 1998 at the age of 64. His September 15, 1972 Last

24  Will and Testament bequeathed his entire estate to Penny Anderson, to be held in trust by Elsie

25  Turchen for her benefit until she attained 35 years of age. Penny Anderson was more than 35 years

26  of age on Ward D. Anderson's demise. Therefore, the trust terminated by its own terms immediately

27  upon Ward Anderson's death. As a result, all of Ward Anderson's estate was to pass to Plaintiff

28  Penny D. Andeson her upon her father's demise. Ward Anderson's will named Elsie Turchen the

LAW OFFICES
COTCHETT,
PITRE, SIMON &
MCCARTHY

FIRST AMENDED COMPLAINT FOR FRAUD, CONVERSION, UNJUST ENRICHMENT, CONSTRUCTIVE TRUST, INJUNCTIVE RELIEF, FINANCIAL ELDER ABUSE, UNFAIR BUSINESS PRACTICES, APPOINTMENT OF A RECEIVER, DECLARATORY RELIEF, ACCOUNTING, AND QUIET TITLE

5

1   administrator of his estate. However, Elsie Turchen was 85 years old when her son died, and she

2   never instituted probate proceedings after his death.

3       23.     Elsie Turchen died on December 10, 2000 at the age of 87. She was unmarried at the

4   time of her death. Plaintiff is informed and believes, and on that basis alleges, that Elsie Turchen

5   left no last will and testament. Therefore, upon her death, Elsie Turchen's entire estate passed by

6   intestacy to Plaintiff Penny D. Anderson and her sister Candace Anderson Jenkins in equal shares.

7                                              **IV.**

8                      **THE ANDERSON AND TURCHEN "TRUSTS"**

9       24.     Ward Anderson and Elsie Turchen owed numerous parcels of real property in San

10  Mateo County, California (individually and collectively, the "Estate Properties"). Those parcels

11  were predominantly rental properties. On information and belief, Ward Anderson made several

12  attempts to transfer those properties to family "trusts" by executing and having recorded deeds to the

13  "Beresford Trust," the "Skyline Trust," the "'B' Street Trust," the "Penny Trust," the "Willow

14  Trust," the "Danny Boy Trust" the "Dannelle Trust," the "Ward D. Anderson Trust," the "Partner

15  Trust," and/or the "El Cerrito Trust." Plaintiff is informed and believes and thereon alleges that no

16  such trusts were ever validly formed, in that: (a) instruments creating those "trusts" do not now exist

17  and never have existed; and (b) the deeds purporting to transfer the properties to Elsie Turchen in

18  trust were ineffective to create those trusts, in that they failed to name any beneficiary. As a

19  consequence, any and all ownership interest in those properties is and/or was that of Ward Anderson,

20  Elsie Turchen, or both of them.

21      25.     Plaintiff is informed and believes, and on that basis alleges, that if any trust

22  instrument forming any of the trusts described in Paragraph 24 did exist: (1) Ward Anderson was

23  a trustor; (2) Plaintiff was the beneficiary; (3) and the trusts became irrevocable on Ward Anderson's

24  death, after which no other beneficiary than Plaintiff could be named so long as one or more heirs

25  of Ward Anderson or Elsie Turchen were alive to receive distributions from the trust. Plaintiff is

26  further informed and believes that by reason of their intimate familiarity with the Anderson and

27  Turchen family's personal and business affairs, Defendants acquired knowledge of the terms of all

28  written trust instruments evidencing the formation of any of the purported trusts, and thereby falsely

LAW OFFICES
COTCHETT,
PITRE, SIMON &
MCCARTHY

FIRST AMENDED COMPLAINT FOR FRAUD, CONVERSION, UNJUST ENRICHMENT, CONSTRUCTIVE TRUST,
INJUNCTIVE RELIEF, FINANCIAL ELDER ABUSE, UNFAIR BUSINESS PRACTICES, APPOINTMENT OF A
RECEIVER, DECLARATORY RELIEF, ACCOUNTING, AND QUIET TITLE

6

1  created documents purporting to transfer title to the trust properties to themselves and/or entities that

2  they owned and/or controlled.

3       26.     Defendants contend that by deeds dated January 12, 1999, Elsie Turchen as trustee

4  transferred the real property that is the subject of this action to "Greensprings Fellowship Trust, a

5  501(c)(3) organization, Margaret Eberle, Trustee." Plaintiff is informed and believes, and thereon

6  alleges, that certain of those deeds were altered after being executed and notarized.

7       27.     Any deed executed on January 12, 1999 and purporting to convey any real property

8  to the Greensprings Trust was ineffective to convey that property to Greensprings Trust, because:

9  as of January 12, 1999, the Greensprings Trust did not exist; and/or the January 12, 1999 deeds failed

10  to name a beneficiary. Furthermore, Plaintiff is informed and believes, and on that basis alleges, that

11  Margaret Eberle, the purported trustee of the Greensprings Trust named in the January 12, 1999

12  deeds, does not exist. Without an existing grantee, each of the January 12, 1999 deeds is a nullity.

13       28.     Plaintiff is informed and believes, and on that basis alleges, that as of January 12,

14  1999, Elsie Turchen lacked the capacity to transfer the subject real property.

15       29.     Plaintiff is informed and believes, and on that basis alleges, that Elsie Turchen was

16  induced by fraud and/or deceit to execute any and all deeds dated January 12, 1999. Specifically,

17  plaintiff is informed and believes, and on that basis alleges, that Defendants Dillon, Bohn,

18  Pennington, and/or all of them, induced Elsie Turchen to execute the January 12, 1999 deeds by

19  falsely representing to her that Greensprings Trust was a charitable organization. At the time the

20  representations were made, the true facts were that: (a) neither Greensprings Trust nor Greensprings

21  Church then existed; (b) no charitable work was being done by any Greensprings entity; and/or (c)

22  Defendants were using the Greensprings name to obtain control over the Anderson and Turchen

23  properties and the proceeds thereof for their own profit. Elsie Turchen was over 65 years of age

24  when Defendants made those fraudulent misrepresentations to her for the purpose of depriving her

25  of the subject property.

26       30.     Plaintiff is informed and believes, and on that basis alleges, that as of January 12,

27  1999 Elsie Turchen was incapable of transferring title to the Anderson properties to anyone other

28  than Plaintiff Penny D. Anderson, in that pursuant to the terms of Ward Anderson's September 15,

LAW OFFICES
COTCHETT,
PITRE, SIMON &
MCCARTHY

FIRST AMENDED COMPLAINT FOR FRAUD, CONVERSION, UNJUST ENRICHMENT, CONSTRUCTIVE TRUST, INJUNCTIVE RELIEF, FINANCIAL ELDER ABUSE, UNFAIR BUSINESS PRACTICES, APPOINTMENT OF A RECEIVER, DECLARATORY RELIEF, ACCOUNTING, AND QUIET TITLE

7

1   1972 Last Will and Testament, the property had been bequeathed to Plaintiff Penny D. Anderson,

2   and Elsie Turchen had no interest therein to convey.

**V.**

**THE ANDERSON AND TURCHEN ESTATE PROPERTIES**

31.    Each of the property interests described below (individually and collectively, the "Estate Properties") was the property of either Elsie Turchen on her death, or of Ward Anderson on his death. For the reasons set forth below, no Defendant has or ever has had any ownership interest in any of Estate Properties.

**A.    Property #1: 773 El Cerrito Avenue, Hillsborough**

32.    The real property located in the County of San Mateo, State of California, commonly known as 773 El Cerrito Avenue, Hillsborough, and legally described as set forth on Exhibit 1 hereto (hereinafter, "Property #1") was Ward Anderson's home during his lifetime, and Elsie Turchen's home after his death. There were a series of intrafamilial transfers of Property #1 between May of 1983 and February of 1992. However, as of February 13, 1992, Ward Anderson was the sole owner of Property #1.

33.    By deed recorded October 31, 1994, Ward Anderson purported to gift Property #1 to Elsie G. Turchen as trustee of the El Cerrito Trust dated December 31, 1988. For the reasons set forth in Paragraph 24, above, that deed was ineffective to either create any trust, or to convey Property #1 to any trust.

34.    A deed recorded December 1, 2005 purports to show a January 12, 1999 transfer of Property #1 by Elsie Turchen, as trustee, to "Greensprings Fellowship Trust, a 501(c)(3) organization, Margaret Eberle, Trustee." For the reasons set forth in Paragraphs 25 through 30, above, no transfer of Property #1 was or could have been made by that deed.

**B.    Property #2: 12170 Skyline Boulevard, Woodside**

35.    The real property located in the County of San Mateo, State of California, commonly known as 12170 Skyline Boulevard, Woodside, and legally described as set forth on Exhibit 2 hereto (hereinafter, "Property #2") was Elsie Turchen's home prior to Ward Anderson's death. Elsie Turchen was the owner of Property #2 as of March 23, 1998.

FIRST AMENDED COMPLAINT FOR FRAUD, CONVERSION, UNJUST ENRICHMENT, CONSTRUCTIVE TRUST, INJUNCTIVE RELIEF, FINANCIAL ELDER ABUSE, UNFAIR BUSINESS PRACTICES, APPOINTMENT OF A RECEIVER, DECLARATORY RELIEF, ACCOUNTING, AND QUIET TITLE

8

36.    By deed recorded March 30, 1998, Elsie Turchen purported to gift Property #2 to Elsie G. Turchen as trustee of the"Skyline Irrt Trust 1990." For the reasons set forth in Paragraph 24, above, that deed was ineffective to either create any trust, or to convey Property #2 to any trust.

37.    A deed recorded December 1, 2005 purports to show a January 12, 1999 transfer of Property #2 by Elsie Turchen, as trustee, to "Greensprings Fellowship Trust, a 501(c)(3) organization, Margaret Eberle, Trustee." For the reasons set forth in Paragraphs 25 through 30, above, no transfer of Property #2 was or could have been made by that deed.

**C.    Property #3: 789 El Camino Real, Burlingame**

38.    Ward Anderson owned the real property located in the County of San Mateo, State of California, commonly known as 789 El Camino Real, Burlingame, and legally described as set forth on Exhibit 3 hereto (hereinafter, "Property #3") as of February 12, 1992.

39.    By deed recorded August 30, 1993, Ward Anderson purported to gift Property #3 to Elsie G. Turchen as trustee of the Willow Trust dated January 1, 1990. For the reasons set forth in Paragraph 24, above, that deed was ineffective to either create any trust, or to convey Property #3 to any trust.

40.    A deed recorded November 14, 2001 purports to show a January 12, 1999 transfer of Property #3 by Elsie Turchen, as trustee, to "Greensprings Fellowship Trust, a 501(c)(3) organization, Margaret Eberle, Trustee." For the reasons set forth in Paragraphs 25 through 30, above, no transfer of Property #3 was or could have been made by that deed. In addition, Plaintiff is informed and believes, and thereupon alleges, that the recorded deed is not the deed executed by Elsie Turchen, in that Notary Public Ann Tutino has testified that the deed was altered after it was acknowledged.

41.    Defendants sold Property #3 on or about May 11, 2002. Defendants collected and have wrongfully retained the proceeds of that sale, which belong to Plaintiff.

**D.    Property #4: 1507 Willow Avenue, Burlingame**

42.    Ward Anderson owned the real property located in the County of San Mateo, State of California, commonly known as 1507 Willow Avenue, Burlingame, and and legally described as set forth on Exhibit 4 hereto (hereinafter, "Property #4") as of February 13, 1992.

LAW OFFICES
COTCHETT,
PITRE, SIMON &
MCCARTHY

FIRST AMENDED COMPLAINT FOR FRAUD, CONVERSION, UNJUST ENRICHMENT, CONSTRUCTIVE TRUST, INJUNCTIVE RELIEF, FINANCIAL ELDER ABUSE, UNFAIR BUSINESS PRACTICES, APPOINTMENT OF A RECEIVER, DECLARATORY RELIEF, ACCOUNTING, AND QUIET TITLE                                                                 9

43.    By deed recorded August 30, 1993, Ward Anderson purported to gift Property #4 to Elsie G. Turchen as trustee of the Willow Trust dated December 31, 1988. For the reasons set forth in Paragraph 24, above, that deed was ineffective to either create any trust, or to convey Property #4 to any trust.

44.    A deed recorded October 14, 2001 purports to show a January 12, 1999 transfer of Property #4 by Elsie Turchen, as trustee, to "Greensprings Fellowship Trust, a 501(c)(3) organization, Margaret Eberle, Trustee." For the reasons set forth in Paragraphs 25 through 30, above, no transfer of Property #4 was or could have been made by that deed. In addition, Plaintiff is informed and believes, and thereupon alleges, that the recorded deed is not the deed executed by Elsie Turchen, in that Notary Public Ann Tutino has testified that the deed was altered after it was acknowledged.

45.    Defendants sold Property #4 on or about May 11, 2002. Defendants collected and have wrongfully retained the proceeds of that sale, which belong to Plaintiff.

**E.    Property #5: 501 N. El Camino Real, San Mateo**

46.    Ward Anderson owned the real property located in the County of San Mateo, State of California, commonly known as 501 N. El Camino Real, San Mateo, and legally described as set forth on Exhibit 5 hereto (hereinafter, "Property #5") as of February 13, 1992.

47.    By deed recorded August 30, 1993, Ward Anderson purported to gift Property #5 to Elsie G. Turchen as trustee of the Ward D. Anderson Trust dated December 31, 1988. For the reasons set forth in Paragraph 24, above, that deed was ineffective to either create any trust, or to convey Property #5 to any trust.

48.    A deed recorded December 1, 2005 purports to show a January 12, 1999 transfer of Property #5 by Elsie Turchen, as trustee, to "Greensprings Fellowship Trust, a 501(c)(3) organization, Margaret Eberle, Trustee." For the reasons set forth in Paragraphs 25 through 30, above, no transfer of Property #5 was or could have been made by that deed.

/ / /

/ / /

/ / /

LAW OFFICES
COTCHETT,
PITRE, SIMON &
MCCARTHY

FIRST AMENDED COMPLAINT FOR FRAUD, CONVERSION, UNJUST ENRICHMENT, CONSTRUCTIVE TRUST, INJUNCTIVE RELIEF, FINANCIAL ELDER ABUSE, UNFAIR BUSINESS PRACTICES, APPOINTMENT OF A RECEIVER, DECLARATORY RELIEF, ACCOUNTING, AND QUIET TITLE

10

**F.    Property #6: 611 S. El Dorado, San Mateo**

49.    On or about July 22, 1998, Elsie Turchen purchased the real property located in the County of San Mateo, State of California, commonly known as 611 S. El Dorado, San Mateo (hereinafter, "Property #6").

50.    Elsie Turchen owned Property #6 at the time of her death. As a result, it is now property of the Estate of Elsie Turchen.

51.    Plaintiff is informed and believes, and on that basis alleges, that at all times since July 22, 1998, Property #6 has generated rental income. Plaintiff is further informed and believes, and on that basis alleges, that beginning December 10, 2000 and continuing to the present, Defendants have collected and misappropriated that rental income, which is the property of the Estate of Elsie Turchen, for themselves.

**G.    Property #7: 1449 Dakota Avenue, San Mateo**

52.    Plaintiff is informed and believes, and on that basis alleges, that Ward Anderson owned the real property located in the County of San Mateo, State of California, commonly known as 1449 Dakota Avenue, San Mateo, and legally described as set forth on Exhibit 7 hereto (hereinafter, "Property #7") as of August 30, 1993.

53.    Plaintiff is informed and believes, and on that basis alleges, that Ward Anderson purported to gift Property #7 to Elsie G. Turchen as trustee of the Ward Anderson Trust by Grant Deed recorded August 30, 1993.

54.    A deed recorded December 1, 2005 purports to show a January 12, 1999 transfer of Property #7 by Elsie Turchen, as trustee, to "Greensprings Fellowship Trust, a 501(c)(3) organization, Margaret Eberle, Trustee." For the reasons set forth in Paragraphs 25 through 30, above, no transfer of Property #7 was or could have been made by that deed.

**H.    Property #8: 1441 Dakota Avenue, San Mateo**

55.    Ward Anderson owned the real property located in the County of San Mateo, State of California, commonly known as 1441 Dakota Avenue, San Mateo, and legally described as set forth on Exhibit 8 hereto (hereinafter, "Property #8") as of February 13, 1992.

/ / /

LAW OFFICES
COTCHETT,
PITRE, SIMON &
McCARTHY

FIRST AMENDED COMPLAINT FOR FRAUD, CONVERSION, UNJUST ENRICHMENT, CONSTRUCTIVE TRUST, INJUNCTIVE RELIEF, FINANCIAL ELDER ABUSE, UNFAIR BUSINESS PRACTICES, APPOINTMENT OF A RECEIVER, DECLARATORY RELIEF, ACCOUNTING, AND QUIET TITLE

11

56.    By deed recorded August 30, 1993, Ward Anderson purported to gift Property #8 to Elsie G. Turchen as trustee of the Ward Anderson Trust. For the reasons set forth in Paragraph 24, above, that deed was ineffective to either create any trust, or to convey Property #8 to any trust.

57.    A deed recorded December 1, 2005 purports to show a January 12, 1999 transfer of Property #8 by Elsie Turchen, as trustee, to "Greensprings Fellowship Trust, a 501(c)(3) organization, Margaret Eberle, Trustee." For the reasons set forth in Paragraphs 25 through 30, above, no transfer of Property #8 was or could have been made by that deed.

I.    **Property #9: 401 First Avenue, San Mateo**

58.    Ward Anderson owned the property located in the County of San Mateo, State of California, commonly known as 401 First Avenue, San Mateo, and legally described as set forth on Exhibit 9 hereto (hereinafter, "Property #9") as of February 13, 1992

59.    By deed recorded August 30, 1993, Ward Anderson purported to gift Property #9 to Elsie G. Turchen as trustee of the Ward D. Anderson Trust dated January 1, 1990. For the reasons set forth in Paragraph 24, above, that deed was ineffective to either create any trust, or to convey Property #9 to any trust.

60.    A deed recorded December 1, 2005 purports to show a January 12, 1999 transfer of Property #9 by Elsie Turchen, as trustee, to "Greensprings Fellowship Trust, a 501(c)(3) organization, Margaret Eberle, Trustee." For the reasons set forth in Paragraphs 25 through 30, above, no transfer of Property #9 was or could have been made by that deed.

J.    **Property #10: 49 S. Railroad Avenue, San Mateo**

61.    As of February 13, 1992, Ward Anderson owned the real property located in the County of San Mateo, State of California, commonly known as 49 S. Railroad Avenue, San Mateo, and legally described as set forth on Exhibit 10 hereto (hereinafter, "Property #10").

62.    By deed recorded August 30, 1993, Ward Anderson purported to gift Property #10 to Elsie G. Turchen as trustee of the Ward D. Anderson Trust dated January 1, 1990. For the reasons set forth in Paragraph 24, above, that deed was ineffective to either create any trust, or to convey Property #10 to any trust.

/ / /

LAW OFFICES
COTCHETT,
PITRE, SIMON &
MCCARTHY

FIRST AMENDED COMPLAINT FOR FRAUD, CONVERSION, UNJUST ENRICHMENT, CONSTRUCTIVE TRUST, INJUNCTIVE RELIEF, FINANCIAL ELDER ABUSE, UNFAIR BUSINESS PRACTICES, APPOINTMENT OF A RECEIVER, DECLARATORY RELIEF, ACCOUNTING, AND QUIET TITLE

12

63.    A deed recorded December 1, 2005 purports to show a January 12, 1999 transfer of Property #10 by Elsie Turchen, as trustee, to "Greensprings Fellowship Trust, a 501(c)(3) organization, Margaret Eberle, Trustee." For the reasons set forth in Paragraphs 25 through 30, above, no transfer of Property #10 was or could have been made by that deed.

**K.    Property #11: 620 First Avenue, San Mateo**

64.    Ward Anderson owned the real property located in the County of San Mateo, State of California, commonly known as 620 First Avenue, San Mateo, and legally described as set forth on Exhibit 11 hereto (hereinafter, "Property #11") as of February 13, 1992.

65.    By deed recorded August 30, 1993, Ward Anderson purported to gift Property #11 to Elsie G. Turchen as trustee of the Willow Trust dated January 1, 1990. For the reasons set forth in Paragraph 24, above, that deed was ineffective to either create any trust, or to convey Property #11 to any trust.

66.    A deed recorded November 14, 2001 purports to show a January 12, 1999 transfer of interest in Property #11 by Elsie Turchen, as trustee, to "Greensprings Fellowship Trust, a 501(c)(3) organization, Margaret Eberle, Trustee." For the reasons set forth in Paragraphs 25 through 30, above, no transfer of Property #11 was or could have been made by that deed. In addition, Plaintiff is informed and believes, and thereupon alleges, that the recorded deed is not the deed executed by Elsie Turchen, in that Notary Public Ann Tutino has testified that the deed was altered after it was acknowledged.

**L.    Property #12: 400 South "B" Street, San Mateo**

67.    Ward Anderson owned the real property located in the County of San Mateo, State of California, commonly known as 400 South "B" Street, San Mateo, and legally described as set forth on Exhibit 12 hereto (hereinafter, "Property #12") as of February 13, 1992.

68.    By deed recorded September 27, 1993, Ward Anderson purported to gift Property #12 to Elsie G. Turchen as trustee of the Danny Boy Trust dated January 1, 1990. For the reasons set forth in Paragraph 24, above, that deed was ineffective to either create any trust, or to convey Property #12 to any trust.

/ / /

LAW OFFICES
COTCHETT,
PITRE, SIMON &
MCCARTHY

FIRST AMENDED COMPLAINT FOR FRAUD, CONVERSION, UNJUST ENRICHMENT, CONSTRUCTIVE TRUST, INJUNCTIVE RELIEF, FINANCIAL ELDER ABUSE, UNFAIR BUSINESS PRACTICES, APPOINTMENT OF A RECEIVER, DECLARATORY RELIEF, ACCOUNTING, AND QUIET TITLE

13

69.     A deed recorded December 1, 2005 purports to show a January 12, 1999 transfer of Property #12 by Elsie Turchen, as trustee, to "Greensprings Fellowship Trust, a 501(c)(3) organization, Margaret Eberle, Trustee." For the reasons set forth in Paragraphs 25 through 30, above, no transfer of Property #12 was or could have been made by that deed.

**M.     Property #13: 407 South "B" Street, San Mateo**

70.     Ward Anderson owned the real property located in the County of San Mateo, State of California, commonly known as 407 South "B" Street, San Mateo, and legally described as set forth on Exhibit 13 hereto (hereinafter, "Property #13") as of February 13, 1992.

71.     By deed recorded June 25, 1991, Ward Anderson purported to gift Property #13 to "The B Street Trust." For the reasons set forth in Paragraph 24, above, and for the additional reason that the deed did not name a trustee, that deed was ineffective to either create any trust, or to convey Property #13 to any trust.

72.     A deed recorded December 1, 2005 purports to show a January 12, 1999 transfer of Property #13 by Elsie Turchen, as trustee, to "Greensprings Fellowship Trust, a 501(c)(3) organization, Margaret Eberle, Trustee." For the reasons set forth in Paragraphs 25 through 30, above, no transfer of Property #13 was or could have been made by that deed.

**N.     Property #14: 311 South Claremont, San Mateo**

73.     Ward Anderson owned the real property located in the County of San Mateo, State of California, commonly known as 311 South Claremont, San Mateo, and legally described as set forth on Exhibit 14 hereto (hereinafter, "Property #14") as of February 13, 1992.

74.     By deed recorded August 30, 1993, Ward Anderson purported to gift Property #14 to Elsie G. Turchen as trustee of the Ward D. Anderson Trust dated January 1, 1990. For the reasons set forth in Paragraph 24, above, that deed was ineffective to either create any trust, or to convey Property #14 to any trust.

75.     A deed recorded December 1, 2005 purports to show a January 12, 1999 transfer of Property #14 by Elsie Turchen, as trustee, to "Greensprings Fellowship Trust, a 501(c)(3) organization, Margaret Eberle, Trustee." For the reasons set forth in Paragraphs 25 through 30, above, no transfer of Property #14 was or could have been made by that deed.

⊕
LAW OFFICES
COTCHETT,
PITRE, SIMON &
MCCARTHY

FIRST AMENDED COMPLAINT FOR FRAUD, CONVERSION, UNJUST ENRICHMENT, CONSTRUCTIVE TRUST, INJUNCTIVE RELIEF, FINANCIAL ELDER ABUSE, UNFAIR BUSINESS PRACTICES, APPOINTMENT OF A RECEIVER, DECLARATORY RELIEF, ACCOUNTING, AND QUIET TITLE

14

1  **O.    Property #15: 315 South Claremont, San Mateo**

2        76.    Ward Anderson owned the real property located in the County of San Mateo, State

3  of California, commonly known as 315 South Claremont, San Mateo, and legally described as set

4  forth on Exhibit 15 hereto (hereinafter, "Property #15") as of February 13, 1992.

5        77.    By deed recorded August 30, 1993, Ward Anderson purported to gift Property #15

6  to Elsie G. Turchen as trustee of the Ward D. Anderson Trust dated January 1, 1990.  For the reasons

7  set forth in Paragraph 24, above, that deed was ineffective to either create any trust, or to convey

8  Property #15 to any trust.

9        78.    A deed recorded December 1, 2005 purports to show a January 12, 1999 transfer of

10  Property #15 by Elsie Turchen, as trustee, to "Greensprings Fellowship Trust, a 501(c)(3)

11  organization, Margaret Eberle, Trustee."  For the reasons set forth in Paragraphs 25 through 30,

12  above, no transfer of Property #15 was or could have been made by that deed.

13  **P.    Property #16: 612-614 Tenth Avenue, San Mateo**

14        79.    Ward Anderson owned the real property located in the County of San Mateo, State

15  of California, commonly known as 612-614 Tenth Avenue, San Mateo, and legally described as set

16  forth on Exhibit 16 hereto (hereinafter, "Property #16") as of February 13, 1992.

17        80.    By deed recorded June 25, 1991, Ward Anderson purported to gift Property #16 to

18  "The 'B' Street Trust."  Because the deed did not name a trustee, and for the further reasons set forth

19  in Paragraph 24, above, that deed was ineffective to either create any trust, or to convey Property #16

20  to any trust.

21        81.    A deed recorded December 1, 2005 purports to show a January 12, 1999 transfer of

22  Property #16 by Elsie Turchen, as trustee, to "Greensprings Fellowship Trust, a 501(c)(3)

23  organization, Margaret Eberle, Trustee."  For the reasons set forth in Paragraphs 25 through 30,

24  above, no transfer of Property #16 was or could have been made by that deed.

25  **Q.    Property #17: 1217 South Railroad Avenue, San Mateo**

26        82.    Ward Anderson owned a undivided one half interest in the real property located in

27  the County of San Mateo, State of California, commonly known as 1301 South Railroad Avenue,

28

LAW OFFICES
COTCHETT,
PITRE, SIMON &
MCCARTHY

FIRST AMENDED COMPLAINT FOR FRAUD, CONVERSION, UNJUST ENRICHMENT, CONSTRUCTIVE TRUST,
INJUNCTIVE RELIEF, FINANCIAL ELDER ABUSE, UNFAIR BUSINESS PRACTICES, APPOINTMENT OF A
RECEIVER, DECLARATORY RELIEF, ACCOUNTING, AND QUIET TITLE                                              15

1    San Mateo, and legally described as set forth on Exhibit 17 hereto (hereinafter, "Property #17") as

2    of February 13, 1992.

3        83.    By deed recorded September 1, 1992, Ward Anderson purported to gift his interest

4    in Property #17 to "The Partner Trust dated January 1, 1990." Because that deed did not name a

5    trustee of the Partner Trust, and for the additional reasons set forth in Paragraph 24, above, that deed

6    was ineffective to either create any trust, or to convey Ward Anderson's interest in Property #17 to

7    any trust.

8        84.    A deed recorded December 1, 2005 purports to show a January 12, 1999 transfer of

9    Ward Anderson's interest in Property #17 by Elsie Turchen, as trustee, to "Greensprings Fellowship

10   Trust, a 501(c)(3) organization, Margaret Eberle, Trustee." For the reasons set forth in Paragraphs

11   25 through 30, above, no transfer of any interest in Property #17 was or could have been made by

12   that deed.

13       85.    Plaintiff is informed and believes, and on that basis alleges, that the attempted

14   conveyance to Greensprings Trust was ineffective for the further reason that Property #17 was sold

15   on or about March 19, 2003. Plaintiff is further informed and believes, and on that basis alleges, that

16   Defendants have misappropriated the proceeds of that sale, which are the property of Plaintiff.

17   **R.    Property #18: 1301-1303 South Railroad Avenue, San Mateo**

18       86.    Ward Anderson owned a undivided one half interest in the real property located in

19   the County of San Mateo, State of California, commonly known as 1301-1303 South Railroad

20   Avenue, San Mateo, and legally described as set forth on Exhibit 18 hereto (hereinafter, "Property

21   #18") as of February 13, 1992.

22       87.    By deed recorded September 1, 1992, Ward Anderson purported to gift his interest

23   in Property #18 to "The Partner Trust dated January 1, 1990." Because that deed did not name a

24   trustee of the Partner Trust, and for the additional reasons set forth in Paragraph 24, above, that deed

25   was ineffective to either create any trust, or to convey Ward Anderson's interest in Property #18 to

26   any trust.

27       88.    A deed recorded December 1, 2005 purports to show a January 12, 1999 transfer of

28   Ward Anderson's interest in Property #18 by Elsie Turchen, as trustee, to "Greensprings Fellowship

LAW OFFICES
COTCHETT,
PITRE, SIMON &
MCCARTHY

FIRST AMENDED COMPLAINT FOR FRAUD, CONVERSION, UNJUST ENRICHMENT, CONSTRUCTIVE TRUST,
INJUNCTIVE RELIEF, FINANCIAL ELDER ABUSE, UNFAIR BUSINESS PRACTICES, APPOINTMENT OF A
RECEIVER, DECLARATORY RELIEF, ACCOUNTING, AND QUIET TITLE

16

1  Trust, a 501(c)(3) organization, Margaret Eberle, Trustee." For the reasons set forth in Paragraphs

2  25 through 30, above, no transfer of any interest in Property #18 was or could have been made by

3  that deed.

4      89.    Plaintiff is informed and believes, and on that basis alleges, that the attempted

5  conveyance to Greensprings Trust was ineffective for the further reason that Property #18 was sold

6  on or about April 1, 2003. Plaintiff is further informed and believes, and on that basis alleges, that

7  Defendants have misappropriated the proceeds of that sale, which are the property of Plaintiff.

8  **S.    Property # 19: 62 East 39th Avenue, San Mateo**

9      90.    Elsie Turchen sold an interest in the real property located in the County of San Mateo,

10  State of California, commonly known as at 62 East 39th Avenue, San Mateo and legally described

11  as set forth on Exhibit 19 (hereinafter, "Property #19") on March 30, 1999, and obtained a deed of

12  trust from the buyer, William Wakefield Gunn, Jr. Elsie Turchen's beneficial interest under that

13  deed of trust has never been validly assigned to any Defendant. Plaintiff is informed and believes,

14  and on that basis alleges, that at her death Elsie Turchen was the beneficiary of one or more

15  additional deeds of trust, none of which have been validly assigned to any Defendant.

16      91.    All proceeds of the loan secured by the deed of trust belong to Plaintiff. Plaintiff is

17  informed and believes, and on that basis alleges, that Defendants have taken those payments for their

18  own use. Defendants have neither paid any proceeds of that loan to Plaintiff nor accounted for those

19  proceeds.

20  **T.    Property #20: 143 - 147 South Boulevard, San Mateo**

21      92.    Ward Anderson owned the real property located in the County of San Mateo, State

22  of California, commonly known as 143 - 147 South Boulevard, San Mateo, and legally described as

23  set forth on Exhibits 20A and 20B hereto (hereinafter, "Property #20") as of February 13, 1992.

24      93.    By deed recorded September 27, 1993, Ward Anderson purported to gift Property #20

25  to Elsie G. Turchen as trustee of the Danny Boy Trust dated January 1, 1990. For the reasons set

26  forth in Paragraph 24, above, that deed was ineffective to either create any trust, or to convey

27  Property #20 to any trust.

28  ./ / /

LAW OFFICES
COTCHETT,
PITRE, SIMON &
MCCARTHY

FIRST AMENDED COMPLAINT FOR FRAUD, CONVERSION, UNJUST ENRICHMENT, CONSTRUCTIVE TRUST, INJUNCTIVE RELIEF, FINANCIAL ELDER ABUSE, UNFAIR BUSINESS PRACTICES, APPOINTMENT OF A RECEIVER, DECLARATORY RELIEF, ACCOUNTING, AND QUIET TITLE

94.     Two deeds recorded December 1, 2005 purports to show January 12, 1999 transfers of the parcels comprising Property #20 by Elsie Turchen, as trustee, to "Greensprings Fellowship Trust, a 501(c)(3) organization, Margaret Eberle, Trustee." For the reasons set forth in Paragraphs 25 through 30, above, no transfer of Property #20 was or could have been made by that deed.

**U.     Property #21: 149-151 South Boulevard, San Mateo**

95.     Ward Anderson owned the real property located in the County of San Mateo, State of California, commonly known as 149-151 South Boulevard, San Mateo, and legally described as set forth on Exhibit 21 hereto (hereinafter, "Property #21") as of February 12, 1992.

96.     By deed recorded September 27, 1993, Ward Anderson purported to gift Property #21 to Elsie G. Turchen as trustee of the Danny Boy Trust dated January 1, 1990. For the reasons set forth in Paragraph 24, above, that deed was ineffective to either create any trust, or to convey Property #21 to any trust.

97.     Two deeds recorded December 1, 2005 purport to show a January 12, 1999 transfer of Property #21 by Elsie Turchen, as trustee, to "Greensprings Fellowship Trust, a 501(c)(3) organization, Margaret Eberle, Trustee." For the reasons set forth in Paragraphs 25 through 30, above, no transfer of Property #21 was or could have been made by that deed.

**V.     Property #22: 69-75  21st Avenue, San Mateo**

98.     Plaintiff is informed and believes, and on that basis alleges, that Ward Anderson owned the real property located in the County of San Mateo, State of California, commonly known as 69  21st Avenue, San Mateo, and legally described as set forth on Exhibit 22 hereto (hereinafter, "Property #22") as of February 13, 1992.

99.     By deed recorded September 1, 1992, Ward Anderson purported to gift Property #22 to the Partner Trust dated January 1, 1990. Because the deed did not name a trustee, and for the reasons set forth in Paragraph 24, above, that deed was ineffective to either create any trust, or to convey Property #22 to any trust.

100.     A deed recorded December 1, 2005  purports to show a January 12, 1999 transfer of Property #22 by Elsie Turchen, as trustee, to "Greensprings Fellowship Trust, a 501(c)(3)

LAW OFFICES
COTCHETT,
PITRE, SIMON &
MCCARTHY

FIRST AMENDED COMPLAINT FOR FRAUD, CONVERSION, UNJUST ENRICHMENT, CONSTRUCTIVE TRUST, INJUNCTIVE RELIEF, FINANCIAL ELDER ABUSE, UNFAIR BUSINESS PRACTICES, APPOINTMENT OF A RECEIVER, DECLARATORY RELIEF, ACCOUNTING, AND QUIET TITLE

18

1  organization, Margaret Eberle, Trustee." For the reasons set forth in Paragraphs 25 through 30,

2  above, no transfer of Property #22 was or could have been made by that deed.

3  **W.    Property #23: 410 South B Street, San Mateo**

4      101.    Ward Anderson owned the real property located in the County of San Mateo, State

5  of California, commonly known as 410 South B Street, San Mateo, and legally described as set forth

6  on Exhibit 23 hereto (hereinafter, "Property #23") as of February 13, 1992.

7      102.    By deed recorded September 27, 1993, Ward Anderson purported to gift Property #23

8  to Elsie G. Turchen as trustee of the Danny Boy Trust dated January 1, 1990. For the reasons set

9  forth in Paragraph 24, above, that deed was ineffective to either create any trust, or to convey

10  Property #23 to any trust.

11      103.    A deed recorded December 1, 2005 purports to show a January 12, 1999 transfer of

12  Property #23 by Elsie Turchen, as trustee, to "Greensprings Fellowship Trust, a 501(c)(3)

13  organization, Margaret Eberle, Trustee." For the reasons set forth in Paragraphs 25 through 30,

14  above, no transfer of Property #23 was or could have been made by that deed.

15  **X.    Property #24: 4029 Beresford, San Mateo**

16      104.    Ward Anderson owned the real property located in the County of San Mateo, State

17  of California, commonly known as 4029 Beresford, San Mateo, as of February 12, 1992 (hereinafter,

18  "Property #24").

19      105.    By deed recorded April 13, 1993, Ward Anderson purported to gift Property #24 to

20  Elsie G. Turchen as trustee of the Beresford Trust dated December 31, 1988. For the reasons set

21  forth in Paragraph 24, above, that deed was ineffective to either create any trust, or to convey

22  Property #24 to any trust.

23      106.    A deed recorded December 1, 2005 purports to show a January 12, 1999 transfer of

24  Property #24 by Elsie Turchen, as trustee, to "Greensprings Fellowship Trust, a 501(c)(3)

25  organization, Margaret Eberle, Trustee." For the reasons set forth in Paragraphs 25 through 30,

26  above, no transfer of Property #24 was or could have been made by that deed.

27  ///

28  ///

LAW OFFICES
COTCHETT,
PITRE, SIMON &
MCCARTHY

FIRST AMENDED COMPLAINT FOR FRAUD, CONVERSION, UNJUST ENRICHMENT, CONSTRUCTIVE TRUST, INJUNCTIVE RELIEF, FINANCIAL ELDER ABUSE, UNFAIR BUSINESS PRACTICES, APPOINTMENT OF A RECEIVER, DECLARATORY RELIEF, ACCOUNTING, AND QUIET TITLE

19

1  **Y.    Property #25: 2636 Broadway, Redwood City**

2      107.    Ward Anderson owned a half interest in the real property located in the County of San

3  Mateo, State of California, commonly known as 2636 Broadway, Redwood City, and legally

4  described as set forth on Exhibit 25 hereto (hereinafter, "Property #25") as of February 13, 1992.

5      108.    By deed recorded September 1, 1992, Ward Anderson purported to gift his interest

6  in Property #25 to Elsie G. Turchen as trustee of the Partner Trust dated January 1, 1990. For the

7  reasons set forth in Paragraph 24, above, that deed was ineffective to either create any trust, or to

8  convey Property #25 to any trust.

9      109.    A deed recorded July 23, 2001 purports to show a January 12, 1999 transfer of the

10  Partner Trust's interest in Property #25 by Elsie Turchen, as trustee, to "Greensprings Fellowship

11  Trust, a 501(c)(3) organization, Margaret Eberle, Trustee." For the reasons set forth in Paragraphs

12  25 through 30, above, no transfer of Property #25 was or could have been made by that deed.

13      110.    By deed recorded January 30, 2002, Greensprings Trust purported to convey a one

14  half interest in Property #25 to Greensprings Church.

15      111.    On or about June 26, 2002, Greensprings Church purported to sell a one half interest

16  in Property #25 to John B. Lanusse and Jacqueline M. Lanusse as trustees of the Lanusse Family

17  Trust. The proceeds of that sale belong to Plaintiff. Plaintiff is informed and believes, and on that

18  basis alleges, that Defendants have wrongfully misappropriated and retained the proceeds of that

19  sale.

20  **Z.    Property #26: 307 South Claremont Street, San Mateo**

21      112.    Ward Anderson owned an undivided one half interest in the real property located in

22  the County of San Mateo, State of California, commonly known as 307-309 South Claremont Street,

23  San Mateo, and legally described as set forth on Exhibit 26 hereto (hereinafter, "Property #26") as

24  of February 13, 1992.

25      113.    By deed recorded September 1, 1992, Ward Anderson purported to gift his interest

26  in Property #26 to Elsie G. Turchen as trustee of the Partner Trust dated January 1, 1990. For the

27  reasons set forth in Paragraph 24, above, that deed was ineffective to either create any trust, or to

28  convey Property #26 to any trust.

⊛
LAW OFFICES
COTCHETT,
PITRE, SIMON &
MCCARTHY

FIRST AMENDED COMPLAINT FOR FRAUD, CONVERSION, UNJUST ENRICHMENT, CONSTRUCTIVE TRUST,
INJUNCTIVE RELIEF, FINANCIAL ELDER ABUSE, UNFAIR BUSINESS PRACTICES, APPOINTMENT OF A
RECEIVER, DECLARATORY RELIEF, ACCOUNTING, AND QUIET TITLE

20

114.    A deed recorded December 1, 2005 purports to show a January 12, 1999 transfer of Property #26 by Elsie Turchen, as trustee, to "Greensprings Fellowship Trust, a 501(c)(3) organization, Margaret Eberle, Trustee." For the reasons set forth in Paragraphs 25 through 30, above, no transfer of Property #26 was or could have been made by that deed.

115.    In addition, Plaintiff is informed and believes, and thereupon alleges, that Property #26 was sold on or about March 19, 2003, and that Defendants have wrongfully misappropriated and retained the proceeds of that sale.

**AA.    Property #27: 1225 South "B" Street, San Mateo**

116.    Plaintiff Penny Anderson owned the real property located in the County of San Mateo, State of California, commonly known as 1225 South "B" Street, San Mateo, and legally described as set forth on Exhibit 27 hereto (hereinafter, "Property #27") pursuant to a Grant Deed executed by her parents Ward D. Anderson and Patricia Anderson. On or about December 1, 1989, she was asked to and did execute a deed purporting to convey that property to "the Penny Trust." For the reasons set forth in Paragraph 24, above, that deed was ineffective to either create any trust, or to convey Property #27 to any trust. Plaintiff is informed and believes, and on that basis alleges, that if the Penny Trust existed, Ward Anderson was the sole trustor and she was the sole beneficiary, and that the trust became irrevocable upon Ward Anderson's death.

117.    Two separate deeds recorded December 2, 2005 purport to show a January 12, 1999 transfer of Property #27 by Elsie Turchen, as trustee, to "Greensprings Fellowship Trust, a 501(c)(3) organization, Margaret Eberle, Trustee." For the reasons set forth in Paragraphs 25 through 30, above, no transfer of Property #27 was or could have been made by that deed.

**BB.    Property #28: 325 Malcolm Avenue, Belmont**

118.    Ward Anderson owned the real property located in the County of San Mateo, State of California, commonly known as 325 Malcolm Avenue, Belmont, and legally described as set forth on Exhibit 28 hereto (hereinafter, "Property #28") prior to November 20, 1995.

119.    Plaintiff is informed and believes, and on that basis alleges, that on or about November 20, 1995 Ward Anderson purported to deed Property #28 to Elsie G. Turchen as trustee

⊛
LAW OFFICES
COTCHETT,
PITRE, SIMON &
MCCARTHY

FIRST AMENDED COMPLAINT FOR FRAUD, CONVERSION, UNJUST ENRICHMENT, CONSTRUCTIVE TRUST, INJUNCTIVE RELIEF, FINANCIAL ELDER ABUSE, UNFAIR BUSINESS PRACTICES, APPOINTMENT OF A RECEIVER, DECLARATORY RELIEF, ACCOUNTING, AND QUIET TITLE

21

1  of the Penny Trust, and that for the reasons set forth in Paragraph 24, above, the deed was ineffective

2  to either create any trust, or to convey Property #28 to any trust.

3       120.   A deed recorded December 1, 2005 purports to show a January 12, 1999 transfer of

4  Property #28 by Elsie Turchen, as trustee, to "Greensprings Fellowship Trust, a 501(c)(3)

5  organization, Margaret Eberle, Trustee." For the reasons set forth in Paragraphs 25 through 30,

6  above, no transfer of Property #28 was or could have been made by that deed.

7  **CC.   Property #29: 811-813 South B Street, San Mateo**

8       121.   Ward Anderson owned the real property located in the County of San Mateo, State

9  of California, commonly known as 811-813 South B Street, San Mateo and its contiguous parking,

10  and legally described as set forth on Exhibits 29A and 29B, respectively, hereto (hereinafter,

11  "Property #29") as of February 13, 1992.

12       122.   By deed recorded April 12, 1993, Ward Anderson purported to gift Property #29 to

13  Elsie G. Turchen as trustee of the Beresford Trust dated December 31, 1988. For the reasons set

14  forth in Paragraph 24, above, that deed was ineffective to either create any trust, or to convey

15  Property #29 to any trust.

16       123.   A deed recorded December 1, 2005 purports to show a January 12, 1999 transfer of

17  Property #29 by Elsie Turchen, as trustee, to "Greensprings Fellowship Trust, a 501(c)(3)

18  organization, Margaret Eberle, Trustee." For the reasons set forth in Paragraphs 25 through 30,

19  above, no transfer of Property #29 was or could have been made by that deed.

20  **DD.   Property #30: 22 South Humboldt Street, San Mateo**

21       124.   Ward Anderson purchased the real property located in the County of San Mateo, State

22  of California, commonly known as 22 South Humboldt Street, San Mateo, and legally described as

23  set forth on Exhibit 30 hereto (hereinafter, "Property #30") in the name of "The Dannelle Trust,

24  1/1/91, Ward D. Anderson, Trustee" on or about June 10, 1991. The deed did not create a trust, in

25  that it did not name any beneficiary. Plaintiff is informed and believes, and on that basis alleges, that

26  no instrument creating the Dannelle Trust existed as of June 10, 1991. Therefore, the purported

27  transfer of Property #30 to Ward Anderson in trust was in fact a transfer to Ward Anderson in fee

28  simple.

LAW OFFICES
COTCHETT,
PITRE, SIMON &
MCCARTHY

FIRST AMENDED COMPLAINT FOR FRAUD, CONVERSION, UNJUST ENRICHMENT, CONSTRUCTIVE TRUST,
INJUNCTIVE RELIEF, FINANCIAL ELDER ABUSE, UNFAIR BUSINESS PRACTICES, APPOINTMENT OF A
RECEIVER, DECLARATORY RELIEF, ACCOUNTING, AND QUIET TITLE

22

125.    A Trust Transfer Deed dated January 12, 1999, signed in the name of Elsie Turchen and recorded December 18, 2005 purports to transfer title to Property #30 to Elsie Turchen, as Trustor and Trustee of the Dannelle Trust.  Plaintiff is informed and believes, and on that basis alleges, that because there was no valid conveyance of Property #30 to any trust, the purported conveyance is equally invalid.

126.    A deed recorded December 1, 2005 purports to show a January 12, 1999 transfer of Property #30 by Elsie Turchen, as trustee, to "Greensprings Fellowship Trust, a 501(c)(3) organization, Margaret Eberle, Trustee."  For the reasons set forth in Paragraphs 25 through 30 and 121 above, no transfer of Property #30 was or could have been made by that deed.

**EE.    Property #31: 1229 South B Street, San Mateo**

127.    Plaintiff Penny Anderson owned the real property located in the County of San Mateo, State of California, commonly known as 1229 South "B" Street, San Mateo, and legally described as set forth on Exhibit 31 hereto (hereinafter, "Property #31") pursuant to a Grant Deed executed by her parents Ward D. Anderson and Patricia Anderson.  On or about December 1, 1989, she was asked to and did execute a deed purporting to convey that property to "the Penny Trust." For the reasons set forth in Paragraph 24, above, that deed was ineffective to either create any trust, or to convey Property #31 to any trust.  Plaintiff is informed and believes, and on that basis alleges, that if the Penny Trust existed, Ward Anderson was the sole trustor and she was the sole beneficiary, and that the trust became irrevocable upon Ward Anderson's death.

128.    A deed recorded December 2, 2005 purports to show a January 12, 1999 transfer of Property #31 by Elsie Turchen, as trustee, to "Greensprings Fellowship Trust, a 501(c)(3) organization, Margaret Eberle, Trustee."  For the reasons set forth in Paragraphs 25 through 30, above, no transfer of Property #31 was or could have been made by that deed.

**FF.    Property #32: Assessor's Parcel No. 067-250-040, Unincorporated San Mateo County**

129.    Ward Anderson owned the real property located in the Unincorporated Area of the County of San Mateo, State of California, identified by Assessor's Parcel No. 067-250-040 and on Exhibit 32 hereto (hereinafter, "Property #32") as of February 13, 1992.

///

LAW OFFICES
COTCHETT,
PITRE, SIMON &
MCCARTHY

FIRST AMENDED COMPLAINT FOR FRAUD, CONVERSION, UNJUST ENRICHMENT, CONSTRUCTIVE TRUST, INJUNCTIVE RELIEF, FINANCIAL ELDER ABUSE, UNFAIR BUSINESS PRACTICES, APPOINTMENT OF A RECEIVER, DECLARATORY RELIEF, ACCOUNTING, AND QUIET TITLE

23

130.    By deed recorded September 27, 1993, Ward Anderson purported to gift Property #32 to Elsie G. Turchen as trustee of the Danny Boy Trust dated January 1, 1990. For the reasons set forth in Paragraph 24, above, that deed was ineffective to either create any trust, or to convey Property #32 to any trust.

131.    Plaintiff is informed and believes, and on that basis alleges, that Property #32 was sold on or about November 9, 1999, and that Elsie Turchen, purportedly as Trustee of the Danny Boy Trust, took back a deed of trust to secure a purchase money loan on that property. Plaintiff is further informed and believes, and on that basis alleges, that beginning on or about December 10, 2000 and continuing to the present, Defendants have collected and misappropriated all payments on the loan secured by that deed of trust. Plaintiff is further informed and believes, an on that basis alleges, that the November 1999 loan was repaid in or about February 20, 2002, and that Defendants have collected and misappropriated all proceeds of that loan repayment.

**GG.    Property #33: 2025 Stratford Way, San Mateo**

132.    Plaintiff is informed and believes, and on that basis alleges, that as of January 12, 1999, either the Estate of Ward Anderson or Elsie Trustee was the true beneficiary of a deed of trust recorded in the Official Records of San Mateo County on March 21, 1997 as Instrument No. 97-045836 to secure a loan on the real property located in the County of San Mateo, State of California, commonly known as 2025 Stratford Way, San Mateo, and legally described as set forth on Exhibit 33 hereto (hereinafter, "Property #33"). Plaintiff is further informed and believes, and on that basis alleges, that beginning on or about December 10, 2000 and continuing to the present, Defendants have collected and misappropriated all payments on the loan secured by that deed of trust. Plaintiff is further informed and believes, and on that basis alleges, that the loan secured by that deed of trust was repaid on or about February 11, 2004, and that Defendants have collected and misappropriated the loan payoff proceed.

**HH.    Property #34: 101 Elm Street, San Carlos (APN 045-314-130)**

133.    Plaintiff is informed and believes, and on that basis alleges, that as of January 12, 1999, either the Estate of Ward Anderson or Elsie Trustee was the true beneficiary of a deed of trust recorded in the Official Records of San Mateo County on December 30, 1994 as Instrument No. 95-

LAW OFFICES
COTCHETT,
PITRE, SIMON &
MCCARTHY

FIRST AMENDED COMPLAINT FOR FRAUD, CONVERSION, UNJUST ENRICHMENT, CONSTRUCTIVE TRUST, INJUNCTIVE RELIEF, FINANCIAL ELDER ABUSE, UNFAIR BUSINESS PRACTICES, APPOINTMENT OF A RECEIVER, DECLARATORY RELIEF, ACCOUNTING, AND QUIET TITLE

24

1   194754 to secure a loan on the real property located in the County of San Mateo, State of California,

2   commonly known as 101 Elm Street, San Carlos and identified by Assessor's Parcel No. 045-314-

3   130 (hereinafter, "Property #34"). Plaintiff is further informed and believes, and on that basis

4   alleges, that beginning on or about December 10, 2000 and continuing to the present, Defendants

5   have collected and misappropriated all payments on the loan secured by that deed of trust. Plaintiff

6   is further informed and believes, and on that basis alleges, that the loan secured by that deed of trust

7   was repaid on or about November 14, 2001, and that Defendants have collected and misappropriated

8   all proceeds of that loan repayment.

9   **II.    Property #35: 57 McLellan Avenue, San Mateo**

10       134.    Plaintiff is informed and believes, and on that basis alleges, that as of January 12,

11  1999, either the Estate of Ward Anderson or Elsie Trustee was the true beneficiary of a deed of trust

12  recorded in the Official Records of San Mateo County on July 17, 1996 as Instrument No. 96-086283

13  to secure a loan on the real property located in the County of San Mateo, State of California,

14  commonly known as 57 McLellan Avenue, San Mateo, and legally described as set forth on Exhibit

15  35 hereto (hereinafter, "Property #35"). Plaintiff is further informed and believes, and on that basis

16  alleges, that beginning on or about December 10, 2000 and continuing to the present, Defendants

17  have collected and misappropriated all payments on the loan secured by that deed of trust. Plaintiff

18  is further informed and believes, and on that basis alleges, that the loan secured by that deed of trust

19  was repaid on or about February 11, 2004, and that Defendants have collected and misappropriated

20  all proceeds of that loan repayment.

21  **JJ.    Property #36: 1804 Maxine Avenue, San Mateo**

22       135.    Plaintiff is informed and believes, and on that basis alleges, that as of January 12,

23  1999, either the Estate of Ward Anderson or Elsie Trustee was the true beneficiary of a deed of trust

24  recorded in the Official Records of San Mateo County on June 30, 1994 as Instrument No. 94-

25  112452 to secure a loan on the real property located in the County of San Mateo, State of California,

26  commonly known as 1804 Maxine Avenue, San Mateo, and legally described as set forth on Exhibit

27  36 hereto (hereinafter, "Property #36"). Plaintiff is further informed and believes, and on that basis

28  alleges, that beginning on or about December 10, 2000 and continuing to the present, Defendants

LAW OFFICES
COTCHETT,
PITRE, SIMON &
MCCARTHY

FIRST AMENDED COMPLAINT FOR FRAUD, CONVERSION, UNJUST ENRICHMENT, CONSTRUCTIVE TRUST,
INJUNCTIVE RELIEF, FINANCIAL ELDER ABUSE, UNFAIR BUSINESS PRACTICES, APPOINTMENT OF A
RECEIVER, DECLARATORY RELIEF, ACCOUNTING, AND QUIET TITLE

25

1  have collected and misappropriated all payments on the loan secured by that deed of trust. Plaintiff

2  is further informed and believes, and on that basis alleges, that the loan secured by that deed of trust

3  was repaid on or about February 11, 2004, and that Defendants have collected and misappropriated

4  all proceeds of that loan repayment.

5  **KK.    Property #37: 20 South Eldorado Street, San Mateo**

6       136.    Plaintiff is informed and believes, and on that basis alleges, that as of January 12,

7  1999, either the Estate of Ward Anderson or Elsie Trustee was the owner of the real property situated

8  in the City of San Mateo, County of San Mateo, commonly known as 20 South Eldorado Street and

9  legally described as set forth on Exhibit 37 (hereinafter, "Property #37"). Plaintiff is further

10  informed and believes, and on that basis alleges, that Property #37 was sold to Joseph Buchinsky on

11  or about July 24, 2000. Plaintiff owns all beneficial interest under a Short Form Deed of Trust and

12  Assignment of Rents recorded July 24, 2000 as Instrument No. 2000-089694 in the Official Records

13  of San Mateo County on June 30, 1994 as Instrument No. 94-112452, executed in favor of "Elsie

14  Turchen, Trustee of the WILLOW TRUST dated January 1, 1990" to secure a loan on Property #37.

15  Plaintiff is further informed and believes, and on that basis alleges, that beginning on or about

16  December 10, 2000 and continuing to the present, Defendants have collected and misappropriated

17  all payments on the loan secured by that deed of trust.

18  **LL.    Other Properties**

19       137.    Plaintiff is informed and believes, and on that basis alleges, that Ward Anderson

20  owned other real property, including but not limited to two residential lots in Hilo, Hawaii.

21  **VI.**

22  **DEFENDANTS' SCHEME TO DEFRAUD ELSIE TURCHEN AND PLAINTIFF**

23       138.    Beginning at or before the death of Ward Anderson and continuing to this day,

24  Defendants have engaged in a scheme to misappropriate all of the assets of the estates of Ward

25  Anderson and Elsie Turchen, including, but not limited to: all rents on and proceeds of sale of the

26  Estate Properties; all bank and brokerage accounts of Elsie Turchen and Ward Anderson; and all of

27  their personal property. As of the date of the filing of this amended Complaint, Defendants continue

28  to collaborate with one another in concealing the nature, scope and extent of their scheme, including

⊕
LAW OFFICES
COTCHETT,
PITRE, SIMON &
MCCARTHY

FIRST AMENDED COMPLAINT FOR FRAUD, CONVERSION, UNJUST ENRICHMENT, CONSTRUCTIVE TRUST, INJUNCTIVE RELIEF, FINANCIAL ELDER ABUSE, UNFAIR BUSINESS PRACTICES, APPOINTMENT OF A RECEIVER, DECLARATORY RELIEF, ACCOUNTING, AND QUIET TITLE

26

1  but not limited to: the identities of all participants; the extent of all real and personal property stolen;

2  the use and/or misuse of the proceeds of their unlawful gains; and/or the continuing reliance upon

3  false and/or misleading actions and/or information as a vehicle to cover up their scheme.

4      139.    Prior to Ward Anderson's death, Elsie Turchen and Ward Anderson ran a real estate

5  and insurance business at 407 South B Street, San Mateo, California under the name "Ward

6  Anderson Realtor." The family business included the purchase and management of numerous rental

7  properties throughout San Mateo County.  On information and belief, after Ward Anderson died,

8  Elsie Turchen kept the office open and continued to collect rents and manage the family properties.

9      140.    Defendant Dillon, then known as Christine Maserdotti, introduced herself to Elsie

10  Turchen about a decade before Elsie Turchen died, at which time Elsie Turchen was approximately

11  75 years old.  Plaintiff is informed and believes, and on that basis alleges, that Dillon  held herself

12  out as a paralegal and offered her paralegal services to Elsie Turchen, who thereafter employed

13  Dillon's service in preparing deeds and other documents for the Anderson/Turchen business.

14  Plaintiff is informed and believes, and on that basis alleges, that Defendant Dillon  ingratiated herself

15  with Elsie Turchen by offering her friendship and companionship after Ward Anderson died, gained

16  the confidence of Elsie Turchen, and became privy to information about the family's personal and

17  financial affairs, including but not limited to Ward Anderson's and Elsie Turchen's extensive real

18  property holdings.  Plaintiff is informed and believes, and on that basis alleges, that Defendant Dillon

19  induced Elsie Turchen to execute the January 12, 1999 deeds by falsely representing to Elsie Turchen

20  that in so doing, Elsie Turchen would be making a charitable gift to a religious organization.

21      141.    Defendant Bohn was personally acquainted with Ward Anderson through a fraternal

22  organization to which they both belonged.  At all relevant times, Defendant Bohn worked as a

23  "gofer" and notary in the Anderson/Turchen real estate office.  As a result of that employment, he

24  was privy to detailed private information about the assets of Ward Anderson and Elsie Turchen, and

25  had access to their personal financial and real property records.  Plaintiff is informed and believes,

26  and on that basis alleges, that Defendant Dillon induced Elsie Turchen to execute the January 12,

27  1999 deeds by falsely representing to Elsie Turchen that in so doing, Elsie Turchen would be making

28  a charitable gift to a religious organization.

LAW OFFICES
COTCHETT,
PITRE, SIMON &
MCCARTHY

FIRST AMENDED COMPLAINT FOR FRAUD, CONVERSION, UNJUST ENRICHMENT, CONSTRUCTIVE TRUST,
INJUNCTIVE RELIEF, FINANCIAL ELDER ABUSE, UNFAIR BUSINESS PRACTICES, APPOINTMENT OF A
RECEIVER, DECLARATORY RELIEF, ACCOUNTING, AND QUIET TITLE

27

142.    On information and belief, Defendant Pennington also attempted to gain Elsie Turchen's confidence prior to her death by representing himself to be a clergyman. During 1997 and 1998 Defendant Pennington represented to Elsie Turchen that Greensprings Trust qualified as a charitable organization under Internal Revenue Code section 501(c)(3), that Greensprings Trust was engaged in charitable activities, and that Greensprings Trust used all of its property and income for charitable purposes. Those representations were false, in that prior to Elsie Turchen's death neither Greensprings Church nor Greensprings Trust existed, and no Defendant in this action was engaged in any charitable work whatsoever. As a result, any purported transfer of property to Greensprings Trust was void, in that: (a) it was procured by fraud; and (b) it was made to a nonexistent transferee.

143.    Plaintiff is informed and believes, and on that basis alleges, that Defendants Dillon and Bohn and Does 6-30, in furtherance of the conspiracy to divest the real property from its rightful owners, misrepresented and/or misled Elsie Turchen into the belief that the real property she and her son had amassed should be donated to a Christian charity such as Greensprings Fellowship Trust and Greensprings Fellowship Church, Inc., both of which entities Defendants represented to Elsie Turchen as being Internal Revenue Code compliant 501(c)(3) organizations engaged in good works.

144.    When Elsie Turchen died on December 10, 2000, Defendant Dillon falsely informed Dale J. Rizzo, Elsie Turchen's attending physician, that Dillon was Elsie Turchen's granddaughter "Beth Anderson." Plaintiff is informed and believes, and on that basis alleges, that Dillon made that misrepresentation to create the appearance that she was an heir of Elsie Turchen and in furtherance of Defendants' conspiracy to misappropriate all of the real and personal property of the Estate of Elsie Turchen.

145.    Within three years prior to filing this action, Defendant Dillon asserted for the first time that before her death, Elsie Turchen had donated certain real property that had belonged to either Ward Anderson or Elsie Turchen to "Greensprings Fellowship Trust." That assertion was false, in that Greensprings Fellowship Trust did not exist prior to December 10, 2000. To this day, there is no qualified 501(c)(3) organization by that name.

146.    Beginning with Elsie Turchen's death and continuing to the present day, Defendants have collected all rents on and proceeds of sale of the Estate Properties. With the exception of the

LAW OFFICES
COTCHETT,
PITRE, SIMON &
MCCARTHY

FIRST AMENDED COMPLAINT FOR FRAUD, CONVERSION, UNJUST ENRICHMENT, CONSTRUCTIVE TRUST, INJUNCTIVE RELIEF, FINANCIAL ELDER ABUSE, UNFAIR BUSINESS PRACTICES, APPOINTMENT OF A RECEIVER, DECLARATORY RELIEF, ACCOUNTING, AND QUIET TITLE

28

1  disbursements described in Paragraph 24, Defendants have kept those funds for themselves. Plaintiff

2  is further informed and believes, and thereupon alleges, that beginning in approximately 2002 and

3  continuing to the present, Defendants have deposited the proceeds of rents on Estate Properties with

4  Bank of the West in an account held in the name of Defendant Greensprings Church.

5      147.    Plaintiff is informed and believes, and on that basis alleges, that Defendants have

6  converted the proceeds of sale of Properties Nos. 3, 4, 18, 18 and 26, proceeds of loans secured by

7  deeds of trust on Properties Nos. 19, 32, 33, 34, 35, 36 and 37, as well as rental income from other

8  Estate Properties, and used them to purchase properties in other states.  In particular, plaintiff is

9  informed and believes that Defendants have used funds of the Anderson Estate, the Turchen Estate,

10  or both, to purchase the following properties:

11      (a)    Plaintiff is informed and believes, and on that basis alleges, that Defendants

12  purchased the real property commonly known as 913 South 6th Street, Cottage Grove, Oregon on or

13  about February 26, 2003, taking title in the name of Greensprings Church.

14      (b)    Plaintiff is informed and believes, and on that basis alleges, that Defendants

15  purchased the real property commonly known as 12716 Myrtle Creek Road, Myrtle Creek, Oregon

16  on or about September 2, 2003, taking title in the name of Greensprings Church.

17      (c)    Plaintiff is informed and believes, and on that basis alleges, that Defendants

18  purchased the real property commonly known as 44586 County Road 112, Limon, Colorado on or

19  about August 26, 2003, taking title in the name of Greensprings Church.

20      (d)    Plaintiff is informed and believes, and on that basis alleges, that Defendants

21  purchased the real property commonly known as 3300 Josephine, Denver, Colorado, on or about

22  January 14, 2005, taking title in the name of Greensprings Church.

23      (e)    Plaintiff is informed and believes, and on that basis alleges, that Defendants

24  purchased the real property commonly known 6351 South Peoria Street, Centennial, Colorado, on

25  or about April 29, 2005, taking title in the name of Greensprings Church.

26      (f)    Plaintiff is informed and believes, and on that basis alleges, that Defendants

27  purchased the real property commonly known as 4695 Wadsworth Blvd., Wheat Ridge, Colorado

28  on or about May 24, 2005, taking title in the name of Greensprings Church.

LAW OFFICES
COTCHETT,
PITRE, SIMON &
MCCARTHY

FIRST AMENDED COMPLAINT FOR FRAUD, CONVERSION, UNJUST ENRICHMENT, CONSTRUCTIVE TRUST,
INJUNCTIVE RELIEF, FINANCIAL ELDER ABUSE, UNFAIR BUSINESS PRACTICES, APPOINTMENT OF A
RECEIVER, DECLARATORY RELIEF, ACCOUNTING, AND QUIET TITLE

29

148.    Beginning on or before December 10, 2000 and continuing until at least August 11, 2004, Defendant Dillon has falsely held herself out to be "Beth Anderson," a granddaughter of Elsie Turchen. Plaintiff is informed and believes, and on that basis alleges, that Dillon made that misrepresentation to create the appearance that she was an heir of Elsie Turchen and in furtherance of Defendants' conspiracy to misappropriate all of the real and personal property of the Estate of Elsie Turchen.

149.    On or before June 21, 2001, Defendants executed, notarized and/or caused to be recorded as Instrument No. 2001-092984 in the Official Records of San Mateo County an "Affidavit of Death of Trustee" executed by Defendant Dillon in the name of "Beth M. Anderson" as "Successor Trustee" of the Danny Boy Trust. Defendant Bohn executed the notarial jurat, in which he stated that Beth Anderson, who does not exist, appeared before him and attested to the contents of the Affidavit. Plaintiff is informed and believes, and on that basis alleges, that Defendants executed, notarized and/or recorded the Affidavit order to further their fraudulent scheme to misappropriate the proceeds of the loan securing Plaintiff's deed of trust on Property #19.

150.    On or before June 21, 2001, Defendants executed, notarized and/or caused to be recorded as Instrument No. 2001-092985 in the Official Records of San Mateo County a Certification of Trust, executed by Dillon in the false name of "Beth Anderson" and notarized by Defendant Bohn. In that Certification of Trust, Dillon swore under penalty of perjury that The Danny Boy Trust was a valid and existing trust, that she was the trustee of the trust, and that Elsie Turchen had the power to revoke the trust, all of which statements were false. In particular, Defendant Dillon lacked any personal knowledge that would have permitted her to certify either existence of a January 1, 2000 Danny Boy Trust, or that Elsie Turchen was either the trustor or original trustee of any such trust. The statement that Elsie Turchen had the authority to revoke the trust was necessarily false, in that Elsie Turchen was then deceased. On information and belief, the sworn statement that "Beth Anderson" was the current trustee of the trust was false, in that the "Beth Anderson" referred to did not exist, and therefore could not have been appointed trustee of any trust of which either Elsie Turchen or Ward Anderson had been the trustor. Bohn furthered that fraud by providing a jurat stating that Beth Anderson, who does not exist, appeared before him and attested

LAW OFFICES
COTCHETT,
PITRE, SIMON &
MCCARTHY

FIRST AMENDED COMPLAINT FOR FRAUD, CONVERSION, UNJUST ENRICHMENT, CONSTRUCTIVE TRUST, INJUNCTIVE RELIEF, FINANCIAL ELDER ABUSE, UNFAIR BUSINESS PRACTICES, APPOINTMENT OF A RECEIVER, DECLARATORY RELIEF, ACCOUNTING, AND QUIET TITLE

30

1  to the contents of the Certification of Trust. Plaintiff is informed and believes, and on that basis

2  alleges, that Defendants recorded the fraudulent Certification of Trust in order to accomplish their

3  misappropriation of the proceeds of a payoff of a note secured by a deed of trust on Property #19.

4    151.    On or before June 21, 2001, Defendants executed, notarized and/or caused to be

5  recorded as Instrument No. 2001-092986 in the Official Records of San Mateo County a Substitution

6  of Trustee, executed by Dillon in the false name of "Beth Anderson" and notarized by Defendant

7  Bohn. In that Substitution of Trustee, Dillon falsely represented that she was the present beneficiary

8  of a March 29, 1999 Deed of Trust in favor of Elsie Turchen encumbering 62 East 39th Avenue, San

9  Mateo (Property #19), and purported to substitute "Beth M. Anderson, Successor Trustee of the

10  Danny Boy Trust dated January 1, 1990" as trustee under that deed of trust. On information and

11  belief, the statement that Beth Anderson was the current beneficiary of that deed of trust was false,

12  in that the Beth Anderson referred to did not exist, and therefore could not have owned any interest

13  in any property, whether as trustee of a trust or otherwise. Bohn furthered that fraud by providing

14  a notarial acknowledgment stating that Beth Anderson, who does not exist, personally appeared

15  before him and acknowledged executing that instrument. Plaintiff is informed and believes, and on

16  that basis alleges, that Defendants recorded the fraudulent Substitution of Trustee in order to

17  accomplish their misappropriation of the proceeds of a payoff of the note secured by the March 19,

18  1999 deed of trust on Property #19.

19    152.    On or before November 14, 2001, Defendants executed, notarized and/or caused to

20  be recorded as Instrument No. 2001-181085 in the Official Records of San Mateo County a

21  Substitution of Trustee and Full Reconveyance, executed by Dillon in the false name of "Beth

22  Anderson" and notarized by Defendant Bohn. In that document, Dillon falsely represented "Beth

23  Anderson" to be the trustee of the Skyline Trust, purported to substitute "Beth Anderson, Successor

24  Trustee" as trustee under the deed of trust recorded December 30, 1994 as Instrument No. 95-194754

25  Property #34, and purported to reconvey Plaintiff's beneficial interest in the subject real property to

26  the trustor. Bohn furthered that fraud by executing the notarial acknowledgment on that document.

27  Plaintiff is informed and believes, and on that basis alleges, that Defendants executed the fraudulent

28

FIRST AMENDED COMPLAINT FOR FRAUD, CONVERSION, UNJUST ENRICHMENT, CONSTRUCTIVE TRUST, INJUNCTIVE RELIEF, FINANCIAL ELDER ABUSE, UNFAIR BUSINESS PRACTICES, APPOINTMENT OF A RECEIVER, DECLARATORY RELIEF, ACCOUNTING, AND QUIET TITLE

31

1  Substitution of Trustee and Full Reconveyance in order to accomplish their misappropriation of the

2  proceeds of a payoff of a note secured by a deed of trust on Property #34.

3      153.    On or before February 20, 2002, Defendants executed, notarized and/or caused to be

4  recorded as Instrument No. 2002-030962 in the Official Records of San Mateo County a Substitution

5  of Trustee and Full Reconveyance, executed by Dillon in the false name of "Beth Anderson" and

6  notarized by Defendant Bohn. In that document, Dillon falsely represented "Beth Anderson" to be

7  the trustee of the Danny Boy Trust, purported to substitute "Beth Anderson, Trustee of the Danny

8  Boy Trust" as trustee under that deed of trust, and purported to reconvey Plaintiff's beneficial interest

9  under the trust deed on Property #32 recorded November 3, 1999 as Instrument Number 99-186288

10  to the trustor.  Bohn furthered that fraud by executing the notarial acknowledgment on that

11  document.  Plaintiff is informed and believes, and on that basis alleges, that Defendants executed

12  the fraudulent Substitution of Trustee and Full Reconveyance in order to accomplish their

13  misappropriation of the proceeds of a payoff of a note secured by a deed of trust on Property #32.

14      154.    On or before July 18, 2002, Defendants executed, notarized and/or caused to be

15  recorded as Instrument No. 2002-139357 in the Official Records of San Mateo County a Substitution

16  of Trustee and Full Reconveyance, executed by Dillon in the false name of "Beth Anderson" and

17  notarized by Defendant Bohn. In that document, Dillon falsely represented that "Beth Anderson is

18  Elsie's successor"), purported to substitute "Beth Anderson," trustee of the Ward D. Anderson Trust,

19  as the trustee under the deed of trust recorded June 30, 1994 as Instrument No. 4-112452, and

20  purported to reconvey to the trustor Plaintiff's interest in Property #36. Bohn furthered that fraud

21  by executing the notarial acknowledgment on that document. Plaintiff is informed and believes, and

22  on that basis alleges, that Defendants executed the fraudulent Substitution of Trustee and Full

23  Reconveyance in order to accomplish their misappropriation of the proceeds of a payoff of a note

24  secured by a deed of trust on Property #36.

25      155.    On or before March 1, 2004, Defendants executed, notarized and/or caused to be

26  recorded as Instrument No. 2004-036255 in the Official Records of San Mateo County a Substitution

27  of Trustee and Full Reconveyance, executed by Dillon in the false name of "Beth Anderson" and

28  notarized by Defendant Bohn. In that document, Dillon falsely represented "Beth Anderson" to be

LAW OFFICES
COTCHETT,
PITRE, SIMON &
MCCARTHY

FIRST AMENDED COMPLAINT FOR FRAUD, CONVERSION, UNJUST ENRICHMENT, CONSTRUCTIVE TRUST,
INJUNCTIVE RELIEF, FINANCIAL ELDER ABUSE, UNFAIR BUSINESS PRACTICES, APPOINTMENT OF A
RECEIVER, DECLARATORY RELIEF, ACCOUNTING, AND QUIET TITLE

32

1   the trustee of the Partner Trust, purported to substitute "Beth Anderson, Successor Trustee" as

2   trustee under that deed of trust, and purported to reconvey to the trustor under the trust deed recorded

3   March 21, 1997 as Instrument No. 97-045836 Plaintiff's interest in Property #33. Bohn furthered

4   that fraud by executing the notarial acknowledgment on that document. Plaintiff is informed and

5   believes, and on that basis alleges, that Defendants executed the fraudulent Substitution of Trustee

6   and Full Reconveyance in order to accomplish their misappropriation of the proceeds of a payoff of

7   a note secured by a deed of trust on Property #33.

8          156.    On or before March 31, 2004, Defendants executed, notarized and/or caused to be

9   recorded as Instrument No. 2004-079842 in the Official Records of San Mateo County an "Affidavit

10  - Death of Trustee" executed by Defendant Dillon in the name of "Beth Anderson" as "Successor

11  Trustee" of the Beresford Trust and notarized by Defendant Bohn. In that Affidavit, Dillon swore

12  under penalty of perjury that, "upon the death of Elsie G. Turchen, Beth Anderson became the

13  successor Trustee under Trust Agreement dated January 1, 1990." That statement was false, in that:

14  (a) on information and belief, the "Trust Agreement dated January 1, 1990" referenced in the

15  Affidavit does not exist; and/or (b) Beth Anderson does not exist. Defendant Bohn furthered that

16  fraud by providing a jurat stating that Beth Anderson, who does not exist, appeared before him and

17  attested to the contents of the Affidavit. Plaintiff is informed and believes, and on that basis alleges,

18  that Defendants recorded the Affidavit order to further their fraudulent scheme to misappropriate the

19  proceeds of the loan securing Plaintiff's deed of trust on Property #35.

20         157.    On or before April 23, 2004, Defendants executed, notarized and/or caused to be

21  recorded as Instrument Nos. 2004-079840 and 2004-079841 in the Official Records of San Mateo

22  County a Substitution of Trustee and Full Reconveyance, executed by Dillon in the false name of

23  "Beth Anderson" and notarized by Defendant Bohn. In that document, Dillon falsely represented

24  "Beth Anderson" to be the trustee of the Beresford Trust, purported to notice the substitution of

25  "Beth Anderson" as trustee of the Beresford Trust, and purported to reconvey to the trustor

26  Plaintiff's beneficial interest in Property #35 under the deed of trust recorded July 17, 1996 as

27  Instrument No. 96-086283. Bohn furthered that fraud by executing the notarial acknowledgment on

28  that document.    Plaintiff is informed and believes, and on that basis alleges, that Defendants

LAW OFFICES
COTCHETT,
PITRE, SIMON &
MCCARTHY

FIRST AMENDED COMPLAINT FOR FRAUD, CONVERSION, UNJUST ENRICHMENT, CONSTRUCTIVE TRUST,
INJUNCTIVE RELIEF, FINANCIAL ELDER ABUSE, UNFAIR BUSINESS PRACTICES, APPOINTMENT OF A
RECEIVER, DECLARATORY RELIEF, ACCOUNTING, AND QUIET TITLE

33

1    executed the fraudulent Substitution of Trustee and Full Reconveyance in order to accomplish their

2    misappropriation of the proceeds of a payoff of a note secured by a deed of trust on Property #35.

3    158.    On or before August 11, 2004, Defendants executed, notarized and/or caused to be

4    recorded as Instrument No. 2004-16405 in the Official Records of San Mateo County an "Affidavit -

5    Death of Trustee" executed by Defendant Dillon in the name of "Beth Anderson" and notarized by

6    Defendant Bohn. In that Affidavit, Dillon swore under penalty of perjury that, "upon the death of

7    Elsie G. Turchen, Beth Anderson became the successor Trustee under Trust Agreement dated

8    January 1, 1990." That statement was false, in that: (a) on information and belief, the "Trust

9    Agreement dated January 1, 1990" referenced in the Affidavit does not exist; and/or (b) Beth

10    Anderson does not exist. Defendant Bohn furthered that fraud by providing a jurat stating that Beth

11    Anderson, who does not exist, appeared before him and attested to the contents of the Affidavit.

12    Plaintiff is informed and believes, and on that basis alleges, that Defendants recorded the Affidavit

13    order to further their fraudulent scheme as alleged herein.

14    159.    In addition to falsely notarizing the signature of "Beth Anderson" Defendant Bohn

15    has on at least five occasions falsely notarized the signature of John Wyse as "President" of

16    Greensprings Church:

17        (a)    On or about December 12, 2001, Defendant Bohn notarized the signature of

18    "John Wyse" on a Grant Deed purporting to convey Plaintiff's real property at 789 El Camino Real,

19    Burlingame (Property #3) from Defendant Greensprings Trust to Defendant Greensprings Church.

20    That Grant Deed was recorded January 30, 2002 in the Official Records of San Mateo County as

21    Instrument No. 2002-17145.

22        (b)    A second Grant Deed, also notarized by Bohn on or about December 12, 2001

23    also bearing the signature of "John Wyse," purported to convey the real property at 1507 Willow

24    Avenue, Burlingame (Property #4) from Greensprings Trust to Greensprings Church. The Grant

25    Deed was recorded January 30, 2002 in the Official Records of San Mateo County as Instrument

26    No. 2002-17143.

27        (c)    On December 12, 2001, Defendant Bohn notarized a third Grant Deed, also

28    bearing the signature of "John Wyse" and purporting to convey Plaintiff's property at 2636

LAW OFFICES
COTCHETT,
PITRE, SIMON &
MCCARTHY

FIRST AMENDED COMPLAINT FOR FRAUD, CONVERSION, UNJUST ENRICHMENT, CONSTRUCTIVE TRUST,
INJUNCTIVE RELIEF, FINANCIAL ELDER ABUSE, UNFAIR BUSINESS PRACTICES, APPOINTMENT OF A
RECEIVER, DECLARATORY RELIEF, ACCOUNTING, AND QUIET TITLE

34

1 Broadway, Redwood City (Property #25) from Greensprings Trust to Greensprings Church. The

2 Grant Deed was recorded January 30, 2002 in the Official Records of San Mateo County as

3 Instrument No. 2002-17144.

4          (d)          On or about May 11, 2002, Defendant Bohn notarized a fourth Grant Deed

5 with a signature of "John Wyse" purporting to convey Plaintiff's Property #3 and Property #4 from

6 Greensprings Church to Willows Apartments, LLC. The Grant Deed was recorded May 24, 2002

7 in the Official Records of San Mateo County as Instrument No. 2002-102265.

8          (e)          On or about June 26, 2002 Defendant Bohn notarized a fifth Grant Deed with

9 a signature of "John Wyse" purporting to convey Plaintiff's interest in Property #25 from

10 Greensprings Church to the Lanusse Family Trust. The Grant Deed was recorded July 1, 2002 in

11 the Official Records of San Mateo County as Instrument No. 2002-127721.

12          160.    Plaintiff is informed and believes, and on that basis alleges, that there is no "John

13 Wyse," that no John Wyse has ever been the President of Greensprings Church, and that no John

14 Wyse ever personally appeared before Defendant Bohn to acknowledge the execution of any deed.

15          161.    In January 2005, Penny Anderson traveled from her then home in New Mexico to

16 examine the records and books at her father's and grandmother's office at 407 South B Street, San

17 Mateo. On or about January 14, 2005, Plaintiff attempted to peacefully enter the office during

18 regular business hours in order to ask to inspect her father's and grandmother's business records.

19 In order to conceal Defendants' fraudulent conspiracy from Plaintiff, Defendant Bohn barred her

20 entrance and locked the door. Defendant Bohn has at all times since then refused Plaintiff access

21 to the books and records of Ward Anderson and Elsie Turchen, as well as all other personal property

22 located and the Anderson/Turchen business office.

23          162.    Following Ward Anderson's death, Elsie Turchen moved into the family home at 773

24 El Cerrito Avenue, Hillsborough (Property #1) as of February 13, 1992. Property #1 has been vacant

25 since Elsie Turchen's death. Plaintiff is informed and believes, and on that basis alleges, that

26 Property #1 contained personal property of Elsie Turchen, including but not limited to furniture, art

27 and jewelry. On or about February 19, 2005, Penny Anderson went to inspect the family home and

28 the personal property at the family residence. Defendant Bohn and Does 31 through 33 went to the

LAW OFFICES
COTCHETT,
PITRE, SIMON &
MCCARTHY

FIRST AMENDED COMPLAINT FOR FRAUD, CONVERSION, UNJUST ENRICHMENT, CONSTRUCTIVE TRUST,
INJUNCTIVE RELIEF, FINANCIAL ELDER ABUSE, UNFAIR BUSINESS PRACTICES, APPOINTMENT OF A
RECEIVER, DECLARATORY RELIEF, ACCOUNTING, AND QUIET TITLE

35

1   house, confronted Plaintiff, demanded that she leave, and called the police. The purpose of

2   Defendant Bohn and Does 31 through 33 was to further conceal from Plaintiff the extent of their

3   fraudulent misappropriation of assets of the Estate of Elsie Turchen and/or of the Estate of Ward

4   Anderson.

5          163.     On information and belief, in or about March and April 2005, Defendants Dillon,

6   Bohn and Pennington conspired to submit Defendant Pennington's perjured declaration to this Court

7   for personal gain.

8          164.     On or about April 1, 2005, Defendant Bohn and his counsel caused to be filed with

9   this Court a perjured declaration of Defendant Pennington, in which Defendant Pennington made

10   the following false representations, among others:

11           (a)      Defendant Pennington falsely held himself out as "Eric Heath."

12           (b)      Defendant Pennington declared under penalty of perjury that he was "ordained

13   a pastor in the First Presbyterian Church in 1982." Plaintiff is informed and believes, and on that

14   basis alleges, that the foregoing statement was false, in that (i) Eric Pennington was a teenager in

15   1982 and has never been ordained in any church of any denomination; (ii) the Presbyterian Church

16   of America does not have among its roster of ordained minister any person by the name of Eric

17   Heath, or one by the name of Eric Pennington; and (iii) the Presbyterian Church of America does not

18   use the title "pastor" for its clergy.

19           (c)      Defendant Pennington declared under penalty of perjury that he had "been a

20   member of the ecumenical council of Greensprings Fellowship Trust since January 2000." Plaintiff

21   is informed and believes, and on that basis alleges, that the foregoing statement was false, in that

22   there was neither a Greensprings Fellowship Trust nor any ecumenical council thereof in existence

23   in January 2000.

24           (d)      Defendant Pennington declared under penalty of perjury that, "Greensprings

25   Fellowship Trust is a multi-denominational charitable religious organization recognized by the

26   federal government under section 501(c)(3) of the Internal Revenue Code." Plaintiff is informed and

27   believes, and on that basis alleges, that the foregoing statement was false, in that Greensprings

28

FIRST AMENDED COMPLAINT FOR FRAUD, CONVERSION, UNJUST ENRICHMENT, CONSTRUCTIVE TRUST,
INJUNCTIVE RELIEF, FINANCIAL ELDER ABUSE, UNFAIR BUSINESS PRACTICES, APPOINTMENT OF A
RECEIVER, DECLARATORY RELIEF, ACCOUNTING, AND QUIET TITLE

1   Fellowship Trust has never been formally organized, and has never sought or obtained recognition

2   of tax-exempt status from the Internal Revenue Service.

3          (e)     Defendant Pennington declared under penalty of perjury that "Greensprings

4   Charitable Trust's Ecumenical Council consists of pastors representing Presbyterian, Baptist, and

5   Apostolic Assembly of God churches in multiple states. Plaintiff is informed and believes, and on

6   that basis alleges, that the foregoing statement was false, in that there is no such organization as the

7   "Greensprings Charitable Trust's Ecumenical Council."

8          (f)     Defendant Pennington declared under penalty of perjury that "Greensprings

9   Charitable Trust uses all of its property and income for charitable purposes allowed under federal

10  law." Plaintiff is informed and believes, and on that basis alleges, that the foregoing statement was

11  false, in that if any Defendant has made any *bona fide* charitable contributions, those contributions

12  were *de minimus*, and Defendants have used the vast majority of Plaintiff's funds for their own

13  personal profit.

14         (g)     Defendant Pennington declared under penalty of perjury that Ward Anderson

15  and Elsie Turchen had known him since the 1960's, that they "knew when [Pennington] entered the

16  ministry," and that they had "many conversations over the years regarding the charitable work I and

17  others were engaged in as part of the ministry." Plaintiff is informed and believes, and on that basis

18  alleges, that the foregoing statement was false, in that Pennington is an automobile mechanic who

19  does no charitable work and has never been involved in any ministry whatsoever.

20         (h)     Defendant Pennington declared under penalty of perjury that Ward Anderson

21  and Elsie Turchen began donating funds to Greensprings Charitable Trust in or about 1997. Plaintiff

22  is informed and believes, and on that basis alleges, that the foregoing statement was false, in that

23  Greensprings Charitable Trust did not exist in 1997, and to this day is not a charitable trust.

24         (i)     Defendant Pennington declared under penalty of perjury that in October 1998,

25  Elsie Turchen gave Defendant Pennington "various documents" in his "capacity as a fellowship

26  pastor with Greensprings Fellowship Trust." That statement was false. Defendant Pennington is not

27  and never has been a pastor of any church. In addition, other than the January 1999 deeds discussed

28  in Paragraphs 26 and 27 above and in Paragraph 11 of the Pennington declaration, the only document

LAW OFFICES
COTCHETT,
PITRE, SIMON &
MCCARTHY

FIRST AMENDED COMPLAINT FOR FRAUD, CONVERSION, UNJUST ENRICHMENT, CONSTRUCTIVE TRUST,
INJUNCTIVE RELIEF, FINANCIAL ELDER ABUSE, UNFAIR BUSINESS PRACTICES, APPOINTMENT OF A
RECEIVER, DECLARATORY RELIEF, ACCOUNTING, AND QUIET TITLE

37

attached to the declaration is a "Certification of Trust" purportedly authored and signed by Elsie Turchen. That "Certification of Trust" is incomplete, and/or otherwise fails to comply with California Probate Code § 18100.5. In addition, the "Certification of Trust" is indisputably a forged instrument created *after* October 1998 and *after* Elsie Turchen's death. In particular, the "Certification of Trust" that Mr. Pennington declares was delivered to him in October 1998 could not have been authored or executed by Elsie Turchen during her lifetime, in that is refers to events in the life of Plaintiff Penny Anderson that took place after her grandmother died. The Certification of Trust is a forgery created for the purpose of further defrauding Plaintiff and perpetrating a fraud upon this Court.

165. On April 19, 2005, this Court issued an Order for Preliminary Injunction to Defendant Bohn in which it ordered that:

> Don Bohn . . . is restrained and enjoined from damaging, destroying, removing, encumbering, secreting, expending, hiding or otherwise disposing of any real property, trust, rents and profits of any and all real property and trusts in which Ward Anderson, III and Elsie Turchen, or either of them held any interest and all income, rents and profits derived from any such property or trust and from destroying, damaging, altering, hiding or secreting all deeds, trusts and records of account concerning said properties and trusts so as to ***preserve the status quo in all respects***.

(Emphasis added.) This Court further ordered the Greensprings Trust bank account and the BER bank accounts frozen for a period of 90 days. Plaintiff is informed and believes, and on that basis alleges, that within ten days of being served with that order Defendant Bohn and/or Defendant DOE 34 caused two wire transfers totaling $575,000 to be sent from the Greensprings Church account at Bank of the West to the First Bank of Colorado in Lakewood, Colorado. Plaintiff is further informed and believes, and on that basis alleges, that Defendants used the proceeds of that wire transfer to purchase the property located in Centennial, Colorado as alleged in Paragraph 414(e), above.

166. In further defiance of this Court's April 19, 2005 Order, on December 1 and 2, 2005, Defendants caused to be recorded the fraudulently obtained deeds dated January 12, 1999 for Estate Properties Nos. 1,2, 5 through 10, inclusive, 12 through 18, inclusive, 20 through 24, inclusive, and 26 through 31 inclusive. Plaintiff is informed and believes, and on that basis alleges, that before presenting those deeds for recording, Defendants presented those deeds to the City of San Mateo for

LAW OFFICES
COTCHETT,
PITRE, SIMON &
MCCARTHY

FIRST AMENDED COMPLAINT FOR FRAUD, CONVERSION, UNJUST ENRICHMENT, CONSTRUCTIVE TRUST, INJUNCTIVE RELIEF, FINANCIAL ELDER ABUSE, UNFAIR BUSINESS PRACTICES, APPOINTMENT OF A RECEIVER, DECLARATORY RELIEF, ACCOUNTING, AND QUIET TITLE

38

1  certification of the real property conveyance tax and falsely represented that Greensprings Fellowship

2  Trust was a 501(c)(3) organization.

### VII.

### PLAINTIFF'S DELAYED DISCOVERY OF

### DEFENDANTS' FRAUDULENT SCHEME

6  167.    Plaintiff discovered the fraud and deceit of Defendants and each of them within 3

7  years of filing this complaint.

8  168.    Both Plaintiff and her sister Candace Anderson Jenkins were living outside of the

9  State of California during the period between their father's death and Elsie Turchen's demise. At

10  the time of Ward Anderson's death, Plaintiff was unaware of the terms of his September 15, 1972

11  Last Will and Testament, and believed that he had left his entire estate to Elsie Turchen. As a result,

12  she was not aware that she was to inherit all of Ward D. Anderson's real and personal property.

13  Plaintiff discovered Ward D. Anderson's September 15, 1972 Last Will and Testament only in or

14  about November, 2005.

15  169.    Both during Ward Anderson's lifetime and while Elsie Turchen was living, Plaintiff

16  received occasional gifts of money from one or the other of them to assist with her living expenses.

17  Plaintiff is informed and believes, and on that basis alleges, that Candace Anderson Jenkins received

18  similar gifts from her father and grandmother. Plaintiff is further informed and believes, and on that

19  basis alleges, that because of their intimate familiarity with the family's personal and financial

20  affairs, both Defendant Dillon and Defendant Bohn were aware of the support Ward Anderson and

21  Elsie Turchen gave to Plaintiff and to Candace Anderson Jenkins.

22  170.    Following Elsie Turchen's death in December 2000, Defendant Dillon contacted

23  Plaintiff and told her that because both Plaintiff and her sister were suffering from mental health

24  problems, Dillon had been appointed to administer the Estate of Elsie Turchen. That statement was

25  false, in that no testamentary instrument appointing Dillon exists or existed, and no court had or has

26  appointed her to administer Elsie Turchen's estate.

27  171.    Defendant Dillon also told Plaintiff that probating Elsie Turchen's estate would take

28  time, but that Dillon was authorized, in her sole discretion, to disburse income from the estate to

⊕
LAW OFFICES
COTCHETT,
PITRE, SIMON &
MCCARTHY

FIRST AMENDED COMPLAINT FOR FRAUD, CONVERSION, UNJUST ENRICHMENT, CONSTRUCTIVE TRUST,
INJUNCTIVE RELIEF, FINANCIAL ELDER ABUSE, UNFAIR BUSINESS PRACTICES, APPOINTMENT OF A
RECEIVER, DECLARATORY RELIEF, ACCOUNTING, AND QUIET TITLE

39

1  Plaintiff and/or her sister Candace Anderson Jenkins. During each of the calendar years 2002, 2003

2  and 2004, Plaintiff received approximately $5,000 from Defendant Dillon, and believed those funds

3  to be distributions from Elsie Turchen's estate. Plaintiff is informed and believes, and on that basis

4  alleges, that Dillon distributed approximately $20,000 to Candace Anderson Jenkins during each of

5  those years, and that in 2004, Dillon purchased an automobile for Candace Anderson Jenkins.

6      172.    As a result of those assurances and actions, as well as the apparently close and

7  confidential relationship that had existed between Defendant Dillon and Elsie Turchen, Penny

8  Anderson had no reason to question Dillon's statements to her, and relied on those statements at all

9  times prior to November 2004.

10     173.    In or about November 2004, Defendant Dillon contacted Plaintiff by telephone and

11 told her that Elsie Turchen had made no bequests to Plaintiff or to Candace Anderson Jenkins.

12 Defendant Dillon further represented to Plaintiff that all of Ward Anderson's and Elsie Turchen's

13 property, as well as all income from that property, had been left to charity, and that Plaintiff and her

14 sister would receive nothing. That statement was and is false, in that Ward Anderson had left a will

15 bequeathing his entire estate to plaintiff Penny Anderson, and Elsie Turchen died intestate.

### VIII.

### DAMAGES

18     174.    As a direct and legal result of Defendants' acts as alleged herein, Plaintiff has been

19 damaged in an amount presently unknown, but believed to exceed $20 million, representing the fair

20 market value of the properties and assets, and the rents and profits thereon, plus pre-judgment

21 interest thereon.

22     175.    In doing the acts alleged of them, Defendants made intentional misrepresentations

23 to Plaintiff, and concealed material facts from Plaintiff, with the intent of depriving Plaintiff of real

24 and personal property. In so doing, Defendants acted despicably, with malice, fraud or oppression,

25 such that Plaintiff is entitled to an award of punitive damages in an amount sufficient to punish

26 Defendants and make them an example.

27 ///

28 ///

LAW OFFICES
COTCHETT,
PITRE, SIMON &
MCCARTHY

FIRST AMENDED COMPLAINT FOR FRAUD, CONVERSION, UNJUST ENRICHMENT, CONSTRUCTIVE TRUST, INJUNCTIVE RELIEF, FINANCIAL ELDER ABUSE, UNFAIR BUSINESS PRACTICES, APPOINTMENT OF A RECEIVER, DECLARATORY RELIEF, ACCOUNTING, AND QUIET TITLE

40

# IX.

## FIRST CAUSE OF ACTION

### (Fraud)

176.   Plaintiff incorporates by reference and re-alleges each and every allegation of Paragraphs 1 through 175, inclusive, as though set forth in full.

177.   Defendants, and each of them, made knowingly false representations of the existence and charitable activities of the Greensprings Trust to Elsie Turchen to induce her to deed the Estate Properties to Greensprings Trust.

178.   In making those misrepresentations, Defendants knew them to be false.

179.   Defendants made those misrepresentations with the intent of deceiving Elsie Turchen.

180.   On information and belief, Elsie Turchen relied upon Defendants' false representations in executing the January 12, 1999 deeds of the Estate Properties to Greensprings Trust.

181.   Elsie Turchen incurred damages because of those misrepresentations.

182.   Following the death of Elsie Turchen, Defendants falsely represented to Plaintiff that her grandmother's estate was being probated in order to induce Plaintiff from seeking title to, possession of, or the rental proceeds from, the Estate Properties.

183.   In making those misrepresentations, Defendants knew them to be false.

184.   Defendants made those misrepresentations with the intent of deceiving Plaintiff.

185.   Plaintiff relied on those representations to her detriment and has incurred damages because of those misrepresentations, in that Defendants have misappropriated all rental proceeds from the Estate Properties, have disposed of Estate Properties and kept the proceeds for themselves, and have retained loan proceeds from one or more deeds of trust formerly held by Elsie Turchen, all beneficial interest under which is now the property of the Estate of Elsie Turchen.

/ / /

/ / /

/ / /

/ / /

LAW OFFICES
COTCHETT,
PITRE, SIMON &
MCCARTHY

FIRST AMENDED COMPLAINT FOR FRAUD, CONVERSION, UNJUST ENRICHMENT, CONSTRUCTIVE TRUST, INJUNCTIVE RELIEF, FINANCIAL ELDER ABUSE, UNFAIR BUSINESS PRACTICES, APPOINTMENT OF A RECEIVER, DECLARATORY RELIEF, ACCOUNTING, AND QUIET TITLE

41

## XI.

## SECOND CAUSE OF ACTION

### (Conversion)

186.    Plaintiff incorporates by reference and re-alleges each and every allegation of Paragraphs 1 through 175, inclusive, as though set forth in full.

187.    Beginning December 10, 2000 and continuing to the present, Plaintiff has been entitled to possession of all personal property of the Estate of Elsie Turchen, as well as all personal property of the Estate of Ward D. Anderson, III.  That personal property includes, but is not limited to, all furniture, fixtures, equipment, files and records at the Anderson/Turchen office at 407 South B Street, San Mateo, as well as all furniture, art, jewelry, equipment, files, records and household items at the Anderson/Turchen family home at 773 El Cerrito Avenue, Hillsborough.

188.    Beginning December 10, 2000 and continuing to the present, Defendants have taken possession of all personal property of the Estate of Elsie Turchen, as well as all personal property of the Estate of Ward D. Anderson, III.  Defendants have willfully interfered with Plaintiff's right to possession of that personal property without lawful justification.  In particular, Defendants have excluded Plaintiff from the premises at 407 South B Street, San Mateo, and from the premises at 773 El Cerrito, Hillsborough, making it impossible for Plaintiff to inspect, inventory, possess or dispose of the personal property of her father's and grandmother's estates.

189.    By reason of Defendants' conversion of that personal property, Plaintiff is entitled to recover from them the value of that personal property as of December 10, 2000, together with interest thereon at the legal rate from December 10, 2000.

190.    Plaintiff has expended time and money in attempting to recover the personal property of the Estate of Elsie Turchen and Ward D. Anderson, III, and is entitled to fair compensation for the time and money so expended.

191.    As alleged hereinabove, Defendants' conduct in converting Plaintiff's personal property was fraudulent and malicious, entitling Plaintiff to recover punitive and exemplary damages from Defendants.

/ / /

LAW OFFICES
COTCHETT,
PITRE, SIMON &
MCCARTHY

FIRST AMENDED COMPLAINT FOR FRAUD, CONVERSION, UNJUST ENRICHMENT, CONSTRUCTIVE TRUST, INJUNCTIVE RELIEF, FINANCIAL ELDER ABUSE, UNFAIR BUSINESS PRACTICES, APPOINTMENT OF A RECEIVER, DECLARATORY RELIEF, ACCOUNTING, AND QUIET TITLE

42

XII.

## THIRD CAUSE OF ACTION

### (Unjust Enrichment)

192.    Plaintiff incorporates by reference and re-alleges each and every allegation of Paragraphs 1 through 175, inclusive, as though set forth in full.

193.    The premises at 407 South B Street, San Mateo, are the property of Plaintiff.

194.    At all times since December 10, 2000, Defendants have occupied the premises at 407 South B Street, San Mateo.

195.    Defendants have paid Plaintiff no rent for the premises at 407 South B Street, San Mateo.

196.    Plaintiff is entitled to recover from Defendants the fair rental value of the premises at 407 South B Street, according to proof, together with interest thereon.

XIII.

## FOURTH CAUSE OF ACTION

### (Constructive Trust)

197.    Plaintiff incorporates by reference and re-alleges each and every allegation of Paragraphs 1 through 175, inclusive, as though set forth in full.

198.    By reason of the acts and omissions of Defendants and each of them as alleged herein, a constructive trust should be imposed on any and all real or personal property currently owned, held, controlled by, or in which Defendants or any of them have or claim any interest and upon all such properties that have been transferred or conveyed by them for an amount equal to the fair market value of said property, and all the rents and profits received by Defendants and each of them, which should have been paid to plaintiff or for plaintiff's benefit.

199.    Plaintiff has no adequate remedy at law.

/ / /

/ / /

/ / /

/ / /

LAW OFFICES
COTCHETT,
PITRE, SIMON &
MCCARTHY

FIRST AMENDED COMPLAINT FOR FRAUD, CONVERSION, UNJUST ENRICHMENT, CONSTRUCTIVE TRUST, INJUNCTIVE RELIEF, FINANCIAL ELDER ABUSE, UNFAIR BUSINESS PRACTICES, APPOINTMENT OF A RECEIVER, DECLARATORY RELIEF, ACCOUNTING, AND QUIET TITLE

43

XIV.

## FIFTH CAUSE OF ACTION

### (Injunctive Relief)

200.    Plaintiff incorporates by reference and re-alleges each and every allegation of Paragraphs 1 through 175, inclusive, as though set forth in full.

201.    Plaintiff is informed and believes, and on that basis alleges, that in addition to taking possession of all real and personal property of the Estate of Elsie Turchen and the Estate of Ward D. Anderson, III, Defendants have destroyed or concealed evidence of their wrongdoing by, *inter alia*, inventing a fictitious Internal Revenue Service agent, whom they falsely claim took possession of personal and business records of Ward D. Anderson, III, Elsie Turchen and/or the trusts referenced in Paragraph 24, above. Defendants, as well Defendant Bohn's attorney, have further attempted to conceal evidence of their misconduct by submitting the perjured Declaration of Eric Heath and fabricated Certification of Trust described in Paragraph 139, above.

202.    As evidenced by Defendants' conduct in disposing of estate assets despite this Court's injunction, there is an imminent and continuing risk that Defendants will continue to conceal or dispose of Plaintiff's Property.

203.    Money damages will be an inadequate remedy for that wrong.

204.    Plaintiff is entitled to a preliminary and permanent injunction enjoining Defendants and each of them from selling, transferring, conveying, disposing, secreting, hiding, destroying, encumbering or otherwise depriving plaintiff of her property rights and interest in the property, trust, and rents and profits on any and all properties described herein in which Ward Anderson and Elsie Turchen, or either of them, had or held an interest of any kind.

XV.

## SIXTH CAUSE OF ACTION

### (Financial Elder Abuse)

205.    Plaintiff incorporates by reference and re-alleges each and every allegation of Paragraphs 1 through 175, inclusive, as though set forth in full.

/ / /

LAW OFFICES
COTCHETT,
PITRE, SIMON &
MCCARTHY

FIRST AMENDED COMPLAINT FOR FRAUD, CONVERSION, UNJUST ENRICHMENT, CONSTRUCTIVE TRUST, INJUNCTIVE RELIEF, FINANCIAL ELDER ABUSE, UNFAIR BUSINESS PRACTICES, APPOINTMENT OF A RECEIVER, DECLARATORY RELIEF, ACCOUNTING, AND QUIET TITLE

44

206.    At all times relevant herein, Elsie Turchen was an "Elder" as defined under Welfare and Institutions Code section 15610 et seq. and was a resident of the County of San Mateo, State of California.

207.    Defendants and each of them financially abused Elsie Turchen as defined by Welfare and Institutions Code section 15610 *et seq.*, in that Defendants and each of them took, secreted, appropriated and/or retained, real and personal property belonging to Elsie Turchen to wrongful use and with intent to defraud Elsie Turchen.

208.    As a direct and legal result of the financial elder abuse by Defendants and each of them, plaintiff has been damaged in an amount equal to the fair market value of the property wrongfully transferred, secreted, conveyed, encumbered, transferred or otherwise disposed of and the rents and profits collected thereon, including management fees, according to proof

209.    Plaintiff is entitled to her reasonable attorney's fees and costs pursuant to Welfare and Institutions Code section 15657.5(a).

210.    By reason of Defendants' fraudulent conduct, Plaintiff is entitled to punitive damages against Defendants and each of them in an amount sufficient to punish Defendants and each of them and make them an example.

## XVI.

## SEVENTH CAUSE OF ACTION

### (Unfair Business Practices)

211.    Plaintiff incorporates by reference and re-alleges each and every allegation of Paragraphs 1 through 175, inclusive, as though set forth in full.

212.    At all relevant times, Defendants have held themselves out to the public as the lawful owners of the Estate Properties that are rental properties, and have fraudulently collected rentals on those properties as if they were their own.

213.    Defendants have further sought to deceive the public concerning the ownership of the Estate Properties by altering the January 12, 1999 deeds Elsie Turchen executed for 789 El Camino Real, Burlingame and 1507 Willow Avenue, Burlingame, and for 620 First Street, San Mateo.

/ / /

LAW OFFICES
COTCHETT,
PITRE, SIMON &
MCCARTHY

FIRST AMENDED COMPLAINT FOR FRAUD, CONVERSION, UNJUST ENRICHMENT, CONSTRUCTIVE TRUST, INJUNCTIVE RELIEF, FINANCIAL ELDER ABUSE, UNFAIR BUSINESS PRACTICES, APPOINTMENT OF A RECEIVER, DECLARATORY RELIEF, ACCOUNTING, AND QUIET TITLE

45

214.    Defendant Dillon has sought to deceive the public, including but not limited to prospective purchasers of Estate Properties, by fraudulently executing and causing to be recorded instruments affecting title to real property in the false name of "Beth Anderson."

215.    Defendant Bohn has sought to deceive the public, including but not limited to prospective purchasers of Estate Properties, by fraudulently notarizing documents executed in the name of "Beth Anderson" and "John Wyse."

216.    Defendants, and each of them, have engaged in elder abuse in violation of Welfare and Institutions Code sections 15610 *et seq.*

217.    By reason of the foregoing, Defendants and each of them have engaged in unfair business practices in violation of Business and Professions Code sections 17200 *et seq.*

218.    Plaintiff is a direct victim of Defendants' unfair business practices, in that Plaintiff has suffered pecuniary in the form of lost rents, lost loan proceeds, and lost proceeds of sale of, Estate Properties.

219.    By reason of the foregoing, plaintiff is entitled to an order of injunctive relief, enjoining the unfair business practices as alleged herein, and for restitution for all sums received by Defendants and each of them as a result of their wrongful acts concerning Estate Properties, together with her reasonable attorneys' fees.

## XVII.

## EIGHTH CAUSE OF ACTION

### (Appointment of a Receiver)

220.    Plaintiff incorporates by reference and re-alleges each and every allegation of Paragraphs 1 through 175, inclusive, as though set forth in full.

221.    There is an imminent danger that Defendants will continue to dispose of Estate Property and/or the personal property of the Estate of Elsie Turchen and/or the Estate of Ward D. Anderson, III.

222.    Plaintiff will be materially prejudiced if a receiver is not appointed, in that the Estate Properties, as well as the personal property of the Estate of Elsie Turchen and the Estate of Ward D.

LAW OFFICES
COTCHETT,
PITRE, SIMON &
McCARTHY

FIRST AMENDED COMPLAINT FOR FRAUD, CONVERSION, UNJUST ENRICHMENT, CONSTRUCTIVE TRUST, INJUNCTIVE RELIEF, FINANCIAL ELDER ABUSE, UNFAIR BUSINESS PRACTICES, APPOINTMENT OF A RECEIVER, DECLARATORY RELIEF, ACCOUNTING, AND QUIET TITLE

46

1  Anderson, III, are unique, and money damages for the loss of those properties would be an

2  inadequate remedy.

3      223.    Accordingly, it is necessary that a receiver be immediately appointed to take

4  possession of those properties, to conserve and manage them, and to collect all rents and profits

5  therefrom, pending the disposition of this case.

## XVIII.

## NINTH CAUSE OF ACTION

### (Declaratory Relief)

9      224.    Plaintiff incorporates by reference and re-alleges each and every allegation of

10 Paragraphs 1 through 175, inclusive, as though set forth in full.

11     225.    Plaintiff is entitled to a judicial declaration as to her rights and interests in any

12 properties, trusts or other assets in which Ward Anderson and/or Elsie Turchen, had or claimed any

13 interest, and in particular, a declaration that the plaintiff is the owner of any and all such properties

14 and trusts in which Ward Anderson and Elsie Turchen had or claimed any interest. Plaintiff seeks

15 a declaration that the various trusts purportedly formed by Ward D. Anderson III and Elsie Turchen

16 and each of them were never validly formed in that no written trust instruments were ever created

17 for any and all such trusts as required for them to validly hold title to real property and that any and

18 all of said properties belong to the Estates of Ward D. Anderson III or Elsie Turchen, or both of

19 them, that the various deeds purportedly signed by Elsie Turchen as a purported successor trustee

20 were the product of fraud in that Defendants and each of them represented that Greensprings

21 Fellowship Trust was a valid IRC Section 501(c)(3) charity, which was false.  Greensprings

22 Fellowship Trust was an entity created by Defendant Christine Dillon for the benefit of Defendant

23 Dillon and Don Bohn and others and was the product of fraud as alleged herein. Defendants deny

24 these contentions.

25     226.    A judicial declaration is necessary in order to determine the rights of the parties in

26 connection with these various properties and to avoid a multiplicity of lawsuits.

27 ///

28 ///

LAW OFFICES
COTCHETT,
PITRE, SIMON &
MCCARTHY

FIRST AMENDED COMPLAINT FOR FRAUD, CONVERSION, UNJUST ENRICHMENT, CONSTRUCTIVE TRUST,
INJUNCTIVE RELIEF, FINANCIAL ELDER ABUSE, UNFAIR BUSINESS PRACTICES, APPOINTMENT OF A
RECEIVER, DECLARATORY RELIEF, ACCOUNTING, AND QUIET TITLE

47

## XIX.

## TENTH CAUSE OF ACTION

### (Accounting)

227.    Plaintiff incorporates by reference and re-alleges each and every allegation of Paragraphs 1 through 175, inclusive, as though set forth in full.

228.    As a result of those purchases, Plaintiff is entitled to an accounting of the rental income of the Estate Properties, as well as an order directing Defendants to either transfer those properties to Plaintiff, or sell those properties and pay the proceeds to Plaintiff.

229.    The amount of money due from Defendants to plaintiff is unknown to plaintiff and cannot be ascertained without a full and complete accounting of the income, expenses, profits and losses of and for all of the real properties, trusts, personal property, equity shares in which Ward D. Anderson and Elsie Turchen or either of them had an interest.

230.    Plaintiff Penny Anderson has requested an opportunity to inspect the books and records to determine what has happened to her late father's and late grandmother's interest in the properties, trust and other assets and the income derived therefrom, but Defendants have failed and refused to render the accounting and pay plaintiff.

## XX.

## ELEVENTH CAUSE OF ACTION

### (Quiet Title)

231.    Plaintiff incorporates by reference and re-alleges each and every allegation of Paragraphs 1 through 175, inclusive, as though set forth in full.

232.    Ward Anderson and/or Elsie Turchen owned the interests in Estate Properties described in Paragraphs 28 through 134, above, when they died. As a result, each of those properties or property interests is now property of the Estate of Ward Anderson and/or the Estate of Elsie Turchen.

233.    Plaintiff seeks to quiet title to the Estate Properties as of January 12, 1999.

234.    Plaintiff is informed and believes, and on that basis alleges, that Defendants claim an interest in the Estate Properties as of January 12, 1999. The claims of Defendants are without any

LAW OFFICES
COTCHETT,
PITRE, SIMON &
MCCARTHY

FIRST AMENDED COMPLAINT FOR FRAUD, CONVERSION, UNJUST ENRICHMENT, CONSTRUCTIVE TRUST, INJUNCTIVE RELIEF, FINANCIAL ELDER ABUSE, UNFAIR BUSINESS PRACTICES, APPOINTMENT OF A RECEIVER, DECLARATORY RELIEF, ACCOUNTING, AND QUIET TITLE

48

1  right whatsoever, and Defendants have no right, title, estate, lien or interest whatever in the above

2  described properties, or any part thereof.

### XIX.

### PRAYER

WHEREFORE, plaintiff prays for judgment as follows:

1.    On the First Cause of Action (Fraud):

    a.    For Plaintiff's damages, according to proof;

    b.    For punitive and exemplary damages in an amount sufficient to punish the Defendants and make them an example;

    c.    For Plaintiff's costs of suit; and

    d.    For such other and further relief as the Court may deem proper;

2.    On the Second Cause of Action (Conversion)

    a.    For Plaintiff's damages, according to proof;

    b.    For the reasonable value of Plaintiff's time and money in attempting to recover the personal property;

    c.    For punitive and exemplary damages in an amount sufficient to punish the Defendants and make them an example;

    d.    For Plaintiff's costs of suit; and

    e.    For such other and further relief as the Court may deem proper;

3.    On the Third Cause of Action (Unjust Enrichment)

    a.    For the fair rental value of the premises at 407 South B Street, San Mateo, for the period from December 10, 2000 for so long as Defendants remain in possession of those premises or until entry of judgment, whichever first occurs;

    b.    For interest thereon at the legal rate;

    c.    For Plaintiff's costs of suit; and

    d.    For such other and further relief as the Court may deem proper;

/ / /

/ / /

LAW OFFICES
COTCHETT,
PITRE, SIMON &
MCCARTHY

FIRST AMENDED COMPLAINT FOR FRAUD, CONVERSION, UNJUST ENRICHMENT, CONSTRUCTIVE TRUST, INJUNCTIVE RELIEF, FINANCIAL ELDER ABUSE, UNFAIR BUSINESS PRACTICES, APPOINTMENT OF A RECEIVER, DECLARATORY RELIEF, ACCOUNTING, AND QUIET TITLE

49

4.   <u>On the Fourth Cause of Action (Constructive Trust)</u>

    a.   For an order imposing a constructive trust on any and all properties in which Ward Anderson or Elsie Turchen had any interest;

    b.   For Plaintiff's costs of suit; and

    c.   For such other and further relief as the Court may deem proper;

5.   <u>On the Fifth Cause of Action (Injunctive Relief)</u>

    a.   For a preliminary and permanent injunction enjoining Defendants and each of them from selling, transferring, conveying, disposing, encumbering or otherwise depriving plaintiff of her rights and interests in the Estate Properties, the rental income, or the proceeds of sale thereof;

    b.   For a preliminary injunction requiring Defendant access to all Estate Properties for the purpose of creating inventories of the personal property in the Estate of Elsie Turchen and the Estate of Ward Anderson;

    c.   For an order of restitution requiring Defendants and each of them to restore to plaintiff any and all profits, income, and other value that they have received from any Estate Properties;

    d.   For Plaintiff's costs of suit; and

    e.   For such other and further relief as the Court may deem proper;

6.   <u>On the Sixth Cause of Action (Financial Elder Abuse)</u>

    a.   For Plaintiff's damages, according to proof;

    b.   For punitive and exemplary damages in an amount sufficient to punish the Defendants and make them an example;

    c.   For Plaintiff's reasonable attorneys' fees and costs of suit; and

    d.   For such other and further relief as the Court may deem proper;

7.   <u>On the Seventh Cause of Action (Unfair Business Practices)</u>

    a.   For an injunction against Defendants, and each of them, to cease in their unlawful practices, and in particular to cease holding themselves out as charitable or religious

LAW OFFICES
COTCHETT,
PITRE, SIMON &
MCCARTHY

FIRST AMENDED COMPLAINT FOR FRAUD, CONVERSION, UNJUST ENRICHMENT, CONSTRUCTIVE TRUST, INJUNCTIVE RELIEF, FINANCIAL ELDER ABUSE, UNFAIR BUSINESS PRACTICES, APPOINTMENT OF A RECEIVER, DECLARATORY RELIEF, ACCOUNTING, AND QUIET TITLE

50

organizations or clergy, or as performing any charitable works whatsoever in connection with Estate Properties;

b.   For an order to Defendants disgorge all income obtained through the collection of rents, loans secured by deeds of trust, or the sale of any Estate Property, together with interest thereon;

c.   For Plaintiff's reasonable attorneys' fees and costs of suit; and

d.   For such other and further relief as the Court may deem proper;

8.   <u>On the Eighth Cause of Action (Appointment of a Receiver)</u>

a.   For a court order appointing a receiver to take possession of the Estate Properties, as well a all personal property of the Estate of Elsie Turchen and of the Estate of Ward D. Anderson, III;

b.   That Defendants, and anyone holding title under them, be ordered to immediately deliver possession of the property to the receiver;

c.   That the receiver be permitted to do the following after taking possession of the property:

(i)   Exclude the Defendants, or anyone claiming under or through them who does not have a valid rental agreement or lease for possession of the property, or any portion thereof, from possession of the property, or any portion thereof;

(ii)   Use, operate, manage, and control the property;

(iii)   Care for, preserve, and maintain the property;

(iv)   Incur all expenses necessary for the care, preservation, and maintenance of the property;

(v)   Demand, collect and receive any rents, issues, income, profits and lease payments now due or hereafter coming due from tenants or lessees of the property, or any portion thereof;

(vi)   Rent or lease from time to time any part of the property and to keep the buildings thereon insured and in good repair, and to pay the taxes and assessments on the property incurred during the receivership;

LAW OFFICES
COTCHETT,
PITRE, SIMON &
MCCARTHY

FIRST AMENDED COMPLAINT FOR FRAUD, CONVERSION, UNJUST ENRICHMENT, CONSTRUCTIVE TRUST, INJUNCTIVE RELIEF, FINANCIAL ELDER ABUSE, UNFAIR BUSINESS PRACTICES, APPOINTMENT OF A RECEIVER, DECLARATORY RELIEF, ACCOUNTING, AND QUIET TITLE

51

(vii)    Bring and prosecute all proper actions for the collection of rent or lease payments due on the property, as well as all necessary actions for the removal of tenants or lessees in default of any rental or lease agreement, or any other persons, from the property, and to bring and prosecute all proper actions for the protection of the property or to recover possession thereof;

(viii)   Employ agents or employees to collect said rents, manage the property, and keep the same insured and in good repair, if the receiver shall deem the same necessary, and to pay the reasonable value of said services out of the rent receipts;

(ix)     Open up bank accounts as deemed necessary by the receiver in connection with the above-reference duties; and

(x)      Exercise all other powers and duties referred to in this complaint, together with all other powers reasonably necessary to carry out the receiver's duties and responsibilities;

d.    For a temporary restraining order and preliminary and permanent injunctions restraining and enjoining the Defendants, and their servants, agents and employees, and all those acting in concert with them, and each of them, from engaging in or performing, directly or indirectly, any or all of the following acts:

(i)      Interfering with or hindering, or in any manner whatsoever, the receiver in the performance of the receiver's duties;

(ii)     Demanding, receiving or in any other way diverting and using any of the profits, income, issues, rents, payments, and/or lease payments emanating from the Estate Property, including, without limitation, rents or lease payments due or hereafter to become due under any rental or lease agreements;

(iii)    Interfering in any manner with the property or its possessions;

LAW OFFICES
COTCHETT,
PITRE, SIMON &
MCCARTHY

FIRST AMENDED COMPLAINT FOR FRAUD, CONVERSION, UNJUST ENRICHMENT, CONSTRUCTIVE TRUST, INJUNCTIVE RELIEF, FINANCIAL ELDER ABUSE, UNFAIR BUSINESS PRACTICES, APPOINTMENT OF A RECEIVER, DECLARATORY RELIEF, ACCOUNTING, AND QUIET TITLE

52

  (iv) Transferring, concealing, destroying, defacing or altering any of the instruments, documents, ledger cards, books, records, printouts, or other writings relating to the property or any portion thereof; or

  (v) Transferring, conveying, assigning, pledging, deeding, selling, renting, leasing, encumbering, challenging ownership, vesting of title to, or otherwise disposing of, the property;

e. For costs and expenses incurred by the receiver in the performance of the receiver's duties, including without limitation, receiver's fees and charges and attorneys' fees;

f. For such other and further relief as the Court may deem proper;

9. <u>On the Ninth Cause of Action (Declaratory Relief)</u>

a. For a judicial declaration that:

  (i) The trusts purportedly established and created by Ward D. Anderson III to hold title to property he owned or acquired were never validly created, and as a result neither Ward Anderson nor Elsie Turchen ever held any real property in trust; or in the alternative,

  (ii) If any trusts were validly created they became irrevocable on Ward Anderson's death, and Elsie Turchen lacked the authority under the trust to designate any beneficiaries but those existing at the time of Ward Anderson's death; or in the alternative;

  (iii) To the extent Elsie Turchen had any interest in or power to dispose of any Estate Properties, her purported gifts of those properties to the Greensprings Fellowship Trust through the January 12, 1999 deeds were void because, (A) they were the product of fraud and undue influence so as to be void and of no force or effect; and (B) the purported grantee of those deeds did not exist;

b. For Plaintiff's costs of suit; and

c. For such other and further relief as the Court may deem proper;

10. <u>On the Tenth Cause of Action (Accounting)</u>

a. For an accounting between plaintiff and Defendants;

LAW OFFICES
COTCHETT,
PITRE, SIMON &
McCARTHY

FIRST AMENDED COMPLAINT FOR FRAUD, CONVERSION, UNJUST ENRICHMENT, CONSTRUCTIVE TRUST, INJUNCTIVE RELIEF, FINANCIAL ELDER ABUSE, UNFAIR BUSINESS PRACTICES, APPOINTMENT OF A RECEIVER, DECLARATORY RELIEF, ACCOUNTING, AND QUIET TITLE

53

b.  For payment to plaintiff of all amounts due from Defendants as a result of the accounting, together with interest thereon;

c.  For Plaintiff's costs of suit; and

d.  For such other and further relief as the Court may deem proper; and

11.  <u>On the Eleventh Cause of Action (Quiet Title)</u>

a.  For a judgment that as of January 12, 1999, Plaintiff was the owner in fee simple of Properties Nos. 1 through 16, inclusive, 20 through 24, inclusive, and 27 through 31, inclusive;

b.  For a judgment that as of January 12, 1999, Plaintiff was the owner in fee simple of an undivided one half interest in Properties Nos. 17, 18, 25 and 26;

c.  For a judgment that Plaintiff has at all times been the owner of all beneficial interest under the Deed(s) of Trust encumbering Properties Nos. Nos. 19, 32, 33, 34, 35, 36 and 37;

d.  For a judgment that no Defendant has or ever has had any right, title or interest in or to any of the Estate Properties;

e.  For Plaintiff's costs of suit; and

f.  For such other and further relief as the Court may deem proper.

Dated: December 23, 2005

ANDERLINI, FINKELSTEIN, EMERICK & SMOOT
  P. Terry Anderlini (State Bar No. 044783)
  Merrill G. Emerick (State Bar No. 117248)
COTCHETT, PITRE, SIMON & McCARTHY
  Frank M. Pitre (State Bar No. 100077)
  Barbara L. Lyons (State Bar No. 173548)
  Ara B. Jabagchourian (State Bar No. 205777)


By: _____
     P. Terry Anderlini
Attorneys for Plaintiff
PENNY D. ANDERSON, individually, as Personal Representative of the ESTATE OF WARD D. ANDERSON III, deceased, and as Personal Representative of the ESTATE OF ELSIE TURCHEN, Deceased

34643

LAW OFFICES
COTCHETT,
PITRE, SIMON &
McCARTHY

FIRST AMENDED COMPLAINT FOR FRAUD, CONVERSION, UNJUST ENRICHMENT, CONSTRUCTIVE TRUST, INJUNCTIVE RELIEF, FINANCIAL ELDER ABUSE, UNFAIR BUSINESS PRACTICES, APPOINTMENT OF A RECEIVER, DECLARATORY RELIEF, ACCOUNTING, AND QUIET TITLE

54

**EXHIBIT 1**

RECORDER'S C FICE COUNTY OF SAN MATEO

EXHIBIT   1

PARCEL ON'

A PORTION OF LOT 48, AS DESIGNATED ON THE MAP ENTITLED

"UPLANDS TERRACE HILLSBOROUGH SAN MATEO COUNTY, CALIFORNIA",

ᴡᴍICH MAP WA  .ᴵLED IN THE Oᴵ ᴍᴸᴇ OF THE RECORDER OF THE COUNTY OF

SAN MATEO, STATE OF CALIFORNIA, ON MARCH 4, 1957 IN BOOK 47 OF

MAPS AT PAGES 6, 7 AND 8, SAID PORTION BEING MORE PARTICULARLY

DESCRIBED AS FOLLOWS:

BEGINNING AT A POINT IN THE NORTHWESTERLY LINE OF CRYSTAL SPRINGS
ROAD DISTANT THEREON SOUTH 40° 18' 20" WEST 306 FEET FROM THE INTER-
SECTION THEREOᵀ ᴡITH THE 'ᴵNE DIᴠᴵᴅING LOTS 47 AND    AS SAID ROAD
AND LOᴵS ARE SHOWN ON THE MAP ABOVE MENTIONED; 1   .E FROM SAID POINT
OF BEGINNING SOUTH 40° 18' 20" WEST ALONG SAID NORTHWESTERLY LINE OF
CYRSTAL SPRINGS ROAD 124 FEET; THENCE NORTH 64° 57' 25" WEST 173.22
FEET TO THE EASTERLY LINE OF EL CERRITO AVENUE AS SHOWN ON SAID MAP;
THENCE NORTHERLY ALONG THE LAST NAMED LINE ON THE ARC OF A CURVE TO
THE RIGHᵀ  TANGENT .. A LINE WHICH BEARS NOᴿTH 27° 31' 55" EAST,
SAID CURVE HAVING A RADIUS OF 400 Fᴵ  ', THROUGH A CENᵀᴿAL ANGLE OF
6° 00' 00", AN ARC LENGTH OF 41.83 FEET AND NORTH 33° 31' 55" EAST
129.24 FEET; THENCE SOUTH 49° 41' 40" EAST 189.47 FEET TO THE POINT
OF BEGINNING.

PARCEL TWO:

A NON-EXCL...ᴠE EASEMENT FOR PUBLIC UTILITY AND ROADWAY PᴜᴸᴼSES
OVER THE FOLLOWING:

BEGINNING AT THE INTERSECTION OF THE EASTERLY LINE OF EL CERRITO
AVENUE AND THE SOUTHWESTERLY BOUNDARY LINE OF THE LANDS FIRST ABOVE
DESCRIBED; THENCE FROM SAID POINT OF BEGINNING SOUTH 64° 57' 25"
EAST ALONG THE SOUTHWESTERLY BOUNDARY LINE OF SAID LANDS 130 FEET;
THENCE ᶜ°ᵁTHWESTERLY AND NORᴴ ᴸᴱSTERLY ALONG THE ARC OF A CURVE TO
THE RIGHT, TANGEᴺ  Iᴄ ᴀ LINE WHICH BEARS SOUTH 25° 02' ᴊᴊ WEST SAID
CURVE HAVING ᴀ RADᵀUS OF 25 FEET, THROUGH A CENTRAL ANGLE OF 143° 07'
49" AN ARC DISTANCE OF 62.45 FEET; THENCE NORTH 64° 57' 25" WEST
85.38 FEET TO THE SOUTHEASTERLY LINE OF EL CERRITO AVENUE; THENCE
NORTHEASTERLY ALONG THE LAST NAMED LINE ON THE ARC OF A CURVE TO THE
RIGHT, TANGENT TO A LINE WHICH BEARS NORTH 25° 22' 58" EAST, SAID
CURVE HAVING A RADIUS OF 400 FEET, THROUGH A CENTRAL ANGLE OF 2° 08'
57" AN ARC DISTANCE OF 15 FEET TO THE POINT OF BEGINNING.

APN 032-380-170                          JPN 032-38-380-17

END OF DOCUMENT

**EXHIBIT 2**

EXHIBIT 2

THE LAND REFERRED TO IS SITUATED IN THE UNINCORPORATED AREA, COUNTY OF SAN MATEO, STATE OF CALIFORNIA, AND IS DESCRIBED AS FOLLOWS:

PORTION OF THE RANCHO CANADA DE RAYMUNDO AND PORTION OF THE SOUTH ONE-HALF OF SECTION 30 IN TOWNSHIP 5 SOUTH, RANGE 4 WEST, MOUNT DIABLO, BASE AND MERIDIAN, DESCRIBED AS FOLLOWS:

BEGINNING AT A POINT ON THE SOUTHWESTERLY LINE OF THE SKYLINE BOULEVARD AS GRANTED TO THE STATE OF CALIFORNIA, OPPOSITE ENGINEER'S STATION 161 PLUS 01.07 OF THE SURVEY THEREOF;    WHICH SAID POINT IS ALSO DISTANT,    ALONG SAID SOUTHWESTERLY LINE, SOUTH 32 DEGREES 57' 30" EAST 117.8 FEET FROM U.S. COAST AND GEODETIC SURVEY MONUMENT NO. 2-386;    THENCE LEAVING SAID BOULEVARD, SOUTH 53 DEGREES 59' WEST 26.00 FEET; SOUTH 17 DEGREES 53' WEST 14.00 FEET; SOUTH 9 DEGREES 17' WEST 7.00 FEET; SOUTH 0 DEGREES 32' WEST 20.2 FEET; SOUTH 3 DEGREES 24' EAST 135.3 FEET;    SOUTH 5 DEGREES 08' EAST 40.5 FEET; SOUTH 14 DEGREES 10' EAST 20.2 FEET;    SOUTH 19 DEGREES 15' EAST 13.5 FEET; SOUTH 40 DEGREES 03' EAST 13.7 FEET;    SOUTH 53 DEGREES 48' EAST 85.9 FEET; SOUTH 13 DEGREES 27' WEST 12.8 FEET; SOUTH 31 DEGREES 48' EAST 59.3 FEET AND NORTH 69 DEGREES 07' EAST 46.5 FEET TO THE AFOREMENTIONED SOUTHWESTERLY LINE OF THE SKYLINE BOULEVARD; THENCE NORTHWESTERLY, ALONG LAST MENTIONED LINE, ON THE ARC OF A CURVE TO THE LEFT WITH A RADIUS OF 650 FEET, A CENTRAL ANGLE OF 28 DEGREES 49', AN ARC DISTANCE OF 326.9 FEET TO END OF CURVE, OPPOSITE STATION 161 PLUS 76.77 OF THE SURVEY OF SAID BOULEVARD; THENCE CONTINUING ALONG SAID LINE, NORTH DEGREES 57' 30" WEST 75.7 FEET TO THE POINT OF BEGINNING.

ASSESSOR'S PARCEL NUMBER:  067-260-030

PROPERTY ADDRESS:  12170 SKYLINE BOULEVARD, WOODSIDE, CALIFORNIA

**EXHIBIT 3**

EXHIBIT 3

THE LAND REFERRED TO IS SITUATED IN THE STATE OF CALIFORNIA, COUNTY OF SAN MATEO, CITY OF BURLINGAME, AND IS DESCRIBED AS FOLLOWS:

LOTS 22 AND 23 AND PORTION OF LOT 24, BLOCK 1, AS DESIGNATED ON THE MAP ENTITLED "MAP OF SUBDIVISION NO 4 OF BURLINGAME PARK, CAL.", WHICH MAP WAS FILED IN THE OFFICE OF THE RECORDER OF THE COUNTY OF SAN MATEO, STATE OF CALIFORNIA, ON NOVEMBER 20, 1905 IN BOOK "D" OF MAPS AT PAGE 43, AND A COPY ENTERED IN BOOK 3 OF MAPS AT PAGE 85, SAID PORTION OF LOT 24 BEING MORE PARTICULARLY DESCRIBED AS FOLLOWS:

BEGINNING AT THE MOST WESTERLY CORNER OF SAID LOT 24; THENCE FROM SAID POINT OF BEGINNING, SOUTHEASTERLY ALONG SAID SOUTHWESTERLY LOT LINE 25.08 FEET; THENCE NORTHEASTERLY, PARALLEL WITH THE NORTHWESTERLY LINE OF SAID LOT 24, TO THE SOUTHWESTERLY LINE OF EL CAMINO REAL (SHOWN AS COUNTY ROAD ON THE MAP ABOVE REFERRED TO); THENCE NORTHWESTERLY ALONG SAID LAST NAMED LINE, 25 FEET, MORE OR LESS, TO THE DIVIDING LINE BETWEEN LOTS 23 AND 24 IN BLOCK I; THENCE SOUTHWESTERLY ALONG THE LAST NAMED LINE, 178 FEET 9 INCHES, TO THE POINT OF BEGINNING.

EXCEPTING THEREFROM THAT PORTION OF SAID LOTS 23 AND 24, AS DESCRIBED IN THE DEED DATED SEPTEMBER 19, 1972, EXECUTED BY TRANSAMERICA TITLE INSURANCE COMPANY, A CALIFORNIA CORPORATION, AND RECORDED SEPTEMBER 20, 1972, IN BOOK 6235, PAGE 153, SERIES NO. 59839AF, OFFICIAL RECORDS.

PROPERTY ADDRESS: 789 EL CAMINO REAL, BURLINGAME, CALIFORNIA

ASSESSOR'S PARCEL NUMBER: 028-141-280



**EXHIBIT 4**

EXHIBIT 4

THE LAND REFERRED TO IS SITUATED IN THE STATE OF CALIFORNIA, COUNTY OF SAN MATEO, CITY OF BURLINGAME, AND IS DESCRIBED AS FOLLOWS:

LOT 21 AND THAT PORTION OF LOTS 23 AND 14 I BLOCK 1, AS SAID LOTS ARE SHOWN ON THE MAP ENTITLED "MAP OF SUBDIVISION NO. 4 OF BURLINGAME PARK, CAL.", WHICH MAP WAS FILED IN THE OFFICE OF THE RECORDER OF SAN MATEO COUNTY, STATE OF CALIFORNIA ON NOVEMBER 20, 1905, IN BOOK "D" OF MAPS AT PAGE 43, AND A COPY ENTERED IN BOOK 3 OF MAPS AT PAGE 85, MORE PARTICULARLY DESCRIBED AS FOLLOWS:

BEGINNING AT THE MOST EASTERLY CORNER OF SAID LOT 21; THENCE FROM SAID POINT OF BEGINNING SOUTHWESTERLY ALONG THE SOUTHEASTERLY LINE OF LOTS 20 & 21, 100 FEET TO THE MOST WESTERLY CORNER OF SAID LOT 23, THENCE SOUTHEASTERLY ALONG THE SOUTHWESTERLY LINE OF SAID LOTS 23 & 24, 75.25 FEET TO THE INTERSECTION THEREOF WITH THE SOUTHEASTERLY LINE OF THE LANDS DESCRIBED AS PARCEL 1 IN THE DEED TO TRANSAMERICA TITLE INSURANCE COMPANY, A CALIFORNIA CORPORATION RECORDED SEPTEMBER 1, 1954 IN BOOK 4788, PAGE 721 OFFICIAL RECORDS, SERIES NO. 61281-X; THENCE NORTHEASTERLY ALONG LAST SAID SOUTHEASTERLY LINE, 100 FEET TO A POINT DISTANT 78.75 FEET FROM THE SOUTHWESTERLY LINE OF EL CAMINO REAL (SHOWN AS COUNTY ROAD ON MAP ABOVE REFERRED TO); AND THENCE NORTHWESTERLY ON A LINE PARALLEL TO SAID SOUTHWESTERLY LINE OF EL CAMINO REAL, 75.25 FEET TO THE POINT OF BEGINNING.

ASSESSOR'S PARCEL NUMBER: 028-141-270
(Prior 28-141-010 Portion 28-141-260)

PROPERTY ADDRESS: 1507 WILLOW AVENUE, BURLINGAME, CALIFORNIA
(a.k.a. 1507 - 1509 Willow Avenue)



EXHIBIT 5

EXHIBIT 5


THE LAND REFERRED TO IS SITUATED IN THE STATE OF CALIFORNIA, COUNTY OF
SAN MATEO, CITY OF SAN MATEO, AND IS DESCRIBED AS FOLLOWS:

PORTION OF LOT 37, AS DESIGNATED ON THE MAP ENTITLED MAP OF
SUBDIVISION NO. 1 OF SAN MATEO PARK, CAL.", WHICH MAP WAS
FILED IN THE OFFICE OF THE RECORDER OF THE COUNTY OF SAN MATEO,
STATE OF CALIFORNIA, ON JUNE 5, 1902 IN BOOK "B" OF MAPS AT
PAGE 9, MORE PARTICULARLY DESCRIBED AS FOLLOWS:

BEGINNING AT A POINT ON THE SOUTHWESTERLY LINE OF EL CAMINO REAL,
DISTANT THEREON SOUTH 48 DEGREES 47' EAST 100 FEET SOUTHEASTERLY FROM
THE MOST NORTHERLY CORNER OF SAID LOT 37; THENCE ALONG SAID
SOUTHWESTERLY LINE OF EL CAMINO REAL SOUTH 48 DEGREES 47' EAST 100
FEET; THENCE SOUTHERLY ON A CURVE TO THE RIGHT, HAVING A RADIUS
OF 20 FEET, AN ARC DISTANCE OF 30 FEET TO THE NORTHWESTERLY LINE OF
BELLEVUE AVENUE; THENCE SOUTHWESTERLY ALONG SAID NORTHWESTERLY LINE OF
BELLEVUE AVENUE, 72.5 FEET TO THE NORTHEASTERLY LINE OF PROPERTY
DESCRIBED IN PARCEL 2 OF DEED FROM JAMES WINSLOW MC CLENAHAN AND
BARBARA MAE MC CLENAHAN, HIS WIFE TO DEAN H. PRATT, DATED JULY 18,
1946 AND RECORDED AUGUST 2, 1946 IN BOOK 1303 OF OFFICIAL RECORDS OF
SAN MATEO COUNTY AT PAGE 95; THENCE ALONG SAID NORTHEASTERLY LINE,
NORTH 47 DEGREES 43' WEST 128.42 FEET TO A LINE PARALLEL WITH AND
DISTANT AT RIGHT ANGLES 100 FEET SOUTHEASTERLY FROM THE NORTHWESTERLY
BOUNDARY OF SAID LOT 37; THENCE NORTHEASTERLY ALONG SAID PARALLEL
LINE, 87 FEET MORE OR LESS, TO THE POINT OF BEGINNING.

ASSESSOR'S PARCEL NUMBER: 032-071-030

PROPERTY ADDRESS: 501 NORTH EL CAMINO REAL, SAN MATEO, CALIFORNIA

**EXHIBIT 6**

**<u>EXHIBIT 6</u>**

LEGAL DESCRIPTION NOT LOCATED AS OF DECEMBER 19, 2005

**EXHIBIT 7**

EXHIBIT 7

LOT 10, IN BLOCK 5, AS DESIGNATED ON THE MAP ENTITLED "MAP No. 8 SHORE VIEW TRACT SAN MATEO, CALIF" WHICH MAP WAS FILED IN THE OFFICE OF THE RECORDER OF THE COUNTY OF SAN MATEO, CALIFORNIA, ON JUNE 22, 1949 IN BOOK 30 OF MAPS AT PAGES 25 TO 28 INCLUSIVE.

(APN:    033-265-030

PROPERTY ADDRESS: 1449 DAKOTA AVENUE, SAN MATEO, CA

(1441-1449 DAKOTA)