1  P. Terry Anderlini (State Bar No. 044783)
   Merrill G. Emerick (State Bar No. 117248)
2  **ANDERLINI, FINKELSTEIN, EMERICK & SMOOT**
   400 South El Camino Real, Suite 700
3  San Mateo, California 94402
   Telephone: (650) 348-0102
4  Facsimile: (650) 348-0962

5  Frank M. Pitre (State Bar No. 100077)
   Barbara L. Lyons (State Bar No. 173548)
6  Ara B. Jabagchourian (State Bar No. 205777)
   **COTCHETT, PITRE, SIMON & McCARTHY**
7  840 Malcolm Road, Suite 200
   Burlingame, CA 94010
8  Telephone: (650) 697-6000

9  Attorneys for Plaintiffs
   PENNY D. ANDERSON, an individual; and
10 RAMONA MARTINEZ, as Administrator
   of the Estate of Ward D. Anderson III, Deceased,
11 and of the Estate of Elsie Turchen, Deceased

12 James M. Wagstaffe (State Bar No. 95535)
   **KERR & WAGSTAFFE LLP**
13 100 Spear Street, Suite 1800
   San Francisco, CA 94105
14 Telephone (415) 371-8500

15 Attorneys for Plaintiff
   CANDACE JENKINS
16

17         **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

18      **IN THE COUNTY OF SAN MATEO - UNLIMITED JURISDICTION**

19 PENNY D. ANDERSON, an individual;            )  Case No. CIV 445617
   CANDACE JENKINS, an individual; and          )
20 RAMONA MARTINEZ, as Administrator of         )  **SECOND AMENDED COMPLAINT**
   the ESTATE OF WARD D. ANDERSON III,          )  **FOR FRAUD, CONVERSION, UNJUST**
21 Deceased, and as Administrator of the        )  **ENRICHMENT, CONSTRUCTIVE**
   ESTATE OF ELSIE TURCHEN, Deceased,           )  **TRUST, INJUNCTIVE RELIEF,**
22                                              )  **UNFAIR BUSINESS PRACTICES,**
              Plaintiffs,                       )  **APPOINTMENT OF A RECEIVER,**
23                                              )  **DECLARATORY RELIEF,**
       vs.                                      )  **ACCOUNTING, AND QUIET TITLE**
24                                              )
   CHRISTINE MASERDOTTI DILLON, also            )  Action Filed:  March 18, 2005
25 known as BETH ANDERSON, an individual;       )  Trial Date:    Not Yet Set
   DON BOHN, an individual; ERIK HEATH          )
26 PENNINGTON, also known as ERIC               )
   HEATH, an individual; MARGARET               )
27 EBERLE, an individual;                       )
   [CAPTION CONTINUED ON FOLLOWING             )
28 PAGE.]                                       )

LAW OFFICES
COTCHETT,
PITRE, SIMON &
McCARTHY

SECOND AMENDED COMPLAINT FOR FRAUD, CONVERSION, UNJUST ENRICHMENT,
CONSTRUCTIVE TRUST, INJUNCTIVE RELIEF, UNFAIR BUSINESS PRACTICES, APPOINTMENT OF A
RECEIVER, DECLARATORY RELIEF, ACCOUNTING, AND QUIET TITLE

FILED
SAN MATEO COUNTY

NOV 0 8 2006

Clerk of the Superior Court
By _____
    DEPUTY CLERK

1  JOHN WYSE, an individual; BER                    )
2  MANAGEMENT, a business entity, form              )
   unknown; THE GREENSPRINGS BAPTIST                )
3  CHRISTIAN FELLOWSHIP TRUST DATED                 )
   APRIL 25, 1994, a trust; THE                     )
4  GREENSPRINGS FELLOWSHIP TRUST, a                 )
   business entity, form unknown; THE               )
5  GREENSPRINGS CHRISTIAN                           )
   FELLOWSHIP CHURCH; INC., a California            )
6  corporation;  and DOES Seven to Fifty,           )
                                                    )
7              Defendants.                          )
   _____          )

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LAW OFFICES
COTCHETT,
PITRE, SIMON &
MCCARTHY

SECOND AMENDED COMPLAINT FOR FRAUD, CONVERSION, UNJUST ENRICHMENT,
CONSTRUCTIVE TRUST, INJUNCTIVE RELIEF, UNFAIR BUSINESS PRACTICES, APPOINTMENT OF A
RECEIVER, DECLARATORY RELIEF, ACCOUNTING, AND QUIET TITLE

# TABLE OF CONTENTS

1

2  I.    INTRODUCTION .................................................. 1

3  II.   PARTIES ....................................................... 2

4        A.  Plaintiffs ................................................. 2

5        B.  Defendants ............................................... 2

6        C.  Agency, Conspiracy, and Aiding and Abetting ............. 5

7        D.  Unnamed Participants .................................... 5

8  III.  THE DECEDENTS ............................................. 6

9  IV.   THE ANDERSON "TRUSTS" .................................. 6

10 V.    THE ANDERSON AND TURCHEN ESTATE PROPERTIES ......... 9

11       A.  Property #1: 773 El Cerrito Avenue, Hillsborough .......... 9

12       B.  Property #2: 12170 Skyline Boulevard, Woodside ........... 9

13       C.  Property #3: 789 El Camino Real, Burlingame ............. 10

14       D.  Property #4: 1507 Willow Avenue, Burlingame ............ 11

15       E.  Property #5: 501 N. El Camino Real, San Mateo ........... 11

16       F.  Property #6: 611 S. El Dorado, San Mateo ............... 12

17       G.  Property #7: 1449 Dakota Avenue, San Mateo ............. 12

18       H.  Property #8: 1441 Dakota Avenue, San Mateo ............. 13

19       I.  Property #9: 401 First Avenue, San Mateo ............... 13

20       J.  Property #10: 49 S. Railroad Avenue, San Mateo .......... 13

21       K.  Property #11: 620 First Avenue, San Mateo .............. 14

22       L.  Property #12: 400 South "B" Street, San Mateo ........... 14

23       M.  Property #13: 407 South "B" Street, San Mateo ........... 15

24       N.  Property #14: 311 South Claremont, San Mateo ........... 15

25       O.  Property #15: 315 South Claremont, San Mateo ........... 16

26       P.  Property #16: 612-614 Tenth Avenue, San Mateo .......... 16

27       Q.  Property #17: 1217 South Railroad Avenue, San Mateo ..... 17

28       R.  Property #18: 1301-1303 South Railroad Avenue, San Mateo ...... 17

LAW OFFICES
COTCHETT,
PITRE, SIMON &
MCCARTHY

SECOND AMENDED COMPLAINT FOR FRAUD, CONVERSION, UNJUST ENRICHMENT, CONSTRUCTIVE TRUST, INJUNCTIVE RELIEF, UNFAIR BUSINESS PRACTICES, APPOINTMENT OF A RECEIVER, DECLARATORY RELIEF, ACCOUNTING, AND QUIET TITLE                    i

| | | |
|---|---|---|
| S. | Property # 19: 62 East 39th Avenue, San Mateo | 18 |
| T. | Property #20: 143 - 147 South Boulevard, San Mateo | 18 |
| U. | Property #21: 149-151 South Boulevard, San Mateo | 19 |
| V. | Property #22: 69-75 21st Avenue, San Mateo | 19 |
| W. | Property #23: 410 South B Street, San Mateo | 20 |
| X. | Property #24: 4029 Beresford, San Mateo | 20 |
| Y. | Property #25: 2636 Broadway, Redwood City | 21 |
| Z. | Property #26: 307 South Claremont Street, San Mateo | 22 |
| AA. | Property #27: 1225 South "B" Street, San Mateo | 22 |
| BB. | Property #28: 325 Malcolm Avenue, Belmont | 23 |
| CC. | Property #29: 811-813 South B Street, San Mateo | 23 |
| DD. | Property #30: 22 South Humboldt Street, San Mateo | 24 |
| EE. | Property #31: 1229 South B Street, San Mateo | 24 |
| FF. | Property #32: Assessor's Parcel No. 067-250-040, Unincorporated San Mateo County | 25 |
| GG. | Property #33: 2025 Stratford Way, San Mateo | 26 |
| HH. | Property #34: 101 Elm Street, San Carlos (APN 045-314-130) | 26 |
| II. | Property #35: 57 McLellan Avenue, San Mateo | 26 |
| JJ. | Property #36: 1804 Maxine Avenue, San Mateo | 27 |
| KK. | Property #37: 20 South Eldorado Street, San Mateo | 27 |
| LL. | Other Properties | 28 |
| VI. | DEFENDANTS' SCHEME TO DEFRAUD | 28 |
| VII. | PLAINTIFFS' DELAYED DISCOVERY OF DEFENDANTS' FRAUDULENT SCHEME | 41 |
| VIII. | DAMAGES | 43 |
| IX. | FIRST CAUSE OF ACTION (Fraud) | 43 |
| X. | SECOND CAUSE OF ACTION (Conversion) | 44 |

LAW OFFICES
COTCHETT,
PITRE, SIMON &
MCCARTHY

SECOND AMENDED COMPLAINT FOR FRAUD, CONVERSION, UNJUST ENRICHMENT, CONSTRUCTIVE TRUST, INJUNCTIVE RELIEF, UNFAIR BUSINESS PRACTICES, APPOINTMENT OF A RECEIVER, DECLARATORY RELIEF, ACCOUNTING, AND QUIET TITLE    ii

XI.     THIRD CAUSE OF ACTION
        (Unjust Enrichment) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 45

XII.    FOURTH CAUSE OF ACTION
        (Constructive Trust) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 46

XIII.   FIFTH CAUSE OF ACTION
        (Injunctive Relief) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 46

XIV.    SIXTH CAUSE OF ACTION
        (Unfair Business Practices) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 47

XV.     SEVENTH CAUSE OF ACTION
        (Appointment of a Receiver) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 48

XVI.    EIGHTH CAUSE OF ACTION
        (Declaratory Relief) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 48

XVII.   NINTH CAUSE OF ACTION
        (Accounting) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 49

XVIII.  TENTH CAUSE OF ACTION
        (Quiet Title) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 50

XIX.    PRAYER . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 50

LAW OFFICES
COTCHETT,
PITRE, SIMON &
MCCARTHY

# I.

## INTRODUCTION

1.     This complaint arises out of a conspiracy to defraud Elsie Turchen, an octogenarian widow who had recently lost her only son, Ward Anderson, of over $20 million in real and personal property. Defendants ingratiated themselves with Mrs. Turchen and became intimately familiar with her business and personal affairs. One of the Defendants, auto mechanic Eric Pennington, told Mrs. Turchen he was a "pastor." Touting the non-existent charitable and missionary works of a fictional religious organization, he and his codefendants convinced Elsie Turchen to execute deeds purporting to convey her property, as well as property belonging to her son's estate, to the "Greensprings Fellowship Trust."

2.     Another Defendant, Christine Dillon, assumed the name "Beth Anderson," and held herself out to the world as Elsie Turchen's granddaughter. After Elsie Turchen died, Christine Dillon concealed Defendants' fraudulent scheme from Elsie Turchen's real granddaughters – Elsie Turchen's only heirs – by falsely telling them that she was administering the estate, and by making periodic "discretionary" distributions to them.

3.     Until Elsie Turchen's granddaughters discovered the fraud in November 2004, Defendants surreptitiously collected and retained for themselves all rents on and profits from the Anderson and Turchen properties; they sold at least two of those properties, then used the funds to purchase property in other states for personal, rather than charitable uses. Not satisfied with the unlawful profits realized by their devious scheme, Defendants arranged to pay themselves management fees that total over $600,000 for overseeing the swindled properties. They have persisted to deplete estate assets despite an order from this Court to refrain from doing so.

4.     Plaintiffs respectfully ask this Court to quiet title to the Anderson and Turchen properties, to require Defendants to account to them for the sums they have taken from the Anderson and Turchen estates, and to make restitution. The egregious character of the fraud committed cries out for the imposition of punitive and exemplary damages, as well.

/ / /

/ / /

SECOND AMENDED COMPLAINT FOR FRAUD, CONVERSION, UNJUST ENRICHMENT, CONSTRUCTIVE TRUST, INJUNCTIVE RELIEF, UNFAIR BUSINESS PRACTICES, APPOINTMENT OF A RECEIVER, DECLARATORY RELIEF, ACCOUNTING, AND QUIET TITLE     1

## II.

## PARTIES

**A.    Plaintiffs**

5.    Plaintiff PENNY D. ANDERSON is an individual who resides in the City and County of San Francisco, California. Plaintiff CANDACE JENKINS is an individual who resides in Graniteville, South Carolina.

6.    Plaintiff RAMONA MARTINEZ (the "Estate Administrator") is an individual who resides in San Mateo County, California.

7.    This Court granted a Petition to administer the ESTATE OF WARD D. ANDERSON III on April 27, 2005. On the same day, this Court issued Letters Testamentary to Plaintiff Penny D. Anderson, authorizing her to act as Personal Representative of the estate of Ward D. Anderson III. On April 12, 2006, this Court issued an order naming Ramona Martinez successor administrator of the Estate of Ward D. Anderson in place and stead of Penny D. Anderson.

8.    This Court granted a Petition to administer the ESTATE OF ELSIE TURCHEN on April 27, 2005. On the same day, this Court issued Letters Testamentary to Plaintiff Penny D. Anderson, authorizing her to act as Personal Representative of the estate. On April 12, 2006, this Court issued an order naming Ramona Martinez successor administrator of the Estate Turchen in place and stead of Penny D. Anderson.

**B.    Defendants**

9.    Defendant CHRISTINE MASERDOTTI DILLON ("Dillon") was at all relevant times a resident of San Mateo County, California. Plaintiffs are informed and believe, and on that basis allege, that Defendant Dillon holds no real estate license from the State of California. Plaintiffs are informed and believe, and on that basis allege, that during the relevant period Defendant Dillon has falsely held herself out to be "Beth Anderson," the granddaughter of Elsie Turchen.

10.    Defendant DONALD BOHN ("Bohn") is a resident of San Francisco, California. At all relevant times, Bohn has done business in San Mateo County, California. Plaintiffs are

⊗
LAW OFFICES
COTCHETT,
PITRE, SIMON &
MCCARTHY

SECOND AMENDED COMPLAINT FOR FRAUD, CONVERSION, UNJUST ENRICHMENT, CONSTRUCTIVE TRUST, INJUNCTIVE RELIEF, UNFAIR BUSINESS PRACTICES, APPOINTMENT OF A RECEIVER, DECLARATORY RELIEF, ACCOUNTING, AND QUIET TITLE                    2

1   informed and believe, and on that basis allege, that Defendant Bohn holds no real estate license

2   from the State of California.

3           11.     Defendant ERIK HEATH PENNINGTON, also known as ERIC HEATH

4   ("Pennington"), is an individual who resides in San Mateo County. Defendant Pennington has

5   participated in the fraudulent scheme that is the subject of this action by falsely holding himself

6   out to be "Eric Heath," pastor of Defendant Greensprings Church. In fact, Pennington is the

7   proprietor of Eric Pennington's Auto Body & Paint, located at 49 South Railroad Avenue, San

8   Mateo, California. 49 South Railroad Avenue is one of the properties that is the subject of this

9   litigation. Plaintiffs are informed and believe, and on that basis allege, that Defendant

10  Pennington has received a financial benefit from his participation in the fraudulent scheme that is

11  the subject of this Complaint.

12          12.     Plaintiffs are informed and believe, and thereon allege, that Defendant

13  MARGARET EBERLE is an individual who does business at 407 South "B" Street, San Mateo,

14  California. In the alternative, Plaintiffs are informed and believe, and on that basis allege, that

15  there is no Margaret Eberle who has or ever has had a business address of 407 South "B" Street,

16  San Mateo, California, and that Margaret Eberle is the invention of Defendants Dillon, Bohn

17  and/or Pennington.

18          13.     Plaintiffs are informed and believe, and thereon allege, that Defendant JOHN

19  WYSE is an individual who does business at 407 South "B" Street, San Mateo, California. In

20  the alternative, Plaintiffs are informed and believe, and on that basis allege, that there is no John

21  Wyse who has or ever has had a business address of 407 South "B" Street, San Mateo,

22  California, and that John Wyse is the invention of Defendants Dillon, Bohn and/or Pennington.

23          14.     Defendant BER MANAGEMENT, INC. ("BER"), is a California corporation

24  formed November 21, 2001 and having its principal place of business at 204 East Second

25  Avenue, Suite 303, San Mateo, California 94401. Plaintiffs are informed and believe, and on

26  that basis allege, that Defendant BER is the alter ego of Defendant BOHN. Plaintiffs are

27  informed and believe, and on that basis allege, that Defendant BER holds no real estate license

28  from the State of California.

LAW OFFICES
COTCHETT,
PITRE, SIMON &
MCCARTHY

SECOND AMENDED COMPLAINT FOR FRAUD, CONVERSION, UNJUST ENRICHMENT,
CONSTRUCTIVE TRUST, INJUNCTIVE RELIEF, UNFAIR BUSINESS PRACTICES, APPOINTMENT OF A
RECEIVER, DECLARATORY RELIEF, ACCOUNTING, AND QUIET TITLE

3

1    15.    Defendant THE GREENSPRINGS BAPTIST CHRISTIAN FELLOWSHIP

2  TRUST DATED APRIL 25, 1994 ("Greensprings Baptist Trust") is a trust having its principal

3  place of business in Ashland, Oregon.  Plaintiffs are informed and believe, and on that basis

4  allege, that Defendant Greensprings Baptist Trust claims an ownership interest in certain of the

5  real property that is the subject of this action.

6    16.    Defendant THE GREENSPRINGS FELLOWSHIP TRUST ("Greensprings

7  Fellowship Trust") is a business organization, form unknown, having its principal place of

8  business at 407 South B Street, San Mateo, California 94401.  Plaintiffs are informed and

9  believe, and thereon allege, that Defendant Dillon, Defendant Bohn and/or Defendant Pennington

10  have used Greensprings Fellowship Trust as their alter ego to control the Estate Properties, to

11  collect and misappropriate the rents thereon, and to transfer Estate Properties to Greensprings

12  Church and/or third parties and misappropriate the proceeds of those sales.  Although Defendants

13  have represented Greensprings Fellowship Trust to be a 501(c)(3) charitable organization,

14  Plaintiffs are informed and believe, and thereupon allege, that the foregoing representation is

15  false.  Greensprings Fellowship Trust is not registered with the California Attorney General's

16  Registry of Charitable Trusts, and no corporation by that name is incorporated in or qualified to

17  do business in the State of California.  Plaintiffs are further informed and believe, and on that

18  basis allege, that Defendant Greensprings Fellowship Trust in fact engages in no charitable

19  activities whatsoever.

20    17.    Defendant THE GREENSPRINGS CHRISTIAN FELLOWSHIP CHURCH, INC.

21  ("Greensprings Church") is a California corporation formed December 7, 2001 and having its

22  principal place of business at 407 South B Street, San Mateo, California 94401.  Plaintiffs are

23  further informed and believe, and on that basis allege, that Defendant Greensprings Church is the

24  alter ego of Defendant Dillon, Defendant Bohn, or both of them.  Although Defendants have

25  represented Greensprings Church to be a 501(c)(3) charitable organization, based on a search of

26  the Internal Revenue Service's registry organizations eligible to receive charitable contributions,

27  Plaintiffs are informed and believe that the foregoing representation is false.  In addition,

28  Plaintiffs are informed and believe, and thereon allege, that Greensprings Church performs no

⊛

LAW OFFICES
COTCHETT,
PITRE, SIMON &
MCCARTHY

SECOND AMENDED COMPLAINT FOR FRAUD, CONVERSION, UNJUST ENRICHMENT,
CONSTRUCTIVE TRUST, INJUNCTIVE RELIEF, UNFAIR BUSINESS PRACTICES, APPOINTMENT OF A
RECEIVER, DECLARATORY RELIEF, ACCOUNTING, AND QUIET TITLE                4

1   religious or charitable work whatsoever, and is merely an instrumentality of the individual

2   Defendants' fraudulent scheme as alleged herein.

3        18.    Plaintiffs are ignorant of the true names and capacities of the Defendants sued

4   herein as DOES Seven through Fifty, inclusive, and therefore sue them under their fictitious

5   names. Plaintiffs are further informed and believe, and thereon allege, that each of those

6   fictitiously named Defendants is responsible in some manner for the acts alleged of Defendants

7   herein.

8   **C.    Agency, Conspiracy, and Aiding and Abetting**

9        19.    At all times relevant to this Complaint, Defendants, and each of them, were acting

10  as the agents, servants, employees, joint venturers, and/or representatives of each other, and were

11  acting within the course and scope of their agency, employment and/or joint venture, with the full

12  knowledge, consent, permission, authorization and ratification, either express or implied, of each

13  of the other Defendants in performing the acts alleged in this Complaint.

14       20.    Defendants, and each of them, participated as members of a conspiracy and/or

15  aided and abetted one another in furtherance of the schemes hereinabove alleged, or to assist one

16  another in carrying out its purpose as alleged in this Complaint, and have performed acts and

17  made statements in furtherance of the conspiracy and in violation of California law. Each of the

18  Defendants acted both individually and in concert with the other Defendants with full knowledge

19  of their respective wrongful conduct. As such, the Defendants conspired together, building upon

20  each other's wrongdoing, in order to accomplish the acts alleged in this Complaint.

21       21.    Defendants are individually sued as principals, participants, and aiders and

22  abettors in the wrongful conduct complained of, and the liability of each arises from the fact that

23  each has engaged in the all or part of the improper acts, plans, schemes, conspiracies, or

24  transactions complained of herein.

25  **D.    Unnamed Participants**

26       22.    Numerous individuals and separate business entities, participated actively during

27  the course of and in furtherance of the wrongdoings alleged, and many acts were done in the

28  course of, and in furtherance of, the conspiracy with intent to defraud. The individuals and

LAW OFFICES
COTCHETT,
PITRE, SIMON &
MCCARTHY

SECOND AMENDED COMPLAINT FOR FRAUD, CONVERSION, UNJUST ENRICHMENT,
CONSTRUCTIVE TRUST, INJUNCTIVE RELIEF, UNFAIR BUSINESS PRACTICES, APPOINTMENT OF A
RECEIVER, DECLARATORY RELIEF, ACCOUNTING, AND QUIET TITLE                              5

1  entities acted pursuant to agreement and in concert with each other. They also acted as agents for

2  principals, in order to advance the objectives of the conspiracy.

3                                              **III.**

4                                    **THE DECEDENTS**

5        23.    This action concerns property of the estates of Ward Anderson and his mother

6  Elsie Turchen. Ward Anderson was Elsie Turchen's son, and was her only child. Plaintiffs

7  Penny D. Anderson and Candace Anderson Jenkins, who are sisters, are the only living children

8  of Ward D. Anderson, and there are no deceased children of Ward D. Anderson.

9        24.    Ward Anderson died on July 12, 1998 at the age of 64. His September 15, 1972

10  Last Will and Testament bequeathed his entire estate to his daughter Penny D. Anderson, to be

11  held in trust by Elsie Turchen for her benefit until she attained 35 years of age. Plaintiff Penny

12  D. Anderson was more than 35 years of age on Ward D. Anderson's demise. Therefore, the trust

13  terminated by its own terms immediately upon Ward Anderson's death. As a result, all of Ward

14  Anderson's estate was to pass to Penny D. Anderson her upon her father's demise. Ward

15  Anderson's will named Elsie Turchen the administrator of his estate. However, Elsie Turchen

16  was 85 years old when her son died, and she never instituted probate proceedings after his death.

17        25.    Elsie Turchen died on December 10, 2000 at the age of 87. She was unmarried at

18  the time of her death. Plaintiffs are informed and believe, and on that basis allege, that Elsie

19  Turchen left no last will and testament making any bequest to any person living at the time of her

20  death. Therefore, upon her death, Elsie Turchen's entire estate passed by intestacy to Plaintiffs

21  Penny D. Anderson and Candace Jenkins in equal shares.

22                                             **IV.**

23                               **THE ANDERSON "TRUSTS"**

24        26.    Ward Anderson and Elsie Turchen owed numerous parcels of real property in San

25  Mateo County, California (individually and collectively, the "Estate Properties"). Those parcels

26  were predominantly rental properties. On information and belief, Ward Anderson made several

27  attempts to transfer his interest in those properties to family "trusts" by executing and having

28  recorded deeds to the "Beresford Trust," the "Skyline Trust," the "'B' Street Trust," the "Penny

LAW OFFICES
COTCHETT,
PITRE, SIMON &
MCCARTHY

SECOND AMENDED COMPLAINT FOR FRAUD, CONVERSION, UNJUST ENRICHMENT,
CONSTRUCTIVE TRUST, INJUNCTIVE RELIEF, UNFAIR BUSINESS PRACTICES, APPOINTMENT OF A
RECEIVER, DECLARATORY RELIEF, ACCOUNTING, AND QUIET TITLE                                      6

1  Trust," the "Willow Trust," the "Danny Boy Trust" the "Dannelle Trust," the "Ward D.

2  Anderson Trust," the "Partner Trust," and/or the "El Cerrito Trust." Plaintiffs are informed and

3  believe, and thereon allege, that no such trusts were ever validly formed, in that: (a) instruments

4  creating those "trusts" either do not now exist and never have existed or were insufficient to

5  create any valid trusts; and (b) the deeds purporting to transfer the properties to Elsie Turchen in

6  trust were ineffective to create those trusts, in that they failed to name any beneficiary. As a

7  consequence, any and all ownership interest in those properties is and/or was that of Ward

8  Anderson, Elsie Turchen, or both of them.

9      27.    Plaintiffs are informed and believe, and on that basis allege, that if any trust

10  instrument forming any of the trusts described in Paragraph 26 did exist: (1) Ward Anderson was

11  a trustor; (2) no Defendant was named as a beneficiary; and (3) the trusts became irrevocable on

12  Ward Anderson's death, at which time no Defendant was an eligible beneficiary. Plaintiffs are

13  further informed and believe that by reason of their intimate familiarity with the Anderson and

14  Turchen family's personal and business affairs, Defendants acquired knowledge of the terms of

15  all written trust instruments evidencing the formation of any of the purported trusts, and thereby

16  fraudulently created documents purporting to transfer title to the trust properties to themselves

17  and/or entities that they owned and/or controlled.

18      28.    Defendants contend that by deeds dated January 12, 1999, Elsie Turchen as trustee

19  transferred the real property that is the subject of this action to "Greensprings Fellowship Trust, a

20  501(c)(3) organization, Margaret Eberle, Trustee." Plaintiffs are informed and believe, and

21  thereon allege, that certain of those deeds were altered by or at the direction of Defendant Dillon,

22  Defendant Bohn and/or Defendant Pennington after being executed and notarized.

23      29.    The deeds executed on January 12, 1999 were ineffective to convey any real

24  property to "Margaret Eberle, Trustee" of "Greensprings Fellowship Trust," because: (a) as of

25  January 12, 1999, there was no trust bearing the name "Greensprings Fellowship Trust;" and/or

26  (b) the January 12, 1999 deeds failed to name a beneficiary. Furthermore, Plaintiffs are

27  informed and believe, and on that basis allege, that Margaret Eberle, the purported trustee of the

28

SECOND AMENDED COMPLAINT FOR FRAUD, CONVERSION, UNJUST ENRICHMENT,
CONSTRUCTIVE TRUST, INJUNCTIVE RELIEF, UNFAIR BUSINESS PRACTICES, APPOINTMENT OF A
RECEIVER, DECLARATORY RELIEF, ACCOUNTING, AND QUIET TITLE                        7

1  Greensprings Fellowship Trust named in the January 12, 1999 deeds, does not exist.  Without an

2  existing grantee, each of the January 12, 1999 deeds is a nullity.

3      30.    Plaintiffs are further informed and believe that Defendants contend that the deeds

4  to "Greensprings Fellowship Trust" were in fact deeds to Greensprings Baptist Trust, and that

5  Greensprings Baptist Trust is also known as "Greensprings Fellowship Trust."  Plaintiffs are

6  informed and believe, and on that basis allege, that even if there was a valid, existing

7  Greensprings Baptist Trust on or about January 12, 1999; (a) there was no "Margaret Eberle,

8  Trustee" of that trust, and (b) that Trust has had no connection whatsoever to the events that are

9  the subject of this litigation, including but not limited to the receipt of deeds from Elsie Turchen,

10  the transfers of real property Greensprings, Inc., and the collection of rents belonging to

11  Plaintiffs.

12      31.    Plaintiffs are informed and believe, and on that basis allege, that as of January 12,

13  1999, Elsie Turchen lacked the capacity to transfer the subject real property.

14      32.    Plaintiffs are informed and believe, and on that basis allege, that Elsie Turchen

15  was induced by fraud and/or deceit to execute any and all deeds dated January 12, 1999.

16  Specifically, Plaintiffs are informed and believe, and on that basis allege, that Defendants Dillon,

17  Bohn,  Pennington, and/or all of them, induced Elsie Turchen to execute the January 12, 1999

18  deeds by falsely representing to her that Greensprings Trust was an existing charitable

19  organization.  At the time the representations were made, the true facts were that:  (a) neither

20  Greensprings Trust nor Greensprings Church then existed; (b) no charitable work was being done

21  by any Greensprings entity; and/or (c) Defendants Dillon, Bohn and/or Pennington were using

22  the Greensprings Fellowship Trust name to obtain control over the Anderson and Turchen

23  properties and the proceeds thereof for their own profit.  Elsie Turchen was over 65 years of age

24  when Defendants made those fraudulent misrepresentations to her for the purpose of depriving

25  her of the subject property.

26      33.    Plaintiffs are informed and believe, and on that basis allege, that as of January 12,

27  1999 Elsie Turchen was incapable of transferring title to the Anderson properties to anyone other

28  than Plaintiff Penny D. Anderson, in that pursuant to the terms of Ward Anderson's

LAW OFFICES
COTCHETT,
PITRE, SIMON &
MCCARTHY

SECOND AMENDED COMPLAINT FOR FRAUD, CONVERSION, UNJUST ENRICHMENT,
CONSTRUCTIVE TRUST, INJUNCTIVE RELIEF, UNFAIR BUSINESS PRACTICES, APPOINTMENT OF A
RECEIVER, DECLARATORY RELIEF, ACCOUNTING, AND QUIET TITLE                                    8

1   September 15, 1972 Last Will and Testament, the property had been bequeathed to Plaintiff

2   Penny D. Anderson, and Elsie Turchen had no interest therein to convey.

3                                                    V.

4                        THE ANDERSON AND TURCHEN ESTATE PROPERTIES

5            34.    Each of the property interests described below (individually and collectively, the

6   "Estate Properties") was the property of either Elsie Turchen on her death, or of Ward Anderson

7   on his death.  For the reasons set forth below, no Defendant has or ever has had any ownership

8   interest in any of Estate Properties.

9   A.    Property #1: 773 El Cerrito Avenue, Hillsborough

10           35.    The real property located in the County of San Mateo, State of California,

11  commonly known as 773 El Cerrito Avenue, Hillsborough, and legally described as set forth on

12  Exhibit 1 hereto (hereinafter, "Property #1") was Ward Anderson's home during his lifetime, and

13  Elsie Turchen's home after his death.  There were a series of intrafamilial transfers of Property

14  #1 between May of 1983 and February of 1992.  However, as of February 13, 1992, Ward

15  Anderson was the sole owner of Property #1.

16           36.    By deed recorded October 31, 1994, Ward Anderson purported to gift Property #1

17  to Elsie G. Turchen as trustee of the El Cerrito Trust dated December 31, 1988.  For the reasons

18  set forth in Paragraph 26, above, that deed was ineffective to either create any trust, or to convey

19  Property #1 to any trust.

20           37.    A deed recorded December 1, 2005 purports to show a January 12, 1999 transfer

21  of Property #1 by Elsie Turchen, as trustee, to "Greensprings Fellowship Trust, a 501(c)(3)

22  organization, Margaret Eberle, Trustee."  For the reasons set forth in Paragraphs 26 through 33,

23  above, no transfer of Property #1 was or could have been made by that deed.

24  B.    Property #2:  12170 Skyline Boulevard, Woodside

25           38.    The real property located in the County of San Mateo, State of California,

26  commonly known as 12170 Skyline Boulevard, Woodside, and legally described as set forth on

27  Exhibit 2 hereto (hereinafter, "Property #2") was Elsie Turchen's home prior to Ward

28  Anderson's death.  Elsie Turchen was the owner of Property #2 as of March 23, 1998.

✪

LAW OFFICES
COTCHETT,
PITRE, SIMON &
MCCARTHY

SECOND AMENDED COMPLAINT FOR FRAUD, CONVERSION, UNJUST ENRICHMENT,
CONSTRUCTIVE TRUST, INJUNCTIVE RELIEF, UNFAIR BUSINESS PRACTICES, APPOINTMENT OF A
RECEIVER, DECLARATORY RELIEF, ACCOUNTING, AND QUIET TITLE                              9

1    39.    By deed recorded March 30, 1998, Elsie Turchen purported to gift Property #2 to

2   Elsie G. Turchen as trustee of the"Skyline Irrt Trust 1990." For the reasons set forth in

3   Paragraph 26, above, that deed was ineffective to either create any trust, or to convey Property #2

4   to any trust.

5    40.    A deed recorded December 1, 2005 purports to show a January 12, 1999 transfer

6   of Property #2 by Elsie Turchen, as trustee, to "Greensprings Fellowship Trust, a 501(c)(3)

7   organization, Margaret Eberle, Trustee." For the reasons set forth in Paragraphs 26 through 33,

8   above, no transfer of Property #2 was or could have been made by that deed.

9   **C.    Property #3: 789 El Camino Real, Burlingame**

10    41.    Ward Anderson owned the real property located in the County of San Mateo, State

11   of California, commonly known as 789 El Camino Real, Burlingame, and legally described as set

12   forth on Exhibit 3 hereto (hereinafter, "Property #3") as of February 12, 1992.

13    42.    By deed recorded August 30, 1993, Ward Anderson purported to gift Property #3

14   to Elsie G. Turchen as trustee of the Willow Trust dated January 1, 1990. For the reasons set

15   forth in Paragraph 26, above, that deed was ineffective to either create any trust, or to convey

16   Property #3 to any trust.

17    43.    A deed recorded November 14, 2001 purports to show a January 12, 1999 transfer

18   of Property #3 by Elsie Turchen, as trustee, to "Greensprings Fellowship Trust, a 501(c)(3)

19   organization, Margaret Eberle, Trustee." For the reasons set forth in Paragraphs 26 through 33,

20   above, no transfer of Property #3 was or could have been made by that deed. In addition,

21   Plaintiffs are informed and believe, and thereupon allege, that the recorded deed is not the deed

22   executed by Elsie Turchen, in that Notary Public Ann Tutino has testified that the deed was

23   altered after it was acknowledged.

24    44.    Defendants sold Property #3 on or about May 11, 2002. Defendants collected and

25   have wrongfully retained the proceeds of that sale, which belong to Plaintiffs.

26   / / /

27   / / /

28   / / /

LAW OFFICES
COTCHETT,
PITRE, SIMON &
MCCARTHY

SECOND AMENDED COMPLAINT FOR FRAUD, CONVERSION, UNJUST ENRICHMENT,
CONSTRUCTIVE TRUST, INJUNCTIVE RELIEF, UNFAIR BUSINESS PRACTICES, APPOINTMENT OF A
RECEIVER, DECLARATORY RELIEF, ACCOUNTING, AND QUIET TITLE                        10

1  **D.    Property #4: 1507 Willow Avenue, Burlingame**

2      45.    Ward Anderson owned the real property located in the County of San Mateo, State

3  of California, commonly known as 1507 Willow Avenue, Burlingame, and  and legally described

4  as set forth on Exhibit 4 hereto (hereinafter, "Property #4") as of February 13, 1992.

5      46.    By deed recorded August 30, 1993, Ward Anderson purported to gift Property #4

6  to Elsie G. Turchen as trustee of the Willow  Trust dated December 31, 1988.  For the reasons set

7  forth in Paragraph 26, above, that deed was ineffective to either create any trust, or to convey

8  Property #4 to any trust.

9      47.    A deed recorded October 14, 2001 purports to show a January 12, 1999 transfer of

10  Property #4 by Elsie Turchen, as trustee, to "Greensprings Fellowship Trust, a 501(c)(3)

11  organization, Margaret Eberle, Trustee."  For the reasons set forth in Paragraphs 26 through 33,

12  above, no transfer of Property #4 was or could have been made by that deed.  In addition,

13  Plaintiffs are informed and believe, and thereupon allege, that the recorded deed is not the deed

14  executed by Elsie Turchen, in that Notary Public Ann Tutino has testified that the deed was

15  altered after it was acknowledged.

16      48.    Defendants sold Property #4 on or about May 11, 2002.  Defendants collected and

17  have wrongfully retained the proceeds of that sale, which belong to Plaintiffs.

18  **E.    Property #5: 501 N. El Camino Real, San Mateo**

19      49.    Ward Anderson owned the real property located in the County of San Mateo, State

20  of California, commonly known as 501 N. El Camino Real, San Mateo, and legally described as

21  set forth on Exhibit 5 hereto (hereinafter, "Property #5") as of February 13, 1992.

22      50.    By deed recorded August 30, 1993, Ward Anderson purported to gift Property #5

23  to Elsie G. Turchen as trustee of the Ward D. Anderson Trust dated December 31, 1988.  For the

24  reasons set forth in Paragraph 26, above, that deed was ineffective to either create any trust, or to

25  convey Property #5 to any trust.

26      51.    A deed recorded December 1, 2005 purports to show a January 12, 1999 transfer

27  of Property #5 by Elsie Turchen, as trustee, to "Greensprings Fellowship Trust, a 501(c)(3)

28

SECOND AMENDED COMPLAINT FOR FRAUD, CONVERSION, UNJUST ENRICHMENT,
CONSTRUCTIVE TRUST, INJUNCTIVE RELIEF, UNFAIR BUSINESS PRACTICES, APPOINTMENT OF A
RECEIVER, DECLARATORY RELIEF, ACCOUNTING, AND QUIET TITLE                              11

1  organization, Margaret Eberle, Trustee." For the reasons set forth in Paragraphs 26 through 33,

2  above, no transfer of Property #5 was or could have been made by that deed.

3  **F.    Property #6: 611 S. El Dorado, San Mateo**

4  52.    On or about July 22, 1998, Elsie Turchen purchased the real property located in

5  the County of San Mateo, State of California, commonly known as 611 S. El Dorado, San Mateo

6  and legally described as set forth on Exhibit 6 hereto (hereinafter, "Property #6").

7  53.    Elsie Turchen owned Property #6 at the time of her death. As a result, it is now

8  property of the Estate of Elsie Turchen.

9  54.    Plaintiffs are informed and believe, and on that basis allege, that at all times since

10  July 22, 1998, Property #6 has generated rental income. Plaintiffs is further informed and

11  believe, and on that basis allege, that beginning December 10, 2000 and continuing to the

12  present, Defendants have collected and misappropriated that rental income, which is the property

13  of the Estate of Elsie Turchen, for themselves.

14  **G.    Property #7: 1449 Dakota Avenue, San Mateo**

15  55.    Plaintiffs are informed and believe, and on that basis allege, that Ward Anderson

16  owned the real property located in the County of San Mateo, State of California, commonly

17  known as 1449 Dakota Avenue, San Mateo, and legally described as set forth on Exhibit 7 hereto

18  (hereinafter, "Property #7") as of August 30, 1993.

19  56.    Plaintiffs are informed and believe, and on that basis allege, that Ward Anderson

20  purported to gift Property #7 to Elsie G. Turchen as trustee of the Ward Anderson Trust by Grant

21  Deed recorded August 30, 1993.

22  57.    A deed recorded December 1, 2005 purports to show a January 12, 1999 transfer

23  of Property #7 by Elsie Turchen, as trustee, to "Greensprings Fellowship Trust, a 501(c)(3)

24  organization, Margaret Eberle, Trustee." For the reasons set forth in Paragraphs 26 through 33,

25  above, no transfer of Property #7 was or could have been made by that deed.

26  / / /

27  / / /

28  / / /

LAW OFFICES
COTCHETT,
PITRE, SIMON &
MCCARTHY

SECOND AMENDED COMPLAINT FOR FRAUD, CONVERSION, UNJUST ENRICHMENT,
CONSTRUCTIVE TRUST, INJUNCTIVE RELIEF, UNFAIR BUSINESS PRACTICES, APPOINTMENT OF A
RECEIVER, DECLARATORY RELIEF, ACCOUNTING, AND QUIET TITLE                    12

**H.     Property #8: 1441 Dakota Avenue, San Mateo**

58.     Ward Anderson owned the real property located in the County of San Mateo, State of California, commonly known as 1441 Dakota Avenue, San Mateo, and legally described as set forth on Exhibit 8 hereto (hereinafter, "Property #8") as of February 13, 1992.

59.     By deed recorded August 30, 1993, Ward Anderson purported to gift Property #8 to Elsie G. Turchen as trustee of the Ward Anderson Trust. For the reasons set forth in Paragraph 26, above, that deed was ineffective to either create any trust, or to convey Property #8 to any trust.

60.     A deed recorded December 1, 2005 purports to show a January 12, 1999 transfer of Property #8 by Elsie Turchen, as trustee, to "Greensprings Fellowship Trust, a 501(c)(3) organization, Margaret Eberle, Trustee." For the reasons set forth in Paragraphs 26 through 33, above, no transfer of Property #8 was or could have been made by that deed.

**I.     Property #9: 401 First Avenue, San Mateo**

61.     Ward Anderson owned the property located in the County of San Mateo, State of California, commonly known as 401 First Avenue, San Mateo, and legally described as set forth on Exhibit 9 hereto (hereinafter, "Property #9") as of February 13, 1992

62.     By deed recorded August 30, 1993, Ward Anderson purported to gift Property #9 to Elsie G. Turchen as trustee of the Ward D. Anderson Trust dated January 1, 1990. For the reasons set forth in Paragraph 26, above, that deed was ineffective to either create any trust, or to convey Property #9 to any trust.

63.     A deed recorded December 1, 2005 purports to show a January 12, 1999 transfer of Property #9 by Elsie Turchen, as trustee, to "Greensprings Fellowship Trust, a 501(c)(3) organization, Margaret Eberle, Trustee." For the reasons set forth in Paragraphs 26 through 33, above, no transfer of Property #9 was or could have been made by that deed.

**J.     Property #10: 49 S. Railroad Avenue, San Mateo**

64.     As of February 13, 1992, Ward Anderson owned the real property located in the County of San Mateo, State of California, commonly known as 49 S. Railroad Avenue, San Mateo, and legally described as set forth on Exhibit 10 hereto (hereinafter, "Property #10").

LAW OFFICES
COTCHETT,
PITRE, SIMON &
MCCARTHY

SECOND AMENDED COMPLAINT FOR FRAUD, CONVERSION, UNJUST ENRICHMENT, CONSTRUCTIVE TRUST, INJUNCTIVE RELIEF, UNFAIR BUSINESS PRACTICES, APPOINTMENT OF A RECEIVER, DECLARATORY RELIEF, ACCOUNTING, AND QUIET TITLE                    13

65.    By deed recorded August 30, 1993, Ward Anderson purported to gift Property #10 to Elsie G. Turchen as trustee of the Ward D. Anderson Trust dated January 1, 1990.  For the reasons set forth in Paragraph 26, above, that deed was ineffective to either create any trust, or to convey Property #10 to any trust.

66.    A deed recorded December 1, 2005 purports to show a January 12, 1999 transfer of Property #10 by Elsie Turchen, as trustee, to "Greensprings Fellowship Trust, a 501(c)(3) organization, Margaret Eberle, Trustee."  For the reasons set forth in Paragraphs 26 through 33, above, no transfer of Property #10 was or could have been made by that deed.

**K.    Property #11: 620 First Avenue, San Mateo**

67.    Ward Anderson owned the real property located in the County of San Mateo, State of California, commonly known as 620 First Avenue, San Mateo, and legally described as set forth on Exhibit 11 hereto (hereinafter, "Property #11") as of February 13, 1992.

68.    By deed recorded August 30, 1993, Ward Anderson purported to gift Property #11 to Elsie G. Turchen as trustee of the Willow Trust dated January 1, 1990.  For the reasons set forth in Paragraph 26, above, that deed was ineffective to either create any trust, or to convey Property #11 to any trust.

69.    A deed recorded November 14, 2001 purports to show a January 12, 1999 transfer of interest in Property #11 by Elsie Turchen, as trustee, to "Greensprings Fellowship Trust, a 501(c)(3) organization, Margaret Eberle, Trustee."  For the reasons set forth in Paragraphs 26 through 33, above, no transfer of Property #11 was or could have been made by that deed.  In addition, Plaintiffs are informed and believe, and thereupon allege, that the recorded deed is not the deed executed by Elsie Turchen, in that Notary Public Ann Tutino has testified that the deed was altered after it was acknowledged.

**L.    Property #12: 400 South "B" Street, San Mateo**

70.    Ward Anderson owned the real property located in the County of San Mateo, State of California, commonly known as 400 South "B" Street, San Mateo, and legally described as set forth on Exhibit 12 hereto (hereinafter, "Property #12") as of February 13, 1992.

LAW OFFICES
COTCHETT,
PITRE, SIMON &
MCCARTHY

SECOND AMENDED COMPLAINT FOR FRAUD, CONVERSION, UNJUST ENRICHMENT, CONSTRUCTIVE TRUST, INJUNCTIVE RELIEF, UNFAIR BUSINESS PRACTICES, APPOINTMENT OF A RECEIVER, DECLARATORY RELIEF, ACCOUNTING, AND QUIET TITLE                 14

1       71.    By deed recorded September 27, 1993, Ward Anderson purported to gift Property

2 #12 to Elsie G. Turchen as trustee of the Danny Boy Trust dated January 1, 1990. For the

3 reasons set forth in Paragraph 26, above, that deed was ineffective to either create any trust, or to

4 convey Property #12 to any trust.

5       72.    A deed recorded December 1, 2005 purports to show a January 12, 1999 transfer

6 of Property #12 by Elsie Turchen, as trustee, to "Greensprings Fellowship Trust, a 501(c)(3)

7 organization, Margaret Eberle, Trustee." For the reasons set forth in Paragraphs 26 through 33,

8 above, no transfer of Property #12 was or could have been made by that deed.

9 **M.    Property #13: 407 South "B" Street, San Mateo**

10       73.    Ward Anderson owned the real property located in the County of San Mateo, State

11 of California, commonly known as 407 South "B" Street, San Mateo, and legally described as set

12 forth on Exhibit 13 hereto (hereinafter, "Property #13") as of February 13, 1992.

13       74.    By deed recorded June 25, 1991, Ward Anderson purported to gift Property #13 to

14 "The B Street Trust." For the reasons set forth in Paragraph 26, above, and for the additional

15 reason that the deed did not name a trustee, that deed was ineffective to either create any trust, or

16 to convey Property #13 to any trust.

17       75.    A deed recorded December 1, 2005 purports to show a January 12, 1999 transfer

18 of Property #13 by Elsie Turchen, as trustee, to "Greensprings Fellowship Trust, a 501(c)(3)

19 organization, Margaret Eberle, Trustee." For the reasons set forth in Paragraphs 26 through 33,

20 above, no transfer of Property #13 was or could have been made by that deed.

21 **N.    Property #14: 311 South Claremont, San Mateo**

22       76.    Ward Anderson owned the real property located in the County of San Mateo, State

23 of California, commonly known as 311 South Claremont, San Mateo, and legally described as set

24 forth on Exhibit 14 hereto (hereinafter, "Property #14") as of February 13, 1992.

25       77.    By deed recorded August 30, 1993, Ward Anderson purported to gift Property #14

26 to Elsie G. Turchen as trustee of the Ward D. Anderson Trust dated January 1, 1990. For the

27 reasons set forth in Paragraph 26, above, that deed was ineffective to either create any trust, or to

28 convey Property #14 to any trust.

⊛
LAW OFFICES
COTCHETT,
PITRE, SIMON &
MCCARTHY

SECOND AMENDED COMPLAINT FOR FRAUD, CONVERSION, UNJUST ENRICHMENT,
CONSTRUCTIVE TRUST, INJUNCTIVE RELIEF, UNFAIR BUSINESS PRACTICES, APPOINTMENT OF A
RECEIVER, DECLARATORY RELIEF, ACCOUNTING, AND QUIET TITLE        15

78.   A deed recorded December 1, 2005 purports to show a January 12, 1999 transfer of Property #14 by Elsie Turchen, as trustee, to "Greensprings Fellowship Trust, a 501(c)(3) organization, Margaret Eberle, Trustee." For the reasons set forth in Paragraphs 26 through 33, above, no transfer of Property #14 was or could have been made by that deed.

**O.    Property #15: 315 South Claremont, San Mateo**

79.   Ward Anderson owned the real property located in the County of San Mateo, State of California, commonly known as 315 South Claremont, San Mateo, and legally described as set forth on Exhibit 15 hereto (hereinafter, "Property #15") as of February 13, 1992.

80.   By deed recorded August 30, 1993, Ward Anderson purported to gift Property #15 to Elsie G. Turchen as trustee of the Ward D. Anderson Trust dated January 1, 1990. For the reasons set forth in Paragraph 26, above, that deed was ineffective to either create any trust, or to convey Property #15 to any trust.

81.   A deed recorded December 1, 2005 purports to show a January 12, 1999 transfer of Property #15 by Elsie Turchen, as trustee, to "Greensprings Fellowship Trust, a 501(c)(3) organization, Margaret Eberle, Trustee." For the reasons set forth in Paragraphs 26 through 33, above, no transfer of Property #15 was or could have been made by that deed.

**P.    Property #16: 612-614 Tenth Avenue, San Mateo**

82.   Ward Anderson owned the real property located in the County of San Mateo, State of California, commonly known as 612-614 Tenth Avenue, San Mateo, and legally described as set forth on Exhibit 16 hereto (hereinafter, "Property #16") as of February 13, 1992.

83.   By deed recorded June 25, 1991, Ward Anderson purported to gift Property #16 to "The 'B' Street Trust." Because the deed did not name a trustee, and for the further reasons set forth in Paragraph 26, above, that deed was ineffective to either create any trust, or to convey Property #16 to any trust.

84.   A deed recorded December 1, 2005 purports to show a January 12, 1999 transfer of Property #16 by Elsie Turchen, as trustee, to "Greensprings Fellowship Trust, a 501(c)(3) organization, Margaret Eberle, Trustee." For the reasons set forth in Paragraphs 26 through 33, above, no transfer of Property #16 was or could have been made by that deed.

LAW OFFICES
COTCHETT,
PITRE, SIMON &
MCCARTHY

SECOND AMENDED COMPLAINT FOR FRAUD, CONVERSION, UNJUST ENRICHMENT, CONSTRUCTIVE TRUST, INJUNCTIVE RELIEF, UNFAIR BUSINESS PRACTICES, APPOINTMENT OF A RECEIVER, DECLARATORY RELIEF, ACCOUNTING, AND QUIET TITLE                    16

Q.    **Property #17: 1217 South Railroad Avenue, San Mateo**

85.    Ward Anderson owned an undivided one half interest in the real property located in the County of San Mateo, State of California, commonly known as 1217 South Railroad Avenue, San Mateo, and legally described as set forth on Exhibit 17 hereto (hereinafter, "Property #17") as of February 13, 1992.

86.    By deed recorded September 1, 1992, Ward Anderson purported to gift his interest in Property #17 to "The Partner Trust dated January 1, 1990." Because that deed did not name a trustee of the Partner Trust, and for the additional reasons set forth in Paragraph 26, above, that deed was ineffective to either create any trust, or to convey Ward Anderson's interest in Property #17 to any trust.

87.    A deed recorded December 1, 2005 purports to show a January 12, 1999 transfer of Ward Anderson's interest in Property #17 by Elsie Turchen, as trustee, to "Greensprings Fellowship Trust, a 501(c)(3) organization, Margaret Eberle, Trustee." For the reasons set forth in Paragraphs 26 through 33, above, no transfer of any interest in Property #17 was or could have been made by that deed.

88.    Plaintiffs are informed and believe, and on that basis allege, that the attempted conveyance to Greensprings Fellowship Trust was ineffective for the further reason that Property #17 was sold on or about March 19, 2003. Plaintiffs are further informed and believe, and on that basis allege, that Defendants have misappropriated the proceeds of that sale, which are the property of Plaintiffs.

R.    **Property #18: 1301-1303 South Railroad Avenue, San Mateo**

89.    Ward Anderson owned an undivided one half interest in the real property located in the County of San Mateo, State of California, commonly known as 1301-1303 South Railroad Avenue, San Mateo, and legally described as set forth on Exhibit 18 hereto (hereinafter, "Property #18") as of February 13, 1992.

90.    By deed recorded September 1, 1992, Ward Anderson purported to gift his interest in Property #18 to "The Partner Trust dated January 1, 1990." Because that deed did not name a trustee of the Partner Trust, and for the additional reasons set forth in Paragraph 26,

LAW OFFICES
COTCHETT,
PITRE, SIMON &
MCCARTHY

SECOND AMENDED COMPLAINT FOR FRAUD, CONVERSION, UNJUST ENRICHMENT,
CONSTRUCTIVE TRUST, INJUNCTIVE RELIEF, UNFAIR BUSINESS PRACTICES, APPOINTMENT OF A
RECEIVER, DECLARATORY RELIEF, ACCOUNTING, AND QUIET TITLE                                      17

1    above, that deed was ineffective to either create any trust, or to convey Ward Anderson's interest

2    in Property #18 to any trust.

3        91.    A deed recorded December 1, 2005 purports to show a January 12, 1999 transfer

4    of Ward Anderson's interest in Property #18 by Elsie Turchen, as trustee, to "Greensprings

5    Fellowship Trust, a 501(c)(3) organization, Margaret Eberle, Trustee." For the reasons set forth

6    in Paragraphs 26 through 33, above, no transfer of any interest in Property #18 was or could have

7    been made by that deed.

8        92.    Plaintiffs are informed and believe, and on that basis allege, that the attempted

9    conveyance to Greensprings Trust was ineffective for the further reason that Property #18 was

10   sold on or about April 1, 2003. Plaintiffs are further informed and believe, and on that basis

11   allege, that Defendants have misappropriated the proceeds of that sale, which are the property of

12   Plaintiffs.

13   **S.    Property # 19: 62 East 39th Avenue, San Mateo**

14       93.    Elsie Turchen sold an interest in the real property located in the County of San

15   Mateo, State of California, commonly known as at 62 East 39th Avenue, San Mateo and legally

16   described as set forth on Exhibit 19 (hereinafter, "Property #19") on March 30, 1999, and

17   obtained a deed of trust from the buyer, William Wakefield Gunn, Jr. Elsie Turchen's beneficial

18   interest under that deed of trust has never been validly assigned to any Defendant. Plaintiffs are

19   informed and believe, and on that basis allege, that at her death Elsie Turchen was the beneficiary

20   of one or more additional deeds of trust, none of which have been validly assigned to any

21   Defendant.

22       94.    All proceeds of the loan secured by the deed of trust belong to Plaintiffs.

23   Plaintiffs are informed and believe, and on that basis allege, that Defendants have taken those

24   payments for their own use. Defendants have neither paid any proceeds of that loan to Plaintiffs

25   nor accounted for those proceeds.

26   **T.    Property #20: 143 - 147 South Boulevard, San Mateo**

27       95.    Ward Anderson owned the real property located in the County of San Mateo, State

28   of California, commonly known as 143 - 147 South Boulevard, San Mateo, and legally described

⊗
LAW OFFICES
COTCHETT,
PITRE, SIMON &
MCCARTHY

SECOND AMENDED COMPLAINT FOR FRAUD, CONVERSION, UNJUST ENRICHMENT,
CONSTRUCTIVE TRUST, INJUNCTIVE RELIEF, UNFAIR BUSINESS PRACTICES, APPOINTMENT OF A
RECEIVER, DECLARATORY RELIEF, ACCOUNTING, AND QUIET TITLE                    18

1  as set forth on Exhibits 20A and 20B hereto (hereinafter, "Property #20") as of February 13,

2  1992.

3      96.    By deed recorded September 27, 1993, Ward Anderson purported to gift Property

4  #20 to Elsie G. Turchen as trustee of the Danny Boy Trust dated January 1, 1990. For the

5  reasons set forth in Paragraph 26, above, that deed was ineffective to either create any trust, or to

6  convey Property #20 to any trust.

7      97.    Two deeds recorded December 1, 2005 purport to show January 12, 1999

8  transfers of the parcels comprising Property #20 by Elsie Turchen, as trustee, to "Greensprings

9  Fellowship Trust, a 501(c)(3) organization, Margaret Eberle, Trustee." For the reasons set forth

10  in Paragraphs 26 through 33, above, no transfer of Property #20 was or could have been made by

11  that deed.

12  **U.    Property #21: 149-151 South Boulevard, San Mateo**

13      98.    Ward Anderson owned the real property located in the County of San Mateo, State

14  of California, commonly known as 149-151 South Boulevard, San Mateo, and legally described

15  as set forth on Exhibit 21 hereto (hereinafter, "Property #21") as of February 12, 1992.

16      99.    By deed recorded September 27, 1993, Ward Anderson purported to gift Property

17  #21 to Elsie G. Turchen as trustee of the Danny Boy Trust dated January 1, 1990. For the

18  reasons set forth in Paragraph 26, above, that deed was ineffective to either create any trust, or to

19  convey Property #21 to any trust.

20      100.    Two deeds recorded December 1, 2005 purport to show a January 12, 1999

21  transfer of Property #21 by Elsie Turchen, as trustee, to "Greensprings Fellowship Trust, a

22  501(c)(3) organization, Margaret Eberle, Trustee." For the reasons set forth in Paragraphs 26

23  through 33, above, no transfer of Property #21 was or could have been made by that deed.

24  **V.    Property #22: 69-75 21st Avenue, San Mateo**

25      101.    Plaintiffs are informed and believe, and on that basis allege, that Ward Anderson

26  owned the real property located in the County of San Mateo, State of California, commonly

27  known as 69 21st Avenue, San Mateo, and legally described as set forth on Exhibit 22 hereto

28  (hereinafter, "Property #22") as of February 13, 1992.

LAW OFFICES
COTCHETT,
PITRE, SIMON &
MCCARTHY

SECOND AMENDED COMPLAINT FOR FRAUD, CONVERSION, UNJUST ENRICHMENT,
CONSTRUCTIVE TRUST, INJUNCTIVE RELIEF, UNFAIR BUSINESS PRACTICES, APPOINTMENT OF A
RECEIVER, DECLARATORY RELIEF, ACCOUNTING, AND QUIET TITLE                    19

1    102.    By deed recorded September 1, 1992, Ward Anderson purported to gift Property

2  #22 to the Partner Trust dated January 1, 1990. Because the deed did not name a trustee, and for

3  the reasons set forth in Paragraph 26, above, that deed was ineffective to either create any trust,

4  or to convey Property #22 to any trust.

5    103.    A deed recorded December 1, 2005 purports to show a January 12, 1999 transfer

6  of Property #22 by Elsie Turchen, as trustee, to "Greensprings Fellowship Trust, a 501(c)(3)

7  organization, Margaret Eberle, Trustee." For the reasons set forth in Paragraphs 26 through 33,

8  above, no transfer of Property #22 was or could have been made by that deed.

9  **W.    Property #23: 410 South B Street, San Mateo**

10    104.    Ward Anderson owned the real property located in the County of San Mateo, State

11  of California, commonly known as 410 South B Street, San Mateo, and legally described as set

12  forth on Exhibit 23 hereto (hereinafter, "Property #23") as of February 13, 1992.

13    105.    By deed recorded September 27, 1993, Ward Anderson purported to gift Property

14  #23 to Elsie G. Turchen as trustee of the Danny Boy Trust dated January 1, 1990. For the

15  reasons set forth in Paragraph 26, above, that deed was ineffective to either create any trust, or to

16  convey Property #23 to any trust.

17    106.    A deed recorded December 1, 2005 purports to show a January 12, 1999 transfer

18  of Property #23 by Elsie Turchen, as trustee, to "Greensprings Fellowship Trust, a 501(c)(3)

19  organization, Margaret Eberle, Trustee." For the reasons set forth in Paragraphs 26 through 33,

20  above, no transfer of Property #23 was or could have been made by that deed.

21  **X.    Property #24: 4029 Beresford, San Mateo**

22    107.    Ward Anderson owned the real property located in the County of San Mateo, State

23  of California, commonly known as 4029 Beresford, San Mateo, and legally described as set forth

24  on Exhibit 24 hereto (hereinafter, "Property #24") as of February 12, 1992.

25    108.    By deed recorded April 13, 1993, Ward Anderson purported to gift Property #24

26  to Elsie G. Turchen as trustee of the Beresford Trust dated December 31, 1988. For the reasons

27  set forth in Paragraph 26, above, that deed was ineffective to either create any trust, or to convey

28  Property #24 to any trust.

⊛
LAW OFFICES
COTCHETT,
PITRE, SIMON &
MCCARTHY

SECOND AMENDED COMPLAINT FOR FRAUD, CONVERSION, UNJUST ENRICHMENT,
CONSTRUCTIVE TRUST, INJUNCTIVE RELIEF, UNFAIR BUSINESS PRACTICES, APPOINTMENT OF A
RECEIVER, DECLARATORY RELIEF, ACCOUNTING, AND QUIET TITLE                                   20

1      109.   A deed recorded December 1, 2005 purports to show a January 12, 1999 transfer

2  of Property #24 by Elsie Turchen, as trustee, to "Greensprings Fellowship Trust, a 501(c)(3)

3  organization, Margaret Eberle, Trustee." For the reasons set forth in Paragraphs 26 through 33,

4  above, no transfer of Property #24 was or could have been made by that deed.

5  **Y.    Property #25: 2636 Broadway, Redwood City**

6      110.   Ward Anderson owned a half interest in the real property located in the County of

7  San Mateo, State of California, commonly known as 2636 Broadway, Redwood City, and legally

8  described as set forth on Exhibit 25 hereto (hereinafter, "Property #25") as of February 13, 1992.

9      111.   By deed recorded September 1, 1992, Ward Anderson purported to gift his

10  interest in Property #25 to Elsie G. Turchen as trustee of the Partner Trust dated January 1, 1990.

11  For the reasons set forth in Paragraph 26, above, that deed was ineffective to either create any

12  trust, or to convey Property #25 to any trust.

13      112.   A deed recorded July 23, 2001 purports to show a January 12, 1999 transfer of the

14  Partner Trust's interest in Property #25 by Elsie Turchen, as trustee, to "Greensprings Fellowship

15  Trust, a 501(c)(3) organization, Margaret Eberle, Trustee." For the reasons set forth in

16  Paragraphs 26 through 33, above, no transfer of Property #25 was or could have been made by

17  that deed.

18      113.   By deed recorded January 30, 2002, Greensprings Fellowship Trust purported to

19  convey a one half interest in Property #25 to Greensprings Church. In the alternative, that

20  purported conveyance was made by Defendant Dillon, Defendant Bohn and/or Defendant

21  Pennington, using the fictitious name Greensprings Fellowship Trust.

22      114.   On or about June 26, 2002, Greensprings Church purported to sell a one half

23  interest in Property #25 to John B. Lanusse and Jacqueline M. Lanusse as trustees of the Lanusse

24  Family Trust. The proceeds of that sale belong to Plaintiffs. Plaintiffs are informed and believe,

25  and on that basis allege, that Defendants have wrongfully misappropriated and retained the

26  proceeds of that sale.

27  ///

28  ///

LAW OFFICES
COTCHETT,
PITRE, SIMON &
MCCARTHY

1    **Z.    Property #26: 307 South Claremont Street, San Mateo**

2         115.    Ward Anderson owned an undivided one half interest in the real property located

3    in the County of San Mateo, State of California, commonly known as 307-309 South Claremont

4    Street, San Mateo, and legally described as set forth on Exhibit 26 hereto (hereinafter, "Property

5    #26") as of February 13, 1992.

6         116.    By deed recorded September 1, 1992, Ward Anderson purported to gift his

7    interest in Property #26 to Elsie G. Turchen as trustee of the Partner Trust dated January 1, 1990.

8    For the reasons set forth in Paragraph 26, above, that deed was ineffective to either create any

9    trust, or to convey Property #26 to any trust.

10        117.    A deed recorded December 1, 2005 purports to show a January 12, 1999 transfer

11   of Property #26 by Elsie Turchen, as trustee, to "Greensprings Fellowship Trust, a 501(c)(3)

12   organization, Margaret Eberle, Trustee." For the reasons set forth in Paragraphs 26 through 33,

13   above, no transfer of Property #26 was or could have been made by that deed.

14        118.    In addition, Plaintiffs are informed and believe, and thereupon allege, that

15   Property #26 was sold on or about March 19, 2003, and that Defendants have wrongfully

16   misappropriated and retained the proceeds of that sale.

17   **AA.    Property #27: 1225 South "B" Street, San Mateo**

18        119.    Plaintiff Penny D. Anderson owned the real property located in the County of San

19   Mateo, State of California, commonly known as 1225 South "B" Street, San Mateo, and legally

20   described as set forth on Exhibit 27 hereto (hereinafter, "Property #27") pursuant to a Grant Deed

21   executed by her parents Ward D. Anderson and Patricia Anderson. On or about December 1,

22   1989, she was asked to and did execute a deed purporting to convey that property to "the Penny

23   Trust." For the reasons set forth in Paragraph 26, above, that deed was ineffective to either create

24   any trust, or to convey Property #27 to any trust. Plaintiffs are informed and believe, and on that

25   basis allege, that if the Penny Trust existed, Ward Anderson was the sole trustor and Plaintiff

26   Penny D. Anderson was the sole beneficiary, and that the trust became irrevocable upon Ward

27   Anderson's death.

28   / / /

LAW OFFICES
COTCHETT,
PITRE, SIMON &
MCCARTHY

SECOND AMENDED COMPLAINT FOR FRAUD, CONVERSION, UNJUST ENRICHMENT,
CONSTRUCTIVE TRUST, INJUNCTIVE RELIEF, UNFAIR BUSINESS PRACTICES, APPOINTMENT OF A
RECEIVER, DECLARATORY RELIEF, ACCOUNTING, AND QUIET TITLE                    22

1 | 120.    Two separate deeds recorded December 2, 2005 purport to show a January 12,

2 | 1999 transfer of Property #27 by Elsie Turchen, as trustee, to "Greensprings Fellowship Trust, a

3 | 501(c)(3) organization, Margaret Eberle, Trustee." For the reasons set forth in Paragraphs 26

4 | through 33, above, no transfer of Property #27 was or could have been made by that deed.

5 | **BB.    Property #28: 325 Malcolm Avenue, Belmont**

6 | 121.    Ward Anderson owned the real property located in the County of San Mateo, State

7 | of California, commonly known as 325 Malcolm Avenue, Belmont, and legally described as set

8 | forth on Exhibit 28 hereto (hereinafter, "Property #28") prior to November 20, 1995.

9 | 122.    Plaintiffs are informed and believe, and on that basis allege, that on or about

10 | November 20, 1995 Ward Anderson purported to deed Property #28 to Elsie G. Turchen as

11 | trustee of the Penny Trust, and that for the reasons set forth in Paragraph 26, above, the deed was

12 | ineffective to either create any trust, or to convey Property #28 to any trust.

13 | 123.    A deed recorded December 1, 2005 purports to show a January 12, 1999 transfer

14 | of Property #28 by Elsie Turchen, as trustee, to "Greensprings Fellowship Trust, a 501(c)(3)

15 | organization, Margaret Eberle, Trustee." For the reasons set forth in Paragraphs 26 through 33,

16 | above, no transfer of Property #28 was or could have been made by that deed.

17 | **CC.    Property #29: 811-813 South B Street, San Mateo**

18 | 124.    Ward Anderson owned the real property located in the County of San Mateo, State

19 | of California, commonly known as 811-813 South B Street, San Mateo and its contiguous

20 | parking, and legally described as set forth on Exhibits 29A and 29B, respectively, hereto

21 | (hereinafter, "Property #29") as of February 13, 1992.

22 | 125.    By deed recorded April 12, 1993, Ward Anderson purported to gift Property #29

23 | to Elsie G. Turchen as trustee of the Beresford Trust dated December 31, 1988. For the reasons

24 | set forth in Paragraph 26, above, that deed was ineffective to either create any trust, or to convey

25 | Property #29 to any trust.

26 | 126.    A deed recorded December 1, 2005 purports to show a January 12, 1999 transfer

27 | of Property #29 by Elsie Turchen, as trustee, to "Greensprings Fellowship Trust, a 501(c)(3)

28 |



LAW OFFICES
COTCHETT,
PITRE, SIMON &
MCCARTHY

SECOND AMENDED COMPLAINT FOR FRAUD, CONVERSION, UNJUST ENRICHMENT,
CONSTRUCTIVE TRUST, INJUNCTIVE RELIEF, UNFAIR BUSINESS PRACTICES, APPOINTMENT OF A
RECEIVER, DECLARATORY RELIEF, ACCOUNTING, AND QUIET TITLE                                    23

1   organization, Margaret Eberle, Trustee." For the reasons set forth in Paragraphs 26 through 33,

2   above, no transfer of Property #29 was or could have been made by that deed.

3   **DD.    Property #30: 22 South Humboldt Street, San Mateo**

4            127.    Ward Anderson purchased the real property located in the County of San Mateo,

5   State of California, commonly known as 22 South Humboldt Street, San Mateo, and legally

6   described as set forth on Exhibit 30 hereto (hereinafter, "Property #30") in the name of "The

7   Dannelle Trust, 1/1/91, Ward D. Anderson, Trustee" on or about June 10, 1991. The deed did

8   not create a trust, in that it did not name any beneficiary. Plaintiffs are informed and believe, and

9   on that basis allege, that no instrument creating the Dannelle Trust existed as of June 10, 1991.

10  Therefore, the purported transfer of Property #30 to Ward Anderson in trust was in fact a transfer

11  to Ward Anderson in fee simple.

12           128.    A Trust Transfer Deed dated January 12, 1999, signed in the name of Elsie

13  Turchen and recorded December 18, 2005 purports to transfer title to Property #30 to Elsie

14  Turchen, as Trustor and Trustee of the Dannelle Trust. Plaintiffs are informed and believe, and

15  on that basis allege, that because there was no valid conveyance of Property #30 to any trust, the

16  purported conveyance is equally invalid.

17           129.    A deed recorded December 1, 2005 purports to show a January 12, 1999 transfer

18  of Property #30 by Elsie Turchen, as trustee, to "Greensprings Fellowship Trust, a 501(c)(3)

19  organization, Margaret Eberle, Trustee." For the reasons set forth in Paragraphs 26 through 33

20  and 121 above, no transfer of Property #30 was or could have been made by that deed.

21  **EE.    Property #31: 1229 South B Street, San Mateo**

22           130.    Plaintiff Penny D. Anderson owned the real property located in the County of San

23  Mateo, State of California, commonly known as 1229 South "B" Street, San Mateo, and legally

24  described as set forth on Exhibit 31 hereto (hereinafter, "Property #31") pursuant to a Grant Deed

25  executed by her parents Ward D. Anderson and Patricia Anderson. On or about December 1,

26  1989, she was asked to and did execute a deed purporting to convey that property to "the Penny

27  Trust." For the reasons set forth in Paragraph 26, above, that deed was ineffective to either create

28  any trust, or to convey Property #31 to any trust. Plaintiffs are informed and believe, and on that

⊕
LAW OFFICES
COTCHETT,
PITRE, SIMON &
MCCARTHY

SECOND AMENDED COMPLAINT FOR FRAUD, CONVERSION, UNJUST ENRICHMENT,
CONSTRUCTIVE TRUST, INJUNCTIVE RELIEF, UNFAIR BUSINESS PRACTICES, APPOINTMENT OF A
RECEIVER, DECLARATORY RELIEF, ACCOUNTING, AND QUIET TITLE                                              24

1   basis allege, that if the Penny Trust existed, Ward Anderson was the sole trustor and Plaintiff

2   Penny D. Anderson was the sole beneficiary, and that the trust became irrevocable upon Ward

3   Anderson's death.

4          131.   A deed recorded December 2, 2005 purports to show a January 12, 1999 transfer

5   of Property #31 by Elsie Turchen, as trustee, to "Greensprings Fellowship Trust, a 501(c)(3)

6   organization, Margaret Eberle, Trustee." For the reasons set forth in Paragraphs 26 through 33,

7   above, no transfer of Property #31 was or could have been made by that deed.

8   **FF.   Property #32: Assessor's Parcel No. 067-250-040, Unincorporated San Mateo**

9          **County**

10         132.   Ward Anderson owned the real property located in the Unincorporated Area of the

11  County of San Mateo, State of California, identified by Assessor's Parcel No. 067-250-040 and

12  on legally described as set forth on Exhibit 32 hereto (hereinafter, "Property #32") as of February

13  13, 1992.

14         133.   By deed recorded September 27, 1993, Ward Anderson purported to gift Property

15  #32 to Elsie G. Turchen as trustee of the Danny Boy Trust dated January 1, 1990. For the

16  reasons set forth in Paragraph 26, above, that deed was ineffective to either create any trust, or to

17  convey Property #32 to any trust.

18         134.   Plaintiffs are informed and believe, and on that basis allege, that Property #32 was

19  sold on or about November 9, 1999, and that Elsie Turchen, purportedly as Trustee of the Danny

20  Boy Trust, took back a deed of trust to secure a purchase money loan on that property. Plaintiffs

21  are further informed and believe, and on that basis allege, that beginning on or about

22  December 10, 2000 and continuing to the present, Defendants have collected and

23  misappropriated all payments on the loan secured by that deed of trust. Plaintiffs are further

24  informed and believe, an on that basis allege, that the November 1999 loan was repaid in or

25  about February 20, 2002, and that Defendants have collected and misappropriated all proceeds of

26  that loan repayment.

27  / / /

28  / / /

LAW OFFICES
COTCHETT,
PITRE, SIMON &
MCCARTHY

SECOND AMENDED COMPLAINT FOR FRAUD, CONVERSION, UNJUST ENRICHMENT,
CONSTRUCTIVE TRUST, INJUNCTIVE RELIEF, UNFAIR BUSINESS PRACTICES, APPOINTMENT OF A
RECEIVER, DECLARATORY RELIEF, ACCOUNTING, AND QUIET TITLE                          25

1  **GG.    Property #33: 2025 Stratford Way, San Mateo**

2      135.    Plaintiffs are informed and believe, and on that basis allege, that as of January 12,

3  1999, either the Estate of Ward Anderson or Elsie Trustee was the true beneficiary of a deed of

4  trust recorded in the Official Records of San Mateo County on March 21, 1997 as Instrument

5  No. 97-045836 to secure a loan on the real property located in the County of San Mateo, State of

6  California, commonly known as 2025 Stratford Way, San Mateo, and legally described as set

7  forth on Exhibit 33 hereto (hereinafter, "Property #33"). Plaintiffs are further informed and

8  believe, and on that basis allege, that beginning on or about December 10, 2000 and continuing

9  to the present, Defendants have collected and misappropriated all payments on the loan secured

10 by that deed of trust. Plaintiffs are further informed and believe, and on that basis allege, that the

11 loan secured by that deed of trust was repaid on or about February 11, 2004, and that Defendants

12 have collected and misappropriated the loan payoff proceed.

13 **HH.    Property #34: 101 Elm Street, San Carlos (APN 045-314-130)**

14     136.    Plaintiffs are informed and believe, and on that basis allege, that as of January 12,

15 1999, either the Estate of Ward Anderson or Elsie Trustee was the true beneficiary of a deed of

16 trust recorded in the Official Records of San Mateo County on December 30, 1994 as Instrument

17 No. 95-194754 to secure a loan on the real property located in the County of San Mateo, State of

18 California, commonly known as 101 Elm Street, San Carlos, identified by Assessor's Parcel

19 No. 045-314-130, and legally described as set forth on Exhibit 34 hereto (hereinafter, "Property

20 #34"). Plaintiffs are further informed and believe, and on that basis allege, that beginning on or

21 about December 10, 2000 and continuing to the present, Defendants have collected and

22 misappropriated all payments on the loan secured by that deed of trust. Plaintiffs are further

23 informed and believe, and on that basis allege, that the loan secured by that deed of trust was

24 repaid on or about November 14, 2001, and that Defendants have collected and misappropriated

25 all proceeds of that loan repayment.

26 **II.    Property #35: 57 McLellan Avenue, San Mateo**

27     137.    Plaintiffs are informed and believe, and on that basis allege, that as of January 12,

28 1999, either the Estate of Ward Anderson or Elsie Trustee was the true beneficiary of a deed of

LAW OFFICES
COTCHETT,
PITRE, SIMON &
MCCARTHY

SECOND AMENDED COMPLAINT FOR FRAUD, CONVERSION, UNJUST ENRICHMENT,
CONSTRUCTIVE TRUST, INJUNCTIVE RELIEF, UNFAIR BUSINESS PRACTICES, APPOINTMENT OF A
RECEIVER, DECLARATORY RELIEF, ACCOUNTING, AND QUIET TITLE                                    26

1    trust recorded in the Official Records of San Mateo County on July 17, 1996 as Instrument

2    No. 96-086283 to secure a loan on the real property located in the County of San Mateo, State of

3    California, commonly known as 57 McLellan Avenue, San Mateo, and legally described as set

4    forth on Exhibit 35 hereto (hereinafter, "Property #35"). Plaintiffs are further informed and

5    believe, and on that basis allege, that beginning on or about December 10, 2000 and continuing

6    to the present, Defendants have collected and misappropriated all payments on the loan secured

7    by that deed of trust. Plaintiffs are further informed and believe, and on that basis allege, that the

8    loan secured by that deed of trust was repaid on or about February 11, 2004, and that Defendants

9    have collected and misappropriated all proceeds of that loan repayment.

10   **JJ.    Property #36: 1804 Maxine Avenue, San Mateo**

11          138.    Plaintiffs are informed and believe, and on that basis allege, that as of January 12,

12   1999, either the Estate of Ward Anderson or Elsie Trustee was the true beneficiary of a deed of

13   trust recorded in the Official Records of San Mateo County on June 30, 1994 as Instrument

14   No. 94-112452 to secure a loan on the real property located in the County of San Mateo, State of

15   California, commonly known as 1804 Maxine Avenue, San Mateo, and legally described as set

16   forth on Exhibit 36 hereto (hereinafter, "Property #36"). Plaintiffs are further informed and

17   believe, and on that basis allege, that beginning on or about December 10, 2000 and continuing

18   to the present, Defendants have collected and misappropriated all payments on the loan secured

19   by that deed of trust. Plaintiffs are further informed and believe, and on that basis allege, that the

20   loan secured by that deed of trust was repaid on or about February 11, 2004, and that Defendants

21   have collected and misappropriated all proceeds of that loan repayment.

22   **KK.    Property #37: 20 South Eldorado Street, San Mateo**

23          139.    Plaintiffs are informed and believe, and on that basis allege, that as of January 12,

24   1999, either the Estate of Ward Anderson or Elsie Trustee was the owner of the real property

25   situated in the City of San Mateo, County of San Mateo, commonly known as 20 South Eldorado

26   Street and legally described as set forth on Exhibit 37 (hereinafter, "Property #37"). Plaintiffs are

27   further informed and believe, and on that basis allege, that Property #37 was sold to Joseph

28   Buchinsky on or about July 24, 2000. The Estate Administrator owns all beneficial interest

LAW OFFICES
COTCHETT,
PITRE, SIMON &
MCCARTHY

SECOND AMENDED COMPLAINT FOR FRAUD, CONVERSION, UNJUST ENRICHMENT,
CONSTRUCTIVE TRUST, INJUNCTIVE RELIEF, UNFAIR BUSINESS PRACTICES, APPOINTMENT OF A
RECEIVER, DECLARATORY RELIEF, ACCOUNTING, AND QUIET TITLE                           27

1 | under a Short Form Deed of Trust and Assignment of Rents recorded July 24, 2000 as Instrument

2 | No. 2000-089694 in the Official Records of San Mateo County on June 30, 1994 as Instrument

3 | No. 94-112452, executed in favor of "Elsie Turchen, Trustee of the WILLOW TRUST dated

4 | January 1, 1990" to secure a loan on Property #37. Plaintiffs are further informed and believe,

5 | and on that basis allege, that beginning on or about December 10, 2000 and continuing to the

6 | present, Defendants have collected and misappropriated all payments on the loan secured by that

7 | deed of trust.

8 | **LL.    Other Properties**

9 |     140.    Plaintiffs are informed and believe, and on that basis allege, that Ward Anderson

10 | owned other real property, including but not limited to two residential lots in Hilo, Hawaii.

**VI.**

**DEFENDANTS' SCHEME TO DEFRAUD**

13 |     141.    Beginning at or before the death of Ward Anderson and continuing to this day,

14 | Defendants have engaged in a scheme to misappropriate all of the assets of the estates of Ward

15 | Anderson and Elsie Turchen, including, but not limited to: all rents on and proceeds of sale of the

16 | Estate Properties; all bank and brokerage accounts of Elsie Turchen and Ward Anderson; all

17 | proceeds of notes secured by deeds of trust in which they held beneficial interests, and all of their

18 | personal property. As of the date of the filing of this amended Complaint, Defendants continue

19 | to collaborate with one another in concealing the nature, scope and extent of their scheme,

20 | including but not limited to:  the identities of all participants; the extent of all real and personal

21 | property stolen; the use and/or misuse of the proceeds of their unlawful gains; and/or the

22 | continuing reliance upon false and/or misleading actions and/or information as a vehicle to cover

23 | up their scheme.

24 |     142.    Prior to Ward Anderson's death, Elsie Turchen and Ward Anderson ran a real

25 | estate and insurance business at 407 South B Street, San Mateo, Californian under the name

26 | "Ward Anderson Realtor." The family business included the purchase and management of

27 | numerous rental properties throughout San Mateo County. On information and belief, after Ward

28

SECOND AMENDED COMPLAINT FOR FRAUD, CONVERSION, UNJUST ENRICHMENT,
CONSTRUCTIVE TRUST, INJUNCTIVE RELIEF, UNFAIR BUSINESS PRACTICES, APPOINTMENT OF A
RECEIVER, DECLARATORY RELIEF, ACCOUNTING, AND QUIET TITLE                    28

1    Anderson died, Elsie Turchen kept the office open and continued to collect rents and manage the

2    family properties.

3        143.    Defendant Dillon, then known as Christine Maserdotti, introduced herself to Elsie

4    Turchen about a decade before Elsie Turchen died, at which time Elsie Turchen was

5    approximately 75 years old.  Plaintiffs are informed and believe, and on that basis allege, that

6    Dillon  held herself out as a paralegal and offered her paralegal services to Elsie Turchen, who

7    thereafter employed Dillon's service in preparing deeds and other documents for the

8    Anderson/Turchen business.  Plaintiffs are informed and believe, and on that basis allege, that

9    Defendant Dillon  ingratiated herself with Elsie Turchen by offering her friendship and

10   companionship after Ward Anderson died, gained the confidence of Elsie Turchen, and became

11   privy to information about the family's personal and financial affairs, including but not limited to

12   Ward Anderson's and Elsie Turchen's extensive real property holdings.  Plaintiffs are informed

13   and believe, and on that basis allege, that Defendant Dillon induced Elsie Turchen to execute the

14   January 12, 1999 deeds by falsely representing to Elsie Turchen that in so doing, Elsie Turchen

15   would be making a charitable gift to a religious organization.

16       144.    Defendant Bohn was personally acquainted with Ward Anderson through a

17   fraternal organization to which they both belonged.  At all relevant times, Defendant Bohn

18   worked as a "gofer" and notary in the Anderson/Turchen real estate office.  As a result of that

19   employment, he was privy to detailed private information about the assets of Ward Anderson and

20   Elsie Turchen, and had access to their personal financial and real property records.  Plaintiffs are

21   informed and believe, and on that basis allege, that Defendant Dillon induced Elsie Turchen to

22   execute the January 12, 1999 deeds by falsely representing to Elsie Turchen that in so doing,

23   Elsie Turchen would be making a charitable gift to a religious organization.

24       145.    On information and belief, Defendant Pennington also attempted to gain Elsie

25   Turchen's confidence prior to her death by representing himself to be a clergyman.  During 1997

26   and 1998 Defendant Pennington represented to Elsie Turchen that Greensprings Fellowship Trust

27   qualified as a charitable organization under Internal Revenue Code section 501(c)(3), that

28   Greensprings Fellowship Trust was engaged in charitable activities, and that Greensprings

LAW OFFICES
COTCHETT,
PITRE, SIMON &
MCCARTHY

SECOND AMENDED COMPLAINT FOR FRAUD, CONVERSION, UNJUST ENRICHMENT,
CONSTRUCTIVE TRUST, INJUNCTIVE RELIEF, UNFAIR BUSINESS PRACTICES, APPOINTMENT OF A
RECEIVER, DECLARATORY RELIEF, ACCOUNTING, AND QUIET TITLE                          29

1   Fellowship Trust used all of its property and income for charitable purposes. Those

2   representations were false, in that prior to Elsie Turchen's death neither Greensprings Church nor

3   Greensprings Fellowship Trust existed, and no Defendant in this action was engaged in any

4   charitable work whatsoever. As a result, any purported transfer of property to Greensprings

5   Fellowship Trust was void, in that: (a) it was procured by fraud; and (b) it was made to a

6   nonexistent transferee.

7       146.    Plaintiffs are informed and believe, and on that basis allege, that Defendants

8   Dillon and Bohn and Does 6-30, in furtherance of the conspiracy to divest the real property from

9   its rightful owners, misrepresented and/or misled Elsie Turchen into the belief that the real

10  property she and her son had amassed should be donated to a Christian charity such as

11  Greensprings Fellowship Trust and Greensprings Fellowship Church, Inc., both of which entities

12  Defendants represented to Elsie Turchen as being Internal Revenue Code compliant 501(c)(3)

13  organizations engaged in good works.

14      147.    When Elsie Turchen died on December 10, 2000, Defendant Dillon falsely

15  informed Dale J. Rizzo, Elsie Turchen's attending physician, that Dillon was Elsie Turchen's

16  granddaughter "Beth Anderson." Plaintiffs are informed and believe, and on that basis allege,

17  that Dillon made that misrepresentation to create the appearance that she was an heir of Elsie

18  Turchen and in furtherance of Defendants' conspiracy to misappropriate all of the real and

19  personal property of the Estate of Elsie Turchen.

20      148.    Within three years prior to filing this action, Defendant Dillon asserted for the

21  first time that before her death, Elsie Turchen had donated certain real property that had belonged

22  to either Ward Anderson or Elsie Turchen to "Greensprings Fellowship Trust." That assertion

23  was false, in that Greensprings Fellowship Trust did not exist prior to December 10, 2000. To

24  this day, there is no qualified 501(c)(3) organization by that name.

25      149.    Beginning with Elsie Turchen's death and continuing to the present day,

26  Defendants have collected all rents on and proceeds of sale of the Estate Properties. With the

27  exception of the disbursements described in Paragraph 26, Defendants have kept those funds for

28  themselves. Plaintiffs are further informed and believe, and thereupon allege, that beginning in

LAW OFFICES
COTCHETT,
PITRE, SIMON &
MCCARTHY

SECOND AMENDED COMPLAINT FOR FRAUD, CONVERSION, UNJUST ENRICHMENT,
CONSTRUCTIVE TRUST, INJUNCTIVE RELIEF, UNFAIR BUSINESS PRACTICES, APPOINTMENT OF A
RECEIVER, DECLARATORY RELIEF, ACCOUNTING, AND QUIET TITLE                    30

1   approximately 2002 and continuing to the present, Defendants have deposited the proceeds of

2   rents on Estate Properties with Bank of the West in an account held in the name of Defendant

3   Greensprings Church and/or other accounts controlled by Defendant Dillon, Defendant Bohn

4   and/or Defendant Pennington.

5        150.    Plaintiffs are informed and believe, and on that basis allege, that Defendants have

6   converted the proceeds of sale of Properties Nos. 3, 4, 18, 18 and 26, proceeds of loans secured

7   by deeds of trust on Properties Nos. 19, 32, 33, 34, 35, 36 and 37, as well as rental income from

8   other Estate Properties, and used them to purchase properties in other states.  In particular,

9   Plaintiffs are informed and believe that Defendants have used funds of the Anderson Estate, the

10  Turchen Estate, or both, to purchase the following properties:

11           (a)    Plaintiffs are informed and believe, and on that basis allege, that

12  Defendants purchased the real property commonly known as 913 South 6th Street, Cottage Grove,

13  Oregon on or about February 26, 2003, taking title in the name of Greensprings Church.

14           (b)    Plaintiffs are informed and believe, and on that basis allege, that

15  Defendants purchased the real property commonly known as 12716 Myrtle Creek Road, Myrtle

16  Creek, Oregon on or about September 2, 2003, taking title in the name of Greensprings Church.

17           (c)    Plaintiffs are informed and believe, and on that basis allege, that

18  Defendants purchased the real property commonly known as 44586 County Road 112, Limon,

19  Colorado on or about August 26, 2003, taking title in the name of Greensprings Church.

20           (d)    Plaintiffs are informed and believe, and on that basis allege, that

21  Defendants purchased the real property commonly known as 3300 Josephine, Denver, Colorado,

22  on or about January 14, 2005, taking title in the name of Greensprings Church.

23           (e)    Plaintiffs are informed and believe, and on that basis allege, that

24  Defendants purchased the real property commonly known 6351 South Peoria Street, Centennial,

25  Colorado, on or about April 29, 2005, taking title in the name of Greensprings Church.

26           (f)    Plaintiffs are informed and believe, and on that basis allege, that

27  Defendants purchased the real property commonly known as 4695 Wadsworth Blvd., Wheat

28  Ridge, Colorado on or about May 24, 2005, taking title in the name of Greensprings Church.

LAW OFFICES
COTCHETT,
PITRE, SIMON &
MCCARTHY

SECOND AMENDED COMPLAINT FOR FRAUD, CONVERSION, UNJUST ENRICHMENT,
CONSTRUCTIVE TRUST, INJUNCTIVE RELIEF, UNFAIR BUSINESS PRACTICES, APPOINTMENT OF A
RECEIVER, DECLARATORY RELIEF, ACCOUNTING, AND QUIET TITLE                    31

1       151.    Beginning on or before December 10, 2000 and continuing until at least

2    August 11, 2004, Defendant Dillon has falsely held herself out to be "Beth Anderson," a

3    granddaughter of Elsie Turchen. Plaintiffs are informed and believe, and on that basis allege,

4    that Dillon made that misrepresentation to create the appearance that she was an heir of Elsie

5    Turchen and in furtherance of Defendants' conspiracy to misappropriate all of the real and

6    personal property of the Estate of Elsie Turchen.

7       152.    On or before June 21, 2001, Defendants executed, notarized and/or caused to be

8    recorded as Instrument No. 2001-092984 in the Official Records of San Mateo County an

9    "Affidavit of Death of Trustee" executed by Defendant Dillon in the name of "Beth M.

10    Anderson" as "Successor Trustee" of the Danny Boy Trust. Defendant Bohn executed the

11    notarial jurat, in which he stated that Beth Anderson, who does not exist, appeared before him

12    and attested to the contents of the Affidavit. Plaintiffs are informed and believe, and on that

13    basis allege, that Defendants executed, notarized and/or recorded the Affidavit order to further

14    their fraudulent scheme to misappropriate the proceeds of the loan securing Plaintiffs' deed of

15    trust on Property #19.

16       153.    On or before June 21, 2001, Defendants executed, notarized and/or caused to be

17    recorded as Instrument No. 2001-092985 in the Official Records of San Mateo County a

18    Certification of Trust, executed by Dillon in the false name of "Beth Anderson" and notarized by

19    Defendant Bohn. In that Certification of Trust, Dillon swore under penalty of perjury that The

20    Danny Boy Trust was a valid and existing trust, that she was the trustee of the trust, and that

21    Elsie Turchen had the power to revoke the trust, all of which statements were false. In particular,

22    Defendant Dillon lacked any personal knowledge that would have permitted her to certify either

23    existence of a January 1, 2000 Danny Boy Trust, or that Elsie Turchen was either the trustor or

24    original trustee of any such trust. The statement that Elsie Turchen had the authority to revoke

25    the trust was necessarily false, in that Elsie Turchen was then deceased. On information and

26    belief, the sworn statement that "Beth Anderson" was the current trustee of the trust was false, in

27    that the "Beth Anderson" referred to did not exist, and therefore could not have been appointed

28    trustee of any trust of which either Elsie Turchen or Ward Anderson had been the trustor. Bohn

LAW OFFICES
COTCHETT,
PITRE, SIMON &
MCCARTHY

1  furthered that fraud by providing a jurat stating that Beth Anderson, who does not exist, appeared

2  before him and attested to the contents of the Certification of Trust.  Plaintiffs are informed and

3  believe, and on that basis allege, that Defendants recorded the fraudulent Certification of Trust in

4  order to accomplish their misappropriation of the proceeds of a payoff of a note secured by a

5  deed of trust on Property #19.

6      154.    On or before June 21, 2001, Defendants executed, notarized and/or caused to be

7  recorded as Instrument No. 2001-092986 in the Official Records of San Mateo County a

8  Substitution of Trustee, executed by Dillon in the false name of  "Beth Anderson" and notarized

9  by Defendant Bohn.  In that Substitution of Trustee, Dillon falsely represented that she was the

10  present beneficiary of a March 29, 1999 Deed of Trust in favor of Elsie Turchen encumbering 62

11  East 39th Avenue, San Mateo (Property #19), and purported to substitute "Beth M. Anderson,

12  Successor Trustee of the Danny Boy Trust dated January 1, 1990" as trustee under that deed of

13  trust.  On information and belief, the statement that Beth Anderson was the current beneficiary of

14  that deed of trust was false, in that the Beth Anderson referred to did not exist, and therefore

15  could not have owned any interest in any property, whether as trustee of a trust or otherwise.

16  Bohn furthered that fraud by providing a notarial acknowledgment stating that Beth Anderson,

17  who does not exist, personally appeared before him and acknowledged executing that instrument.

18  Plaintiffs are informed and believe, and on that basis allege, that Defendants recorded the

19  fraudulent Substitution of Trustee in order to accomplish their misappropriation of the proceeds

20  of a payoff of the note secured by the March 19, 1999 deed of trust on Property #19.

21      155.    On or before November 14, 2001, Defendants executed, notarized and/or caused

22  to be recorded as Instrument No. 2001-181085 in the Official Records of San Mateo County a

23  Substitution of Trustee and Full Reconveyance, executed by Dillon in the false name of  "Beth

24  Anderson" and notarized by Defendant Bohn.  In that document, Dillon falsely represented "Beth

25  Anderson" to be the trustee of the Skyline Trust, purported to substitute "Beth Anderson,

26  Successor Trustee" as trustee under the deed of trust recorded December 30, 1994 as Instrument

27  No. 95-194754 Property #34, and purported to reconvey Plaintiffs' beneficial interest in the

28  subject real property to the trustor.  Bohn furthered that fraud by executing the notarial

LAW OFFICES
COTCHETT,
PITRE, SIMON &
MCCARTHY

SECOND AMENDED COMPLAINT FOR FRAUD, CONVERSION, UNJUST ENRICHMENT,
CONSTRUCTIVE TRUST, INJUNCTIVE RELIEF, UNFAIR BUSINESS PRACTICES, APPOINTMENT OF A
RECEIVER, DECLARATORY RELIEF, ACCOUNTING, AND QUIET TITLE                    33

1  acknowledgment on that document. Plaintiffs are informed and believe, and on that basis allege,

2  that Defendants executed the fraudulent Substitution of Trustee and Full Reconveyance in order

3  to accomplish their misappropriation of the proceeds of a payoff of a note secured by a deed of

4  trust on Property #34.

5       156.  On or before February 20, 2002, Defendants executed, notarized and/or caused to

6  be recorded as Instrument No. 2002-030962 in the Official Records of San Mateo County a

7  Substitution of Trustee and Full Reconveyance, executed by Dillon in the false name of "Beth

8  Anderson" and notarized by Defendant Bohn. In that document, Dillon falsely represented "Beth

9  Anderson" to be the trustee of the Danny Boy Trust, purported to substitute "Beth Anderson,

10  Trustee of the Danny Boy Trust" as trustee under that deed of trust, and purported to reconvey

11  Plaintiffs' beneficial interest under the trust deed on Property #32 recorded November 3, 1999 as

12  Instrument Number 99-186288 to the trustor. Bohn furthered that fraud by executing the notarial

13  acknowledgment on that document. Plaintiffs are informed and believe, and on that basis allege,

14  that Defendants executed the fraudulent Substitution of Trustee and Full Reconveyance in order

15  to accomplish their misappropriation of the proceeds of a payoff of a note secured by a deed of

16  trust on Property #32.

17       157.  On or before July 18, 2002, Defendants executed, notarized and/or caused to be

18  recorded as Instrument No. 2002-139357 in the Official Records of San Mateo County a

19  Substitution of Trustee and Full Reconveyance, executed by Dillon in the false name of "Beth

20  Anderson" and notarized by Defendant Bohn. In that document, Dillon falsely represented that

21  "Beth Anderson is Elsie's successor"), purported to substitute "Beth Anderson," trustee of the

22  Ward D. Anderson Trust, as the trustee under the deed of trust recorded June 30, 1994 as

23  Instrument No. 4-112452, and purported to reconvey to the trustor Plaintiffs' interest in Property

24  #36. Bohn furthered that fraud by executing the notarial acknowledgment on that document.

25  Plaintiffs are informed and believe, and on that basis allege, that Defendants executed the

26  fraudulent Substitution of Trustee and Full Reconveyance in order to accomplish their

27  misappropriation of the proceeds of a payoff of a note secured by a deed of trust on Property #36.

28

LAW OFFICES
COTCHETT,
PITRE, SIMON &
MCCARTHY

SECOND AMENDED COMPLAINT FOR FRAUD, CONVERSION, UNJUST ENRICHMENT,
CONSTRUCTIVE TRUST, INJUNCTIVE RELIEF, UNFAIR BUSINESS PRACTICES, APPOINTMENT OF A
RECEIVER, DECLARATORY RELIEF, ACCOUNTING, AND QUIET TITLE                    34

1    158.    On or before March 1, 2004, Defendants executed, notarized and/or caused to be

2    recorded as Instrument No. 2004-036255 in the Official Records of San Mateo County a

3    Substitution of Trustee and Full Reconveyance, executed by Dillon in the false name of "Beth

4    Anderson" and notarized by Defendant Bohn.  In that document, Dillon falsely represented "Beth

5    Anderson" to be the trustee of the Partner Trust, purported to substitute "Beth Anderson,

6    Successor Trustee" as trustee under that deed of trust, and purported to reconvey to the trustor

7    under the trust deed recorded March 21, 1997 as Instrument No. 97-045836 Plaintiffs' interest in

8    Property #33.  Bohn furthered that fraud by executing the notarial acknowledgment on that

9    document.  Plaintiffs are informed and believe, and on that basis allege, that Defendants executed

10    the fraudulent Substitution of Trustee and Full Reconveyance in order to accomplish their

11    misappropriation of the proceeds of a payoff of a note secured by a deed of trust on Property #33.

12    159.    On or before March 31, 2004, Defendants executed, notarized and/or caused to be

13    recorded as Instrument No. 2004-079842 in the Official Records of San Mateo County an

14    "Affidavit - Death of Trustee" executed by Defendant Dillon in the name of "Beth Anderson" as

15    "Successor Trustee" of the Beresford Trust and notarized by Defendant Bohn.  In that Affidavit,

16    Dillon swore under penalty of perjury that, "upon the death of Elsie G. Turchen, Beth Anderson

17    became the successor Trustee under Trust Agreement dated January 1, 1990."  That statement

18    was false, in that: (a) on information and belief, the "Trust Agreement dated January 1, 1990"

19    referenced in the Affidavit does not exist; and/or (b) Beth Anderson does not exist.  Defendant

20    Bohn furthered that fraud by providing a jurat stating that Beth Anderson, who does not exist,

21    appeared before him and attested to the contents of the Affidavit.  Plaintiffs are informed and

22    believe, and on that basis allege, that Defendants recorded the Affidavit order to further their

23    fraudulent scheme to misappropriate the proceeds of the loan securing Plaintiffs' deed of trust on

24    Property #35.

25    160.    On or before April 23, 2004, Defendants executed, notarized and/or caused to be

26    recorded as Instrument Nos. 2004-079840 and 2004-079841 in the Official Records of San

27    Mateo County a Substitution of Trustee and Full Reconveyance, executed by Dillon in the false

28    name of "Beth Anderson" and notarized by Defendant Bohn.  In that document, Dillon falsely

LAW OFFICES
COTCHETT,
PITRE, SIMON &
MCCARTHY

SECOND AMENDED COMPLAINT FOR FRAUD, CONVERSION, UNJUST ENRICHMENT,
CONSTRUCTIVE TRUST, INJUNCTIVE RELIEF, UNFAIR BUSINESS PRACTICES, APPOINTMENT OF A
RECEIVER, DECLARATORY RELIEF, ACCOUNTING, AND QUIET TITLE                    35

1  represented "Beth Anderson" to be the trustee of the Beresford Trust, purported to notice the

2  substitution of "Beth Anderson" as trustee of the Beresford Trust, and purported to reconvey to

3  the trustor Plaintiffs' beneficial interest in Property #35 under the deed of trust recorded July 17,

4  1996 as Instrument No. 96-086283. Bohn furthered that fraud by executing the notarial

5  acknowledgment on that document. Plaintiffs are informed and believe, and on that basis allege,

6  that Defendants executed the fraudulent Substitution of Trustee and Full Reconveyance in order

7  to accomplish their misappropriation of the proceeds of a payoff of a note secured by a deed of

8  trust on Property #35.

9       161.   On or before August 11, 2004, Defendants executed, notarized and/or caused to

10  be recorded as Instrument No. 2004-16405 in the Official Records of San Mateo County an

11  "Affidavit - Death of Trustee" executed by Defendant Dillon in the name of "Beth Anderson"

12  and notarized by Defendant Bohn. In that Affidavit, Dillon swore under penalty of perjury that,

13  "upon the death of Elsie G. Turchen, Beth Anderson became the successor Trustee under Trust

14  Agreement dated January 1, 1990." That statement was false, in that: (a) on information and

15  belief, the "Trust Agreement dated January 1, 1990" referenced in the Affidavit does not exist;

16  and/or (b) Beth Anderson does not exist. Defendant Bohn furthered that fraud by providing a

17  jurat stating that Beth Anderson, who does not exist, appeared before him and attested to the

18  contents of the Affidavit. Plaintiffs are informed and believe, and on that basis allege, that

19  Defendants recorded the Affidavit order to further their fraudulent scheme as alleged herein.

20       162.   In addition to falsely notarizing the signature of "Beth Anderson" Defendant Bohn

21  has on at least five occasions falsely notarized the signature of John Wyse as "President" of

22  Greensprings Church:

23       (a)   On or about December 12, 2001, Defendant Bohn notarized the signature

24  of "John Wyse" on a Grant Deed purporting to convey Plaintiffs' real property at 789 El Camino

25  Real, Burlingame (Property #3) from Defendant Greensprings Fellowship Trust to Defendant

26  Greensprings Church. That Grant Deed was recorded January 30, 2002 in the Official Records

27  of San Mateo County as Instrument No. 2002-17145.

28

LAW OFFICES
COTCHETT,
PITRE, SIMON &
MCCARTHY

SECOND AMENDED COMPLAINT FOR FRAUD, CONVERSION, UNJUST ENRICHMENT,
CONSTRUCTIVE TRUST, INJUNCTIVE RELIEF, UNFAIR BUSINESS PRACTICES, APPOINTMENT OF A
RECEIVER, DECLARATORY RELIEF, ACCOUNTING, AND QUIET TITLE    36

1    (b)    A second Grant Deed, also notarized by Bohn on or about December 12,

2  2001 also bearing the signature of "John Wyse," purported to convey the real property at 1507

3  Willow Avenue, Burlingame (Property #4) from Greensprings Fellowship Trust to Greensprings

4  Church. The Grant Deed was recorded January 30, 2002 in the Official Records of San Mateo

5  County as Instrument No. 2002-17143.

6    (c)    On December 12, 2001, Defendant Bohn notarized a third Grant Deed,

7  also bearing the signature of "John Wyse" and purporting to convey Plaintiffs' property at 2636

8  Broadway, Redwood City (Property #25) from Greensprings Fellowship Trust to Greensprings

9  Church. The Grant Deed was recorded January 30, 2002 in the Official Records of San Mateo

10  County as Instrument No. 2002-17144.

11    (d)    On or about May 11, 2002, Defendant Bohn notarized a fourth Grant Deed

12  with a signature of "John Wyse" purporting to convey Plaintiffs' Property #3 and Property #4

13  from Greensprings Church to Willows Apartments, LLC. The Grant Deed was recorded May 24,

14  2002 in the Official Records of San Mateo County as Instrument No. 2002-102265.

15    (e)    On or about June 26, 2002 Defendant Bohn notarized a fifth Grant Deed

16  with a signature of "John Wyse" purporting to convey Plaintiffs' interest in Property #25 from

17  Greensprings Church to the Lanusse Family Trust. The Grant Deed was recorded July 1, 2002 in

18  the Official Records of San Mateo County as Instrument No. 2002-127721.

19    163.    Plaintiffs are informed and believe, and on that basis allege, that there is no "John

20  Wyse," that no John Wyse has ever been the President of Greensprings Church, and that no John

21  Wyse ever personally appeared before Defendant Bohn to acknowledge the execution of any

22  deed.

23    164.    In January 2005, Plaintiff Penny D. Anderson traveled from her then home in

24  New Mexico to examine the records and books at her father's and grandmother's office at 407

25  South B Street, San Mateo. On or about January 14, 2005, Plaintiffs attempted to peacefully

26  enter the office during regular business hours in order to ask to inspect her father's and

27  grandmother's business records. In order to conceal Defendants' fraudulent conspiracy from

28  Plaintiffs, Defendant Bohn barred her entrance and locked the door. Defendant Bohn has at all

LAW OFFICES
COTCHETT,
PITRE, SIMON &
MCCARTHY

SECOND AMENDED COMPLAINT FOR FRAUD, CONVERSION, UNJUST ENRICHMENT,
CONSTRUCTIVE TRUST, INJUNCTIVE RELIEF, UNFAIR BUSINESS PRACTICES, APPOINTMENT OF A
RECEIVER, DECLARATORY RELIEF, ACCOUNTING, AND QUIET TITLE                              37

1    times since then refused Plaintiffs access to the books and records of Ward Anderson and Elsie

2    Turchen, as well as all other personal property located and the Anderson/Turchen business office.

3        165.    Following Ward Anderson's death, Elsie Turchen moved into the family home at

4    773 El Cerrito Avenue, Hillsborough (Property #1) as of February 13, 1992. Property #1 has

5    been vacant since Elsie Turchen's death. Plaintiffs are informed and believe, and on that basis

6    allege, that Property #1 contained personal property of Elsie Turchen, including but not limited to

7    furniture, art and jewelry. On or about February 19, 2005, Plaintiff Penny D. Anderson went to

8    inspect the family home and the personal property at the family residence. Defendant Bohn and

9    Does 31 through 33 went to the house, confronted Plaintiffs, demanded that she leave, and called

10   the police. The purpose of Defendant Bohn and Does 31 through 33 was to further conceal from

11   Plaintiffs the extent of their fraudulent misappropriation of assets of the Estate of Elsie Turchen

12   and/or of the Estate of Ward Anderson.

13       166.    On information and belief, in or about March and April 2005, Defendants Dillon,

14   Bohn and Pennington conspired to submit Defendant Pennington's perjured declaration to this

15   Court for personal gain.

16       167.    On or about April 1, 2005, Defendant Bohn and his counsel caused to be filed

17   with this Court a perjured declaration of Defendant Pennington, in which Defendant Pennington

18   made the following false representations, among others:

19           (a)    Defendant Pennington falsely held himself out as "Eric Heath."

20           (b)    Defendant Pennington declared under penalty of perjury that he was

21   "ordained a pastor in the First Presbyterian Church in 1982." Plaintiffs are informed and believe,

22   and on that basis allege, that the foregoing statement was false, in that (i) Eric Pennington was a

23   teenager in 1982 and has never been ordained in any church of any denomination; (ii) the

24   Presbyterian Church of America does not have among its roster of ordained minister any person

25   by the name of Eric Heath, or one by the name of Eric Pennington; and (iii) the Presbyterian

26   Church of America does not use the title "pastor" for its clergy.

27           (c)    Defendant Pennington declared under penalty of perjury that he had "been

28   a member of the ecumenical council of Greensprings Fellowship Trust since January 2000."

LAW OFFICES
COTCHETT,
PITRE, SIMON &
MCCARTHY

SECOND AMENDED COMPLAINT FOR FRAUD, CONVERSION, UNJUST ENRICHMENT,
CONSTRUCTIVE TRUST, INJUNCTIVE RELIEF, UNFAIR BUSINESS PRACTICES, APPOINTMENT OF A
RECEIVER, DECLARATORY RELIEF, ACCOUNTING, AND QUIET TITLE                    38

1    Plaintiffs are informed and believe, and on that basis allege, that the foregoing statement was

2    false, in that there was neither a Greensprings Fellowship Trust nor any ecumenical council

3    thereof in existence in January 2000.

4              (d)    Defendant Pennington declared under penalty of perjury that,

5    "Greensprings Fellowship Trust is a multi-denominational charitable religious organization

6    recognized by the federal government under section 501(c)(3) of the Internal Revenue Code."

7    Plaintiffs are informed and believe, and on that basis allege, that the foregoing statement was

8    false, in that Greensprings Fellowship Trust has never been formally organized, and has never

9    sought or obtained recognition of tax-exempt status from the Internal Revenue Service.

10             (e)    Defendant Pennington declared under penalty of perjury that

11   "Greensprings Charitable Trust's Ecumenical Council consists of pastors representing

12   Presbyterian, Baptist, and Apostolic Assembly of God churches in multiple states.  Plaintiffs are

13   informed and believe, and on that basis allege, that the foregoing statement was false, in that

14   there is no such organization as the "Greensprings Charitable Trust's Ecumenical Council."

15             (f)    Defendant Pennington declared under penalty of perjury that

16   "Greensprings Charitable Trust uses all of its property and income for charitable purposes

17   allowed under federal law."  Plaintiffs are informed and believe, and on that basis allege, that the

18   foregoing statement was false, in that if any Defendant has made any *bona fide* charitable

19   contributions, those contributions were *de minimus*, and Defendants have used the vast majority

20   of Plaintiffs' funds for their own personal profit.

21             (g)    Defendant Pennington declared under penalty of perjury that Ward

22   Anderson and Elsie Turchen had known him since the 1960's, that they "knew when

23   [Pennington] entered the ministry," and that they had "many conversations over the years

24   regarding the charitable work I and others were engaged in as part of the ministry."  Plaintiffs are

25   informed and believe, and on that basis allege, that the foregoing statement was false, in that

26   Pennington is an automobile mechanic who does no charitable work and has never been involved

27   in any ministry whatsoever.

28

LAW OFFICES
COTCHETT,
PITRE, SIMON &
MCCARTHY

SECOND AMENDED COMPLAINT FOR FRAUD, CONVERSION, UNJUST ENRICHMENT,
CONSTRUCTIVE TRUST, INJUNCTIVE RELIEF, UNFAIR BUSINESS PRACTICES, APPOINTMENT OF A
RECEIVER, DECLARATORY RELIEF, ACCOUNTING, AND QUIET TITLE                    39

1     (h)    Defendant Pennington declared under penalty of perjury that Ward

2 Anderson and Elsie Turchen began donating funds to Greensprings Charitable Trust in or about

3 1997. Plaintiffs are informed and believe, and on that basis allege, that the foregoing statement

4 was false, in that Greensprings Charitable Trust did not exist in 1997, and to this day is not a

5 charitable trust.

6     (i)    Defendant Pennington declared under penalty of perjury that in October

7 1998, Elsie Turchen gave Defendant Pennington "various documents" in his "capacity as a

8 fellowship pastor with Greensprings Fellowship Trust." That statement was false.

9 Defendant Pennington is not and never has been a pastor of any church. In addition, other than

10 the January 1999 deeds discussed in Paragraphs 26 and 27 above and in Paragraph 11 of the

11 Pennington declaration, the only document attached to the declaration is a "Certification of

12 Trust" purportedly authored and signed by Elsie Turchen. That "Certification of Trust" is

13 incomplete, and/or otherwise fails to comply with California Probate Code § 18100.5. In

14 addition, the "Certification of Trust" is indisputably a forged instrument created *after* October

15 1998 and *after* Elsie Turchen's death. In particular, the "Certification of Trust" that Mr.

16 Pennington declares was delivered to him in October 1998 could not have been authored or

17 executed by Elsie Turchen during her lifetime, in that is refers to events in the life of Plaintiff

18 Penny D. Anderson that took place after her grandmother died. The Certification of Trust is a

19 forgery created for the purpose of further defrauding Plaintiffs and perpetrating a fraud upon this

20 Court.

21    168.    On April 19, 2005, this Court issued an Order for Preliminary Injunction to

22 Defendant Bohn in which it ordered that:

23    Don Bohn . . . is restrained and enjoined from damaging, destroying, removing,
encumbering, secreting, expending, hiding or otherwise disposing of any real
24    property, trust, rents and profits of any and all real property and trusts in which
Ward Anderson, III and Elsie Turchen, or either of them held any interest and all
25    income, rents and profits derived from any such property or trust and from
destroying, damaging, altering, hiding or secreting all deeds, trusts and records of
26    account concerning said properties and trusts so as to *preserve the status quo in
all respects*.

27

28

LAW OFFICES
COTCHETT,
PITRE, SIMON &
MCCARTHY

1  (Emphasis added.)  This Court further ordered the Greensprings Fellowship Trust bank account

2  and the BER bank accounts frozen for a period of 90 days.  Plaintiffs are informed and believe,

3  and on that basis allege, that within ten days of being served with that order Defendant Bohn

4  and/or Defendant DOE 34 caused two wire transfers totaling $575,000 to be sent from the

5  Greensprings Church account at Bank of the West to the First Bank of Colorado in Lakewood,

6  Colorado.  Plaintiffs are further informed and believe, and on that basis allege, that Defendants

7  used the proceeds of that wire transfer to purchase the property located in Centennial, Colorado

8  as alleged in Paragraph 150(e), above.

9          169.    In further defiance of this Court's April 19, 2005 Order, on December 1 and 2,

10  2005, Defendants caused to be recorded the fraudulently obtained deeds dated January 12, 1999

11  for Estate Properties Nos. 1,2, 5 through 10, inclusive, 12 through 18, inclusive, 20 through 24,

12  inclusive, and 26 through 31 inclusive.  Plaintiffs are informed and believe, and on that basis

13  allege, that before presenting those deeds for recording, Defendants presented those deeds to the

14  City of San Mateo for certification of the real property conveyance tax and falsely represented

15  that Greensprings Fellowship Trust was a 501(c)(3) organization.

16                                          **VII.**

17                    **PLAINTIFFS' DELAYED DISCOVERY OF**

18                    **DEFENDANTS' FRAUDULENT SCHEME**

19          170.    Plaintiffs discovered the fraud and deceit of Defendants and each of them within 3

20  years of filing this complaint.

21          171.    Both Plaintiff Penny D. Anderson and Plaintiff Candace Jenkins were living

22  outside of the State of California during the period between their father's death and Elsie

23  Turchen's demise.  At the time of Ward Anderson's death, Plaintiff Penny D. Anderson was

24  unaware of the terms of his September 15, 1972 Last Will and Testament, and believed that he

25  had left his entire estate to Elsie Turchen.  As a result, Plaintiff Penny D. Anderson was not

26  aware that she was to inherit all of Ward D. Anderson's real and personal property.  Plaintiff

27  Penny D. Anderson discovered Ward D. Anderson's September 15, 1972 Last Will and

28  Testament only in or about November, 2005.

LAW OFFICES
COTCHETT,
PITRE, SIMON &
MCCARTHY

SECOND AMENDED COMPLAINT FOR FRAUD, CONVERSION, UNJUST ENRICHMENT,
CONSTRUCTIVE TRUST, INJUNCTIVE RELIEF, UNFAIR BUSINESS PRACTICES, APPOINTMENT OF A
RECEIVER, DECLARATORY RELIEF, ACCOUNTING, AND QUIET TITLE                    41

172.   Both during Ward Anderson's lifetime and while Elsie Turchen was living, Plaintiff Penny D. Anderson received occasional gifts of money from one or the other of them to assist with her living expenses. Plaintiffs are informed and believe, and on that basis allege, that Candace Anderson Jenkins received similar gifts from her father and grandmother. Plaintiffs are further informed and believe, and on that basis allege, that because of their intimate familiarity with the family's personal and financial affairs, both Defendant Dillon and Defendant Bohn were aware of the support Ward Anderson and Elsie Turchen gave to Plaintiff Penny D. Anderson and to Candace Anderson Jenkins.

173.   Following Elsie Turchen's death in December 2000, Defendant Dillon contacted Plaintiff Penny D. Anderson and told her that because both Ms. Anderson and her sister were suffering from mental health problems, Dillon had been appointed to administer the Estate of Elsie Turchen. That statement was false, in that no testamentary instrument appointing Dillon exists or existed, and no court had or has appointed her to administer Elsie Turchen's estate.

174.   Defendant Dillon also told Plaintiff Penny D. Anderson that probating Elsie Turchen's estate would take time, but that Dillon was authorized, in her sole discretion, to disburse income from the estate to Plaintiff Penny D. Anderson and/or her sister Candace Anderson Jenkins. During each of the calendar years 2002, 2003 and 2004, Plaintiff Penny D. Anderson received approximately $5,000 from Defendant Dillon, and believed those funds to be distributions from Elsie Turchen's estate. Plaintiffs are informed and believe, and on that basis allege, that Dillon distributed approximately $20,000 to Candace Anderson Jenkins during each of those years, and that in 2004, Dillon purchased an automobile for Candace Anderson Jenkins.

175.   As a result of those assurances and actions, as well as the apparently close and confidential relationship that had existed between Defendant Dillon and Elsie Turchen, Plaintiff Penny D. Anderson had no reason to question Dillon's statements to her, and relied on those statements at all times prior to November 2004.

176.   In or about November 2004, Defendant Dillon contacted Plaintiff Penny D. Anderson by telephone and told her that Elsie Turchen had made no bequests to Plaintiff Penny D. Anderson or to her sister Candace Anderson Jenkins. Defendant Dillon further represented to

LAW OFFICES
COTCHETT,
PITRE, SIMON &
MCCARTHY

SECOND AMENDED COMPLAINT FOR FRAUD, CONVERSION, UNJUST ENRICHMENT, CONSTRUCTIVE TRUST, INJUNCTIVE RELIEF, UNFAIR BUSINESS PRACTICES, APPOINTMENT OF A RECEIVER, DECLARATORY RELIEF, ACCOUNTING, AND QUIET TITLE                    42

1   Plaintiff Penny D. Anderson that all of Ward Anderson's and Elsie Turchen's property, as well as

2   all income from that property, had been left to charity, and that Plaintiff Penny D. Anderson and

3   her sister would receive nothing. That statement was and is false, in that: (a) Ward Anderson had

4   left a will bequeathing his entire estate to Plaintiff Penny D. Anderson; and (b) Elsie Turchen

5   died intestate.

### VIII.

### DAMAGES

8       177.    As a direct and legal result of Defendants' acts as alleged herein, Plaintiffs have

9   been damaged in an amount presently unknown, but believed to exceed $20 million, representing

10  the fair market value of the properties and assets, and the rents and profits thereon, plus pre-

11  judgment interest thereon.

12      178.    In doing the acts alleged of them, Defendants made intentional misrepresentations

13  to Plaintiff Penny D. Anderson , and concealed material facts from Plaintiff Penny D. Anderson ,

14  with the intent of depriving Plaintiffs of real and personal property. In so doing, Defendants

15  acted despicably, with malice, fraud or oppression, such that Plaintiffs are entitled to an award of

16  punitive damages in an amount sufficient to punish Defendants and make them an example.

### IX.

### FIRST CAUSE OF ACTION

### (Fraud)

20      179.    Plaintiffs incorporate by reference and re-allege each and every allegation of

21  Paragraphs 1 through 178, inclusive, as though set forth in full.

22      180.    Defendants, and each of them, made knowingly false representations of the

23  existence and charitable activities of the Greensprings Fellowship Trust to Elsie Turchen to

24  induce her to deed the Estate Properties to Greensprings Fellowship Trust.

25      181.    In making those misrepresentations, Defendants knew them to be false.

26      182.    Defendants made those misrepresentations with the intent of deceiving Elsie

27  Turchen.

28

LAW OFFICES
COTCHETT,
PITRE, SIMON &
MCCARTHY

SECOND AMENDED COMPLAINT FOR FRAUD, CONVERSION, UNJUST ENRICHMENT,
CONSTRUCTIVE TRUST, INJUNCTIVE RELIEF, UNFAIR BUSINESS PRACTICES, APPOINTMENT OF A
RECEIVER, DECLARATORY RELIEF, ACCOUNTING, AND QUIET TITLE                           43

183.    On information and belief, Elsie Turchen relied upon Defendants' false

representations in executing the January 12, 1999 deeds of the Estate Properties to Greensprings

Fellowship Trust.

184.    Elsie Turchen incurred damages because of those misrepresentations.

185.    Following the death of Elsie Turchen, Defendants falsely represented to Plaintiffs

that her grandmother's estate was being probated in order to induce Plaintiffs from seeking title

to, possession of, or the rental proceeds from, the Estate Properties.

186.    In making those misrepresentations, Defendants knew them to be false.

187.    Defendants made those misrepresentations with the intent of deceiving Plaintiffs.

188.    Plaintiffs relied on those representations to her detriment and has incurred

damages because of those misrepresentations, in that Defendants have misappropriated all rental

proceeds from the Estate Properties, have disposed of Estate Properties and kept the proceeds for

themselves, and have retained loan proceeds from one or more deeds of trust formerly held by

Elsie Turchen, all beneficial interest under which is now the property of the Estate of Elsie

Turchen.

## X.

## SECOND CAUSE OF ACTION

### (Conversion)

189.    Plaintiffs incorporate by reference and re-allege each and every allegation of

Paragraphs 1 through 178, inclusive, as though set forth in full.

190.    Beginning December 10, 2000 and continuing to the present, Plaintiffs has been

entitled to possession of all personal property of the Estate of Elsie Turchen, as well as all

personal property of the Estate of Ward D. Anderson, III. That personal property includes, but is

not limited to, all furniture, fixtures, equipment, files and records at the Anderson/Turchen office

at 407 South B Street, San Mateo, as well as all furniture, art, jewelry, equipment, files, records

and household items at the Anderson/Turchen family home at 773 El Cerrito Avenue,

Hillsborough.

/ / /

LAW OFFICES
COTCHETT,
PITRE, SIMON &
MCCARTHY

SECOND AMENDED COMPLAINT FOR FRAUD, CONVERSION, UNJUST ENRICHMENT,
CONSTRUCTIVE TRUST, INJUNCTIVE RELIEF, UNFAIR BUSINESS PRACTICES, APPOINTMENT OF A
RECEIVER, DECLARATORY RELIEF, ACCOUNTING, AND QUIET TITLE                                44

1    191.    Beginning December 10, 2000 and continuing to the present, Defendants have

2 taken possession of all personal property of the Estate of Elsie Turchen, as well as all personal

3 property of the Estate of Ward D. Anderson, III.  Defendants have willfully interfered with

4 Plaintiffs' right to possession of that personal property without lawful justification.  In particular,

5 Defendants have excluded Plaintiffs from the premises at 407 South B Street, San Mateo, and

6 from the premises at 773 El Cerrito, Hillsborough, making it impossible for Plaintiffs to inspect,

7 inventory, possess or dispose of the personal property of her father's and grandmother's estates.

8    192.    By reason of Defendants' conversion of that personal property, Plaintiffs is

9 entitled to recover from them the value of that personal property as of December 10, 2000,

10 together with interest thereon at the legal rate from December 10, 2000.

11    193.    Plaintiffs has expended time and money in attempting to recover the personal

12 property of the Estate of Elsie Turchen and Ward D. Anderson, III, and is entitled to fair

13 compensation for the time and money so expended.

14    194.    As alleged hereinabove, Defendants' conduct in converting Plaintiffs' personal

15 property was fraudulent and malicious, entitling Plaintiffs to recover punitive and exemplary

16 damages from Defendants.

17                              **XI.**

18                      **THIRD CAUSE OF ACTION**

19                          **(Unjust Enrichment)**

20    195.    Plaintiffs incorporate by reference and re-allege each and every allegation of

21 Paragraphs 1 through 178, inclusive, as though set forth in full.

22    196.    The premises at 407 South B Street, San Mateo, are the property of Plaintiffs.

23    197.    At all times since December 10, 2000, Defendants have occupied the premises at

24 407 South B Street, San Mateo.

25    198.    Defendants have paid Plaintiffs no rent for the premises at 407 South B Street,

26 San Mateo.

27    199.    Plaintiffs is entitled to recover from Defendants the fair rental value of the

28 premises at 407 South B Street, according to proof, together with interest thereon.

LAW OFFICES
COTCHETT,
PITRE, SIMON &
MCCARTHY

SECOND AMENDED COMPLAINT FOR FRAUD, CONVERSION, UNJUST ENRICHMENT,
CONSTRUCTIVE TRUST, INJUNCTIVE RELIEF, UNFAIR BUSINESS PRACTICES, APPOINTMENT OF A
RECEIVER, DECLARATORY RELIEF, ACCOUNTING, AND QUIET TITLE                              45

1

## XII.

2

## FOURTH CAUSE OF ACTION

3

### (Constructive Trust)

4    200.    Plaintiffs incorporate by reference and re-allege each and every allegation of

5 Paragraphs 1 through 178, inclusive, as though set forth in full.

6    201.    By reason of the acts and omissions of Defendants and each of them as alleged

7 herein, a constructive trust should be imposed on any and all real or personal property currently

8 owned, held, controlled by, or in which Defendants or any of them have or claim any interest and

9 upon all such properties that have been transferred or conveyed by them for an amount equal to

10 the fair market value of said property, and all the rents and profits received by Defendants and

11 each of them, which should have been paid to Plaintiffs or for Plaintiffs' benefit.

12    202.    Plaintiffs has no adequate remedy at law.

13

## XIII.

14

## FIFTH CAUSE OF ACTION

15

### (Injunctive Relief)

16    203.    Plaintiffs incorporate by reference and re-allege each and every allegation of

17 Paragraphs 1 through 178, inclusive, as though set forth in full.

18    204.    Plaintiffs are informed and believe, and on that basis allege, that in addition to

19 taking possession of all real and personal property of the Estate of Elsie Turchen and the Estate

20 of Ward D. Anderson, III, Defendants have destroyed or concealed evidence of their wrongdoing

21 by, *inter alia*, inventing a fictitious Internal Revenue Service agent, whom they falsely claim took

22 possession of personal and business records of Ward D. Anderson, III, Elsie Turchen and/or the

23 trusts referenced in Paragraph 26, above.  Defendants, as well Defendant Bohn's attorney, have

24 further attempted to conceal evidence of their misconduct by submitting the perjured Declaration

25 of Eric Heath and fabricated Certification of Trust described in Paragraph 167, above.

26    205.    As evidenced by Defendants' conduct in disposing of estate assets despite this

27 Court's injunction, there is an imminent and continuing risk that Defendants will continue to

28 conceal or dispose of Plaintiffs' Property.

LAW OFFICES
COTCHETT,
PITRE, SIMON &
MCCARTHY

SECOND AMENDED COMPLAINT FOR FRAUD, CONVERSION, UNJUST ENRICHMENT,
CONSTRUCTIVE TRUST, INJUNCTIVE RELIEF, UNFAIR BUSINESS PRACTICES, APPOINTMENT OF A
RECEIVER, DECLARATORY RELIEF, ACCOUNTING, AND QUIET TITLE                                          46

1    206.    Money damages will be an inadequate remedy for that wrong.

2    207.    Plaintiffs is entitled to a preliminary and permanent injunction enjoining

3    Defendants and each of them from selling, transferring, conveying, disposing, secreting, hiding,

4    destroying, encumbering or otherwise depriving Plaintiffs of her property rights and interest in

5    the property, trust, and rents and profits on any and all properties described herein in which Ward

6    Anderson and Elsie Turchen, or either of them, had or held an interest of any kind.

7                                              **XIV.**

8                                **SIXTH CAUSE OF ACTION**

9                              **(Unfair Business Practices)**

10    208.    Plaintiffs incorporate by reference and re-allege each and every allegation of

11    Paragraphs 1 through 178, inclusive, as though set forth in full.

12    209.    At all relevant times, Defendants have held themselves out to the public as the

13    lawful owners of the Estate Properties that are rental properties, and have fraudulently collected

14    rentals on those properties as if they were their own.

15    210.    Defendants have further sought to deceive the public concerning the ownership of

16    the Estate Properties by altering the January 12, 1999 deeds Elsie Turchen executed for 789 El

17    Camino Real, Burlingame and 1507 Willow Avenue, Burlingame, and for 620 First Street, San

18    Mateo.

19    211.    Defendant Dillon has sought to deceive the public, including but not limited to

20    prospective purchasers of Estate Properties, by fraudulently executing and causing to be recorded

21    instruments affecting title to real property in the false name of "Beth Anderson."

22    212.    Defendant Bohn has sought to deceive the public, including but not limited to

23    prospective purchasers of Estate Properties, by fraudulently notarizing documents executed in the

24    name of "Beth Anderson" and "John Wyse."

25    213.    By reason of the foregoing, Defendants and each of them have engaged in unfair

26    business practices in violation of Business and Professions Code sections 17200 *et seq.*

27

28

LAW OFFICES
COTCHETT,
PITRE, SIMON &
McCARTHY

SECOND AMENDED COMPLAINT FOR FRAUD, CONVERSION, UNJUST ENRICHMENT,
CONSTRUCTIVE TRUST, INJUNCTIVE RELIEF, UNFAIR BUSINESS PRACTICES, APPOINTMENT OF A
RECEIVER, DECLARATORY RELIEF, ACCOUNTING, AND QUIET TITLE                    47

1    214.    Plaintiffs is a direct victim of Defendants' unfair business practices, in that

2    Plaintiffs has suffered pecuniary in the form of lost rents, lost loan proceeds, and lost proceeds of

3    sale of, Estate Properties.

4    215.    By reason of the foregoing, Plaintiffs is entitled to an order of injunctive relief,

5    enjoining the unfair business practices as alleged herein, and for restitution for all sums received

6    by Defendants and each of them as a result of their wrongful acts concerning Estate Properties,

7    together with her reasonable attorneys' fees.

8                                        **XV.**

9                        **SEVENTH CAUSE OF ACTION**

10                        **(Appointment of a Receiver)**

11    216.    Plaintiffs incorporate by reference and re-allege each and every allegation of

12    Paragraphs 1 through 178, inclusive, as though set forth in full.

13    217.    There is an imminent danger that Defendants will continue to dispose of Estate

14    Property and/or the personal property of the Estate of Elsie Turchen and/or the Estate of Ward D.

15    Anderson, III.

16    218.    Plaintiffs will be materially prejudiced if a receiver is not appointed, in that the

17    Estate Properties, as well as the personal property of the Estate of Elsie Turchen and the Estate of

18    Ward D. Anderson, III, are unique, and money damages for the loss of those properties would be

19    an inadequate remedy.

20    219.    Accordingly, it is necessary that a receiver be immediately appointed to take

21    possession of those properties, to conserve and manage them, and to collect all rents and profits

22    therefrom, pending the disposition of this case.

23                                        **XVI.**

24                        **EIGHTH CAUSE OF ACTION**

25                        **(Declaratory Relief)**

26    220.    Plaintiffs incorporate by reference and re-allege each and every allegation of

27    Paragraphs 1 through 178, inclusive, as though set forth in full.

28

LAW OFFICES
COTCHETT,
PITRE, SIMON &
MCCARTHY

SECOND AMENDED COMPLAINT FOR FRAUD, CONVERSION, UNJUST ENRICHMENT,
CONSTRUCTIVE TRUST, INJUNCTIVE RELIEF, UNFAIR BUSINESS PRACTICES, APPOINTMENT OF A
RECEIVER, DECLARATORY RELIEF, ACCOUNTING, AND QUIET TITLE                    48

221.    Plaintiffs is entitled to a judicial declaration as to her rights and interests in any properties, trusts or other assets in which Ward Anderson and/or Elsie Turchen, had or claimed any interest, and in particular, a declaration that the Plaintiffs are the owners of any and all such properties and trusts in which Ward Anderson and Elsie Turchen had or claimed any interest. Plaintiffs seek a declaration that the various trusts purportedly formed by Ward D. Anderson III and Elsie Turchen and each of them were never validly formed in that no written trust instruments were ever created for any and all such trusts as required for them to validly hold title to real property and that any and all of said properties belong to the Estates of Ward D. Anderson III or Elsie Turchen, or both of them, that the various deeds purportedly signed by Elsie Turchen as a purported successor trustee were the product of fraud in that Defendants and each of them represented that Greensprings Fellowship Trust was a valid IRC Section 501(c)(3) charity, which was false. Greensprings Fellowship Trust was an entity created by Defendant Christine Dillon for the benefit of Defendant Dillon and Don Bohn and others and was the product of fraud as alleged herein. Defendants deny these contentions.

222.    A judicial declaration is necessary in order to determine the rights of the parties in connection with these various properties and to avoid a multiplicity of lawsuits.

## XVII.

## NINTH CAUSE OF ACTION

### (Accounting)

223.    Plaintiffs incorporate by reference and re-allege each and every allegation of Paragraphs 1 through 178, inclusive, as though set forth in full.

224.    As a result of those purchases, Plaintiffs is entitled to an accounting of the rental income of the Estate Properties, as well as an order directing Defendants to either transfer those properties to Plaintiffs, or sell those properties and pay the proceeds to Plaintiffs.

225.    The amount of money due from Defendants to Plaintiffs is unknown to Plaintiffs and cannot be ascertained without a full and complete accounting of the income, expenses, profits and losses of and for all of the real properties, trusts, personal property, equity shares in which Ward D. Anderson and Elsie Turchen or either of them had an interest.

LAW OFFICES
COTCHETT,
PITRE, SIMON &
MCCARTHY

1    226.    Plaintiffs have requested an opportunity to inspect the books and records to

2  determine what has happened to the decedents' interests in the properties, trust and other assets

3  and the income derived therefrom, but Defendants have failed and refused to render the

4  accounting and pay Plaintiffs.

5                                    **XVIII.**

6                          **TENTH CAUSE OF ACTION**

7                                **(Quiet Title)**

8    227.    Plaintiffs incorporate by reference and re-allege each and every allegation of

9  Paragraphs 1 through 178, inclusive, as though set forth in full.

10    228.    Ward Anderson and/or Elsie Turchen owned the interests in Estate Properties

11  described in Paragraphs 34 through 140, above, when they died.  As a result, each of those

12  properties or property interests is now property of the Estate of Ward Anderson and/or the Estate

13  of Elsie Turchen.

14    229.    Plaintiffs seek to quiet title to the Estate Properties as of January 12, 1999.

15    230.    Plaintiffs are informed and believe, and on that basis allege, that Defendants claim

16  an interest in the Estate Properties as of January 12, 1999.  The claims of Defendants are without

17  any right whatsoever, and Defendants have no right, title, estate, lien or interest whatever in the

18  above described properties, or any part thereof.

19                                    **XIX.**

20                                  **PRAYER**

21    WHEREFORE, Plaintiffs pray for judgment as follows:

22  1.    On the First Cause of Action (Fraud):

23        a.    For Plaintiffs' damages, according to proof;

24        b.    For punitive and exemplary damages in an amount sufficient to punish the

25              Defendants and make them an example;

26        c.    For Plaintiffs' costs of suit; and

27        d.    For such other and further relief as the Court may deem proper;

28  / / /

LAW OFFICES
COTCHETT,
PITRE, SIMON &
MCCARTHY

SECOND AMENDED COMPLAINT FOR FRAUD, CONVERSION, UNJUST ENRICHMENT,
CONSTRUCTIVE TRUST, INJUNCTIVE RELIEF, UNFAIR BUSINESS PRACTICES, APPOINTMENT OF A
RECEIVER, DECLARATORY RELIEF, ACCOUNTING, AND QUIET TITLE                    50

2.    On the Second Cause of Action (Conversion)

    a.    For Plaintiffs' damages, according to proof;

    b.    For the reasonable value of Plaintiffs' time and money in attempting to recover the personal property;

    c.    For punitive and exemplary damages in an amount sufficient to punish the Defendants and make them an example;

    d.    For Plaintiffs' costs of suit; and

    e.    For such other and further relief as the Court may deem proper;

3.    On the Third Cause of Action (Unjust Enrichment)

    a.    For the fair rental value of the premises at 407 South B Street, San Mateo, for the period from December 10, 2000 for so long as Defendants remain in possession of those premises or until entry of judgment, whichever first occurs;

    b.    For interest thereon at the legal rate;

    c.    For Plaintiffs' costs of suit; and

    d.    For such other and further relief as the Court may deem proper;

4.    On the Fourth Cause of Action (Constructive Trust)

    a.    For an order imposing a constructive trust on any and all properties in which Ward Anderson or Elsie Turchen had any interest;

    b.    For Plaintiffs' costs of suit; and

    c.    For such other and further relief as the Court may deem proper;

5.    On the Fifth Cause of Action (Injunctive Relief)

    a.    For a preliminary and permanent injunction enjoining Defendants and each of them from selling, transferring, conveying, disposing, encumbering or otherwise depriving Plaintiffs of her rights and interests in the Estate Properties, the rental income, or the proceeds of sale thereof;

    b.    For a preliminary injunction requiring Defendant access to all Estate Properties for the purpose of creating inventories of the personal property in the Estate of Elsie Turchen and the Estate of Ward Anderson;

LAW OFFICES
COTCHETT,
PITRE, SIMON &
MCCARTHY

SECOND AMENDED COMPLAINT FOR FRAUD, CONVERSION, UNJUST ENRICHMENT, CONSTRUCTIVE TRUST, INJUNCTIVE RELIEF, UNFAIR BUSINESS PRACTICES, APPOINTMENT OF A RECEIVER, DECLARATORY RELIEF, ACCOUNTING, AND QUIET TITLE                    51

1      c.    For an order of restitution requiring Defendants and each of them to restore to

2             Plaintiffs any and all profits, income, and other value that they have received from

3             any Estate Properties;

4      d.    For Plaintiffs' costs of suit; and

5      e.    For such other and further relief as the Court may deem proper;

6  6.    On the Sixth Cause of Action (Unfair Business Practices)

7      a.    For an injunction against Defendants, and each of them, to cease in their unlawful

8             practices, and in particular to cease holding themselves out as charitable or

9             religious organizations or clergy, or as performing any charitable works

10           whatsoever in connection with Estate Properties;

11     b.    For an order to Defendants disgorge all income obtained through the collection of

12          rents, loans secured by deeds of trust, or the sale of any Estate Property, together

13          with interest thereon;

14     c.    For Plaintiffs' reasonable attorneys' fees and costs of suit; and

15     d.    For such other and further relief as the Court may deem proper;

16  8.    On the Seventh Cause of Action (Appointment of a Receiver)

17     a.    For a court order appointing a receiver to take possession of the Estate Properties,

18          as well a all personal property of the Estate of Elsie Turchen and of the Estate of

19          Ward D. Anderson, III;

20     b.    That Defendants, and anyone holding title under them, be ordered to immediately

21          deliver possession of the property to the receiver;

22     c.    That the receiver be permitted to do the following after taking possession of the

23          property:

24         (i)    Exclude the Defendants, or anyone claiming under or through them who

25              does not have a valid rental agreement or lease for possession of the

26              property, or any portion thereof, from possession of the property, or any

27              portion thereof;

28         (ii)   Use, operate, manage, and control the property;

LAW OFFICES
COTCHETT,
PITRE, SIMON &
MCCARTHY

SECOND AMENDED COMPLAINT FOR FRAUD, CONVERSION, UNJUST ENRICHMENT,
CONSTRUCTIVE TRUST, INJUNCTIVE RELIEF, UNFAIR BUSINESS PRACTICES, APPOINTMENT OF A
RECEIVER, DECLARATORY RELIEF, ACCOUNTING, AND QUIET TITLE           52

1    (iii)    Care for, preserve, and maintain the property;

2    (iv)    Incur all expenses necessary for the care, preservation, and maintenance of

3          the property;

4    (v)    Demand, collect and receive any rents, issues, income, profits and lease

5          payments now due or hereafter coming due from tenants or lessees of the

6          property, or any portion thereof;

7    (vi)    Rent or lease from time to time any part of the property and to keep the

8          buildings thereon insured and in good repair, and to pay the taxes and

9          assessments on the property incurred during the receivership;

10    (vii)    Bring and prosecute all proper actions for the collection of rent or lease

11          payments due on the property, as well as all necessary actions for the

12          removal of tenants or lessees in default of any rental or lease agreement, or

13          any other persons, from the property, and to bring and prosecute all proper

14          actions for the protection of the property or to recover possession thereof;

15    (viii)    Employ agents or employees to collect said rents, manage the property,

16          and keep the same insured and in good repair, if the receiver shall deem

17          the same necessary, and to pay the reasonable value of said services out of

18          the rent receipts;

19    (ix)    Open up bank accounts as deemed necessary by the receiver in connection

20          with the above-reference duties; and

21    (x)    Exercise all other powers and duties referred to in this complaint, together

22          with all other powers reasonably necessary to carry out the receiver's

23          duties and responsibilities;

24    d.    For a temporary restraining order and preliminary and permanent injunctions

25    restraining and enjoining the Defendants, and their servants, agents and

26    employees, and all those acting in concert with them, and each of them, from

27    engaging in or performing, directly or indirectly, any or all of the following acts:

28

LAW OFFICES
COTCHETT,
PITRE, SIMON &
MCCARTHY

SECOND AMENDED COMPLAINT FOR FRAUD, CONVERSION, UNJUST ENRICHMENT,
CONSTRUCTIVE TRUST, INJUNCTIVE RELIEF, UNFAIR BUSINESS PRACTICES, APPOINTMENT OF A
RECEIVER, DECLARATORY RELIEF, ACCOUNTING, AND QUIET TITLE                               53

1        (i)    Interfering with or hindering, or in any manner whatsoever, the receiver in

2             the performance of the receiver's duties;

3        (ii)   Demanding, receiving or in any other way diverting and using any of the

4             profits, income, issues, rents, payments, and/or lease payments emanating

5             from the Estate Property, including, without limitation, rents or lease

6             payments due or hereafter to become due under any rental or lease

7             agreements;

8        (iii)  Interfering in any manner with the property or its possessions;

9        (iv)  Transferring, concealing, destroying, defacing or altering any of the

10           instruments, documents, ledger cards, books, records, printouts, or other

11           writings relating to the property or any portion thereof; or

12        (v)   Transferring, conveying, assigning, pledging, deeding, selling, renting,

13           leasing, encumbering, challenging ownership, vesting of title to, or

14           otherwise disposing of, the property;

15   e.    For costs and expenses incurred by the receiver in the performance of the

16       receiver's duties, including without limitation, receiver's fees and charges and

17       attorneys' fees;

18   f.    For such other and further relief as the Court may deem proper;

19  9.   On the Eighth Cause of Action (Declaratory Relief)

20   a.    For a judicial declaration that:

21        (i)    The trusts purportedly established and created by Ward D. Anderson III to

22             hold title to property he owned or acquired were never validly created, and

23             as a result neither Ward Anderson nor Elsie Turchen ever held any real

24             property in trust; or in the alternative,

25        (ii)   If any trusts were validly created they became irrevocable on Ward

26             Anderson's death, and Elsie Turchen lacked the authority under the trust to

27             designate any beneficiaries but those existing at the time of Ward

28             Anderson's death; or in the alternative;

LAW OFFICES
COTCHETT,
PITRE, SIMON &
MCCARTHY

SECOND AMENDED COMPLAINT FOR FRAUD, CONVERSION, UNJUST ENRICHMENT,
CONSTRUCTIVE TRUST, INJUNCTIVE RELIEF, UNFAIR BUSINESS PRACTICES, APPOINTMENT OF A
RECEIVER, DECLARATORY RELIEF, ACCOUNTING, AND QUIET TITLE      54

1              (iii)     To the extent Elsie Turchen had any interest in or power to dispose of any

2                          Estate Properties, her purported gifts of those properties to the

3                          Greensprings Fellowship Trust through the January 12, 1999 deeds were

4                          void because, (A) they were the product of fraud and undue influence so as

5                          to be void and of no force or effect; and (B) the purported grantee of those

6                          deeds did not exist;

7       b.     For Plaintiffs' costs of suit; and

8       c.     For such other and further relief as the Court may deem proper;

9   10.    On the Ninth Cause of Action (Accounting)

10      a.     For an accounting between Plaintiffs and Defendants;

11      b.     For payment to Plaintiffs of all amounts due from Defendants as a result of the

12             accounting, together with interest thereon;

13      c.     For Plaintiffs' costs of suit; and

14      d.     For such other and further relief as the Court may deem proper; and

15   11.    On the Tenth Cause of Action (Quiet Title)

16      a.     For a judgment that as of January 12, 1999, Plaintiffs were the owners in fee

17             simple of Properties Nos. 1 through 16, inclusive, 20 through 24, inclusive, and

18             27 through 31, inclusive;

19      b.     For a judgment that as of January 12, 1999, Plaintiffs were the owners in fee

20             simple of an undivided one half interest in Properties Nos. 17, 18, 25 and 26;

21      c.     For a judgment that Plaintiffs have at all times been the owners of all beneficial

22             interest under the Deed(s) of Trust encumbering Properties Nos. Nos. 19, 32, 33,

23             34, 35, 36 and 37;

24      d.     For a judgment that no Defendant has or ever has had any right, title or interest in

25             or to any of the Estate Properties;

26      e.     For Plaintiffs' costs of suit; and

27   ///

28   ///

LAW OFFICES
COTCHETT,
PITRE, SIMON &
MCCARTHY

SECOND AMENDED COMPLAINT FOR FRAUD, CONVERSION, UNJUST ENRICHMENT,
CONSTRUCTIVE TRUST, INJUNCTIVE RELIEF, UNFAIR BUSINESS PRACTICES, APPOINTMENT OF A
RECEIVER, DECLARATORY RELIEF, ACCOUNTING, AND QUIET TITLE          55

1        f.     For such other and further relief as the Court may deem proper.

2    Dated: September 18, 2006.    ANDERLINI, FINKELSTEIN, EMERICK & SMOOT
    P. Terry Anderlini (State Bar No. 044783)

3        Merrill G. Emerick (State Bar No. 117248)
COTCHETT, PITRE, SIMON & McCARTHY

4        Frank M. Pitre (State Bar No. 100077)
    Barbara L. Lyons (State Bar No. 173548)

5        Ara B. Jabagchourian (State Bar No. 205777)

6

7    By: _____
    P. Terry Anderlini

8    Attorneys for Plaintiffs
PENNY D. ANDERSON, and individual; and

9    RAMONA MARTINEZ, as Administrator of the ESTATE
OF WARD D. ANDERSON III, Deceased, and as

10   Administrator of the ESTATE OF ELSIE TURCHEN,
Deceased

11   Dated: September 18, 2006.    KERR & WAGSTAFFE LLP

12

13

14   By: _____
    James M. Wagstaffe

15   Attorneys for Plaintiff
CANDACE JENKINS

16   47788

17

18

19

20

21

22

23

24

25

26

27

28

LAW OFFICES
COTCHETT,
PITRE, SIMON &
McCARTHY

SECOND AMENDED COMPLAINT FOR FRAUD, CONVERSION, UNJUST ENRICHMENT,
CONSTRUCTIVE TRUST, INJUNCTIVE RELIEF, UNFAIR BUSINESS PRACTICES, APPOINTMENT OF A
RECEIVER, DECLARATORY RELIEF, ACCOUNTING, AND QUIET TITLE    56

1      f.    For such other and further relief as the Court may deem proper.

2   Dated:  September 18, 2006.          ANDERLINI, FINKELSTEIN, EMERICK & SMOOT
                                            P. Terry Anderlini (State Bar No. 044783)
3                                           Merrill G. Emerick (State Bar No. 117248)
                                         COTCHETT, PITRE, SIMON & McCARTHY
4                                           Frank M. Pitre (State Bar No. 100077)
                                            Barbara L. Lyons (State Bar No. 173548)
5                                           Ara B. Jabagchourian (State Bar No. 205777)

6
                                         By: _____
7                                            P. Terry Anderlini
                                         Attorneys for Plaintiffs
8                                        PENNY D. ANDERSON, and individual; and
                                         RAMONA MARTINEZ, as Administrator of the ESTATE
9                                        OF WARD D. ANDERSON III, Deceased, and as
                                         Administrator of the ESTATE OF ELSIE TURCHEN,
10                                       Deceased

11  Dated:  September 18, 2006.          KERR & WAGSTAFFE LLP

12

13
                                         By: _____
14                                           James M. Wagstaffe
                                         Attorneys for Plaintiffs
15                                       CANDACE JENKINS

16
    47788
17

18

19

20

21

22

23

24

25

26

27

28

LAW OFFICES
COTCHETT,
PITRE, SIMON &
McCARTHY

1

## PROOF OF SERVICE

2      I am employed in San Mateo County, which is where service of the

3  document(s) referred to below occurred.  I am over the age of 18 and not a party to

the within action.  My business address is Cotchett, Pitre, Simon & McCarthy, San

4  Francisco Airport Center, 840 Malcolm Road, Suite 200, Burlingame, California

5  94010.  I am readily familiar with Cotchett, Pitre, Simon & McCarthy's practices

6  for the service of documents.  On this date, I served or caused to be served a true

copy of the following document(s) in the manner listed below:

7

8      **SECOND AMENDED COMPLAINT FOR FRAUD, CONVERSION,
       UNJUST ENRICHMENT, CONSTRUCTIVE TRUST, INJUNCTIVE
9      RELIEF, UNFAIR BUSINESS PRACTICES, APPOINTMENT OF A
       RECEIVER, DECLARATORY RELIEF, ACCOUNTING, AND
10     QUIET TITLE**

11  <u>**XXX**</u>  **BY MAIL:**  I caused the sealed envelope containing the aforementioned
           document(s) to be deposited with the United States Postal Service on that
12         same day in the ordinary course of business.

13             **[SEE ATTACHED SERVICE LIST]**

14  ____  **HAND DELIVERY:**  I caused the sealed envelope containing the
            aforementioned document(s) to be hand delivered to the addressee(s)
15          specified below.

16

17      I declare under penalty of perjury under the laws of the State of California

that the foregoing is true and correct.  Executed at Burlingame, California, on

18  November 8, 2006.

19

20                                    *Mary Ann Brown*
                                  _____
21                                    MARY ANN BROWN

22

23

24

25

26

27

28

1

## SERVICE LIST

2  **VIA U.S. MAIL**                                    **ATTORNEY FOR PLAINTIFF:**
   P. TERRY ANDERLINI                                  PENNY D. ANDERSON
3  PAUL SMOOT
   MERRILL G. EMERICK
4  ANDERLINI, FINKELSTEIN, EMERICK &
   SMOOT
5  400 SO. EL CAMINO REAL, SUITE 700
   SAN MATEO CA 94402
6  TELE: (650) 348-0102
   FAX : (650) 348-096
7

8  **VIA U.S. MAIL**                                    **ATTORNEY FOR DEFENDANT:**
   H. WAYNE GREEN                                       CHRISTINE DILLON
9  7522 NORTH COLONIAL AVE, #130
   FRESNO, CALIFORNIA 93711
10 TELE: (559) 435-2788
   FAX : (559) 435-4630
11

12 **VIA U.S. MAIL**                                    **ATTORNEY FOR DEFENDANTS:**
   CHARLES SMITH                                        DON BOHN AND BER MANAGEMENT,
13 JAMES HARTNETT                                       INC.
   HARTNETT, SMITH & ASSOCIATES
14 777 MARSHALL STREET
   REDWOOD CITY, CA 94063
15 TELE: (650) 568-2820
   FAX : (650) 568-2823
16

17 **VIA U.S. MAIL**                                    **ATTORNEY FOR DEFENDANT:**
   ANTHONY W. GIBBS                                     GREENSPRINGS CHRISTIAN
18 655 MIDDLEFIELD ROAD                                 FELLOWSHIP CHURCH
   REDWOOD CITY, CA 94063
19 TELE: (650) 367-7500
   FAX : (650) 367-1700
20

21

22

23

24

25

26

27

28

LAW OFFICES
COTCHETT,
PITRE, SIMON
& MCCARTHY

**EXHIBIT 1**

RECORDER'S OFFICE COUNTY OF SAN MATEO

EXHIBIT 1

PARCEL ONE:

A PORTION OF LOT 48, AS DESIGNATED ON THE MAP ENTITLED
"UPLANDS TERRACE HILLSBOROUGH SAN MATEO COUNTY, CALIFORNIA",
WHICH MAP WAS FILED IN THE OFFICE OF THE RECORDER OF THE COUNTY OF
SAN MATEO, STATE OF CALIFORNIA, ON MARCH 4, 1957 IN BOOK 47 OF
MAPS AT PAGES 6, 7 AND 8, SAID PORTION BEING MORE PARTICULARLY
DESCRIBED AS FOLLOWS:

BEGINNING AT A POINT IN THE NORTHWESTERLY LINE OF CRYSTAL SPRINGS
ROAD DISTANT THEREON SOUTH 40° 18' 20" WEST 306 FEET FROM THE INTER-
SECTION THEREOF WITH THE LINE DIVIDING LOTS 47 AND     AS SAID ROAD
AND LOTS ARE SHOWN ON THE MAP ABOVE MENTIONED; THENCE FROM SAID POINT
OF BEGINNING SOUTH 40° 18' 20" WEST ALONG SAID NORTHWESTERLY LINE OF
CYRSTAL SPRINGS ROAD 124 FEET; THENCE NORTH 64° 57' 25" WEST 173.22
FEET TO THE EASTERLY LINE OF EL CERRITO AVENUE AS SHOWN ON SAID MAP;
THENCE NORTHERLY ALONG THE LAST NAMED LINE ON THE ARC OF A CURVE TO
THE RIGHT TANGENT TO A LINE WHICH BEARS NORTH 27° 31' 55" EAST,
SAID CURVE HAVING A RADIUS OF 400 FEET, THROUGH A CENTRAL ANGLE OF
6° 00' 00", AN ARC LENGTH OF 41.83 FEET AND NORTH 33° 31' 55" EAST
129.24 FEET; THENCE SOUTH 49° 41' 40" EAST 189.47 FEET TO THE POINT
OF BEGINNING.

PARCEL TWO:

A NON-EXCLUSIVE EASEMENT FOR PUBLIC UTILITY AND ROADWAY PURPOSES
OVER THE FOLLOWING:

BEGINNING AT THE INTERSECTION OF THE EASTERLY LINE OF EL CERRITO
AVENUE AND THE SOUTHWESTERLY BOUNDARY LINE OF THE LANDS FIRST ABOVE
DESCRIBED; THENCE FROM SAID POINT OF BEGINNING SOUTH 64° 57' 25"
EAST ALONG THE SOUTHWESTERLY BOUNDARY LINE OF SAID LANDS 130 FEET;
THENCE SOUTHWESTERLY AND NORTHWESTERLY ALONG THE ARC OF A CURVE TO
THE RIGHT, TANGENT TO A LINE WHICH BEARS SOUTH 25° 02'    WEST SAID
CURVE HAVING A RADIUS OF 25 FEET, THROUGH A CENTRAL ANGLE OF 143° 07'
49" AN ARC DISTANCE OF 62.45 FEET; THENCE NORTH 64° 57' 25" WEST
85.38 FEET TO THE SOUTHEASTERLY LINE OF EL CERRITO AVENUE; THENCE
NORTHEASTERLY ALONG THE LAST NAMED LINE ON THE ARC OF A CURVE TO THE
RIGHT, TANGENT TO A LINE WHICH BEARS NORTH 25° 22' 58" EAST, SAID
CURVE HAVING A RADIUS OF 400 FEET, THROUGH A CENTRAL ANGLE OF 2° 08'
57" AN ARC DISTANCE OF 15 FEET TO THE POINT OF BEGINNING.

APN 032-380-170                          JPN 032-38-380-17

END OF DOCUMENT

86168756

**EXHIBIT 2**

EXHIBIT 2

THE LAND REFERRED TO IS SITUATED IN THE UNINCORPORATED AREA, COUNTY OF SAN MATEO, STATE OF CALIFORNIA, AND IS DESCRIBED AS FOLLOWS:

PORTION OF THE RANCHO CANADA DE RAYMUNDO AND PORTION OF THE SOUTH ONE-HALF OF SECTION 30 IN TOWNSHIP 5 SOUTH, RANGE 4 WEST, MOUNT DIABLO, BASE AND MERIDIAN, DESCRIBED AS FOLLOWS:

BEGINNING AT A POINT ON THE SOUTHWESTERLY LINE OF THE SKYLINE BOULEVARD AS GRANTED TO THE STATE OF CALIFORNIA, OPPOSITE ENGINEER'S STATION 161 PLUS 01.07 OF THE SURVEY THEREOF;    WHICH SAID POINT IS ALSO DISTANT,    ALONG SAID SOUTHWESTERLY LINE, SOUTH 32 DEGREES 57' 30" EAST 117.8 FEET FROM U.S. COAST AND GEODETIC SURVEY MONUMENT NO. 2-386;    THENCE LEAVING SAID BOULEVARD, SOUTH 53 DEGREES 59' WEST 26.00 FEET; SOUTH 17 DEGREES 53' WEST 14.00 FEET; SOUTH 9  DEGREES 17' WEST 7.00 FEET;  SOUTH 0 DEGREES 32' WEST 20.2 FEET; SOUTH 3 DEGREES 24' EAST 135.3 FEET;    SOUTH 5 DEGREES 08' EAST 40.5 FEET; SOUTH 14 DEGREES 10' EAST 20.2 FEET;    SOUTH 19 DEGREES 15' EAST 13.5 FEET; SOUTH 40 DEGREES 03' EAST 13.7 FEET;    SOUTH 53 DEGREES 48' EAST 85.9 FEET; SOUTH 13 DEGREES 27' WEST 12.8 FEET; SOUTH 31 DEGREES 48' EAST 59.3 FEET AND NORTH 69 DEGREES 07' EAST 46.5 FEET TO THE AFOREMENTIONED SOUTHWESTERLY LINE OF THE SKYLINE BOULEVARD; THENCE NORTHWESTERLY, ALONG LAST MENTIONED LINE, ON THE ARC OF A CURVE TO THE LEFT WITH A RADIUS OF 650 FEET,  A CENTRAL ANGLE OF 28 DEGREES 49', AN  ARC  DISTANCE  OF  326.9  FEET TO END OF CURVE, OPPOSITE STATION  161 PLUS  76.77  OF THE SURVEY  OF SAID BOULEVARD;  THENCE CONTINUING ALONG SAID LINE, NORTH DEGREES 57' 30" WEST 75.7 FEET TO THE POINT OF BEGINNING.

ASSESSOR'S PARCEL NUMBER:   067-260-030

PROPERTY ADDRESS:  12170 SKYLINE BOULEVARD, WOODSIDE, CALIFORNIA

**EXHIBIT 3**



EXHIBIT 3

THE LAND REFERRED TO IS SITUATED IN THE STATE OF CALIFORNIA, COUNTY OF SAN MATEO, CITY OF BURLINGAME, AND IS DESCRIBED AS FOLLOWS:

LOTS 22 AND 23 AND PORTION OF LOT 24, BLOCK 1, AS DESIGNATED ON THE MAP ENTITLED "MAP OF SUBDIVISION NO 4 OF BURLINGAME PARK, CAL.", WHICH MAP WAS FILED IN THE OFFICE OF THE RECORDER OF THE COUNTY OF SAN MATEO, STATE OF CALIFORNIA, ON NOVEMBER 20, 1905 IN BOOK "D" OF MAPS AT PAGE 43, AND A COPY ENTERED IN BOOK 3 OF MAPS AT PAGE 85, SAID PORTION OF LOT 24 BEING MORE PARTICULARLY DESCRIBED AS FOLLOWS:

BEGINNING AT THE MOST WESTERLY CORNER OF SAID LOT 24; THENCE FROM SAID POINT OF BEGINNING, SOUTHEASTERLY ALONG SAID SOUTHWESTERLY LOT LINE 25.08 FEET; THENCE NORTHEASTERLY, PARALLEL WITH THE NORTHWESTERLY LINE OF SAID LOT 24, TO THE SOUTHWESTERLY LINE OF EL CAMINO REAL (SHOWN AS COUNTY ROAD ON THE MAP ABOVE REFERRED TO); THENCE NORTHWESTERLY ALONG SAID LAST NAMED LINE, 25 FEET, MORE OR LESS, TO THE DIVIDING LINE BETWEEN LOTS 23 AND 24 IN BLOCK I; THENCE SOUTHWESTERLY ALONG THE LAST NAMED LINE, 178 FEET 9 INCHES, TO THE POINT OF BEGINNING.

EXCEPTING THEREFROM THAT PORTION OF SAID LOTS 23 AND 24, AS DESCRIBED IN THE DEED DATED SEPTEMBER 19, 1972, EXECUTED BY TRANSAMERICA TITLE INSURANCE COMPANY, A CALIFORNIA CORPORATION, AND RECORDED SEPTEMBER 20, 1972, IN BOOK 6235, PAGE 153, SERIES NO. 59839AF, OFFICIAL RECORDS.

PROPERTY ADDRESS: 789 EL CAMINO REAL, BURLINGAME, CALIFORNIA

ASSESSOR'S PARCEL NUMBER: 028-141-280



2002-017145
01/30/2002 11:16A
DE Page: 2 of 2

**EXHIBIT 4**

EXHIBIT 4

THE LAND REFERRED TO IS SITUATED IN THE STATE OF CALIFORNIA, COUNTY OF SAN MATEO, CITY OF BURLINGAME, AND IS DESCRIBED AS FOLLOWS:

LOT 21 AND THAT PORTION OF LOTS 23 AND 14 I BLOCK 1, AS SAID LOTS ARE SHOWN ON THE MAP ENTITLED "MAP OF SUBDIVISION NO. 4 OF BURLINGAME PARK, CAL.", WHICH MAP WAS FILED IN THE OFFICE OF THE RECORDER OF SAN MATEO COUNTY, STATE OF CALIFORNIA ON NOVEMBER 20, 1905, IN BOOK "D" OF MAPS AT PAGE 43, AND A COPY ENTERED IN BOOK 3 OF MAPS AT PAGE 85, MORE PARTICULARLY DESCRIBED AS FOLLOWS:

BEGINNING AT THE MOST EASTERLY CORNER OF SAID LOT 21; THENCE FROM SAID POINT OF BEGINNING SOUTHWESTERLY ALONG THE SOUTHEASTERLY LINE OF LOTS 20 & 21, 100 FEET TO THE MOST WESTERLY CORNER OF SAID LOT 23, THENCE SOUTHEASTERLY ALONG THE SOUTHWESTERLY LINE OF SAID LOTS 23 & 24, 75.25 FEET TO THE INTERSECTION THEREOF WITH THE SOUTHEASTERLY LINE OF THE LANDS DESCRIBED AS PARCEL 1 IN THE DEED TO TRANSAMERICA TITLE INSURANCE COMPANY, A CALIFORNIA CORPORATION RECORDED SEPTEMBER 1, 1954 IN BOOK 4788, PAGE 721 OFFICIAL RECORDS, SERIES NO. 61281-X; THENCE NORTHEASTERLY ALONG LAST SAID SOUTHEASTERLY LINE, 100 FEET TO A POINT DISTANT 78.75 FEET FROM THE SOUTHWESTERLY LINE OF EL CAMINO REAL (SHOWN AS COUNTY ROAD ON MAP ABOVE REFERRED TO); AND THENCE NORTHWESTERLY ON A LINE PARALLEL TO SAID SOUTHWESTERLY LINE OF EL CAMINO REAL, 75.25 FEET TO THE POINT OF BEGINNING.

ASSESSOR'S PARCEL NUMBER: 028-141-270
(Prior 28-141-010 Portion 28-141-260)

PROPERTY ADDRESS: 1507 WILLOW AVENUE, BURLINGAME, CALIFORNIA
(a.k.a. 1507 - 1509 Willow Avenue)

