1  JAMES H. HARTNETT, SBN 84587
   Hartnett, Smith & Associates
2  777 Marshall Street
   Redwood City, CA 94063
3  Telephone: 650-568-2820
4  Telefax:   650-568-2823

5  Attorneys for Defendant
   DONALD BOHN
6

7

8                    UNITED STATES DISTRICT COURT

9                    NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BARBARA MILLER, as guardian of Molly Miller, an individual; and ANNE MILLER, an individual,<br><br>Plaintiffs,<br><br>vs.<br><br>GREENSPRINGS BAPTIST CHRISTIAN FELLOWSHIP TRUST, et al.,<br>Defendants. | Case No. C 07-04776 JL<br><br>MEMORANDUM OF DONALD BOHN IN SUPPORT OF DEFENDANT DONALD BOHN'S MOTION TO DISMISS COMPLAINT FOR FAILURE TO STATE A CLAIM<br><br>Date: June 4, 2008<br>Time: 9:30 a.m.<br>Courtroom: F, 15th Floor<br>Chief Magistrate Judge:<br>     Hon. James Larson<br>Complaint filed: August 17, 2007<br>First Amended Complaint filed:<br>     March 28, 2008<br>Trial date: None |

Defendant Donald Bohn hereby joins in Defendant Greensprings' Motion to Dismiss for Failure to State a Claim for Which Relief can be Granted, Motion to Dismiss for Failure to Join an Indispensable Party, and Motion to Strike all filed on April 17, 2008 and set for hearing on June 4, 2008 at 9:30 a.m. and incorporates herein the Memorandum of Points and Authorities in support thereof, and all supporting papers. For sake of judicial efficiency, the arguments and authorities will not be repeated herein, however, a few points shall be raised specifically as related to Donald Bohn.

**DEFENDANT DONALD BOHN IS BEING TREATED AS A CHUMP**

Plaintiffs are treating Donald Bohn as a chump. The long and short of it is that plaintiffs seek to hold defendant Donald Bohn liable to them simply on the basis that Donald Bohn wrote checks to them as they requested, and that when plaintiffs asked for new checks he did not issue them because he was instructed by defendant Carl Briggs not to do so as defendant Carl Briggs had been in communication with the plaintiffs and told them that no new checks could be issued. (See First Amended Complaint "FAC" ¶s 39, 42, 43, 53 and 72)

No cause of action is stated against *any* defendant for the reasons stated in the Notice of Motion herein, and the Motions and Memorandum of Points and Authorities submitted by defendant Greensprings and its supporting papers. However, more specifically as to defendant Bohn, it is also clear that each of the causes in the complaint are based on an alleged representation, promise or agreement of other persons and not by any actual conduct of defendant Bohn.

In the first cause of action for Breach of Contract based on Promissory Estoppel, the alleged representation was by defendant Dillon (FAC ¶ 48).

In the second cause of action, for Conversion, plaintiffs allege that defendant Briggs on behalf of defendant Greensprings took possession of the $500,000. (FAC 64) Nowhere is it stated that defendant Bohn has the $500,000.00 or took possession of it from plaintiffs.

In the third cause of action for Fraud, plaintiffs assert that the alleged false promise was made by defendant Dillon. (FAC ¶ 68).

In the fourth cause of action for Constructive Trust, the plaintiffs ask for a constructive trust over $500,000.00 allegedly held by defendant Greensprings, not defendant Bohn (FAC ¶ 83).

In the sixth cause of action for Specific Performance, plaintiffs ask Greensprings specifically perform a promise of the $500,000.00 gift that defendant Bohn had nothing to do with. (FAC ¶s 48 & 86).

### NO STANDING---STATUTE HAS RUN

An action to enforce a claim for a purported gift would be a claim against the decedent, Elsie Turchen. Any such claim must be brought within one year after the date of death. CCP Section 366.2. Elsie Turchen died on December 10, 2000. What appears to underlie the entire First Amended Complaint is the alleged gift, and the attempt to enforce a promise to give the gift. Notwithstanding anything that Don Bohn or any of the other defendants are alleged to have done, it is way too late for the Plaintiffs to attempt to enforce anything that is based upon the alleged underlying promise to gift.

### NO CAUSE OF ACTION RECOGNIZED FOR INTERFERENCE WITH THE RIGHT TO INHERIT

No authority has been found that recognizes a California cause of action for intentional or negligent interference with right to inherit. See Hagen v. Hickenbottom (1995) 41Cal. App. 4th 168, 173

### CONCLUSION

Defendant Don Bohn respectfully requests that his motion be granted and he be dismissed from this action.

Dated: April 16, 2008

Respectfully submitted,

Hartnett Smith & Associates

JAMES HARTNETT
Attorney for Defendant
DONALD BOHN

DEFENDANT DONALD BOHN'S NOTICE OF MOTION AND MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED