James P. Cilley, Esq.  (SB#168118)
Mark A. Schmuck, Esq.  (SB#205164)
**TEMMERMAN & CILLEY, LLP**
2502 Stevens Creek Blvd.
San Jose, California 95128-1654
Tel: (408) 998-9500
Fax: (408) 998-9700

Attorney for Plaintiffs

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BARBARA MILLER, individually and as guardian ad litem of Molly Miller, an individual; ANNE MILLER, an individual; and ROBERT MILLER, an individual,<br><br>    Plaintiffs,<br><br>v.<br><br>GREENSPRINGS BAPTIST CHRISTIAN FELLOWSHIP TRUST, a business entity of unknown form; CARLETON L. BRIGGS, an individual; CHRISTINE DILLON, an individual; DONALD BOHN, an individual; GRACE PARISH CHRISTIAN CHURCH, a business entity of unknown form; and DOES 1 through 50, inclusive,<br><br>    Defendants. | Case No.: C 07-04776 JL<br><br>**PLAINTIFFS' OPPOSITION TO DONALD BOHN'S MOTION TO DISMISS COMPLAINT FOR FAILURE TO STATE A CLAIM**<br><br>Date: June 4, 2008<br>Time: 9:30 a.m.<br>Dept.: F, 15th Floor<br>Judge: Hon. James Larson |

Defendant Donald Bohn separately filed his own motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). In his Memorandum, he joins and incorporates the pleadings and authorities of Greensprings' Rule 12(b)(6), 12(b)(7) and 12(f) motions. In response and for the sake of brevity, Plaintiffs also incorporate their Oppositions to these motions, which are on file herewith.

## I.

## DISCUSSION

**Defendant Bohn Was An Active Part Of The Defendants' Scheme To Defraud Plaintiffs.**

Defendant Bohn's additional arguments in his pleadings fail to recognize that the First Amended Complaint alleges that defendant Bohn was central to the causes of action raised by Plaintiffs. The First Amended Complaint alleges that Bohn, without any indication that he was acting at the direction of anyone else, and without any indication that he was acting in excess of any apparent authority that he may have had, issued the checks that were intended to be performance on the promises and representations made by the Defendants. His *actions* in issuing the checks were as much of a representation to the Plaintiffs that the $500,000.00 was going to be paid on behalf of Anne and Molly Miller as the verbal representations later made by Carleton Briggs.

As stated in the First Amended Complaint, all of the Defendants were acting in concert with one another to defraud the Plaintiffs and prevent them from looking into what the Defendants were doing in connection with the estates of Elsie Turchen and Ward Anderson. The First Amended Complaint also alleges that all of the Defendants, including Donald Bohn, were agents of one another and all Defendants were acting within the course and scope of their agency. At no time did the Plaintiffs believe, nor did they have any reason to believe, that any of the Defendants, including Donald Bohn, were acting outside of the scope of their apparent authority to promise to make $500,000.00 payments as directed by the Millers and to issue checks in accordance with those promises. As stated in the opposition to Greensprings' 12(b)(6) motion, the Court must accept as true all material allegations of the Complaint, as well as reasonable inferences to be drawn from them,[1] no matter how unlikely.[2] Therefore, the First Amended Complaint adequately states a claim against Donald Bohn.

**Defendant Bohn Mischaracterizes The First Amended Complaint.**

Defendant Bohn also alleges that the Plaintiffs' First Amended Complaint fails because Plaintiffs lack standing because any claim against the Estate of Elsie Turchen expired one year after

---

[1] Pareto v. F.D.I.C., 139 F.3d 696, 699 (9th Cir. 1998)

[2] Neitzke v. Williams, 490 U.S. 319, 328-329 (1989).

her death, or December 10, 2001. Defendant Bohn's rationale is that the First Amended Complaint attempts to enforce a gift by Elsie Turchen. This argument misses the point of the First Amended Complaint. The Plaintiffs' entire case is an attempt to enforce promises and representations made by the Defendants. Plaintiffs acknowledge, and even allege in their opposition to Greensprings' 12(b)(7) motion, that they are barred by the applicable statutes of limitations to make a claim against the Estate of Elsie Turchen. However, the reason why Plaintiffs are barred is because of the actions and representations of the Defendants, upon which Plaintiffs relied, and in particular the issuance of checks by Donald Bohn as directed by Plaintiffs to charities of Plaintiffs' choice. As a direct result of these actions and representations, Plaintiffs gave up making any claim against the Turchen estate or participating in the Anderson v. Dillon litigation. The issue of the statute of limitations for claims against the Turchen estate is irrelevant to this case and does not bar Plaintiffs from going forward on their claims against *these defendants*.

### *Hagen v. Hickenbottom* Does Not Apply Here.

Defendant Bohn cites Hagen v. Hickenbottom for the proposition that California does not recognize the tort of interference with right to inherit. Hagen is inapplicable to this case. Hagen is a case reversing summary judgment against the contestant to a trust and remanding the case for further proceedings. The case involved a lengthy discussion about whether the proponent of a decedent's trust (for whom summary judgment was entered) met his evidentiary burden on a motion for summary judgment whereby the proponent was defending against an allegation that he unduly influenced the settlor of that trust. The appellate court reversed and remanded for further proceedings on the action, including the contestant's interference with right to inherit claim.

This case, as briefly described above, had very little to do with the interference with right to inherit cause of action. This case does not expressly state that the cause of action is invalid in California. This case does say in dictum that the cause of action is recognized in other jurisdictions, has not yet been so recognized in California, but does not say anything else about the validity of the cause of action. This case is not authority for the proposition that the interference with right to inherit cause of action is invalid *per se* and should be ignored.

## II.

## CONCLUSION

For the foregoing reasons, Defendant Bohn's Motion to Dismiss should be denied.

Dated: May 14, 2007                                         TEMMERMAN & CILLEY, LLP


                                                            By:     /s/
                                                                 JAMES P. CILLEY, ESQ.
                                                                 MARK SCHMUCK, ESQ.
                                                                 Attorneys for Plaintiffs

Page 4
Plaintiffs' Opposition to Donald Bohn's Motion to Dismiss Complaint for Failure to State a Claim