James P. Cilley, Esq.  (SB#168118)
Mark A. Schmuck, Esq.  (SB#205164)
**TEMMERMAN & CILLEY, LLP**
2502 Stevens Creek Blvd.
San Jose, California 95128-1654
Tel: (408) 998-9500
Fax: (408) 998-9700

Attorney for Plaintiffs

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

---

| | |
|---|---|
| BARBARA MILLER, individually and as guardian ad litem of Molly Miller, an individual; ANNE MILLER, an individual; and ROBERT MILLER, an individual,<br><br>            Plaintiffs,<br><br>v.<br><br>GREENSPRINGS BAPTIST CHRISTIAN FELLOWSHIP TRUST, a business entity of unknown form; CARLETON L. BRIGGS, an individual; CHRISTINE DILLON, an individual; DONALD BOHN, an individual; GRACE PARISH CHRISTIAN CHURCH, a business entity of unknown form; and DOES 1 through 50, inclusive,<br><br>            Defendants. | Case No.: C 07-04776 JL<br><br>**PLAINTIFFS' OPPOSITION TO DEFENDANT GREENSPRINGS' MOTION TO STRIKE ALLEGATIONS OF FIRST AMENDED COMPLAINT [F.R.C.P. 12(f)]**<br><br>Date:  June 4, 2008<br>Time:  9:30 a.m.<br>Dept.: F, 15th Floor<br>Judge: Hon. James Larson |

## I.

## INTRODUCTION

The instant motion follows the filing of Plaintiffs' First Amended Complaint after this Court's granting of a Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), with leave to amend.  Defendants argue that the First Amended Complaint contains new parties and new causes of action that were not permitted by the Court's order granting the 12(b)(6) motion.  For the

foregoing reasons, all of the amendments in the First Amended Complaint were submitted in accordance with Rule 15 and within the permissible scope of this Court's order. Therefore, the Court should deny this Motion.

## II.

## STATEMENT OF FACTS

Following the removal of this matter from the San Mateo County Superior Court to this Court, Defendants Greensprings Baptist Christian Fellowship Trust and Donald Bohn filed motions to dismiss the Complaint pursuant to Federal Rules of Civil Procedure 12(b)(6) and 12(b)(7). This Court heard the matter on February 27, 2008 and granted the Rule 12(b)(6) motions, with leave to amend.[1]  On March 24, 2008, the Court issued its written Order.  The Court's written Order suggested the following:

> Lastly, Miller may wish to further develop the factual record to explain:...(3) what obligations Miller has to any charities as a result of the agreement with Defendants;...and (5) anything else Miller thinks is necessary to support or explain the causes of action in her amended complaint.[2]

The end of the Court's written Order stated: "Defendants' motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6) is GRANTED WITH LEAVE TO AMEND."[3]  The First Amended Complaint was filed on March 28, 2008.

## III.

## LEGAL DISCUSSION

A motion to strike pursuant to Rule 12(f) is designed to strike any "redundant, immaterial, impertinent or scandalous matter."[4]  Motions to strike are a *disfavored* motion because of the policy

---

[1] The Court's Order denied Greensprings' Motion to Dismiss pursuant to FRCP 12(b)(7) without prejudice as it was unnecessary to rule on this motion in light of the granting of the FRCP 12(b)(6) motions.

[2] Order Granting Defendant Greensprings' and Defendant Bohn's 12(b)(6) Motions to Dismiss with Leave to Amend, and Denying Without Prejudice 12(b)(7) Motion to Dismiss for Failure to Join and Indispensable Party, pp.5:24-6:4.

[3] Id. at p.6:11-12.

[4] FRCP 12(f).

1  favoring resolution of cases on the merits.[5]   In ruling on the Motion, the Court is to view the

2  pleading at issue in the light more favorable to the pleader (in this case, Plaintiffs).[6]

3       In this case, Greensprings cannot show that the amendments made by Plaintiffs are

4  "redundant, impertinent or scandalous."  In fact, the matter Greensprings complains of *directly*

5  *responds* to the issues raised by this Court in its written Order.  None of the added matter (including

6  the addition of Barbara and Robert Miller as plaintiffs) can be said to be redundant (wholly foreign

7  to the issues involved or the needless repetition of allegations)[7], immaterial (no bearing on the

8  controversy before the court)[8], impertinent (not responsive or relevant to issues involved in the

9  action and which could not be admitted as evidence in the action)[9], or scandalous (allegations that

10  cast a "cruelly" derogatory light on a party or other person).[10]

11       Furthermore, as the Court is well aware, after the granting of a motion pursuant to FRCP

12  12(b)(6), leave to amend is almost always granted.  Leave to amend "shall be freely given when

13  justice so requires."[11]  Even more importantly, in the Ninth Circuit, even if a Rule 12(b)(6) motion

14  is granted, Plaintiffs may still amend their complaint once *as a matter of right* pursuant to FRCP

15  15(a)(1)(A).[12]  The rationale for allowing an amendment as a matter of right after a 12(b)(6) motion

16  is granted is that no responsive pleading has been filed by the defendant within the meaning of Rule

17  15(a)(1).[13]  As an amendment to include new parties is accomplished according to FRCP 15

18

19

20  [5] Stanbury Law Firm v. I.R.S. 221 F.3d 1059 (8th Cir. 2000); see also Schwarzer, et al., California Practice Guide: Federal Civil Procedure Before Trial ¶¶ 9:375-376.

21  [6] Lazar v. Trans Union LLC 195 F.R.D. 665, 669; see also Schwarzer, et al., California Practice Guide: Federal Civil Procedure Before Trial ¶ 9:406.

22

23  [7] Gilbert v. Eli Lilly Co., Inc. 56 F.R.D. 116, 120, n.4 (D PR 1972).

24  [8] Fantasy, Inc. v. Fogerty 984 F.2d 1524, 1527 (9th Cir. 1993).

25  [9] Id.

26  [10] Skadegaard v. Farrell 578 F.Supp. 1209, 1221 (D NJ 1984).

27  [11] FRCP 15(a); Allen v. City of Beverly Hills 911 F.2d 367 (9th Cir. 1990).

28  [12] Doe v. United States 58 F.3d 494, 496-497 (9th Cir. 1995).

[13] Id.

1   procedures,[14] the addition of new causes of action and new parties is completely proper in this case.

2   Finally, the U.F.C.W. Local 56 Health & Welf. Fund v. J.D.'s Market case, cited by

3   Greensprings, is inapposite to the facts of this case.[15]  In the U.F.C.W. case, the plaintiffs filed a

4   motion for leave to amend their complaint to include new parties and causes of action against those

5   parties consistent with those already present in the original complaint.  The Court granted leave to

6   amend based on the representation by Plaintiffs' counsel that the amendment would be limited to

7   those purposes.  The amended complaint, however, not only included a party that counsel for the

8   Plaintiffs specifically represented to the Court would not be included as a defendant, but also

9   included new causes of action that advanced new legal theories not previously present in the

10  original Complaint, again inconsistent with the representations made by Plaintiffs' counsel.  The

11  Court struck the amendments as being outside the scope of the amendment allowed by the Court.

12  The instant case is vastly different from the U.F.C.W. case.  First, the U.F.C.W. case is an

13  opinion following a motion for leave to amend pursuant to FRCP 15(a).  The instant case concerns

14  an amendment following the granting of a motion to dismiss pursuant to Rule 12(b)(6).  Second,

15  in U.F.C.W., a responsive pleading had already been filed and the only way the Plaintiffs could

16  have amended was with leave of Court after motion.  In the instant case, not only did the Court

17  specifically grant leave to amend, but, per the Doe authority cited above, Plaintiffs could still amend

18  once *as a matter of right* pursuant to FRCP 15(a)(1)(A).  Third, the Court's order granting

19  Plaintiffs' leave to amend in U.F.C.W. was specifically premised on representations made by

20  Plaintiffs' counsel to the Court that the amendment would be limited to those matters recited by

21  Counsel.[16]  In the instant case, the Court's Order following the 12(b)(6) motion listed a number of

22  issues that might be necessary to overcome a second motion to dismiss, but also gave the freedom

23  to include any other matter that the parties felt necessary to include in the First Amended

24  Complaint.  The U.F.C.W. case, therefore, has no application here.

25

26   [14]See Schwarzer, et al., California Practice Guide: Federal Civil Procedure Before Trial ¶ 8:364.

27   [15]U.F.C.W. Local 56 Health & Welf. Fund v. J.D.'s Market 240 F.R.D. 149 (D NJ 2007) (cited at MPA, p.4:5-17).

28   [16]It appears as though the trial court took counsel's representations as a substitute for a proposed amended complaint, which was required pursuant to the District Court's local rules, but was not included in the moving papers.  Id. at 153.

**IV.**

**<u>CONCLUSION</u>**

For the foregoing reasons, the Court should deny Greensprings' Motion to Strike.

Dated: May 14, 2007                                   TEMMERMAN & CILLEY, LLP


                                        By:      /s/
                                               JAMES P. CILLEY, ESQ.
                                               MARK SCHMUCK, ESQ.
                                               Attorneys for Plaintiffs

Plaintiffs' Opposition to Defendant Greensprings' Motion to Strike Allegations of First Amended Complaint