CARLETON L. BRIGGS, SBN 117361
Law Offices of Carleton L. Briggs
3510 Unocal Place, Suite 209
Santa Rosa, CA 95403-0918
Telephone: (707) 523-2251
Facsimile: (707) 523-2253
E-mail: clbriggs@sonic.net

James E. Rice, SBN 213670
GINES & RICE
2319 Polk Street
Caldwell, Idaho 83605
Telephone: (208) 455-2302
Facsimile: (208) 377-8722
E-mail: jimrice@q.com

Attorneys for Defendant
GREENSPRINGS BAPTIST
CHRISTIAN FELLOWSHIP TRUST

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BARBARA MILLER, individually and as guardian ad litem of Molly Miller, an individual; ANNE MILLER, an individual; and ROBERT MILLER, an individual,<br><br>Plaintiffs,<br><br>vs.<br><br>GREENSPRINGS BAPTIST CHRISTIAN FELLOWSHIP TRUST, et al.,<br><br>Defendants.<br>_____ / | Case No. C 07-04776 JL<br><br>DEFENDANT GREENSPRINGS' REPLY TO PLAINTIFFS' OPPOSITION TO MOTION TO DISMISS FOR FAILURE TO JOIN AN INDISPENSABLE PARTY [F.R.C.P. 12(b)(7)]<br>_____<br><br>Date: July 9, 2008<br>Time: 9:30 a.m.<br>Courtroom: F, 15th Floor<br>Chief Magistrate Judge:<br>   Hon. James Larson<br>Complaint filed: August 17, 2007<br>First Amended Complaint filed:<br>   March 28, 2008<br>Trial date: None |

**INTRODUCTION**

Defendant Greensprings Baptist Christian Fellowship Trust maintains that the Personal Representative of the Estate of Elsie Turchen is an indispensable party to full resolution of this matter and thus should be joined, or the action should be dismissed. Plaintiffs have argued that the Estate of Elsie Turchen is not an indispensable party and

should not even be characterized as a "necessary" party to the action. As is demonstrated in the instant motion and below, the equitable relief requested by plaintiffs in their First Amended Complaint simply cannot be granted by this Court in the absence of the Estate.

**STATEMENT OF FACTS**

While plaintiffs have alleged various theories, the gravamen of their complaint is that Greensprings wrongfully retained a certain $500,000 that defendant Christine Dillon, as representative of the Estate of Elsie Turchen, and whom plaintiffs have never even bothered to serve, promised would be paid by defendant Grace Parish Christian Church to a certain charity, or charities, designated by plaintiffs, said gift to be made in the names of plaintiffs Anne Miller and Molly Miller, as a substitute for a gift of real property that Elsie Turchen had offered to make to them before her death, which gift was never completed during Elsie's lifetime. Plaintiffs, who were being advised by their own legal counsel, never appeared in the Matter of the Estate of Elsie Turchen, although they had actual knowledge of the estate proceedings well within what they perceived (Greensprings contends, in error) to be a four-month window in which to act.

Similarly, plaintiffs never intervened in the related *Anderson v. Dillon* litigation between the Estate and Greensprings, et al., where they knew the court had jurisdiction over, and would determine entitlement to, the $500,000 fund. In their pleadings, plaintiffs have acknowledged that Greensprings ultimately relinquished the $500,000 to the Estate of Elsie Turchen.

**ARGUMENT**

**1.   The Estate holds the sum that is the subject of this action.**

Plaintiffs' complaint includes a cause of action for conversion. It is well established that money can be the subject of conversion only if a specific, identifiable sum is involved. *Haigler v. Donnell* (1941) 18 Cal.2d 674, 681; *Vu v. California*

*Commerce Club, Inc.* (1997) 58 Cal.App.4th 229, 235.  Plaintiffs charge Greensprings with conversion because Greensprings took back a $500,000 cashier's check made out to Maui Preparatory Academy, which was never payable to plaintiffs themselves.  Assuming a specific, identifiable sum capable of conversion, as necessarily alleged by plaintiffs, they have not, as directed by this Court, established that they ever had any right to that $500,000 themselves, and so can show no damage.  At any rate, plaintiffs acknowledge that Greensprings paid over the $500,000 at issue to the Estate of Elsie Turchen—it is no longer in Greensprings' possession or control.

Plaintiffs' First Amended Complaint includes a claim for imposition of a constructive trust on the $500,000 which was to be paid to charities in the names of Anne Miller and Molly Miller.  Constructive trust is a remedy used by a court of equity to compel the transfer by one who has property to which he or she is not justly entitled to the person entitled to it.  13 Witkin, SUMMARY OF CALIFORNIA LAW (10th ed. 2005) "Trusts" § 319 at 892.

Yet plaintiffs also state that "defendant Greensprings settled the *Anderson v. Dillon* litigation in part by paying the $500,000 that was represented by defendants to be paid to charities of the plaintiffs' choice to the Estate of Elsie Turchen."  FAC ¶ 44.  Thus, Greensprings is not the one who has the property.  How can this Court impose a constructive trust and order Greensprings to transfer the $500,000 to plaintiffs when it is undisputed that Greensprings does not have it, but has transferred it to the Estate of Elsie Turchen?  And if the Estate now has the $500,000, as plaintiffs concede, how can it *not* be "necessary" to a full resolution of this matter?  Plaintiffs have completely ignored this Court's directive regarding these issues, concluding instead with absolutely no support that the validity of the proposed gift by Elsie Turchen and any claim they may have, or have had, against her estate is irrelevant.

Plaintiffs also plead a claim for declaratory relief, seeking a judicial determination of who is entitled to the $500,000.  Since it has previously been determined in ADR in

*Anderson v. Dillon*, in which plaintiffs declined to intervene, that the $500,000 belonged to the Estate of Elsie Turchen, and Greensprings duly transferred the $500,000 to the Estate, this Court cannot determine the plaintiffs' rights therein without the Estate's joinder, while Greensprings need not be a party at all.

It is elementary that, under the facts as alleged in the First Amended Complaint, complete relief among the parties cannot be accorded in the Estate's absence.

**2.     Greensprings faces the possibility of inconsistent obligations to plaintiffs and the Estate.**

Courts will frequently order joinder under Rule 19 when there are multiple claims to a limited fund or real property.  See e.g., *Broussard v. Columbia Gulf Transmission Co.,* 398 F.2d 885, 887-889 (5th Cir. 1968).

Plaintiffs do not dispute that it was determined in the *Anderson v. Dillon* litigation, in which plaintiffs declined to participate, that the $500,000, together with certain other properties, rightfully belonged to the Estate of Elsie Turchen.  Thus, under a court-ordered settlement, Greensprings transferred the $500,000 to the Estate.  Having failed to intervene despite actual knowledge of the litigation, plaintiffs now charge that the $500,000 "belongs" to them and demand it from Greensprings.  Without the presence of the Estate of Elsie Turchen in this action, Greensprings would be subject to a substantial risk of double, inconsistent obligations, *i.e.*, paying $500,000 to the Estate and then paying $500,000 to plaintiffs.  However, the first amended complaint contains *no* allegation that Greensprings ever promised to pay a *second* $500,000 to or on behalf of plaintiffs.

The Estate of Elsie Turchen is not only "necessary" to this action's resolution, it would be unfair in equity and good conscience to proceed in its absence.  Plaintiffs concede that the Estate can be joined in this action.  Since plaintiffs nevertheless refuse to do so, this matter should be dismissed.

## CONCLUSION

For all the reasons stated above, defendant Greensprings requests that the Court grant its motion to dismiss this action for failure to join an indispensable party.

Dated: June 23, 2008                    Respectfully submitted,

LAW OFFICES OF
CARLETON L. BRIGGS


/s/ Carleton L. Briggs
CARLETON L. BRIGGS
Attorneys for Defendant
GREENSPRINGS BAPTIST
CHRISTIAN FELLOWSHIP TRUST