CARLETON L. BRIGGS, SBN 117361
Law Offices of Carleton L. Briggs
3510 Unocal Place, Suite 209
Santa Rosa, CA 95403-0918
Telephone: (707) 523-2251
Facsimile: (707) 523-2253
E-mail: clbriggs@sonic.net

James E. Rice, SBN 213670
GINES & RICE
2319 Polk Street
Caldwell, Idaho 83605
Telephone: (208) 455-2302
Facsimile: (208) 377-8722
E-mail: jimrice@q.com

Attorneys for Defendant
GREENSPRINGS BAPTIST
CHRISTIAN FELLOWSHIP TRUST

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BARBARA MILLER, individually and as guardian ad litem of Molly Miller, an individual; ANNE MILLER, an individual; and ROBERT MILLER, an individual,<br><br>        Plaintiffs,<br><br>    vs.<br><br>GREENSPRINGS BAPTIST CHRISTIAN FELLOWSHIP TRUST, et al.,<br><br>        Defendants. | Case No. C 07-04776 JL<br><br>DEFENDANT GREENSPRINGS' REPLY TO PLAINTIFFS' OPPOSITION TO MOTION TO STRIKE ALLEGATIONS OF FIRST AMENDED COMPLAINT [F.R.C.P. 12(f)]<br><br>Date: July 9, 2008<br>Time: 9:30 a.m.<br>Courtroom: F, 15th Floor<br>Chief Magistrate Judge:<br>    Hon. James Larson<br>Complaint filed: August 17, 2007<br>First Amended Complaint filed:<br>    March 28, 2008<br>Trial date: None |

The substance of plaintiffs' First Amended Complaint far exceeds the scope of the Court's March 24, 2008 Order granting defendants' motion to dismiss under F.R.C.P. 12(b)(6) and allowing plaintiffs Anne Miller and Barbara Miller, as guardian *ad litem* for Molly Miller, leave to amend. The amended complaint adds Barbara Miller and Robert

1

DEFENDANT GREENSPRINGS' REPLY TO PLAINTIFFS' OPPOSITION TO MOTION TO STRIKE
ALLEGATIONS OF FIRST AMENDED COMPLAINT [F.R.C.P. 12(f)]

Miller as plaintiffs in their individual capacities and includes new claims for specific performance, intentional interference with the right to inherit, and negligent interference with the right to inherit. The improperly added material should be stricken from the complaint as irrelevant or immaterial.

**ARGUMENT**

**1.   The Court's Order does not contemplate the addition of new plaintiffs or claims.**

In the parties' briefs or arguments or the Court's Order granting leave to amend, there was no discussion of the addition of new plaintiffs or claims. The Court's Order stated that the complaint failed to satisfy the essential element of damages in that, according to the allegations, the purported gift of $500,000 was not to be given to any of the Millers, but was to go to charity. Thus, neither Anne Miller nor Molly Miller (nor Barbara Miller, as Molly's guardian *ad litem*) would have received the money under the terms of the alleged agreement, and they have not suffered *any* damage, let alone damages of $500,000.

In a convoluted attempt to graft a damage element onto Anne and Molly's claims, the first amended complaint adds Barbara and Robert Miller as plaintiffs in their individual capacities and alleges that, in reliance on the anticipated gift of $200,000 by defendants to Seabury Hall, they personally pledged $200,000 to Seabury Hall. However, the first amended complaint contains *no* allegation of a promise to pay money to or on behalf of Barbara or Robert Miller individually. Moreover, this allegation does nothing to cure the defect of the lack of damages for Anne and Molly Miller.

Further, as is more fully discussed in Defendant Greensprings' Motion to Dismiss for Failure to State a Claim under Rule 12(b)(6), it appears from correspondence from Seabury Hall that the pledge on which plaintiffs rely was regarded by Seabury Hall as a

pledge not by Barbara and Robert Miller individually, or by Anne and Molly Miller, but by the Miller Family Foundation, a separate legal entity not a party to this action. Indeed, as is more fully discussed in Defendant Greensprings' Reply to Plaintiffs' Opposition to Motion to Dismiss for Failure to State a Claim upon Which Relief May Be Granted, served and filed concurrently with this Reply, it appears that the Miller Family Foundation is a California corporation currently in suspended status, and thus unable to have its rights asserted by anyone.

It further appears from the Seabury Hall letter that Barbara and Robert Miller face no personal liability if they fail to pay the pledge, that damage would be limited to the Miller Family Foundation's name being removed from the list of donors on the school plaques. Even if they could make out a case for a legal obligation on the part of defendants to make the charitable gifts allegedly promised, the Millers simply have no standing to bring a claim on behalf of Seabury Hall or any of the third-party charities who they allege are the donee-beneficiaries of defendants' alleged promises. The new allegations do nothing to cure the defects that the Court directed plaintiffs Anne Miller and Barbara Miller, as guardian *ad litem* for Molly Miller, to address.

Further, as is discussed more fully in defendant Greensprings' instant motion to dismiss, amendments naming new parties plaintiff are permissible only if there is no change in the claim being asserted. *Besig v. Dolphin Boating and Swimming Club,* 683 F.2d 1271, 1278 (9th Cir. 1982). The addition of new plaintiffs with new claims does not relate back to the date of filing the original complaint. The two-year statute of limitations on the claim for breach of an oral contract ran on August 11, 2007, two years after plaintiffs were told by Carleton L. Briggs that the checks to plaintiffs' latest choice of charities, which allegedly had been promised unconditionally by defendant Bohn, would *not* be issued by Greensprings without prior approval of the court in *Anderson v. Dillon*. FAC ¶ 43, 15:8-23. The first amended complaint was not filed until March 28, 2008.

Thus, any claims that Barbara and Robert Miller may have had in their individual capacities are clearly time-barred.

**2.     Plaintiffs' reliance on the *Doe* case is misplaced.**

Plaintiffs argue that, under *Doe v. United States,* 58 F.3d 494 (9th Cir. 1995), plaintiffs could amend their complaint as a matter of right following the granting of the 12(b)(6) motion and under Rule 15(a)(1)(A). *Doe* does state in *dicta* that "[n]either the filing or granting of a motion to dismiss before answer terminates the right to amend." *Id*. at 497. But the issue in *Doe* was whether the court erred in dismissing the complaint without leave to amend and without finding that the addition of other facts could not cure the complaint's deficiencies. Under those circumstances, it was held that the district court had abused its discretion in dismissing the complaint with prejudice. The case did not address at all the issue of the scope of permissible amendment under an order granting leave to amend following the granting of a 12(b)(6) motion, and in particular an order specifying precisely what plaintiffs had to do to properly amend, which plaintiffs here have largely ignored.

**3.     Plaintiffs fail to address the issue of improper intervention.**

FRCP 24(b)(1), which governs permissive intervention, states that "on timely motion, the court may permit anyone to intervene who has a claim or defense that shares with the main action a common question of law or fact." See, *e.g.*, *Parker-Hannifin Corp. v. Samuel Moore & Co.* (ND OH 1977) 436 F.Supp. 498, 501 (nonparties must seek leave to intervene under FRCP Rule 24). Plaintiffs Barbara Miller and Robert Miller in their individual capacities, or their foundation, have not moved to intervene in this case, and they have not even addressed the issue of whether intervention under Rule 24 is the necessary procedure for them to join in this case as parties.

If there were a proper motion to intervene, defendant Greensprings would be entitled to argue all the above issues and to have them considered before the motion could be granted. If plaintiffs Barbara and Robert Miller individually are allowed to avoid the rule on intervention by new plaintiffs, Greensprings will be deprived of the opportunity to have these issues considered separately from its 12b6 motion.

### 4. Plaintiffs' "shotgun" approach to this litigation shows this action to be frivolous.

Plaintiffs' theory of this case has mutated beyond all recognition: they have turned Elsie Turchen's question whether Barbara and Robert Miller would "accept" the Belmont house (which Elsie already had deeded to Greensprings and so didn't actually own at the time) for Anne Miller and Molly Miller into a promise to make a gift thereof during Elsie's life (which fails as a matter of law because the alleged gift was never completed), then into some sort of testamentary promise by Elsie (which fails because it does not meet any of the requirements of California probate law), then into a promise by defendant Dillon, allegedly as personal representative of the Estate of Elsie Turchen, to pay $500,000 from Grace Parish Christian Church (which plaintiffs name but then allege never existed) to a charity of plaintiffs' choice on behalf of Anne and Molly Miller (which would be deemed as a matter of law to be a gift not to the charities but to Anne and Molly Miller), then into a claim that plaintiffs Anne and Molly Miller *themselves* are "entitled" to $500,000 payable from the Estate of Elsie Turchen (which plaintiffs now say is irrelevant!), then into a claim that because they didn't file a probate claim against the Estate *Greensprings* owes them the $500,000 (which plaintiffs admit it doesn't have, as it was paid to the Estate), and finally into a claim that Greensprings somehow owes them and/or their designated donee beneficiaries a *second* $500,000 (although a promise to pay a second $500,000 to or on behalf of plaintiffs is nowhere alleged in the first amended

1  complaint), now including payment of a $200,000 pledge to Seabury Hall made by
2  Barbara and Robert Miller personally (although the first amended complaint alleges no
3  promise to pay money to or on behalf of Barbara and Robert Miller personally), lest the
4  name of the Miller Family Foundation (apparently a suspended California corporation,
5  and which in any event is not a party) be removed from the school's donor plaques
6  (which hardly satisfies the Court's directive to show damages to Anne and Molly Miller).

## CONCLUSION

It is time to end this.  The Court should grant defendant Greensprings' motion and strike from the first amended complaint the newly-named plaintiffs "Barbara Miller, individually" and "Robert Miller, an individual," together with all allegations that concern the claims of these improperly added parties.

Since plaintiffs Anne Miller and Barbara Miller, as guardian *ad litem* for Molly Miller, can show no damages, as is more fully discussed in Defendant Greensprings' Motion to Dismiss for Failure to State a Claim upon Which Relief Can Be Granted, this case should be dismissed with prejudice.

Dated: June 23, 2008                    Respectfully submitted,

                                        LAW OFFICES OF CARLETON L. BRIGGS


                                        /s/ Carleton L. Briggs
                                        CARLETON L. BRIGGS
                                        Attorneys for Defendant
                                        GREENSPRINGS BAPTIST
                                        CHRISTIAN FELLOWSHIP TRUST