1  JAMES H. HARTNETT, SBN 84587
2  Hartnett, Smith & Associates
   777 Marshall Street
3  Redwood City, CA 94063
   Telephone: 650-568-2820
4  Telefax:   650-568-2823
5
   Attorneys for Defendant
6  DONALD BOHN
7

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| BARBARA MILLER, as guardian of Molly Miller, an individual; and ANNE MILLER, an individual,<br><br>Plaintiffs,<br><br>vs.<br><br>GREENSPRINGS BAPTIST CHRISTIAN FELLOWSHIP TRUST, et al.,<br><br>Defendants. | Case No.: C 07-04776 JL<br><br>DEFENDANT DONALD BOHN'S REPLY TO PLAINTIFFS' OPPOSITION TO MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM<br>[F.R.C.P. 12(b)(6)]<br><br>Date: July 9, 2008<br>Time: 9:30 a.m.<br>Dept.: Courtroom F, 15th Floor<br>      Hon. James Larson<br>Complaint Filed: August 17, 2007<br>First Amended Complaint Filed:<br>      March 28, 2008<br>Trial Date: None |
|---|---|

Defendant Bohn submitted his own Motion and joined in Defendant Greensprings' Motion to Dismiss for Failure to State a Claim for Which Relief May be Granted, Motion to Dismiss for Failure to Join an Indispensable Party, and Motion to Strike, and joins and incorporates herein Greensprings' Reply to Plaintiffs' Opposition to those motions. For the sake of judicial efficiency, the arguments and authorities of Defendant Greensprings will

1
DEFENDANT DONALD BOHN'S REPLY TO PLAINTIFFS' OPPOSITION TO MOTION TO DISMISS FOR
FAILURE TO STATE A CLAIM [F.R.C.P. 12(b)(6)]

not be repeated herein. Instead, defendant Bohn directs his reply to certain issues specifically related to plaintiffs' claims against him.

**ALLEGATIONS CONCERNING DEFENDANT BOHN**

Plaintiffs attempt to paint Defendant Donald Bohn as a participant in a vast conspiracy to defraud plaintiffs. As documented in Defendant Bohn's Motion, there are no meaningful allegations related to Defendant Bohn. The wrongdoing alleged on the face of the Complaint is all of other persons. The specific allegations related to Mr. Bohn amount to only two: (1) that he signed the initial checks issued on August 11, 2002, to First Hawaiian Title Company (FAC ¶ 39); and (2) that in a telephone conversation on August 10, 2005, with Barbara Miller, he agreed that checks totaling $500,000 would be issued the following day to Stanford University, Seabury Hall, and West Maui Garden Academy (FAC ¶ 42). No checks were in fact issued the following day.

**ARGUMENT**

**1.    Plaintiffs' breach of contract claim against defendant Bohn is time-barred.**

The time-line of events demonstrates that plaintiffs' breach of contract claim against Defendant Bohn is not only bereft of any substantive merit but is also is time-barred.

The checks first issued to "First Hawaiian Title Company" and signed by Mr. Bohn went out on August 11, 2002. Plaintiffs contend that these checks were payable to a nonexistent entity and thus were non-negotiable. Thus on October 9, 2002, plaintiffs asked that the checks be reissued to "First Hawaii Title Company." (FAC ¶39.) Apparently no new checks were issued in response to this demand, but plaintiffs did nothing until January 10, 2005, when they asked that defendants Bohn and Dillon re-issue the checks payable to Maui Preparatory Academy. (FAC ¶ 40.) Thus the two-year statute of limitations on an oral contract had run out before plaintiffs took any action on January 10, 2005. (CCP§339)

Next, a cashier's check was issued by defendant Greensprings on January 10, 2005,

in the amount of $500,000 payable to Maui Preparatory Academy, as requested by Barbara and Robert Miller. On July 22, 2005, the Millers demanded that the checks be reissued to three new charities: Stanford University, Seabury Hall, and West Maui Garden Academy. On August 10, 2005, Defendant Bohn allegedly represented to Barbara Miller in a telephone conversation that new checks would be reissued the following day. But no checks were forthcoming. Thus, the breach, if any, of this second oral promise Defendant Bohn allegedly made occurred on August 11, 2005, when Mr. Bohn failed to reissue checks that day as he had allegedly represented.

Plaintiffs' original complaint was filed on August 17, 2007, more than two years after Defendant Bohn's alleged breach. Thus, any claim for breach of oral contract based on promises he allegedly made is time-barred.

None of the other claims are based on alleged actions by Defendant Bohn.

**2.  A claim for "interference with right to inherit" is not recognized in California or Hawaii.**

Defendant Bohn cites *Hagen v. Hickenbottom* (1995) 41 Cal.App.4th 168, for the proposition that California does not recognize the tort of interference with the right to inherit. Plaintiffs attempt to distinguish the case and contend that it does not apply here. Defendants disagree.

In *Hagen v. Hickenbottom*, the court stated, "The second count suggested a theory—recognized in several states but not previously validated in California—of intentional interference with an expected inheritance or gift." The case does not further address the theory, and certainly did not adopt it. Plaintiffs have cited no case recognizing such a claim in California or Hawaii. Thus, there is no basis in law for plaintiffs' claims.

//

## CONCLUSION

Defendant Don Bohn respectfully request that his Motion be granted and that he be dismissed from this action.

Dated: June 24, 2008

Respectfully submitted,

James H. Hartnett
Attorney for Defendant
Donald Bohn